Robert H. Bunzel, State Bar No. 99395
Michael D. Abraham, State Bar No. 125633
Brian P. Villarreal, State Bar No. 234690
Duyen T. Nguyen, State Bar No. 225368
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Attorneys for Defendant
WAL-MART STORES, INC.

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION, | No. 2:07-ml-01897-DSF-AJW<br><br>**DEFENDANT WAL-MART STORES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Hearing Date: September 8, 2008<br>Time: 1:30 p.m.<br>Courtroom: 840<br>Judge: Hon. Dale S. Fischer<br>Trial Date: None Set |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. PLAINTIFFS LACK ARTICLE III STANDING ..... 1

- A. Plaintiffs' Opposition Ignores Standing Requirements ..... 1
- B. No Article III Standing For Magnet Claims ..... 2
- C. No Article III Standing For Toys With Lead ..... 3

III. THE THIRD COUNT (NEGLIGENCE) MUST BE DISMISSED ..... 5

IV. 17200 INJUNCTIVE RELIEF SHOULD BE DISMISSED ..... 6

V. PLAINTIFFS' UCL AND CLRA CLAIMs FAIL ..... 9

- A. Rule 9(b) Controls Plaintiffs' Claims ..... 9
- B. Wal-Mart is Not Liable for Others' Misrepresentations ..... 10
- C. Reliance is Required Under the UCL and CLRA ..... 11

VI. PUBLIC POLICY DOES NOT CONDONE THREATENING CLRA LITIGATION ..... 12

VII. CONCLUSION ..... 12


BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

# TABLE OF AUTHORITIES

## CASES

*American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.* 843 F.2d 1253 (9th Cir. 1988) ........ 9

*American Title Insurance Company* 861 F.2d 224 (9th Cir. 1998) ........ 3

*Ashton v. Pierce* 541 F.Supp. 635 (D.D.C. 1982) ........ 4

*Brown v. Pacific Life Ins. Co.* 462 F.3d 384 (5th Cir. 2006) ........ 7

*California Air Resources Bd. v. Hart* 21 Cal.App.4th 289 (1993) ........ 8

*Carloug v. Amchem Products, Inc.* 834 F.Supp. 1437 (E.D. Pa. 1993) ........ 4

*Cattie v. Wal-Mart Stores, Inc.* 504 F.Supp.2d 939 (2007) ........ 12

*Cole v. General Motors Corp.* 484 F.3d 717 (5th Cir. 2007) ........ 3

*Colorado River Water Conservation Dist. v. U.S.* 424 U.S. 800 (1976) ........ 7, 8, 9

*Committee on Children's Television, Inc. v. General Foods* 35 Cal.3d 197 (1983) ........ 11

*Concha v. London* 62 F.3d 1493 (9th Cir. 1995) ........ 10

*Crispin Co. v. Petrotub-S.A.* 2006 WL 2812535 (W.D. Okla. 2006) ........ 6

*Daugherty v. Oppenheimer & Co., Inc.*, 2007 WL 1994187 (N.D. Cal. 2007) ........ 8, 9

*De Simas v. Big Lots Stores, Inc.* 2007 SL 686638 (N.D. Cal. 2007) ........ 9

*Deitz v. Comcast Corp.* 2006 WL 3782902 at *6 (N.D. Cal. 2006) ........ 12

*Duke Power Co. v. Carolina Envtl. Study Group, Inc.* 438 U.S. 59 (1978) ........ 4

*Fireman's Fund Ins. Co. v. Garamendi* 790 F.Supp. 938 (N.D. Cal. 1992) ........ 7

*Forbes v. Wells Fargo Bank, N.A.* 420 F.Supp.2d 1018 (D. Minn. 2006) ........ 5

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.* 528 U.S. 167 (2000) ........ 1, 2

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lavitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

*Holder v. Holder*
305 F.3d 854 (9th Cir. 2002) ..... 8, 9

*In re Nations Mart Corp. Securities Litigation*
130 F.3d 309 (8th. Cir. 1997) ..... 10

*In re Propulsid Products Liability Litigation*
208 F.R.D. 133 (E.D. La 2002) ..... 4

*Intel Corp. v. Advanced Micro Devices, Inc.*
12 F.3d 908 (9th Cir. 1993) ..... 8, 9

