```
 1  Robert H. Bunzel, State Bar No. 99395
    Michael D. Abraham, State Bar No. 125633
 2  Brian P. Villarreal, State Bar No. 234690
    Duyen T. Nguyen, State Bar No. 225368
 3  BARTKO, ZANKEL, TARRANT & MILLER
    A Professional Corporation
 4  900 Front Street, Suite 300
    San Francisco, California  94111
 5  Telephone:  (415) 956-1900
    Facsimile:  (415) 956-1152
 6  rbunzel@bztm.com
 7  mabraham@bztm.com
    bvillarreal@bztm.com
 8  dnguyen@bztm.com
 9
10  Attorneys for Defendant
    WAL-MART STORES, INC.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION, | No. 2:07-ml-01897-DSF-AJW<br><br>**DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS RE: PLAINTIFFS' LACK OF ARTICLE III STANDING AND/OR LACK OF RECOVERABLE DAMAGES, FILED PURSUANT TO THE COURT'S SEPTEMBER 8, 2008 ORDER** |

# TABLE OF CONTENTS

Page(s)

I. THE MOTION TO DISMISS BASED ON NO RECOVERABLE DAMAGES SHOULD BE GRANTED ........................... 1

II. PLAINTIFFS' CHART AS IT RELATES TO WAL-MART ................................................................................. 1

III. NO ARTICLE III STANDING EXISTS WITH REGARD TO RESTITUTION/REIMBURSEMENT/COST OF TOY RELIEF ........................................................................ 2
    A. Lead Paint/Blood Pressure Cuff Plaintiffs ............................ 2
    B. Magnet Plaintiffs ................................................................... 4

IV. NO ARTICLE III STANDING EXISTS FOR PERSONAL INJURY RELIEF .......................................................... 5
    A. Lead Paint/Blood Pressure Cuff Plaintiffs ............................ 5
    B. Magnet Plaintiffs ................................................................... 6

V. NO ARTICLE III STANDING EXISTS FOR INJUNCTIVE RELIEF ..................................................................... 7
    A. Lead Paint/Blood Pressure Cuff Plaintiffs ............................ 7
    B. The Magnet Plaintiffs ............................................................ 8

VI. NO ARTICLE III STANDING EXISTS FOR PUNITIVE DAMAGE RELIEF .......................................................... 8

VII. NO ARTICLE III STANDING EXISTS FOR DISGORGEMENT RELIEF ............................................................. 9
    A. Lead Paint/Blood Pressure Cuff Plaintiffs ............................ 9
    B. The Magnet Plaintiffs .......................................................... 10

VIII. CONCLUSION ................................................................................. 10

1698.031/388618.3   WAL-MART'S SUPP. MPA IN SUPPORT OF MOTIONS TO DISMISS
Case No. 2:07-ml-01897-DSF-AJW

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*American Title Insurance Company v. Lacelaw Corp.*,
861 F.2d 224 (9th Cir. 1998) ............................................................................... 8

*B.C. v. Plumas Unified School Dist.*,
192 F.3d 1260 (9th Cir. 1999) .............................................................................. 7

*Bank of the West v. Sup. Ct.*,
2 Cal.4th 1254 (1992) ......................................................................................... 10

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......................................................................................... 7, 8

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
528 U.S. 167 (2000) .................................................................................... passim

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990) ...................................................................................... 1, 11

*Los Angeles v. Lyons*,
461 U.S. 95 (1983) ........................................................................................... 4, 7

*McNutt v. General Motors Acceptance Corp.*,
298 U.S. 178 (1936) ............................................................................................ 11

*National Treasury Employees Union v. U.S.*,
101 F.3d 1423 (D.C. Cir. 1996) ........................................................................ 5, 6

*O'Shea v. Littleton*,
414 U.S. 488 (1974) ............................................................................................. 8

*Papasan v. Allain*,
478 U.S. 265 (1986) ............................................................................................. 4

