1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  JOHN J. STOIA, JR. (141757)
   RACHEL L. JENSEN (211456)
3  THOMAS J. O'REARDON II (247952)
   655 West Broadway, Suite 1900
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
   johns@csgrr.com
6  rachelj@csgrr.com
   toreardon@csgrr.com
7
8  WHATLEY, DRAKE & KALLAS, LLC      KELLER ROHRBACK LLP
   JOE R. WHATLEY, JR.               LYNN LINCOLN SARKO
   EDITH M. KALLAS                   JULI E. FARRIS
9  JOSEPH P. GUGLIELMO               GRETCHEN FREEMAN CAPPIO
   1540 Broadway, 37th Floor         1201 Third Avenue, Suite 3200
10 New York, NY 10036                Seattle, WA 98101-3052
   Telephone: 212/447-7070           Telephone: 206/623-1900
11 212/447-7077 (fax)                206/623-3384 (fax)
   jwhatley@wdklaw.com               lsarko@kellerrohrback.com
12 ekallas@wdklaw.com                jfarris@kellerrohrback.com
   jguglielmo@wdklaw.com             gcappio@kellerrohrback.com
13
   Co-Lead Counsel for Plaintiffs    Chair of Plaintiffs' Executive
14                                    Committee
15 [Additional counsel appear on signature page.]

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18                    WESTERN DIVISION

19 | In re MATTEL, INC., TOY LEAD        ) | No. 2:07-ml-01897-DSF-AJW
20 | PAINT PRODUCTS LIABILITY           )
   | LITIGATION                         ) | **PLAINTIFFS' MEMORANDUM IN**
   |                                    ) | **RESPONSE TO THE COURT'S**
21 |                                      | **SEPTEMBER 15, 2008 ORDER**
   |                                      | **REGARDING FURTHER**
22 |                                      | **BRIEFING ON PREEMPTION**
   |                                      | **ISSUE**
23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    APPLICABLE LEGAL PRINCIPLES ................................................ 2

II.   MATTEL'S VOLUNTARY RECALL PROGRAM DOES NOT
      PREEMPT PLAINTIFFS' STATE LAW REMEDIES ................................ 3

      A.    Mattel's Recalls Were Voluntarily Undertaken under 16 C.F.R.
            §1115.20(a) .................................................................. 4

      B.    Plaintiffs' State Law Claims Do Not Frustrate the Objectives of
            16 C.F.R. §1115.20(a) or "Fast-Track" Program ........................... 5

      C.    Defendants' Voluntary Recall Program Does Not Rise to the
            Level of Federal Law Necessary for Preemptive Effect .................... 8

III.  THE CPSA SAVINGS CLAUSES FURTHER SUPPORT A
      FINDING OF NO PREEMPTION ................................................ 9

IV.   CONCLUSION ................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bates v. Dow Agrosciences LLC*,
      544 U.S. 431, 125 S. Ct. 1788,
      161 L. Ed. 2d 687 (2005) ............................................................ 1, 6

*California v. ARC Am. Corp.*,
      490 U.S. 93, 109 S. Ct. 1661,
      104 L. Ed. 2d 86 (1989) ................................................................... 3

*Chamberlan v. Ford Motor Co.*,
      314 F. Supp. 2d 953 (N.D. Cal. 2004) .................................... 3, 7

*Chemical Spec. Mfrs. Assoc., Inc. v. Allenby*,
      958 F.2d 941 (9th Cir. 1992) ......................................................... 3

*Cipollone v. Liggett Group, Inc.*,
      505 U.S. 504, 112 S. Ct. 2608,
      120 L. Ed. 2d 407 (1992) ............................................................... 7

*Fellner v. Tri-Union Seafoods, LLC*,
      539 F.3d 237 (3d Cir. 2008) ..................................................... 2, 8

*Florida Lime & Avocado Growers, Inc. v. Paul*,
      373 U.S. 132, 83 S. Ct. 1210,
      10 L. Ed. 2d 248 (1963) ................................................................. 3

*Geier v. Am. Honda Motor Co.*,
      529 U.S. 861, 120 S. Ct. 1913,
      146 L. Ed. 2d 914 (2000) ..................................................... *passim*

*Good v. Altria*,
      501 F.3d 29 (1st Cir. 2007) ...................................................... 8, 9

*Medtronic, Inc. v. Lohr*,
      518 U.S. 470, 116 S. Ct. 2240,
      135 L. Ed. 2d 700 (1996) ........................................................ 2, 6

*Riegel v. Medtronic*,
      _ U.S. _, 128 S. Ct. 999,
      169 L. Ed. 2d 892 (2008) ............................................................... 3

Page

*Shroyer v. New Cingular Wireless Servs., Inc.*,
498 F.3d 976 (9th Cir. 2007) ........................................................................ 3

*Sprietsma v. Mercury Marine*,
537 U.S. 51, 123 S. Ct. 518,
154 L. Ed. 2d 466 (2002) .......................................................................... 3, 7

*Tober v. Graco Children's Prods., Inc.*,
No. 1:02cv1682LJMWTL, 2004 WL 1085178
(S.D. Ind. Mar. 4, 2004) ..................................................................... 7, 9, 10

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§2051(b) .................................................................................................... 10
§2064 ................................................................................................... *passim*
§2064(a) ...................................................................................................... 4
§2064(d) ...................................................................................................... 4
§2072 ........................................................................................................... 9
§2073 ........................................................................................................... 5
§2074 ........................................................................................................... 9

Consumer Product Safety Improvement Act of 2008 ...................................... 1

16 C.F.R.
§1115.20 ...................................................................................................... 5
§1115.20(a) ........................................................................................... *passim*
§1115.20(a)(1)(vi) ....................................................................................... 6
§1115.20(a)(3) ............................................................................................. 5
§1115.13(d) .............................................................................................. 1, 4