*Jiminez v. Sears, Roebuck & Company*
4 Cal.3d 379 (1971) ..... 5

*Killeen v. Harmon Grain Products, Inc.*
413 N.E.2d 767 (1980) ..... 6

*Laster v. T-Mobile USA, Inc.*
407 F.Supp.2d 1181 (2005) ..... 12

*Lewis v. Casey*
518 U.S. 343 (1996) ..... 2

*Los Angeles v. Lyons*
461 U.S. 95 (1983) ..... 1

*McConnell v. Federal Election Comm'n*
540 U.S. 93 (2003) ..... 3

*McKinney v. U.S. Dept. of Treasury*
799 F.2d 1544 (Fed. Cir. 1986) ..... 3

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
460 U.S. 1 (1983) ..... 8

*Multimedia Patent Trust v. Microsoft Corp.*
525 F.Supp.2d 1200 (S.D. Cal. 2007) ..... 9

*Nakash v. Marciano*
882 F.2d 1411 (9th Cir. 1989) ..... 7

*Nordberg v. Trilegiant Corp.*
445 F.Supp.2d 1082 (N.D. Cal. 2006) ..... 10

*O'Shea v. Littleton*
414 U.S. 488 (1974) ..... 2, 5

*Payne v. National Collection Systems, Inc.*
91 Cal.App.4th 1037 (2001) ..... 7

*Puck v. WP Pacific, Inc.*
2007 WL 2315952 (C.D. Cal. 2007) ..... 9

*Qarbon.com Inc. v. eHelp Corp.*
315 F.Supp.2d 1046 (N.D. Cal. 2004) ..... 10

*Randolph v. Ing Life Insurance And Annuity Company*
486 F.Supp.2d 1 (2007) ..... 4, 5

*Regina Corp. v. F.T.C.*
322 F.2d 765 (3rd Cir. 1963) ..... 11

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

*Rivera v. Wyeth-Averst Laboratories*
283 F.3d 315 (5th Cir. 2002) .......... 2, 3

*Sanchez v. Wal-Mart Stores, Inc.*
2007 WL 1345706 (S.D.Cal. 2001) .......... 11

*Sutton v. St. Jude Medical S.C., Inc.*
419 F.3d 568 (6th Cir. 2005) .......... 4

*Taylor v. Jacobson*
336 Mass. 709 (Mass. 1958) .......... 11

*Utility Consumers Action Network v. Sprint Solutions, Inc.*
2008 WL 1946859 (S.D.Cal 2008) .......... 12

*Vandermark v. Ford Motor Company*
61 Cal.2d 256 (1964) .......... 5

*Vasquez v. Superior Court*
4 Cal.3d 800 (1971) .......... 12

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003) .......... 9, 10

*Waterbury v. Safeway Inc.*
2006 WL 3147687 (N.D. Cal. 2006) .......... 9

**STATUTES**

Business and Professions Code
section 17200 .......... passim

Federal Rules of Civil Procedure
Rule 9(b) .......... 9, 10

BARTKOZANKEL
Bartko-Zankel-Tarrant-Miller | Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

## I. INTRODUCTION

Plaintiffs' August 1, 2008 Opposition to Wal-Mart Stores, Inc.'s Motion to Dismiss the Second Amended Complaint ("SAC") (Dkt. 89, hereafter "Opp. Memo.") fails because:

- Article III standing requires allegations of injury-in-fact as to *each* claim for relief sought, which the SAC fails to deliver. (§ II, below.)
- Negligence (duty) claims for latent product defects require advance retailer knowledge or "reason to know," which the SAC cannot support. (§ III, below.)
- Under the *Colorado River* doctrine, the state Attorney General in a prior action pending re the same toys, is best positioned to exact any injunctive relief under § 17200. (§ IV, below.)
- Plaintiffs' § 17200 claims sound substantially in fraud, and no Wal-Mart misrepresentations or plaintiff reliance are described at all. (§ V, below.)
- And, plaintiffs' threat of damages with their First Amended Complaint ("FAC") against Wal-Mart is fatal to their CLRA claims. (§ VI, below.)