*Randolph v. Ing Life Insurance and Annuity Company*,
486 F.Supp.2d 1 (2007) ........................................................................................ 3

*Rivera v. Wyeth-Ayerst Laboratories*,
283 F.3d 315 (5th Cir. 2002) ...................................................................... passim

*San Diego County Gun Rights v. Reno*,
98 F.3d 1121 (9th Cir. 1996) ............................................................................... 7

*State Farm Mut. Automobile Ins. Co. v. Campbell*,
538 U.S. 408 (2003) ............................................................................................. 9

## STATUTES

B&P Code § 17200 ..................................................................................................... 3

Pursuant to the Court's September 8, 2008 Order, defendant Wal-Mart Stores, Inc. ("Wal-Mart") submits this supplemental memorandum in support of its motions to dismiss plaintiffs' Second Consolidated Amended Complaint ("SAC") for lack of Article III standing or lack of recoverable damages:

## I. THE MOTION TO DISMISS BASED ON NO RECOVERABLE DAMAGES SHOULD BE GRANTED

Wal-Mart has joined in Mattel's and the other retailer defendants' memoranda regarding CPSA conflict preemption precluding restitution/reimbursement/cost of toy/disgorgement relief. If the Court rules in favor of conflict preemption, the Court need not rule on Article III standing as it relates to such relief. (Sections III and VII, *infra*.)[1]

## II. PLAINTIFFS' CHART AS IT RELATES TO WAL-MART

Plaintiffs' Chart, filed September 22, 2008 (Dkt. No. 100) when analyzed for type of relief sought under each SAC Count and for SAC citations particular to Wal-Mart (if any) reveals:

| Type Of Relief Sought As Clarified By The Chart | The SAC's Counts[2] Correlated To Claims For Relief | Chart's Citations To Allegations Allegedly Particular To Wal-Mart |
|---|---|---|
| Restitution/Reimbursement/ Cost Of Toys Relief | 1, 2, 5, 7, 9, 10, 12, 13 | None. (Chart cites SAC ¶¶ 71, 75, which do not provide the factual allegations needed for standing for sought relief.) |

---

[1] Wal-Mart reserves the right to raise these Article III standing issues, if need be, in the future. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (jurisdictional issues are properly raised at each stage of the proceedings, including appeal). Wal-Mart has also joined in Mattel's and the other retailer defendants' broader motion to dismiss based on lack of recoverable damages. To the degree the Court grants this broader motion, it need not reach the corresponding standing issues covered by the Court's ruling.

[2] Key = 1 (Express Warranty); 2 (Implied Warranty); 3 (Negligence); 4 (Strict Liability); 5 (CPSA); 7 (UCL); 9 (CRLA); 10 (Song Beverly); 12 (Song Beverly); and 13 (Unjust Enrichment).

-1-

| Type Of Relief Sought As Clarified By The Chart | The SAC's Counts[2] Correlated To Claims For Relief | Chart's Citations To Allegations Allegedly Particular To Wal-Mart |
|---|---|---|
| Personal Injury Relief - *Now limited to lead plaintiffs only* - costs of screening or treatment if high blood lead level. | 1, 2, 3, 4, 5, 9, 10, 12 | None. (Chart cites SAC ¶¶ 71, 75, which do not provide facts for Article III standing for personal injury relief.) |
| Injunctive Relief - *Now limited to lead plaintiffs only and only to restrain sale of blood pressure cuff.* | 3, 4, 7, 9, 10, 12 | None. (Chart cites SAC ¶¶ 71, 75, which do not provide facts for Article III standing for injunctive relief.) |
| Punitive Damages – *Listed in Chart but not plead in SAC's allegations or prayer.* | 9, 10, 12 | None. (Chart cites SAC ¶¶ 71, 75, which do not provide facts needed for standing for punitive damage relief.) |
| Disgorgement | 13 | None. |

### III. NO ARTICLE III STANDING EXISTS WITH REGARD TO RESTITUTION/REIMBURSEMENT/COST OF TOY RELIEF

A. <u>Lead Paint/Blood Pressure Cuff Plaintiffs</u>

The Chart confirms the Lead Paint/Blood Pressure Cuff Plaintiffs have failed to meet their burden of pleading particularized facts establishing Article III standing as to the requested restitution/reimbursement/cost of toy relief. The SAC fails to plead facts establishing: (1) "injury in fact" suffered by each plaintiff, (2) each plaintiff's injury being fairly traceable to Wal-Mart's conduct, and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).