56 Fed. Reg.
3414, 3415 (1991) ....................................................................................... 9

62 Fed. Reg.
39827 ................................................................................................... 4, 5, 6

Pub. L. 110-314, Title II,
§231, Aug. 14, 2008, 122 Stat. 3070 ........................................................... 9

1
2                                                                                    **Page**
3  **LEGISLATIVE HISTORY**
4  H.R. Conf. Rep. No. 92-1593 (1972) ........................................................................ 9
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1     Pursuant to the Court's September 15, 2008 Order Regarding Further Briefing

2 on Preemption Issue ("Order"), plaintiffs respectfully submit this memorandum in

3 response to the questions raised therein:[1]

4     1.     How does the recent amendment removing the election language from 15

5 U.S.C. §2064 alter the preemption analysis?

6     The amendment does not alter the Court's preemption analysis, as it was not

7 intended to be retroactive. *See* Consumer Product Safety Improvement Act of 2008,

8 §239(a)(1), 110 P.L. 314 (Aug. 14, 2008).

9     2.     Does the election provision in the former version of §2064 only preempt

10 unelected remedies when the CPSC has made a finding that the product at issue is a

11 "substantial product hazard and action . . . is in the public interest?"

12     Yes; however, as defendants concede, Mattel's recalls at issue were voluntary

13 recalls, not mandatory recalls ordered by the CPSC pursuant to 15 U.S.C. §2064.[2]

14 Thus, the CPSC made no findings after public hearing and any preemptive effect of

15 §2064 would be inapplicable. Specifically, Mattel undertook voluntary "Fast-Track"

16 recalls pursuant to corrective action plans that had "no legally binding effect." 16

17 C.F.R. §1115.20(a). The Court should analyze defendants' conflict preemption

18 argument pursuant to the voluntary recall provisions set forth in 16 C.F.R.

19

20

---

21 [1]     In this response, plaintiffs do not separately address claims not subject to defendants' preemption defense. For example, as many courts have recognized,

22 claims for breach of express warranty are not preempted because such claims flow from defendants' choice to provide such a warranty rather than from the mandates of

23 state law. *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 444-45, 125 S. Ct. 1788, 161 L. Ed. 2d 687 (2005); *see* SAC ¶¶173-197 ("Second Consolidated Amended

24 Complaint"). Likewise, plaintiffs' blood pressure cuffs claims are not preempted because the cuffs have not been the subject of either a voluntary or mandatory CPSA

25 recall. SAC ¶14. Finally, claims seeking reimbursement for screening or seeking treatment as a result of lead exposure are not claims for a refund and, accordingly,

26 even under defendants' theory, would not be preempted.

27 [2]     In so answering the Court's question, plaintiffs expressly reserve their rights to argue that any recall program pursuant to §2064 would likewise not be preempted.

28

- 1 -

1  §§1115.13(d) and 1115.20(a). These provisions explicitly provide that any recall

2  action by a manufacturer or the Commission is not binding on consumers.

3  　　　Further, defendants' characterization of their recall method as consumers'

4  exclusive remedy, and one that impliedly preempts state law remedies under a conflict

5  preemption analysis, is simply wrong. The purpose and underlying intent of 16 C.F.R.

6  §1115.20(a) and the "Fast-Track" program is to eliminate product hazards as quickly

7  as possible to keep consumers safe while using CPSC staff resources efficiently; it is

8  not to provide an exclusive remedy to consumers. Permitting compensation for

9  consumers under state law further serves, and does not frustrate, this purpose.

10  Defendants have failed to come forth with any evidence to demonstrate that Plaintiffs'

11  state law claims would frustrate or interfere with the CPSA recall provisions, nor are

12  they able to demonstrate that Congress or the CPSC intended such provisions would

13  be the exclusive avenue for obtaining a remedy. Thus, the Court should find that

14  Plaintiffs' state law claims are not barred under conflict preemption principles.

15  **I.    APPLICABLE LEGAL PRINCIPLES**

16  　　　The Supreme Court has held that "Congress does not cavalierly pre-empt state-

17  law causes of action." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S. Ct. 2240,

18  135 L. Ed. 2d 700 (1996). "[T]he purpose of Congress is the ultimate touchstone in

19  every preemption case." *Id.*[3] "In all pre-emption cases, and particularly in those in

20  which Congress has legislated . . . in a field which the states have traditionally

21  occupied," courts "start with the assumption that the historic police powers of the

22  States were not to be superseded by the Federal Act unless that was the clear and

23  manifest purpose of Congress." *Id.*

24  　　　Here, plaintiffs seek a refund for the defective products under state law claims

25  in areas traditionally regulated by the states. *See Fellner v. Tri-Union Seafoods, LLC*,

26

27  [3]　　All internal quotation marks and citations are omitted, and emphasis is added throughout, unless otherwise indicated.

28

539 F.3d 237, 248 (3d Cir. 2008); *see also Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 146, 83 S. Ct. 1210, 10 L. Ed. 2d 248 (1963); *California v. ARC Am. Corp.*, 490 U.S. 93, 101, 109 S. Ct. 1661, 104 L. Ed. 2d 86 (1989) (finding a heightened presumption against preemption exists for unfair business practices); *Riegel v. Medtronic*, _ U.S. _, 128 S. Ct. 999, 1013, 169 L. Ed. 2d 892 (2008); *Chamberlan v. Ford Motor Co.*, 314 F. Supp. 2d 953, at 958-89 (N.D. Cal. 2004). Defendants have clearly not borne their burden of demonstrating that Congress or the CPSC intended to preempt state law remedies. In fact, the evidence indicates to the contrary that Congress and the CPSC intended to preserve such remedies fully.