## II. PLAINTIFFS LACK ARTICLE III STANDING

### A. Plaintiffs' Opposition Ignores Standing Requirements

Plaintiffs seek three forms of relief: injunctive, personal injury (costs of initial screening and medical treatment for those who screen positive for blood lead levels) and reimbursement (cost of toys). (SAC, Prayer, at 82:1-24.) Plaintiffs assert that standing for any one of these claims confers standing on all. (Opp. Memo at 3:7-9:4.) That is not the law. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000) ("... a plaintiff must demonstrate standing separately for each form of relief sought"); *Los Angeles v. Lyons*, 461 U.S. 95, 109, 111 (1983) (plaintiff with standing to pursue damages lacked standing to

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

pursue injunctive relief); *Lewis v. Casey,* 518 U.S. 343, 358 fn. 6 (1996) ("[S]tanding is not dispensed in gross.").

Plaintiffs also rely on unremarkable law that standing exists where a defective medical device is actually implanted, or where victims had consumed a defective drug.[1] But plaintiffs in the SAC do *not* allege *present* personal injury from plaintiffs having swallowed magnets or having soluble lead enter their bodies.

Finally, plaintiffs ignore that the SAC cannot allege a real and immediate threat of repeat injury, since the subject toys have been recalled.[2]

B. No Article III Standing For Magnet Claims

Plaintiffs Probst and Rusterholtz do not allege they bought toys where the magnets *in fact* became loose and actually harmed any of their children. (SAC, ¶¶ 33-34.) But established authority requires such allegations. *Rivera v. Wyeth-Averst Laboratories*, 283 F.3d 315 320 (5th Cir. 2002) (Article III injury requires party seeking review be himself injured); *Friends of the Earth,* 528 U.S. at 185 (plaintiff must demonstrate standing separately for each form of relief). Here, plaintiffs fail to allege *any* injury. Moreover, plaintiffs fail to allege (and demonstrate) standing separately for each form of relief included in the SAC.

And no facts are alleged presenting a real and immediate threat of repeat injury from recalled magnet toys. *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974) (plaintiff must show a "real and immediate threat of repeated injury"). The SAC's judicial admissions preclude any such allegations: (i) ¶ 13, the toys with

BARTKOZANKEL
Bartko-Zankel-Tarrant-Miller | Lavitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

---

1 *See* Opp. Memo. at 5:1-6:8, *citing In re Propulsid Products Liability Litigation,* 208 F.R.D. 133, 139 (E.D. La 2002); *Sutton v. St. Jude Medical S.C., Inc.*, 419 F.3d 568 (6th Cir. 2005).

2 As noted in Wal-Marts' Opening Memo. at 9:25-26, and not contested by plaintiffs, no allegation is made in the SAC that Wal-Mart is continuing to sell the blood pressure cuffs referenced at SAC's ¶¶ 132-143.

potentially loose magnets have been recalled; (ii) ¶ 180, there are no other known toys with potentially loose magnets; and (iii) ¶ 129, Mattel redesigned the toys so that the magnets are now "'locked.'"

The Opp. Memo's sole focus on magnet injury standing concerns reimbursement relief for the cost of the toys. But the toys with magnets *have been recalled*, and the SAC does not allege that any plaintiff failed to participate in the recall.[3] Plaintiffs cite *Cole v. General Motors Corp.*, 484 F.3d 717, 721-23 (5th Cir. 2007) to show reimbursement injury, not personal injury since such claims were excluded. After discussing that circuit's earlier *Rivera* decision, holding that potential physical injuries are insufficient to provide standing, the economic injury analysis in *Cole* relies on factors not present in the SAC, including allegations of delay damages in replacing defective air bags. *Cole*, 484 F.3d at 722-23; *citing Rivera*, 283 F.3d at 319-20. Plaintiffs here are provided a complete remedy, including replacement toys of equal or greater value and reimbursement for any incurred shipping costs. There is no standing for recalled toys with magnets.

C. No Article III Standing For Toys With Lead

Plaintiffs admit they do not know whether any of them or any of their respective children have in fact been injured by lead. (SAC, Prayer, at 82:16-19) (praying for "[a]warding costs of *initial* diagnostic screening for Plaintiffs and members of the Class" to determine *if* there has been lead exposure; italic emphasis added); *American Title Insurance Company v. LacelawCorp.*, 861 F.2d 224, 226 (9th Cir. 1998) (statement in a complaint constitutes binding admission).

---

[3] As noted in Wal-Mart's Opening Memo., § II at 2:1-15, Wal-Mart joins in Mattel's and the other retailers' moving papers and argument that the SAC fails to state a claim for reimbursement. Additionally, any voluntary decision not to participate in the recalls would not confer Article III standing because any harm is not fairly traceable to the defendant's actions. *McConnell v. Federal Election Comm'n,* 540 U.S. 93, 226 (2003); *McKinney v. U.S. Dept. of Treasury*, 799 F.2d 1544 (Fed. Cir. 1986).