-2-

With regard to all Lead Paint/Blood Pressure Cuff Plaintiffs, because the SAC does not allege that any plaintiff declined to participate in the recall, the Article III standing requirement of "injury in fact" is absent. As explained in prior memoranda, the recalls -- which the SAC factually pleads and are thereby properly subject to consideration -- provide a complete remedy. *Randolph v. Ing Life Insurance and Annuity Company,* 486 F.Supp.2d 1, 5 (2007) (where a document is referred to in a complaint, it may be considered in a motion to dismiss).

Furthermore, as to all Lead Paint/Blood Pressure Cuff Plaintiffs, the third Article III standing requirement -- "redressability" -- is also absent. As set forth in defendants' previously filed memoranda, conflict preemption with the CPSA precludes restitution/reimbursement/cost of toy relief.

Additionally, as to 15 Lead Paint/Blood Pressure Cuff Plaintiffs alleged at SAC, ¶¶ 16-26, 29-32, the first two Article III standing requirements -- "injury in fact" and injury fairly traceable to Wal-Mart's conduct -- are each absent for the separate reason that they did not purchase a recalled toy from Wal-Mart. (SAC, ¶¶ 16-26-29-32). *Rivera v. Wyeth-Ayerst Laboratories,* 283 F.3d 315, 318-321 (5th Cir. 2002) (it is not enough for Article III standing that others may have been injured by a defendant's conduct).[3]

The Chart's citations to SAC ¶¶ 71 and 75 do not assist with and fail to meet plaintiffs' burden of pleading particularized facts establishing Article III standing for each type of relief sought as against a particular defendant. *Friends of the Earth, Inc., supra,* 528 U.S. at 185 ("… a plaintiff must demonstrate standing separately for each form of relief sought"); *Los Angeles v. Lyons,* 461 U.S. 95, 109,

---

[3] As to the SAC's 7th Count (B&P Code § 17200) and Count 9 (CRLA), no "injury in fact," no "traceability" to Wal-Mart's conduct, and/or no "redressability" exists for the additional reason that none of the Lead Paint/Blood Pressure Cuff Plaintiffs are alleged to be California consumers who purchased the recalled items due to Wal-Mart's conduct. (SAC at 71:15-16 and 76:9-10; SAC, ¶¶ 16-32.)

-3-

111 (1983) (standing for one type of relief does not mean plaintiff has standing for another type of relief); *Rivera, supra,* 283 F.3d at 318-321 (a plaintiff who was not injured by a particular defendant's conduct has no Article III standing as against that defendant). Plaintiffs' pleading burden is not met by SAC ¶ 71's allegations since: the allegations are not particular to Wal-Mart; the allegations consist of legal conclusions, which conclusions do not have to be accepted by the Court;[4] and, for the previously stated reasons, do not overcome the absence of the required Article III "injury in fact" and "redressability" elements. The Chart's citation to the SAC ¶ 75's allegations add nothing since the allegations only concern a subsequent remedial measure statement on Wal-Mart's website, which the SAC alleges is based on a post-all-recalls May 15, 2008 website visit. (SAC, ¶ 75, fn. 35.)

The failure to meet any one of the three Article III standing requirements with regard to a particular type of relief deprives the court of jurisdiction as to that relief. *Friends of the Earth, Inc., supra,* 528 U.S. at 180-181. For each of these foregoing separate reasons, no Article III standing for restitution/reimbursement/cost of toy relief exists as against Wal-Mart.

B.   Magnet Plaintiffs

The Magnet Plaintiffs also do not have Article III standing for restitution/reimbursement/cost of toy relief. Conflict preemption precludes the Article III "redressability" requirement. Separately, no "injury in fact" exists since the recalls provide a complete remedy. See Section III.A., *supra,* discussion of these points and the fact that SAC ¶¶ 71 and 75 do not address nor meet plaintiffs' Article III pleading burden. *Friends of the Earth, Inc., supra,* 528 U.S. at 180-181

---

[4] *Papasan v. Allain,* 478 U.S. 265, 286 (1986) ("… we are not bound to accept as true a legal conclusion couched as a factual allegation."). In addition to the Court not being bound by legal contentions, the SAC ¶ 71's legal contention -- that by selling the product retailers purportedly adopt a manufacturer's statements -- fails as a matter of law. See Wal-Mart's Opening and Reply MPAs at § V.