## II.    MATTEL'S VOLUNTARY RECALL PROGRAM DOES NOT PREEMPT PLAINTIFFS' STATE LAW REMEDIES

The issue before this Court is whether Plaintiffs' state law damages claims are impliedly preempted by Mattel's decision to issue vouchers or replacements for its voluntary "Fast-Track" recalls. Implied conflict preemption is found only when "it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Sprietsma v. Mercury Marine*, 537 U.S. 51, 65, 123 S. Ct. 518, 154 L. Ed. 2d 466 (2002). "[T]he fact that there is tension between federal and state law is not enough to establish conflict preemption." *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 988 (9th Cir. 2007). Defendants must demonstrate the displacement of state remedies was the clear purpose of Congress. *Chemical Spec. Mfrs. Assoc., Inc. v. Allenby*, 958 F.2d 941, 943 (9th Cir. 1992).

Defendants do not, nor could they, argue it would be impossible for Mattel to comply with both state and federal requirements. Thus, they argue that permitting state law damages would be an obstacle to the accomplishment of Congress' objectives. But, as explained below, Mattel fails to carry its burden of explaining just how plaintiffs' state law damage claims would undermine the accomplishment of the purposes of Fast-Track recalls under the CPSA's regulations.

### A.    Mattel's Recalls Were Voluntarily Undertaken under 16 C.F.R. §1115.20(a)

At the outset, the Court should analyze conflict preemption under the regulatory framework for voluntary recalls under 16 C.F.R. §1115.20(a), rather than the statutory scheme for mandatory recalls ordered pursuant to 15 U.S.C. §2064(d).  Defendants concede that Mattel's recalls were voluntarily undertaken by way of corrective action plans under 16 C.F.R. §1115.20(a).  Specifically, Mattel chose to recall the toys under the CPSC's "Fast-Track" program, which enables companies to recall products without an admission or government finding of a product hazard.[4]  *See* 62 Fed. Reg. 39827 (July 24, 1997); *see also* CPSC, Consumer Product Safety Review (Fall 1998, Vol. 3 no. 1), available at http://www.cpsc.gov/cpscpub/pubs/cpsr_nws10.pdf (last visited Oct. 13, 2008); *see, e.g.,* August 2, 2007, Mattel Press Release: "Company Recalls Products With Possible Lead Paint Issues," available at www.shareholder.com/mattel/news/20070801-258085.cfm.

The difference between a §2064 mandatory recall and a voluntary "Fast Track" recall is a crucial distinction, and one that defendants wholly neglect to address. Recalls ***voluntarily*** undertaken by private manufacturers fall within the regulatory framework under 16 C.F.R. §1115.20(a), not 15 U.S.C. §2064, and they do not carry the same preemptive force as ***mandatory*** recalls ordered by the CPSC pursuant to 15 U.S.C. §2064.  The applicable regulation is clear on its face – voluntary corrective action plans such as Mattel's recalls here have ***no legally binding effect***.  16 C.F.R. §1115.20(a).  A voluntary recall and corrective action plan are ***not*** an admission of the

---

[4]    For purposes of this motion, there are two main categories of recalls under the CPSA statutory and regulatory scheme: (1) mandatory recalls under §2064, which are the result of a CPSC hearing affording consumers a right to be heard and an agency finding that the products are a "substantial product hazard and that action . . . is in the public interest . . . ."  15 U.S.C. §2064(a); and (2) voluntary "Fast-Track" recalls, pursuant to 16 C.F.R. §1115.13(d), and correction action plans under 16 C.F.R. §1115.20(a), and 62 Fed. Reg. 39827, for which there is no CPSC finding or even preliminary finding by its staff that a product poses a substantial hazard.

- 4 -

hazard, **not** subject to a hearing, **not** subject to any CPSC finding, **not** a consumer remedy, and **not** privately enforceable under 15 U.S.C. §2073, as compared with a recall ordered pursuant to 15 U.S.C. §2064.

Defendants attempt to blur the differences between mandatory and voluntary recalls by arguing the submission of a corrective action plan has the same force and effect as a mandatory recall under 15 U.S.C. §2064. *See* Defs' Mem. at 4. Additionally, defendants argue the recall action under §1115.20(a) has the same force as the in §2064 because the CPSC has authority to take action for noncompliance under §2064. *Id.* at 5. However, this is incorrect because 16 C.F.R. §1115.20(a) separately sets forth the CPSC's authority to remedy non-compliance in voluntary recalls. *See* 16 C.F.R. §§1115.20(a), (a)(3). In any event, this is irrelevant because the CPSC always has the authority pursuant to §2064 to initiate legal action against a manufacturer for product hazards.

### B. Plaintiffs' State Law Claims Do Not Frustrate the Objectives of 16 C.F.R. §1115.20(a) or "Fast-Track" Program

To determine whether plaintiffs' damages claims stand as an obstacle to voluntary "Fast-Track" recalls it is necessary to first identify the purposes and objectives underlying the CPSC "Fast-Track" program. In establishing the program, the CPSC declared its purpose was "to use staff resources more efficiently and to promote quicker recalls," and "reduce any disincentive to companies that want to report and undertake corrective action, but fear the consequences of a staff preliminary determination." 62 Fed. Reg. 39827. Further, the manifest purpose of voluntary actions under 16 C.F.R. §1115.20 is to "protect the public from substantial product hazards." In its cursory analysis, Mattel does not adequately explain how plaintiffs' claims would present an obstacle to the: (1) efficient use of CPSC staff resources; (2) promotion of quicker recalls; (3) incentive of companies to report and undertake corrective action; or (4) most importantly, the protection of the public from substantial product hazards.