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

None of plaintiffs' cases confer personal injury standing where there is no present personal injury or an imminent threat of future personal injury from the recalled toys. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 43 U.S. 59, 73-74 (1978) (imminent threat of radiation and thermal pollution damage from nuclear plants under construction provided Article III standing); *In re Porpulsid Prod. Liability Litig.*, 208 F.R.D. 133, 135-136, 139 (E.D. La. 2002) (actual consumption of defective drug creates standing); *Carlough v. Amchem Products, Inc.*, 834 F.Supp. 1437, 1445, 1147, 1455 (E.D. Pa. 1993) (inhalation of friable asbestos caused "immediate cellular damage," and standing); *Sutton v. St. Jude Medical S.C. Inc.*, 419 F.3d 568 (6th Cir. 2005) (standing where defective aortic connector implanted); *Ashton v. Pierce*, 541 F.Supp. 635, 637 (D.C.D.C. 1982) (standing where children suffered lead poisoning and others were in imminent danger due to persisting lead paint in public housing).[4] Here, plaintiffs allege neither *any* present personal injury nor imminent threat of future personal injury from the recalled toys. Plaintiffs' SAC simply fails to allege the requisite elements to confer standing and, thus, plaintiffs' claims should be dismissed.

Instead, plaintiffs' Opp. Memo. attempts to support personal injury standing for plaintiffs who have purportedly paid for children's diagnostic screening. (Opp. Memo. at 2:19-20.) But the SAC does not so allege. *Randolph v. Ing Life Insurance And Annuity Company,* 486 F.Supp.2d 1, 5 (2007) (factual allegations in briefs or memoranda of law may not be considered in a motion to dismiss). Instead, the SAC seeks to fund "initial" screening of "plaintiffs and members of the Class" and to pay for treatment for those "who screen positive for blood lead levels." (SAC

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

[4] Contrary to plaintiffs' assertions, Wal-Mart was an is *not* arguing that only late-stage symptoms of a disease provide standing. (Opp. Memo. at 5:1-6:7.)

at 82:16-19.)[5] Plaintiffs do not allege facts of an imminent threat of future lead poisoning for any of the named plaintiffs or their children from the recalled toys. *O'Shea,* 414 U.S. at 496 (plaintiff must allege facts establishing a "real and immediate threat of repeated injury"). There is no standing.

## III. THE THIRD COUNT (NEGLIGENCE) MUST BE DISMISSED

Plaintiffs recognize that the Restatement (Second) of Torts § 402 cuts off retailer negligence claims, as to products with latent defects, where the seller "neither knows nor has reason to know" that the product is dangerous. But the Opp. Memo at 20:21 and SAC at ¶¶ 101 and 204 assert a "should have known" standard.

The Restatement of Torts at § 12(1) is quite clear that "reason to know" requires the defendant to have "information" that "would infer that the fact in question exists." Here, the "fact in question" is excess lead in the toy surface paints and loose magnets. Plaintiffs allege no advance retailer knowledge or "information" that would have allowed Wal-Mart to infer that the toys were defective, triggering a duty to undertake massive chemical testing of all Mattel/Fisher Price toys from China sold to Wal-Mart.

Plaintiffs provide no persuasive authority to avoid the general rule distinguishing retailer from manufacturer negligence liability for latent defects. Two cited California decisions, *Vandermark v. Ford Motor Company*, 61 Cal.2d 256, 261 (1964) and *Jiminez v. Sears Roebuck & Company*, 4 Cal.3d 379, 383-84 (1971) construe negligence claims as against manufacturers, not retailers.[6] In *Killeen v.*

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

[5] Even if plaintiffs were to allege they paid for screening, this would not create present injury. *Randolph,* 486 F.Supp.2d at 5-8 (no Article III standing from an expenditure on credit monitoring in anticipation of injury); *Forbes v. Wells Fargo Bank, N.A.,* 420 F.Supp.2d 1018, 1021 (D. Minn. 2006) (same).