-4-

(failure to meet any one of the three Article III standing requirements deprives the court of jurisdiction).

## IV. NO ARTICLE III STANDING EXISTS FOR PERSONAL INJURY RELIEF

### A. Lead Paint/Blood Pressure Cuff Plaintiffs

With regard to personal injury relief (costs of initial screening and costs of treatment for those who screen positive for blood-lead levels), the Chart confirms that the SAC fails to plead particularized facts establishing Article III standing. None of the Lead Paint/Blood Pressure Cuff Plaintiffs allege facts of *present* personal injury to them or their respective children from soluble lead having entered their bodies and causing a detrimental change. Instead, the SAC seeks to fund "initial" screening of "Plaintiffs and members of the Class" and to pay for treatment for those "who screen positive for blood lead levels." (SAC at 82:16-19.) Such conjectural, hypothetical, speculative or abstract claims do not meet plaintiffs' burden of pleading facts establishing Article III standing. *Rivera, supra,* 283 F.3d at 320 (federal courts require that the injury be present or imminent and personal; speculative claims of potential personal injury as well as claims of injury to others are insufficient for Article III standing); *National Treasury Employees Union v. U.S.,* 101 F.3d 1423, 1427 (D.C. Cir. 1996) (conjectural, hypothetical, speculative or abstract claims do not provide Article III standing).

Furthermore, as to the 15 Lead Paint/Blood Pressure Cuff Plaintiffs alleged at SAC ¶¶ 16-26, 29-32, it is clear that no "injury in fact" and no "traceability" to Wal-Mart's conduct exists for the separate reason that these plaintiffs did not purchase a recalled item from Wal-Mart. *Friends of the Earth, Inc., supra,* 528 U.S. at 180-181.

As explained in Section III.A., *supra,* the Chart's citations to SAC ¶¶ 71 and 75 fail to meet plaintiffs' pleading burden of alleging particularized facts

-5-

establishing standing. Neither the allegations in SAC ¶¶ 71 nor 75 address -- much less establish -- Article III standing for personal injury relief.

Accordingly, for each of these alternative reasons, it is clear that the Article III personal injury standing has not been established on behalf of any of the Lead Paint/Blood Pressure Cuff Plaintiffs as against Wal-Mart.

B.  Magnet Plaintiffs

The Chart reveals that the SAC is not seeking personal injury relief (costs of initial screening and costs of treatment for those who screen positive for blood-lead levels) based on toys with magnets. Provided the Court issues an Order binding plaintiffs to this limitation, no Article III standing determination on personal injury relief based on toys with magnets is required.

Alternatively, if the Chart's limitation is not binding, it is clear that the Magnet Plaintiffs have not met their burden of pleading particularized facts establishing Article III "injury in fact" to support personal injury relief. None of the Magnet Plaintiffs allege that they or their children have suffered a *present* personal injury from the recalled toys. (SAC, ¶¶ 33-34.) This point was confirmed at the September 8, 2008 hearing when, in response to the Court's question, plaintiffs' counsel stated that none of the Magnet Plaintiffs or their respective children had suffered personal injuries due to the recalled toys. (September 8, 2008 hearing reporter's transcript, Dkt. No. 98, at 12:3-23.)

As an abstract claim that does not involve "injury in fact" to the Magnet Plaintiffs or their respective children fails to establish Article III standing, it is clear that the Magnet Plaintiffs do not have standing for personal injury relief. *Rivera, supra,* 283 F.3d at 320; *National Treasury Employees Union, supra,* 101 F.3d at 1427.