1    Defendants make a feeble argument that allowing state law remedies would
2    somehow be a disincentive for manufacturers to voluntarily remove hazardous
3    products from the market.   However, parallel state law damages remedies may
4    actually encourage manufacturers to take corrective action quickly for fear of
5    additional liability.  *See Bates*, 544 U.S. at 448 ("To be sure, the threat of a damages
6    remedy will give manufacturers an additional cause to comply, but the requirements
7    imposed on them under state and federal law do not differ."); *Medtronic*, 518 U.S. at
8    495 ("[T]he presence of a damages remedy does not amount to the additional or
9    different requirement under the statute; rather, it merely provides another reason to
10   comply with identical existing requirements under federal law.").   In any event, the
11   Supreme Court has expressly found that "incentive or compliance considerations . . .
12   cannot by themselves[] change the legal result" as "those considerations rest on
13   speculation . . . ."  *Geier v. Am. Honda Motor Co.*, 529 U.S. 861 at 882, 120 S. Ct.
14   1913, 146 L. Ed. 2d 914 (2000).

15   Defendants also attempt to argue that allowing state damages would defeat the
16   national uniformity that Congress intended under the CPSA.  Defs' Mem. at 5.
17   However, the pertinent question, which defendants fail to address, is whether state law
18   damages conflict with the provisions under 16 C.F.R. §1115.20(a).  Defendants'
19   obscure reference to the "vagaries of potentially conflicting state law requirements"
20   (Defs' Mem. at 5) falls far short of meeting defendants' burden to show how
21   plaintiffs' state law claims would frustrate the CPSC's purpose of allowing
22   manufacturers to quickly report and recall products under 16 C.F.R. §1115.20(a) and
23   the "Fast-Track" program.

24   Indeed, allowing consumer remedies would not prevent manufacturers from
25   "voluntarily undertaking to protect the public" by eliminating the identified risk of a
26   product hazard through corrective action.  *See* 16 C.F.R. §§1115.20(a), (a)(1)(vi); 62
27   Fed. Reg. 39827.  As such, it is clear that plaintiffs claims will not frustrate the
28   protection of the public from substantial product hazards.

The Court should reject defendants' "uniformity" argument as the Supreme Court did in *Sprietsma*. In *Sprietsma*, the Court rejected defendants' arguments that state consumer claims would subject manufacturers to "widely varying local requirements." *Id.* 537 U.S. at 70. The Court found the interest in uniformity "is not unyielding . . . [and] the concern with uniformity does not justify the displacement of state common-law remedies that compensate accident victims and . . . serve the Act's more prominent objective, emphasized by its title, of promoting boating safety." *Id.* Here, too, the Consumer Product Safety Act and its implementing regulations aim first and foremost for safety, with uniformity at best a secondary goal. *See Chamberlan*, 314 F. Supp. at 962.

Additionally, defendants' reliance on *Geier*, 529 U.S. 861, is misplaced. *Geier* found an "actual conflict" between the safety standard promulgated by the Department of Transportation requiring a mix of passive restraints (not just airbags) for automobiles, and the duty asserted by plaintiffs for car makers to install airbags. *Id.* at 865, 870-71. *Geier* does not support defendants' argument because there is no "actual conflict with specific, explicitly enunciated safety standards." *Chamberlan*, 314 F. Supp. at 963. Rather, defendants at best raise a "[s]peculative or hypothetical conflict" which is insufficient to show conflict preemption. *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992)).

As in *Sprietsma*, and unlike *Geier*, the regulatory scheme here does not have the force of an affirmative policy decision intended to supplant state policy making. Mattel does not and cannot demonstrate, for instance, that the CPSC intended that a "Fast-Track" recall providing a so-called replacement would foreclose damages in a private action for breach of warranty. Importantly, plaintiffs are not relying on a different safety standard such as a more stringent lead standard, but only seek a remedy for violations of the same safety standards. *See Tober v. Graco Children's Prods., Inc.*, No. 1:02cv1682LJMWTL, 2004 WL 1085178, at *4 (S.D. Ind. Mar. 4, 2004) (citing *Leipart*, 234 F.3d at 1070). All the cases cited by defendants address

conflicting *safety standards or requirements*, not state law remedies for the same standard.

Here, plaintiffs do not seek a new court-mandated recall but instead request a refund for the value of the defective products they purchased. Such state remedies do not detract from the uniformity of product safety standards under the CPSA or the CPSC's ability to enforce those standards. Unlike *Geier*, state claims for damages do not create additional duties for manufacturers and do not impose an obstacle to applicable federal objectives. Accordingly, plaintiffs' claims for state law remedies are not preempted and should be permitted to proceed.[5]

### C.    Defendants' Voluntary Recall Program Does Not Rise to the Level of Federal Law Necessary for Preemptive Effect

Moreover, defendants cannot shield themselves from liability because their voluntary recall and corrective action plan under 16 C.F.R. §1115.20(a) had none of the procedural protections and due process ensured by §2064, and was not intended to rise to the level of federal law necessary for preemptive effect. As the First Circuit stated in *Good v. Altria*, 501 F.3d 29, 51 (1st Cir. 2007), preemption is limited to instances in which such protections are afforded. While the Third Circuit in *Fellner*, 539 F.3d at 245, was not fully in accord with *Good*, the court agreed not all actions taken pursuant to statutory authority have a preemptive effect:

> We decline to afford preemptive effect to less formal measures lacking the "fairness and deliberation" which would suggest that Congress intended the agency's action to be a binding and exclusive application of federal law. Courts with good reason are wary of affording preemptive force to actions taken under more informal circumstances. Regularity of procedure – whether it be the rulemaking and adjudicatory procedures of the APA or others which Congress may provide for a particular purpose – not only ensures that state law will be preempted only by federal "law," as the Supremacy Clause provides, but also imposes a degree of accountability on decisions which will have the profound effect of displacing state laws, and affords some protection to the states that will

---

[5]    At most, defendants may potentially be entitled to a set-off for any value consumers actually received pursuant to Mattel's voluntary recall.

have their laws displaced and to citizens who may hold rights or expectations under those laws.