[6] *See Vandermark,* 61 Cal.2d at 261 ("the trial court also erred in granting a non-suit on the causes of action by which plaintiffs sought to establish that Ford was liable for negligence"); *Jiminez,* 4 Cal.3d at 384 ("[i]n this connection, the jury might consider

*Harmon Grain Products, Inc.*, 413 N.E.2d 767, 772 (1980), the court's holding as to potential retailer negligence in the sale of flavored toothpicks to minors turned not on *latent* defects but rather whether the "manner and duration of [the toothpick's] use posed a foreseeable danger" to child buyers, making *Killeen* inapplicable to admittedly latent defect cases like this. (SAC, ¶ 211.)

The final case cited by plaintiffs, *Crispin Co. v. Petrotub-S.A.*, WL 2812535 (W.D. Okla. 2006) is simply distinguishable. In *Crispin*, the defendants resold oil and gas pipe casings, and were on notice by specific quoted emails that these casings may not comply with industry specifications. Where the defendant "had received reliable inside information raising serious questions about storage and quality assurance inspection practices," a duty to inspect the casings before resale was found. *Id.* at *6. Plaintiffs have alleged no Mattel inside information about the later-recalled toys known to Wal-Mart, but rather allege Mattel concealed information regarding any defects. (SAC, ¶ 93.)

All plaintiffs can allege is that Wal-Mart knew of some other toys being recalled and a vague reference to problems in China. (SAC, ¶ 101; Opp. Memo. at 20:21-24.) As a practical matter, eliminating "duty" claims, based on the incorrect standard of what retailers "should have known," will greatly streamline case management and historical discovery.[7]

## IV. 17200 INJUNCTIVE RELIEF SHOULD BE DISMISSED

"[C]onsiderations of wise judicial administration" favor dismissal of § 17200 injunctive relief because the lead law enforcement officer of the state is

whether the exercise of reasonable care required the manufacturer to warn purchasers that the ladder should not be used on soft ground").

[7] Other than defenses of standing and joining in overall defenses raised by Mattel, Wal-Mart has not made a motion to dismiss with respect to Counts I and II (warranty and strict liability). Those are the traditional claims against retailers for sale of allegedly defective dangerous products, not retailer negligence.

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hanson, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

negotiating orders for non-monetary relief under that same section for these same toys. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). Plaintiffs erroneously (i) raise inapplicable out-of-circuit authority that the *Colorado River* doctrine only applies to "identical" parties, and (ii) misconstrue case law that counsels against dismissing an *entire* federal action in favor of a state court action that would not resolve the entire federal case.[8]

Plaintiffs further erroneously rely on a single footnote line in a Fifth Circuit case that "parallel" means "the same parties and the same issues." (Opp. Memo. at 10:19-11:5; *citing Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n. 7 (5th Cir. 2006).) As a result, plaintiffs' conclusion is simply not the standard in the Ninth Circuit. *See Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("substantial similarity" standard and that the Ninth Circuit "has never considered or referred to [the 'parallel state proceeding'] factor although a number of other circuits have"); *Fireman's Fund Ins. Co. v. Garamendi*, 790 F.Supp. 938, 964 (N.D. Cal. 1992) ("In keeping with the flexible and pragmatic approach taken to *Colorado River* analysis, the Ninth Circuit has loosened the requirement that the suits pending in state and federal court involve exactly the same parties or the same claims.").

Plaintiffs semantically contend the state Attorney General is not representing the same class of plaintiffs because the state court action is brought in

[8] Plaintiffs also question Wal-Mart's reasons for seeking to stay this particular form of relief when the § 17200 claim will potentially move forward as to restitutionary relief. (Opp. Memo. at 10:3-5; *Payne v. National Collection Systems, Inc.*, 91 Cal.App.4th 1037, 1045-46 (2001) (§ 17200 restitution sought in class actions may not be barred by resolution of similar claims brought by the attorney general).) The propriety of restitutionary relief, however, does not justify the Court's continued exertion of jurisdiction over the injunctive relief claims. *Daugherty v. Oppenheimer & Co., Inc.*, 2007 WL 1994187 (N.D. Cal. 2007) (propriety of federal court adjudication of federal claims does not warrant continued jurisdiction over certain state law claims more appropriately dealt with in an earlier filed state court action).

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

the name of the "People of California." (Opp. Memo. at 10:19-11:5). This is disingenuous. Section 17200 injunctive relief inures to the benefit of the same group of plaintiffs, and the Attorney General "represents the interests of the people in a matter of public concern." *California Air Resources Bd. v. Hart*, 21 Cal.App.4th 289, 295 (1993).