-6-

## V. NO ARTICLE III STANDING EXISTS FOR INJUNCTIVE RELIEF

### A. Lead Paint/Blood Pressure Cuff Plaintiffs

In contrast to the SAC's prayer at 82:8-11, which seeks to enjoin the alleged unlawful practices set forth in the SAC, the Chart limits injunctive relief to "injunction to stop sale of blood pressure cuff." Provided the Court issues an Order binding plaintiffs to this limitation, a ruling on Wal-Mart's motion to dismiss based on the *Colorado River* doctrine will not be necessary.

To have Article III standing for injunctive relief, a plaintiff has the burden of pleading particular facts establishing that the plaintiff has suffered or is threatened with a concrete and particularized legal harm caused by the defendant, coupled with "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 111, (1983); see also *San Diego County Gun Rights v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). As to the second part, plaintiffs have the burden of establishing a "real and immediate threat of repeated injury." *City of Los Angeles, supra,* 461 U.S. at 111; see also *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).

In the SAC, there are no allegations that any of the recalled toys are currently being sold by Wal-Mart. Therefore, the SAC does not plead particularized facts establishing a "real and immediate threat of repeated injury."

Consistent with Rule 11, the SAC does not allege Wal-Mart currently sells the subject toy blood pressure cuff. Further, in response to Wal-Mart making this point in its opening memorandum at 9:25-26, plaintiffs' opposition did not assert Wal-Mart was currently selling the particular blood pressure cuffs.

The Chart's citations to SAC ¶¶ 71 and 75 add nothing to the Article III analysis as they do not factually address nor establish standing for injunctive relief

-7-

as against Wal-Mart. See also Section III.A., *supra*, discussion of SAC, ¶¶ 71 and 75.

Consequently, as the SAC does not plead particularized facts establishing a "real and immediate threat of repeated injury," no Article III standing for injunctive relief exists as against Wal-Mart. *City of Los Angeles, supra,* 461 U.S. at 111.

B. <u>The Magnet Plaintiffs</u>

Plaintiffs' Chart reveals that the Magnet Plaintiffs are not seeking injunctive relief. If the Court issues an Order binding plaintiffs to this limitation, no ruling on Article III standing as to injunctive relief concerning toys with magnets is required.

Alternatively, if the Chart's limitation is not binding, it is clear that no Article III standing for injunctive relief exists. No particularized facts are alleged in the SAC of a real and immediate threat of repeat injury from the already recalled magnet toys. *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974) (plaintiff must show a "real and immediate threat of repeated injury"). Rather, the SAC's judicial admissions preclude any such allegations: (i) ¶ 13, the toys with potentially loose magnets have been recalled; (ii) ¶ 180, there are no other known toys with potentially loose magnets; and (iii) ¶ 129, Mattel redesigned the toys so that the magnets are now "locked." *American Title Insurance Company v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1998) (statement in a complaint constitutes binding admission). Accordingly, it is clear that the Magnet Plaintiffs do not have Article III standing for injunctive relief with regard to toys with magnets.

VI. **NO ARTICLE III STANDING EXISTS FOR PUNITIVE DAMAGE RELIEF**

Despite the Chart listing punitive damages under Counts 9, 10 and 12, no factual allegations supporting or seeking punitive damages are plead in the SAC.

-8-

Likewise, the SAC does not pray for punitive damages. As a result, punitive damage relief is not at-issue.

Furthermore, even if punitive damage relief were at-issue (which it is not), it is clear that the Lead Paint/Blood Pressure Cuff Plaintiffs and the Magnet Plaintiffs have failed to allege particularized facts establishing Article III standing for punitive damage relief as against Wal-Mart. As noted above, no factual allegations supporting or seeking punitive damages are plead in the SAC.

Finally, for the reasons stated in Sections III and IV, *supra*, plaintiffs have failed to meet their burden of pleading particularized facts sufficient to support Article III standing for reimbursement relief or for personal injury relief, which in turn makes punitive damages relief unavailable due to constitutional limitations on punitive damages. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425-426 (2003).