*Id*. This reasoning applies with greater force where, as here, Defendants assert that their ***private*** actions voluntarily undertaken under the CPSA's regulatory scheme to eliminate a safety hazard impliedly preempt state law remedies for consumers. The CPSA and its regulations establish the floor – not the ceiling – to protect consumers from hazardous products and do not displace state law remedies which provide compensation. *See* H.R. Conf. Rep. No. 92-1593 (1972).

## III.    THE CPSA SAVINGS CLAUSES FURTHER SUPPORT A FINDING OF NO PREEMPTION

Even if the Court analyzed implied preemption under 15 U.S.C. §2064, there is no conflict because permitting state law damages does not stand as an obstacle to the accomplishment and execution of objectives of the CPSA.

First, Congress clearly intended to limit the preemptive effect of the CPSA and maintain state law remedies. The express preemption provision under the CPSA only applies to "safety standards" and "regulations," and a common law tort action is not a "regulation." *Tober*, 2004 WL 1085178, at *4. The CPSC has explicitly endorsed this position and emphasized that common law civil damages are preserved. *See* 56 Fed. Reg. 3414, 3415 (1991). Further, the CPSA contains two savings clauses which show Congress' intent to preserve state law claims rather than limiting consumer remedies. *Id.*; 15 U.S.C. §§2072, 2074. The CPSA's savings clause providing that its remedies "are in addition to, and not in lieu of, any other remedy or right of action provided by State or Federal law" is much broader than the savings clause in *Geier*. *Good*, 501 F.3d at 52. As in *Good*, such language preserves state claims because they are "are [explicitly] 'in addition to, and not in lieu of' other available remedies [under the statute]" thus "allow[ing] further relief from unfair or deceptive acts or practices under state law" in addition to any relief under federal law. *Id.* at 52-53.

The 2008 Amendment of the CPSA further reinforces Congress's intent that it does not preempt state damage claims. Pub. L. 110-314, Title II, §231, Aug. 14, 2008,

122 Stat. 3070 ("[T]he Commission . . . may not construe any such Act as preempting *any* cause of action under State or local common law or State statutory law regarding damage claims"). The Commissioner likewise has stated that common law remedies survive under the Flammable Fabrics Act:

> Nothing in the legislative history indicates Congress intended this language to preempt common law remedies and without a clear statement by Congress that this was intended, no preemption of court common law remedies can be assumed. . . . Obviously, because federal regulations are meant to have national effect, we want them to replace any non-identical state regulations, which provide *less* protection for consumers.

Statement of the Honorable Thomas H. Moore on the Final Rule and Preamble of the Flammability (Open-Flame) of Mattress Sets, Feb. 16, 2006 (emphasis in the original). Defendants have presented no evidence that by enacting the CPSA, Congress intended to preempt common law remedies.

State law damages do not conflict with the stated primary objective of the CPSA "to protect the public against unreasonable risks of injury associated with consumer products." 15 U.S.C. §2051(b); *Tober*, 2004 WL 1085178, at *4. As such, under *Geier* and its progeny, the Court should not find that the CPSA impliedly preempts plaintiffs' state law claims.

## IV.    CONCLUSION

For the reasons set forth above, plaintiffs respectfully submit their state law claims for damages are not impliedly preempted under the CPSA or implementing regulations.

DATED: October 14, 2008                    Respectfully submitted,

                                           COUGHLIN STOIA GELLER
                                             RUDMAN & ROBBINS LLP


                                           _____
                                                   s/ John J. Stoia, Jr.
                                               JOHN J. STOIA, JR.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN J. STOIA, JR.
RACHEL L. JENSEN
THOMAS J. O'REARDON II
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

WHATLEY, DRAKE & KALLAS, LLC
JOE R. WHATLEY, JR.
EDITH M. KALLAS
JOSEPH P. GUGLIELMO


_____s/ Joe R. Whatley, Jr._____
JOE R WHATLEY, JR.

1540 Broadway, 37th Floor
New York, NY 10036
Telephone: 212/447-7070
212/447-7077 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
JACK REISE
ELIZABETH A. SHONSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

***Co-Lead Counsel for Plaintiffs***

KELLER ROHRBACK LLP
LYNN LINCOLN SARKO
JULI E. FARRIS
GRETCHEN FREEMAN CAPPIO
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: 206/623-1900
206/623-3384 (fax)

***Chair of Plaintiffs' Executive Committee***

1    BALKAN & PATTERSON, LLP
2    ADAM BALKAN
     JOHN PATTERSON
3    601 S. Federal Highway, Suite 302
     Boca Raton, FL 33432
4    Telephone: 561/750-9191
     561/750-1574 (fax)
5
     ENGSTROM LIPSCOMB & LACK, P.C.
6    WALTER J. LACK
     PAUL A. TRAINA
7    GREGORY P. WATERS
     10100 Santa Monica Blvd., 16th Floor
8    Los Angeles, CA 90067-4107
     Telephone: 310/552-3800
9    310/552-9434 (fax)

10   EYSTER KEY TUBB ROTH
       MIDDLETON AND ADAMS LLP
11   NICHOLAS B. ROTH
     HEATHER NECKLAUS HUDSON
12   402 East Moulton Street
     P.O. Box 1607
13   Decatur, AL 35602
     Telephone: 256/353-6761
14   256/353-6767 (fax)