Plaintiffs' second argument is that the *Colorado River* doctrine is inapplicable because the state court action will not resolve the federal action completely. But plaintiffs' cases only hold it would be an abuse of discretion to stay, or effectively dismiss, an *entire* federal action where the state court action would not resolve the entire federal case. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983); *Holder v. Holder*, 305 F.3d 854, 868 (9th Cir. 2002); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). In considering this same argument in the *Daugherty* case, Northern District of California Judge Phyllis J. Hamilton ruled:

> [C]ontrary to the argument advanced by plaintiff, the court finds that *Colorado River* applies even where a state court action will not resolve all the claims in the federal action. Neither *Holder* nor *Intel* supports plaintiff's argument that the *Colorado River* doctrine may not be used to dismiss or stay only part of an action.

*Daugherty,* 2007 WL 1994187, *6 (N.D. Cal. 2007). Here, like *Daugherty*, this Court should hold that *Colorado River* applies even where the state court action may not resolve all the claims in this federal action. Wal-Mart does not seek to have the entire case dismissed under *Colorado River*, rather only the § 17200 injunctive relief.

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Finally, plaintiffs argue that Wal-Mart cannot meet the "exceptional circumstances" test of the seven *Colorado River* doctrine factors, even though these factors are to be applied in a pragmatic and flexible way. *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988). Plaintiffs incorrectly pursue the same flawed reasoning that *Intel* and *Holder* supposedly require a federal court to adjudicate an entire federal case unless the state court action will resolve the entire case. (Opp. Memo. at 13:3-27.) *See Daugherty,* 2007 WL 1994187, *6 (N.D. Cal. 2007).[9]

In short, duplicative proceedings related to judicial orders for future compliance with toy testing standards under § 17200 law should be avoided, and such matters adjudicated and resolved in the Attorney General's action.

## V. PLAINTIFFS' UCL AND CLRA CLAIMS FAIL

### A. Rule 9(b) Controls Plaintiffs' Claims

Against an SAC that weaves a tale of misrepresentations by defendants, plaintiffs now contend in the Opp. Memo. at 15-19 that their § 17200 claims are not grounded in fraud and thus not subject to Rule 9(b)'s heightened pleading standard. This is simply not the case. First, Rule 9(b) applies to all claims arising out of state-law causes of action in federal court that aver fraud, including specifically § 17200. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action. . ."); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1217 (S.D. Cal. 2007) (Rule 9(b) applies to "California unfair competition law claims to the extent

9 Plaintiffs also fail to distinguish the numerous analogous cases where district courts have held, on a similar record, that a stay is appropriate. *See Daugherty*, 2007 SL 1994187; *De Simas v. Big Lots Stores, Inc.*, 2007 SL 686638 (N.D. Cal. 2007); *Puck v. WP Pacific, Inc.*, 2007 WL 2315952 (C.D. Cal. 2007); *Waterbury v. Safeway Inc.*, 2006 WL 3417687 (N.D. Cal. 2006).

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

that a pleading avers facts constituting common law fraud, whether or not the term 'fraud' is used."). Plaintiffs' authorities do not refute these holdings.[10]

Plaintiffs' assertion that there are *no* averments of fraud (*see* Opp. Memo. at 15) is not true. The SAC alleges "[Wal-Mart] knowingly . . . concealed or omitted information concerning the safety of the Hazardous Toys" (SAC, ¶ 168(f)); "[Wal-Mart] falsely and *fraudulently* misrepresented in their advertisements and promotional materials, and other materials the safety of the Hazardous Toys" (SAC, ¶ 168(i) (emphasis added)); that "Wal-Mart engaged in deceptive, untrue and misleading advertising" (SAC, ¶ 242), "sold and falsely marketed the Hazardous Toys as safe" (SAC, ¶ 267), and "advertis[ed] goods . . . with intent not to sell them as advertised" (SAC, 268). Rule 9(b) is triggered and is meaningful here because *not one* of Wal-Mart's statements is factually identified.[11]

B. Wal-Mart is Not Liable for Others' Misrepresentations

Plaintiffs cite no authority that would impose liability upon a retailer for manufacturer or packaging misrepresentations in a fraud-styled § 17200 case. (*See* Opp. Memo. at 16-17.) Plaintiffs' 1958 Massachusetts case, *Taylor v.*

BARTKOZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

---

10 *See In re Nationsmart Corp. Securities Litigation*, 130 F.3d 309, 315 (8th. Cir. 1997) (9(b) standard not applied where plaintiffs clearly expressed in their complaint that they were not alleging fraudulent conduct); *Concha v. London,* 62 F.3d 1493, 1503 (9th Cir. 1995) (9(b) not applied to complaint for breaches of fiduciary duty under ERISA, not alleging fraud or mistake); *Qarbon.com Inc. v. eHelp Corp*., 315 F.Supp.2d 1046, 1052 (N.D. Cal. 2004) (9(b) not applied where allegations neither contain the word fraud nor facts that would constitute fraud); *Nordberg v. Trilegiant Corp.,* 445 F.Supp.2d 1082, 1097 (N.D. Cal. 2006) ("Rule 9(b) is not *strictly applicable* to the current action as the CLRA is not a fraud statute") (emphasis added).

11 Indeed, even where plaintiffs "choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct," those fraudulent claims are subject to Rule 9(b). *Vess v. Ciba-Geigy Corp.,* 317 F.3d at 1104.

*Jacobson*, 336 Mass. 709, 774 (Mass. 1958) concerned a customer who disregarded hair dye instructions. The Court construed the retailer druggist's warranty liability as to undisclaimed manufacturer statements on the packaging. *Taylor* simply has no bearing on whether Wal-Mart could ever be liable for alleged manufacturer misrepresentations on a non-warranty theory such as § 17200.

*Regina Corp. v. F.T.C.*, 322 F.2d 765, 768 (3rd Cir. 1963), is equally unavailing as the court there held a *manufacturer* liable where both manufacturer and retailer were complicit in advertising unreliable list prices. Here, plaintiffs allege *no facts* that Wal-Mart -- before the specific recalls -- knew any safety or quality claims by the manufacturers were inaccurate, or that Wal-Mart itself made any safety or quality statement about the toys at all. (Opening Memo. at p. 13.)[12]

C. Reliance is Required Under the UCL and CLRA

Plaintiffs cite to SAC ¶¶ 237-238 and ¶¶ 251-252 to support standing under the UCL. But ¶¶ 237 and 238 are alleged against the manufacturer defendants, not Wal-Mart. And ¶¶ 251 and 252 do not allege that plaintiffs saw, read, and/or relied on any Wal-Mart representations.

Similarly, plaintiffs cite to ¶¶ 259 and 16 of the SAC to support the requisite reliance under the CLRA. Again, ¶ 259's allegations are against the manufacturer defendants, not Wal-Mart. Paragraph 16 alleges that plaintiff Allen purchased a hazardous toy from Toys "R" Us, *not* Wal-Mart, and simply states that she "would not have purchased the Hazardous Toy had she known that her children

12 Plaintiffs contend Wal-Mart is arguing that "there is no precedent for naming retailers in UCL and CLRA actions." Wal-Mart does not assert this and *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197 (1983) and *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706 (S.D.Cal. 2001) (Safeway and Wal-Mart sued for violations of the UCL and CLRA) are irrelevant.



BARTKO ZANKEL
Bartko•Zankel•Tarrant•Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

would be put at risk for lead exposure." It does not attribute her purchase to reliance on any retailer statement, certainly not to any statement by Wal-Mart.[13]

## VI. PUBLIC POLICY DOES NOT CONDONE THREATENING CLRA LITIGATION

Plaintiffs' threat of CLRA damages litigation at the time of the FAC requires dismissal of the CLRA damages claim. *Utility Consumers Action Network v. Sprint Solutions, Inc.*, 2008 WL 1946859 (S.D.Cal 2008); *Laster v. T-Mobile USA, Inc.*, 407 F.Supp.2d 1181, 1196 (S.D. Cal. 2005) ("Strict adherence to the statute's notice provision is required to accomplish the Act's goals of expeditious remediation before litigation."); *Cattie v. Wal-Mart Stores, Inc.*, 504 F.Supp.2d 939, 950 (2007) (dismissing with prejudice plaintiffs' claim for damages under the CLRA for failing to adhere to pre-suit requirements). Plaintiffs rely on *Deitz v. Comcast Corp.*, 2006 WL 3782902 at *6n (N.D. Cal. 2006) , that dismissal is too "draconian." *Id.* at *4-5. But *Dietz* does not reach the situation here where plaintiffs threatened damages litigation in a letter sent in conjunction with the FAC prior to satisfying pre-suit requirements. This Court should follow *Laster* and *Cattie* in dismissing with prejudice plaintiffs' CLRA damages claims against Wal-Mart.