## VII. NO ARTICLE III STANDING EXISTS FOR DISGORGEMENT RELIEF

### A. Lead Paint/Blood Pressure Cuff Plaintiffs

Plaintiff's Chart states plaintiffs are seeking disgorgement relief under the SAC Count No. 13. However, no Article III standing for disgorgement relief exists as the Article III requirements of "injury in fact" and "redressability" are absent. As discussed in Section III.A., *supra*, no "redressability" exists due to conflict preemption with the CPSA, and no "injury in fact" exists as the recalls provide a complete remedy. *Friends of the Earth, Inc., supra,* 528 U.S. at 180-181 (failure to meet any one of the three Article III standing requirements deprives the court of jurisdiction).

Furthermore, as to the Lead Paint/Blood Pressure Cuff Plaintiffs alleged at SAC ¶¶ 16-26, 29-32, no "injury in fact" or injury fairly traceable to Wal-Mart's conduct exists due to the separate reason that these plaintiffs did not purchase a

-9-

recalled item from Wal-Mart. *Rivera, supra,* 283 F.3d at 318-321 (it is not enough for Article III standing that others may have been injured by a defendant's conduct); see also *Bank of the West v. Sup. Ct.* (1992) 2 Cal.4th 1254, 1266 (where no showing of receipt of plaintiffs' money by the defendant there is nothing to disgorge).

For each of the above stated reasons, and each of the additional reasons stated in Section III.A., *supra*, the Lead Paint/Blood Pressure Cuff Plaintiffs have failed to meet their burden of pleading particularized facts establishing Article III standing for disgorgement relief.

### B. The Magnet Plaintiffs

No Article III standing for disgorgement relief exists with regard to the magnet toys. As explained in Section III.A., *supra*, no Article III standing exists because: (i) conflict preemption with the CPSA precludes the Article III "redressability" requirement; and (ii) no "injury in fact" exists since the recalls provided a complete remedy. *Friends of the Earth, Inc., supra,* 528 U.S. at 180-181 (failure to meet any one of the three Article III standing requirements deprives the court of jurisdiction).

## VIII. CONCLUSION

If the Court rules in favor of conflict preemption, the Court need not rule on Article III standing as it relates to restitution/reimbursement/cost of toy relief/disgorgement relief. (Sections III and VII, *supra*). Furthermore, because Wal-Mart has also joined in Mattel's and the other retailer defendants' broader motion to dismiss based on lack of recoverable damages, to the degree the Court grants this broader motion, it need not reach the Article III standing issues covered by the Court's ruling.

With regard to Article III standing, because a federal court is presumed to lack subject matter jurisdiction, each plaintiff has the burden of clearly alleging

-10-

particularized facts demonstrating standing for each type of relief sought. As set forth in Wal-Mart's opening and reply memoranda, as well as herein, each plaintiff has failed to meet his or her burden of establishing Article III standing with regard to each type of relief as against Wal-Mart. *FW/PBS, Inc., supra*, 493 U.S. at 231, quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("If [they] fai[l] to make the necessary allegations, [they have] no standing").

For each of the above-stated reasons, Wal-Mart requests the Court issue an Order granting the motions to dismiss.

DATED: October 6, 2008

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

By _____
Michael D. Abraham
Attorneys for Defendant
WAL-MART STORES, INC.

# PROOF OF SERVICE

I, Barbara J. Sage, the undersigned, hereby certify and declare:

1. I am over the age of 18 years and am not a party to the within cause.

2. I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3. My business address is Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111.

On October 6, 2008, I served the true copy of the attached document(s) titled exactly

- **DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS RE: PLAINTIFFS' LACK OF ARTICLE III STANDING AND/OR LACK OF RECOVERABLE DAMAGES, FILED PURSUANT TO THE COURT'S SEPTEMBER 8, 2008 ORDER**

on the interested parties in this action as follows:

_____ **BY MAIL:** I am readily familiar with my employer's mail collection and processing practices, know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail, and know that postage thereon is fully prepaid. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope(s) at Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111, addressed, sealed and charges prepaid as follows:

**SEE MANUAL NOTICE LIST ATTACHED**

_____ **BY HAND DELIVERY:** I caused to be delivered such envelope(s) by hand to the address designated below.

_____ **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for collection and processing of Federal Express courier service mail, and know that said Federal Express courier service mail is collected and deposited with a facility regularly maintained by Federal Express at San Francisco, California on the same day it is deposited in the interoffice mail. Following ordinary business practice, I placed for collection and delivery to Federal Express such envelope(s) at Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111, addressed, sealed and charges prepaid, marked for next business day delivery as follows:

1.