15   FINKELSTEIN THOMPSON LLP
     BURTON H. FINKELSTEIN
16   MILA F. BARTOS
     Duvall Foundry
17   1050 30th Street, N.W.
     Washington, DC 20007
18   Telephone: 202/337-8000
     202/337-8090 (fax)
19
     FINKELSTEIN THOMPSON LLP
20   ROSEMARY M. RIVAS
     MARK PUNZALAN
21   100 Bush Street, Suite 1450
     San Francisco, CA 94104
22   Telephone: 415/398-8700
     415/398-8704 (fax)
23
     GOLOMB & HONIK, P.C.
24   RICHARD M. GOLOMB
     RUBEN HONIK
25   MICHAEL S. LEVIN
     STEPHAN MATANOVIC
26   1515 Market Street, Suite 1100
     Philadelphia, PA 19102
27   Telephone: 215/985-9177
     215-985-4169 (fax)
28

HARKE & CLASBY LLP
LANCE A. HARKE
155 South Miami Avenue, Suite 600
Miami, FL  33130
Telephone:  305/536-8220
305/536-8229 (fax)

MCGOWAN HOOD & FELDER LLC
JOHN GRESSETTE FELDER, JR
1405 Calhoun Street
Columbia, SC  29201
Telephone:  803/779-0100
803/787-0750 (fax)

MCGOWAN HOOD & FELDER LLC
CHAD A. MCGOWAN
S. RANDALL HOOD
WILLIAM A. MCKINNON
1539 Healthcare Drive
Rock Hill, SC  29732
Telephone:  803/327-7800
803-328-5656 (fax)

*Executive Committee Members*

GULAS & STUCKEY, P.C.
JASON A. STUCKEY
LAUREN WAGNER PEDERSON
  (*Of Counsel*)
2031 2nd Avenue North
Birmingham, AL  35203
Telephone:  205/879-1234
205/879-1247 (fax)

GILBERT AND SACKMAN, A LAW
  CORPORATION
JOSEPH L. PALLER, JR
JAY EDWARD SMITH
3699 Wilshire Blvd., Suite 1200
Los Angeles, CA  90048-5114
Telephone:  323/938-3000
323/937-9139 (fax)

PRICE WAICUKAUSKI & RILEY, LLC
WILLIAM N. RILEY
JAMIE R. KENDALL
JOSEPH N. WILLIAMS
301 Massachusetts Avenue
Indianapolis, IN  46204
Telephone:  317/633-8787
317-633-8797 (fax)

BAGNELL AND EASON
GILBERT S. BAGNELL

1201 Main Street, Suite 1980
Columbia, SC  29211
Telephone:  803/748-1333
803-748-1300 (fax)

KAPLAN FOX & KILSHEIMER LLP
LORI S. BRODY
1801 Century Park East, Suite 1460
Los Angeles, CA  90067
Telephone:  310/785-0800
310/785-0897 (fax)

KAPLAN FOX & KILSHEIMER LLP
LINDA M. FONG
LAURENCE D. KING
350 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone:  415/772-4700
415/772-4707 (fax)

KAPLAN FOX & KILSHEIMER LLP
FREDERIC S. FOX
DONALD R. HALL
850 Third Avenue, 14th Floor
New York, NY  10022
Telephone:  212/687-1980
212/687-7714 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA  90025
Telephone:  310/442-7755
310/442-7756 (fax)

HANLY CONROY BIERSTEIN
  SHERIDAN FISHER & HAYES LLP
JAYNE CONROY
STEVEN M. HAYES
112 Madison Avenue, 7th Floor
New York, NY  10016
Telephone:  212/784-6400
212/213-5349 (fax)

THE LAW OFFICE OF ARON D.
  ROBINSON
ARON D. ROBINSON
19 South LaSalle Street, Suite 1300
Chicago, IL  60603

BARNOW AND ASSOCIATES PC
BEN BARNOW
One North LaSalle Street, Suite 4600
Chicago, IL  60602
Telephone:  312/621-2000

- 14 -

312/641-5504 (fax)

SIMMONS COOPER LLC
KENNETH J. BRENNAN
707 Berkshire Blvd.
East Alton, IL  62024
Telephone:  618/259-2222
618-259-2251 (fax)

CHIMICLES & TIKELLIS LLP
KIMBERLY M. DONALDSON
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA  19041-0100
Telephone:  610/642-8500
610/649-3633 (fax)

HAGENS BERMAN SOBOL
   SHAPIRO LLP
STEVE W. BERMAN
IVY D. ARAI
1301 5th Avenue, Suite 2900
Seattle, WA  98101
Telephone: 206/623-7292
206/623-2594 (fax)

HAGENS BERMAN SOBOL
   SHAPIRO LLP
ELAINE T. BYSZEWSKI
LEE M. GORDON
700 South Flower Street, Suite 2940
Los Angeles, CA  90017-4101
Telephone:  213/330-7150
213/330-7152 (fax)

HAGENS BERMAN SOBOL
   SHAPIRO LLP
ELIZABETH A. FEGAN
DANIEL J. KUROWSKI
TIMOTHY MAHONEY
820 North Blvd., Suite B
Oak Park, IL  60301
Telephone:  708/776-5600
708/776-5601 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
   & BALIANT, P.C.
ANDREW S. FRIEDMAN
WENDY J. HARRISON
MICHAEL C. McKAY
2901 North Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOLOSHIN AND KILLINO
DAVID L. WOLOSHIN
JEFFREY B. KILLINO
1800 John F Kennedy Blvd., 11th Floor
Philadelphia, PA  19103-2925
Telephone:  215/840-2020
215/569-2741 (fax)

JULIO RAMOS, ATTORNEY AT LAW
JULIO RAMOS
35 Grove Street, Suite 107
San Francisco, CA  94102
Telephone:  415/948-3015
415/469-9787 (fax)

LAW OFFICES OF STEVEN M.
   NUNEZ
STEVEN M. NUNEZ
3333 Camino Del Rio South, Suite 215
San Diego, CA  92108
Telephone:  619/296-8400
619/296-3700 (fax)