## VII. CONCLUSION

For the foregoing reasons, Wal-Mart's motion to dismiss should be granted.

DATED: August 19, 2008

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

By [signature]
Michael D. Abraham
Attorneys for Defendant
WAL-MART STORES, INC.

---

[13] Plaintiffs also cite *Vasquez v. Superior Court*, 4 Cal.3d 800, 814 (1971), which concerned class wide reliance determinations unrelated to the present motion.

BARTKOZANKEL
Bartko • Zankel • Tarrant • Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

PROOF OF SERVICE BY MAIL

I, Barbara J. Sage, the undersigned, hereby certify and declare:

1. I am over the age of 18 years and am not a party to the within cause.

2. I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3. My business address is 900 Front Street, Suite 300, San Francisco, California 94111.

4. I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail; and know that postage thereon is fully prepaid.

5. Following said practice, on August 19, 2008, I served a true copy of the attached document(s) titled exactly **DEFENDANT WAL-MART STORES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT** by placing the same in an addressed, sealed envelope and depositing it in the regularly maintained interoffice mail addressed to the following:

**See Attached Service List**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 19, 2008 at San Francisco, California.

Barbara J. Sage

MANUAL NOTICE LIST
*In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*
2:07-ml-018970-DSF-AJW
MDL 1897

Gilbert Scott Bagnell, Esq.
Bagnell and Eason
P.O. Box 11852
Columbia, SC 29211

Frank Baliant, Esq.
Andrew C. Friedman, Esq.
Manfred P. Muecke, Esq.
Bonnett Fairbourn Firedman & Baliant PC
2901 North Central Ave., Suite 1000
Phoenix, AZ 85012

Matthew C. Branic, Esq.
Mark J. R. Merkle, Esq.
Marc T. Quigley, Esq.
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

Robert H. Brunson, Esq,
Deirdre Shelton McCool, Esq.
Nelson Mullins Riley and Scarborough
PO Box 1806
Charleston, SC 29402

Michael G. Crow, Esq.
Crow Law Firm LLC
1100 Poydras Street - Suite 1175
New Orleans, LA 70163

Ryan D. Dahl, Esq.
John E. Iole, Esq.
Jones Day
50 Grant Street Suite 3100
Pittsburgh, PA 15219

Stuart A. Davidson, Esq.
Elizabeth A. Shonson, Esq.
Coughlin Stoia Geller Rudman and Robbins
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809

John Gressette Felder, Jr., Esq.
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC 29201

Burton H. Finkelstein, Esq.
Finkelstein Thompson & Loughran
Duvall Foundry
1050 30th St., N.W.
Washington, DC 20007

Frederic S. Fox, Esq.
Donald R. Hall, Esq.
Kaplan Fox & Kilsheimer
850 Third Avenue 14th Fl
New York, NY 10022

Paul J. Geller, Esq.
Paul J. Geller Law Offices
120 East Palmetto Park Rd., Suite 500
Boca Raton, FL 33432

Richard M. Golomb, Esq.
Golomb & Honik
1515 Market Street
Philadelphia, PA 19102

Michael D. Gottsch, Esq.
Chimicles and Tikellis LLP
One Haverford Center
361 West Lancaster Avenue
Haverford, PA 19041-0100

Steven Michael Hayes, Esq.
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue
New York, NY 10016

John B. Williams, Esq.
Danielle Marie Hohos, Esq.
Jones Day
51 Louisiana Avenue
Washington, DC 20001

Chad A. McGowan, Esq.
Steven Randall Hood, Esq.
McGowan Hood and Felder
1539 Healthcare Drive
Rock Hill, SC 29732

Walter J. Lack, Esq.
Engstrom Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107

Karen Jennifer Marcus, Esq.
Finklestein Thompson LLP
1050 30th Street, N.W.
Washington, DC 20007

Stephen G. Morrison, Esq.
Nelson Mullins Riley and Scarborough
P.O. Box 11070
Columbia, SC 29211

Michael J. Templeton, Esq.
Jones Day
222 East 41st Street
New York, NY 10017

David L. Woloshin, Esq.
Woloshin and Killino
1800 John F. Kennedy Blvd., 11th Floor
Philadelphia, PA 19103-2925