    \_\_\_\_\_   **BY FACSIMILE:** On October 6, 2008 from my employer's facsimile machine telephone number (415) 956-1152, I transmitted a copy of said document(s) to the following addressee(s) at the following number(s), which is the number last given by that person on a document he or she has filed in this action and served on my employer. The transmission was reported as complete and without error, and a transmission report properly issued by the transmitting machine, a true and correct copy of which is attached hereto pursuant to California Rule of Court, Rule 2008 (e)(4).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 6, 2008 at San Francisco, California.

_____
Barbara J. Sage

2.

MANUAL NOTICE LIST
*In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*
2:07-ml-018970-DSF-AJW
MDL 1897

Gilbert Scott Bagnell, Esq.
Bagnell and Eason
P.O. Box 11852
Columbia, SC 29211

Frank Baliant, Esq.
Andrew C. Friedman, Esq.
Manfred P. Muecke, Esq.
Bonnett Fairbourn Firedman & Baliant PC
2901 North Central Ave., Suite 1000
Phoenix, AZ 85012

Matthew C. Branic, Esq.
Mark J. R. Merkle, Esq.
Marc T. Quigley, Esq.
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

Robert H. Brunson, Esq,
Deirdre Shelton McCool, Esq.
Nelson Mullins Riley and Scarborough
PO Box 1806
Charleston, SC 29402

Michael G. Crow, Esq.
Crow Law Firm LLC
1100 Poydras Street - Suite 1175
New Orleans, LA 70163

Ryan D. Dahl, Esq.
John E. Iole, Esq.
Jones Day
50 Grant Street Suite 3100
Pittsburgh, PA 15219

Stuart A. Davidson, Esq.
Elizabeth A. Shonson, Esq.
Coughlin Stoia Geller Rudman and Robbins
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809

John Gressette Felder, Jr., Esq.
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC 29201

Burton H. Finkelstein, Esq.
Finkelstein Thompson & Loughran
Duvall Foundry
1050 30th St., N.W.
Washington, DC 20007

Frederic S. Fox, Esq.
Donald R. Hall, Esq.
Kaplan Fox & Kilsheimer
850 Third Avenue 14th Fl
New York, NY 10022

Paul J. Geller, Esq.
Paul J. Geller Law Offices
120 East Palmetto Park Rd., Suite 500
Boca Raton, FL 33432

Richard M. Golomb, Esq.
Golomb & Honik
1515 Market Street
Philadelphia, PA 19102

Michael D. Gottsch, Esq.
Chimicles and Tikellis LLP
One Haverford Center
361 West Lancaster Avenue
Haverford, PA 19041-0100

1

Steven Michael Hayes, Esq.
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue
New York, NY 10016

John B. Williams, Esq.
Danielle Marie Hohos, Esq.
Jones Day
51 Louisiana Avenue
Washington, DC 20001

Chad A. McGowan, Esq.
Steven Randall Hood, Esq.
McGowan Hood and Felder
1539 Healthcare Drive
Rock Hill, SC 29732

Walter J. Lack, Esq.
Engstrom Lipscomb & Lack
10100 Santa Monica Blvd., 12th Floor
Los Angeles, CA 90067-4107

Karen Jennifer Marcus, Esq.
Finklestein Thompson LLP
1050 30th Street, N.W.
Washington, DC 20007

Stephen G. Morrison, Esq.
Nelson Mullins Riley and Scarborough
P.O. Box 11070
Columbia, SC 29211

Michael J. Templeton, Esq.
Jones Day
222 East 41st Street
New York, NY 10017

David L. Woloshin, Esq.
Woloshin and Killino
1800 John F. Kennedy Blvd., 11th Floor
Philadelphia, PA 19103-2925