KALCHEIM LAW GROUP
MITCH KALCHEIM
AMBER S. HEALY
2049 Century Park East, Suite 2150
Los Angeles, CA  90067
Telephone:  310/461-1200
310/461-1201 (fax)

KIRTLAND & PACKARD LLP
MICHAEL L. KELLY
BEHRAM V. PAREKH
2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA  90245
Telephone:  310/536-1000
310/536-1001 (fax)

CUNEO GILBERT AND LADUCA, LLP
PAMELA GILBERT
507 C Street, N.E.
Washington, DC  20002
Telephone:  202/789-3960
202/789-1813 (fax)

THE STARK LAW OFFICES, P.C.
AMIR STARK
2766 Fischer Road
Hatfield, PA  19440
Telephone:  215/275-2919
245/855-6029 (fax)

SARRAF GENTILE LLP

- 16 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RONEN SARRAF
JOSEPH GENTILE
11 Hanover Square, 2nd Floor
New York, NY  10005
Telephone:  212/868-3610
212/918-7967 (fax)

THE CROW LAW FIRM
MICHAEL G. CROW
1100 Poydras Street, Suite 1175
New Orleans, LA  70163
Telephone:  504/599-5770
504/566-1141 (fax)

LOCKRIDGE GRINDAL NAUEN
  P.L.L.P.
KAREN HANSON RIEBEL
100 Washington Avenue South
Suite 2200
Minneapolis, MN  55401-2159
Telephone:  612/339-6900
612/339-0981 (fax)

*Additional Plaintiffs' Counsel*

## ECF CERTIFICATION

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated:  October 14, 2008


_____
*s/ John J. Stoia, Jr.*
JOHN J. STOIA, JR.

S:\CasesSD\Mattel Consumer\BRF 00054897.doc

- 17 -

1

<u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on October 14, 2008, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF system which will send notification of

4   such filing to the e-mail addresses denoted on the attached Electronic Mail Notice

5   List, and I hereby certify that I have mailed the foregoing document or paper via the

6   United States Postal Service to the non-CM/ECF participants indicated on the attached

7   Manual Notice List.

8       I certify under penalty of perjury under the laws of the United States of America

9   that the foregoing is true and correct.  Executed on October 14, 2008.

10

　　　　　　　　　　  s/ John J. Stoia, Jr.

11
JOHN J. STOIA, JR.

12
COUGHLIN STOIA GELLER

13
　　RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900

14
San Diego, CA  92101-3301
Telephone:  619/231-1058

15
619/231-7423 (fax)

16

17
E-mail:      johns@csgrr.com

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 2:07-ml-01897-DSF-AJW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael David Abraham**
  mabraham@bztm.com

- **Ivy D Arai**
  ivy@hbsslaw.com,kevinacosta@hbsslaw.com

- **Ben Barnow**
  b.barnow@barnowlaw.com,e.schork@barnowlaw.com,s.harris@barnowlaw.com

- **Mila F Bartos**
  mbartos@finkelsteinthompson.com

- **Steve W Berman**
  steve@hbsslaw.com,heatherw@hbsslaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Mitchell M Breit**
  mbreit@wdklaw.com,ecf@wdklaw.com

- **Lori S Brody**
  lbrody@kaplanfox.com

- **Robert H Bunzel**
  rbunzel@bztm.com,bsage@bztm.com

- **Elaine T Byszewski**
  elaine@hbsslaw.com,JenniferB@hbsslaw.com,sharons@hbsslaw.com

- **Gretchen Freeman Cappio**
  gcappio@kellerrohrback.com,mbates@kellerrohrback.com

- **Kimberly M Donaldson**
  kimdonaldson@chimicles.com

- **Juli E Farris**
  jfarris@kellerrohrback.com,dau@kellerrohrback.com

- **Elizabeth A Fegan**
  beth@hbsslaw.com,Chi_Filings@hbsslaw.com

- **Thomas E Fennell**
  tefennell@jonesday.com

- **Linda M Fong**
  lfong@kaplanfox.com,kweiland@kaplanfox.com,agutierrez@kaplanfox.com

- **Pamela Gilbert**
  pamelag@cuneolaw.com

- **Lee M Gordon**
  lee@hbsslaw.com,kevinacosta@hbsslaw.com,sharons@hbsslaw.com

- **Joseph P Guglielmo**
  jguglielmo@wdklaw.com,ecf@wdklaw.com

- **Lance August Harke**
  lharke@harkeclasby.com

- **Amber S Healy**
  amberh@kallawgroup.com

- **Brian M Hoffstadt**
  bhoffstadt@jonesday.com

- **Ruben Honik**
  rhonik@golombhonik.com,lpena@golombhonik.com,emalloy@golombhonik.com

- **Heather Necklaus Hudson**
  hnhudson@eysterkey.com

- **Rachel L Jensen**
  rjensen@csgrr.com

- **Mitch H Kalcheim**
  mitch@kallawgroup.com

- **Edith M Kallas**
  ekallas@wdklaw.com,ecf@wdklaw.com

- **Michael L Kelly**
  michaellkelly@earthlink.net

- **Jamie Ranah Kendall**
  jkendall@price-law.com,aburton@price-law.com

- **Jeffrey B Killino**
  jkillino@wklawyer.com

- **Laurence D King**
  lking@kaplanfox.com,kweiland@kaplanfox.com,agutierrez@kaplanfox.com

- **Daniel J Kurowski**
  dank@hbsslaw.com,chi_filings@hbsslaw.com,kevinacostga@hbsslaw.com

- **Elizabeth A Leland**
  bleland@kellerrohrback.com

- **Michael S Levin**
  mlevin@golombhonik.com

- **Elwood G Lui**
  elui@jonesday.com

- **Timothy Mahoney**
  timm@hbsslaw.com,chi_filings@hbsslaw.com,kevinacosta@hbsslaw.com

- **Stephan Matanovic**
  smatanovic@golombhonik.com,lpena@golombhonik.com,emalloy@golombhonik.com

- **William A McKinnon**
  bmckinnon@mcgowanhood.com,bmcgovern@mcgowanhood.com

- **Manfred Patrick Muecke**
  mmuecke@bffb.com,rcreech@bffb.com,ngerminaro@bffb.com

- **Thomas Joseph O'Reardon , II**
  toreardon@csgrr.com

- **Joseph L Paller , Jr**
  jlpaller@gslaw.org

- **Behram V Parekh**
  bvp@kirtlandpackard.com

- **Mark L Punzalan**
  mpunzalan@finkelsteinthompson.com

- **Julio J Ramos**
  ramosfortrustee@yahoo.com,ramosforsupervisor@yahoo.com

- **Thomas Ailbe Rector**
  tarector@jonesday.com

- **Jack Reise**
  jreise@csgrr.com

- **Michael L Rice**
  mlrice@jonesday.com,jameseyoung@jonesday.com,deborahsimmons@jonesday.com

- **Karen Hanson Riebel**
  khriebel@locklaw.com,crbaehman@locklaw.com

- **William N Riley**
  wriley@price-law.com

- **Rosemary M Rivas**
  rrivas@finkelsteinthompson.com

- **Nicholas B Roth**
  nbroth@eysterkey.com

- **Lynn L Sarko**
  lsarko@kellerrohrback.com

- **Denise Davis Schwartzman**
  deniseschwartzman@chimicles.com

- **Rick L Shackelford**
  rlshackelford@jonesday.com

- **Jay Edward Smith**
  js@gslaw.org

- **John J Stoia , Jr**
  johns@csgrr.com,e_file_sd@csgrr.com

- **Paul A Traina**
  ptraina@elllaw.com

- **Laurie A Traktman**
  lat@gslaw.org

- **Gregory P Waters**
  gwaters@elllaw.com

- **Joe R Whatley , Jr**
  jwhatley@wdklaw.com,kgault@wdklaw.com,ecf@wdklaw.com

- **Hugh R Whiting**
  hrwhiting@jonesday.com

- **Joseph N Williams**
  jwilliams@price-law.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

`Gilbert Scott Bagnell`
Bagnell and Eason

PO Box 11852
Columbia, SC 29211

**Frank Baliant**
Bonnett Fairbourn Friedman & Baliant PC
2901 North Central Avenue – Suite 1000
Phoenix, AZ 85012

**Matthew C Branic**
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

**Robert H Brunson**
Nelson Mullins Riley and Scarborough
PO Box 1806
Charleston, SC 29402

**Michael G. Crow**
Crow Law Firm LLC
1100 Poydras Street – Suite 1175
New Orleans, LA 70163

**Ryan D Dahl**
Jones Day
50 Grant Street Suite 3100
Pittsburgh, PA 15219

**Stuart A Davidson**
Coughlin Stoia Geller Rudman and Robbins
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809

**John Gressette Felder**                                    **, Jr**
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC 29201

**Burton H Finkelstein**
Finkelstein Thompson & Loughran
Duvall Foundry
1050 30th St NW
Washington, DC 20007

**Frederic S Fox**
Kaplan Fox & Kilsheimer
850 Third Avenue 14th Fl
New York, NY 10022

**Andrew C Friedman**
Bonnett Fairbourn Friedman and Balint
2901 N Central Avenue – Suite 1000
Phoenix, AZ 85012

**Paul J Geller**
Paul J Geller Law Offices
120 East Palmetto Park Road Suite 500
Boca Raton, FL 33432

**Richard M Golomb**

Golomb & Honik
121 South Broad Street 9th Floor
Philadelphia, PA 19107

**Michael D Gottsch**
Chimicles and Tikellis LLP
One Haverford Center
361 West Lancaster Avenue
Haverford, PA 19041-0100

**Donald R Hall**
Kaplan Fox and Kilsheimer
850 Third Avenue 14th Floor
New York, NY 10022

**Steven Michael Hayes**
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue
New York, NY 10016

**Danielle Marie Hohos**
Jones Day
51 Louisiana Avenue
Washington, DC 20001

**Steven Randall Hood**
McGowan Hood and Felder
1539 Healthcare Drive
Rock Hill, SC 29732

**John E Iole**
Jones Day
500 Grant St, 31st Fl
Pittsburgh, PA 15219

**Walter J Lack**
Engstrom Lipscomb & Lack
10100 Santa Monica Blvd
12th Floor
Los Angeles, CA 90067-4107

**Karen Jennifer Marcus**
Finklestein Thompson LLP
1050 30th Street NW
Washington, DC 20007

**Deirdre Shelton McCool**
Nelson Mullins Riley and Scarborough
PO Box 1806
Charleston, SC 29402

**Chad A McGowan**
McGowan Hood Felder and Johnson
1539 Healthcare Drive
Rock Hill, SC 29732

**Mark J R Merkle**
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

**Stephen G Morrison**
Nelson Mullins Riley and Scarborough
P O Box 11070
Columbia, SC 29211

**Marc T Quigley**
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

**Elizabeth A Shonson**
Coughlin Stoia Geller Rudman and Robbins
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809

**Michael J Templeton**
Jones Day
222 East 41st Street
New York, NY 10017

**John B Williams**
Jones Day
51 Louisiana Avenue
Washington, DC 20004

**David L Woloshin**
Woloshin and Killino
1800 John F Kennedy Boulevard, 11th Floor
Philadelphia, PA 19103-2925