1   Elwood Lui (SBN 45538)
    elui@jonesday.com
2   Rick L. Shackelford (SBN 151262)
    rlshackelford@jonesday.com
3   JONES DAY
    555 South Flower Street, 50th Floor
4   Los Angeles, CA 90071
    Telephone:   (213) 243-2435
5   Facsimile:    (213) 243-2539

6   Hugh Whiting (pro hac vice)
    hrwhiting@jonesday.com
7   JONES DAY
    717 Texas, Suite 3300
8   Houston, TX  77002
    Telephone:   (832) 239-3939
9   Facsimile:    (832) 239-3600

10  Thomas E. Fennell (pro hac vice)
    tefennell@jonesday.com
11  Michael L. Rice (pro hac vice)
    mlrice@jonesday.coJONES DAY
12  2727 N. Harwood St.
    Dallas, TX 75201
13  Telephone:   (214) 220-3939
    Facsimile:    (214) 969-5100

14

15  Attorneys for Defendants
    MATTEL, INC. AND FISHER-
    PRICE, INC.

16

17              UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19

| 20 | In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | Case No. MDL No. 1897 |
| 21 | | The Honorable Dale S. Fischer |
| 22 | | **ANSWER OF DEFENDANTS MATTEL, INC. AND FISHER-PRICE, INC. TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED  COMPLAINT** |
| 23 | | |
| 24 | | |
| 25 | | |

26

27

28

1    Defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc. ("Fisher-Price")

2    (together "Defendants") hereby file their answer in response to Plaintiffs' Second

3    Consolidated Amended Complaint (the "Complaint").

4                              **RESPONSE TO ALLEGATIONS**

5         The Complaint throughout contains numerous allegations regarding

6    "Defendants" without any identification of specific acts of purported wrongdoing

7    by Mattel or Fisher-Price.  These collective allegations throughout the Complaint

8    are a fatally defective attempt by Plaintiffs to disguise their lack of knowledge of

9    any specific wrongdoing by either Mattel or Fisher-Price in a web of

10   undifferentiated aggregate claims.  Each Defendant, Mattel and Fisher-Price,

11   individually denies that it has committed any wrongdoing.  For their responses to

12   the specific allegations of the Complaint, Defendants incorporate the foregoing

13   statement in each paragraph below as applicable and further state:

14        In response to the opening paragraph of the Complaint, Defendants admit

15   that Plaintiffs purport to bring this action for themselves and as a putative class

16   action, but deny that this action may properly be maintained as a class action and

17   deny that any such class alleged in the Complaint satisfies the requirements of

18   Federal Rule of Civil Procedure 23.  Defendants further deny that Plaintiffs or any

19   putative class members are entitled to any of the relief requested in the opening

20   paragraph of the Complaint.  Defendants deny the remaining allegations in the

21   opening paragraph of the Complaint.

22                   **RESPONSE TO PLAINTIFFS' ALLEGATIONS**
                  **IN NUMBERED PARAGRAPHS 1 THROUGH 172**
23

24        1.    The allegations in paragraph 1 of the Complaint are legal conclusions

25   to which no response is required.

26        2.    The allegations in paragraph 2 of the Complaint are legal conclusions

27   to which no response is required.

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1       3.     Defendants admit that Mattel and/or Fisher-Price "designed,

2   manufactured, distributed and/or sold" toys subject to the August 2, August 14,

3   September 4, and October 25, 2007 voluntary recalls and the 2007 product

4   replacements for toy blood pressure cuffs.  Defendants admit that they "marketed

5   and sold" the toys consistent with the age restrictions noted for each product.

6   Defendants deny the remaining allegations in paragraph 3 of the Complaint.

7       4.     Defendants deny the allegations in paragraph 4 of the Complaint.

8       5.     Defendants admit that, on August 2, 2007, Mattel, Fisher-Price and the

9   Consumer Products Safety Commission ("CPSC") announced a voluntary recall of

10   various Fisher-Price toys, some of which were sold in the United States, including

11   certain Sesame Street and Nickelodeon toys.  Defendants admit that a reason for the

12   voluntary recall was that testing indicated that the paint on some part of certain of

13   the toys that were subject to the recalls contained lead that exceeded applicable

14   standards.  Defendants admit that they "marketed and sold" the toys consistent with

15   the age restrictions noted for each product.  Defendants deny the remaining

16   allegations in paragraph 5 of the Complaint.

17       6.     Defendants lack knowledge or information sufficient to form a belief

18   as to the truth of the allegations in paragraph 6 of the Complaint regarding what

19   "parents" may or may not have done and, therefore, deny the same.  Defendants

20   admit that on August 14, September 4, and October 25, 2007, Mattel, Fisher-Price

21   and the CPSC announced voluntary recalls of certain toys that were manufactured

22   in China during specified periods of time.  Defendants admit that a reason for some

23   of the recalls was that testing indicated that the paint on some part of certain of the

24   toys that were subject to the recall contained lead that exceeded applicable

25   standards.  Defendants admit that lead, like many substances not intended for

26   ingestion, has been recognized as having the potential to cause adverse effects on

27   some humans if ingested in sufficiently large quantities over a sufficient amount of

28   time.  Defendants admit that the voluntary recall announced on August 14, 2007

1  included Mattel toys with small magnets.  Defendants admit that a reason for the

2  recall involving magnets was that, while the toys met applicable standards when

3  originally sold, Mattel had adopted a new design standard for securing magnets in

4  toys and retroactively applied that design. Defendants deny the remaining

5  allegations in paragraph 6 of the Complaint.

6          7.      Defendants admit that they "manufactured, distributed, marketed

7  and/or sold" toys, including toys that were subject to the August 2, August 14,

8  September 4, and October 25, 2007 recalls and the 2007 product replacements for

9  toy blood pressure cuffs (collectively, the "Recalled Toys").  Defendants admit that

10 a reason for some of the recalls was that testing indicated that the paint on some

11 part of certain of the toys that were subject to the recall contained lead that

12 exceeded applicable standards.  Defendants admit that a reason for the recall

13 involving magnets was that, while the toys met applicable standards when

14 originally sold, Mattel had adopted a new design standard for securing magnets in

15 toys and retroactively applied that design. Defendants admit that tests on blood

16 pressure cuffs that were part of certain Fisher-Price and Sesame Street medical kits

17 (the "Cuffs") revealed levels of lead that, though fully compliant with all federal

18 and international standards, were higher than anticipated and were noncompliant

19 with an Illinois statute.  Defendants deny the remaining allegations in paragraph 7

20 of the Complaint.

21         8.      Defendants deny the allegations in paragraph 8 of the Complaint.

22         9.      Defendants deny the allegations in paragraph 9 of the Complaint.

23         10.     Defendants admit that the Recalled Toys were designed for use and

24 expected to be used by children consistent with the age restrictions noted for each

25 product.  Defendants admit that children may put toys or portions of toys in their

26 mouths on occasion, although the frequency and extent of which will vary from

27 child to child based on multiple factors.  Defendants deny the remaining allegations

28 in paragraph 10 of the Complaint.

11.    Defendants deny the allegations in paragraph 11 of the Complaint.

12.    Defendants admit that on August 2, August 14, September 4, and October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain Mattel/Fisher-Price toys.  Defendants admit that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants deny the remaining allegations in paragraph 12 of the Complaint.

13.    Defendants admit that on August 14, 2007, the U. S. Consumer Product Safety Commission ("CPSC") and Mattel announced voluntary recalls of Polly Pocket!™ play sets, Doggie Day Care™ play sets, Barbie® and Tanner™ play sets, and Batman™ and One Piece™ action figure sets.  Defendants state that the August 14, 2007 announcement referred to in paragraph 13 of the Complaint speaks for itself.  Defendants admit that a reason for the recalls was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Defendants admit that the recall of Polly Pocket!™ play sets  was an expansion of the voluntary recall of Polly Pocket!™ play sets announced by the CPSC and Mattel on November 21, 2006.  Defendants deny the remaining allegations in paragraph 13 of the Complaint, and specifically deny that the characterization of the Recalled Toys in footnote 2 and throughout the Complaint as "Hazardous Toys" is accurate or proper.

14.    Defendants admit that tests on the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Defendants admit that they have not recalled the Cuffs nationwide, but state that they have offered to replace the affected Cuffs nationwide at consumers' request and have replaced Cuffs in retailers' inventories.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint

regarding the Cuffs' availability for purchase online from entities other than Defendants as of May 15, 2008 and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants admit that it is possible, under some circumstances, if more than one magnet of a certain flux density become liberated and are swallowed by a child at particular and different times that intestinal injuries, including intestinal perforations, might occur, although highly unlikely. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding "exposure to lead and hazardous magnets" in paragraph 15 of the Complaint in the absence of more information regarding levels, circumstances, and duration of exposure and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 15 of the Complaint, specifically including that the Recalled Toys posed serious health risks.

16. Defendants deny the allegations in paragraph 16 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been injured. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, therefore, deny the same.

17. Defendants deny the allegations in paragraph 17 of the Complaint that Plaintiff or Plaintiff's parents and natural guardians have been injured. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants deny the allegations in paragraph 18 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been

injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and, therefore, deny the same.

19.    Defendants deny the allegations in paragraph 19 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and, therefore, deny the same.

20.    Defendants deny the allegations in paragraph 20 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and, therefore, deny the same.

21.    Defendants deny the allegations in paragraph 21 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and, therefore, deny the same.

22.    Defendants deny the allegations in paragraph 22 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, therefore, deny the same.

23.    Defendants deny the allegations in paragraph 23 of the Complaint that Plaintiffs or Plaintiffs' child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and, therefore, deny the same.

24.     Defendants deny the allegations in paragraph 24 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and, therefore, deny the same.

25.     Defendants deny the allegations in paragraph 25 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and, therefore, deny the same.

26.     Defendants deny the allegations in paragraph 26 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and, therefore, deny the same.

27.     Defendants deny the allegations in paragraph 27 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's parents and natural guardians have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, deny the same.

28.     Defendants deny the allegations in paragraph 28 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and, therefore, deny the same.

29.     Defendants deny the allegations in paragraph 29 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to

1   the truth of the remaining allegations in paragraph 29 of the Complaint and,

2   therefore, deny the same.

3        30.    Defendants deny the allegations in paragraph 30 of the Complaint that

4   the referenced toy was hazardous and that Plaintiff or Plaintiff's child has been

5   injured.  Defendants lack knowledge or information sufficient to form a belief as to

6   the truth of the remaining allegations in paragraph 30 of the Complaint and,

7   therefore, deny the same.

8        31.    Defendants deny the allegations in paragraph 31 of the Complaint that

9   the referenced toy was hazardous and that Plaintiffs or Plaintiffs' children have been

10  injured.  Defendants lack knowledge or information sufficient to form a belief as to

11  the truth of the remaining allegations in paragraph 31 of the Complaint and,

12  therefore, deny the same.

13       32.    Defendants deny the allegations in paragraph 32 of the Complaint that

14  the referenced toys were hazardous and that Plaintiff or Plaintiff's children have

15  been injured.  Defendants lack knowledge or information sufficient to form a belief

16  as to the truth of the remaining allegations in paragraph 32 of the Complaint and,

17  therefore, deny the same.

18       33.    Defendants deny the allegations in paragraph 33 of the Complaint that

19  the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been

20  injured.  Defendants lack knowledge or information sufficient to form a belief as to

21  the truth of the remaining allegations in paragraph 33 of the Complaint and,

22  therefore, deny the same.

23       34.    Defendants deny the allegations in paragraph 34 of the Complaint that

24  the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been

25  injured.  Defendants lack knowledge or information sufficient to form a belief as to

26  the truth of the remaining allegations in paragraph 34 of the Complaint and,

27  therefore, deny the same.

28

35.    Defendants admit the allegations in the first two sentences of paragraph 35 of the Complaint.  Defendants state that Mattel's Form 10-K referenced in paragraph 35 of the Complaint speaks for itself.  Defendants admit the allegations in the last two sentences of paragraph 35 of the Complaint.

36.    Defendants admit the allegations in paragraph 36 of the Complaint.

37.    The allegations in the first and second sentences of paragraph 37 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Target Corporation, including Recalled Toys.  Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.    The allegations in the first five sentences of paragraph 38 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Toys "R" Us, Inc., including Recalled Toys.  Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.    The allegations in the first three sentences of paragraph 39 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Wal-Mart Stores, Inc., including Recalled Toys.  Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.    The allegations in the first two sentences of paragraph 40 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to KB Toys, Inc., including Recalled Toys.  Defendants deny the reaming allegations in paragraph 40 of the Complaint.

41.    The allegations in the first three sentences of paragraph 41 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Kmart Corporation,

including Recalled Toys.  Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42.    The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

43.    The allegations in paragraph 43 of the Complaint are legal conclusions to which no response is required.

44.    The allegations in paragraph 44 of the Complaint are legal conclusions to which no response is required.

45.    Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

46.    Defendants state that the statements by the National Safety Council quoted in paragraph 46 of the Complaint speak for themselves.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, deny the same.

47.    To the extent the allegations in paragraph 47 of the Complaint refer to testimony excerpts by Dr. Best, those excerpts speak for themselves.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if

1   ingested in sufficiently large quantities over a sufficient amount of time.

2   Defendants lack knowledge or information sufficient to form a belief as to the truth

3   of the allegations in paragraph 47 of the Complaint in the absence of more

4   information including levels and duration of exposure and age and characteristics of

5   children and, therefore, deny the same.

6           48.     To the extent that the allegations in paragraph 48 of the Complaint

7   refer to the articles cited in footnote 9 to paragraph 48 of the Complaint, those

8   articles speak for themselves.  Defendants admit that lead, like many substances not

9   intended for ingestion, has been recognized as having the potential to cause adverse

10  effects on some humans if ingested in sufficiently large quantities over a sufficient

11  amount of time.  Defendants lack knowledge or information sufficient to form a

12  belief as to the truth of the allegations in paragraph 48 of the Complaint in the

13  absence of more information including levels and duration of exposure and age and

14  characteristics of children and, therefore, deny the same.

15          49.     Defendants admit that children may be exposed to lead through

16  multiple sources, including as it exists in nature.  Defendants admit that children

17  may engage in hand-to-mouth activity, although the extent and frequency of such

18  activity will vary from child to child and by age, and that such activity can in some

19  instances transfer substances, including accessible lead, from consumer products

20  and other items to the child.  Defendants deny that the Recalled Toys posed health

21  risks under any reasonably foreseeable pattern of use.  Defendants lack information

22  sufficient to form a belief as to the truth of the remaining allegations in paragraph

23  49 of the Complaint and, therefore, deny the same.

24          50.     Defendants admit that they "designed, manufactured and sold" toys

25  that were subject to the November 21, 2006 and August 14, 2007 voluntary recalls

26  involving magnets.  Defendants admit that it is possible, under some circumstances,

27  if more than one magnet of a certain flux density become liberated and are

28  swallowed by a child at particular and different times that intestinal injuries,

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1    including intestinal perforations, might occur, although highly unlikely.

2    Defendants state that the letter by Dr. Oestreich quoted in paragraph 50 of the

3    Complaint speaks for itself.  Defendants lack knowledge or information sufficient

4    to form a belief as to the truth of the allegations in paragraph 50 of the Complaint

5    that refer to the awareness of the CPSC and, therefore, deny the same.  Defendants

6    deny the remaining allegations in paragraph 50 of the Complaint.

7        51.    Defendants state that the CPSC press release referred to in paragraph

8    51 of the Complaint and footnote 13 speaks for itself.  Defendants deny the

9    remaining allegations in paragraph 51 of the Complaint.

10        52.    Defendants state that the April 19, 2007 CPSC press release cited and

11    quoted in paragraph 52 of the Complaint speaks for itself.  Defendants deny the

12    remaining allegations in paragraph 52 of the Complaint.

13        53.    Defendants admit that Mattel and/or Fisher-Price have been involved

14    in advertising their products and that they have "sought to promote their brands."

15    The remaining allegations in paragraph 53 do not identify any particular advertising

16    materials, promotions or representations by Mattel or Fisher-Price, but reflect only

17    general characterizations; thus, they are denied as stated.

18        54.    Defendants admit that Mattel markets and advertises its toys.

19    Defendants state that Mattel's website, quoted in part in paragraph 54 of the

20    Complaint, speaks for itself.  Defendants deny the remaining allegations in

21    paragraph 54 of the Complaint.

22        55.    Defendants state that Mattel's "Code of Conduct," quoted in part in

23    paragraph 55 of the Complaint, speaks for itself.  Defendants deny the remaining

24    allegations in paragraph 55 of the Complaint.

25        56.    Defendants state that Mattel's "2007 Global Citizenship Report,"

26    quoted in part in paragraph 56 of the Complaint, speaks for itself.  Defendants deny

27    the remaining allegations in paragraph 56 of the Complaint.

28

57.    Defendants state that Mattel's "2007 Global Citizenship Report," quoted in part in paragraph 57 of the Complaint, speaks for itself.  Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58.    Defendants state that the "2007 Mattel Global Reporting Initiative (GRI) Report," quoted in part in paragraph 58 of the Complaint, speaks for itself. Defendants admit that Mattel's "Quality and Safety Operating Procedures" contain confidential, proprietary information and are not included in the GRI Report or available to the public.  Defendants deny the remaining allegations in paragraph 58 of the Complaint.

59.    Defendants state that the "2007 Mattel Global Reporting Initiative (GRI) Report," quoted in part in paragraph 59 of the Complaint, speaks for itself. Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60.    Defendants state that Mattel's "2007 Global Citizenship Report" and the Letter to Stakeholders, quoted in part in paragraph 60 of the Complaint, speak for themselves.  Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61.    Defendants admit that the Fisher-Price brand includes toys for preschoolers.  Defendants state that Fisher-Price's website, quoted in part in paragraph 61 of the Complaint, speaks for itself.  Defendants deny the remaining allegations in paragraph 61 of the Complaint.

62.    Defendants state that Fisher-Price's website, quoted in part in paragraph 62 of the Complaint, speaks for itself.  Defendants deny the remaining allegations in paragraph 62 of the Complaint.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint regarding what Plaintiffs and purported class members may or may not have done and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 63 of the Complaint.

64.    Defendants state that the ASTM standard cited in paragraph 64 and footnotes 25 and 26 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 regarding Plaintiffs' and purported class members' beliefs and, therefore, deny the same.  Defendants admit that their toys are sold for use consistent with the age restrictions noted for each product.  Defendants admit that the packaging of certain of their toys depicts children playing with the toy, consistent with the age restrictions noted for the toy, but because the allegations in paragraph 64 of the Complaint fail to identify any specific toys, Defendants deny the allegations as stated.  Defendants deny any remaining allegations in paragraph 64 of the Complaint.

65.    Defendants state that Mattel's "2007 Global Citizenship Report," quoted in part in paragraph 65 of the Complaint, speaks for itself.  Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66.    Defendants state that Mattel's "2007 Global Citizenship Report," quoted in part in paragraph 66 of the Complaint, speaks for itself.  Defendants admit that the toys subject to the August 2, 2007 voluntary recall included certain toys age graded as birth-24 months.  Defendants admit that children may put toys or portions of toys in their mouths on occasion, although the extent and frequency of such activity will vary from child to child and by age.  Defendants deny that the Recalled Toys posed health risks under any reasonably foreseeable pattern of use.  Defendants deny the remaining allegations in paragraph 66 of the Complaint.

67.    Defendants state that Fisher-Price's website referenced in paragraph 67 of the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 67 of the Complaint.

68.    Defendants state that the "2007 Mattel Global Reporting Initiative (GRI) Report," quoted in part in paragraph 68 of the Complaint, speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1  of the allegations in paragraph 68 regarding Plaintiffs' and purported class

2  members' alleged reliance and, therefore, deny the same.  Defendants deny the

3  remaining allegations in paragraph 68 of the Complaint.

4      69.    Defendants admit that children may put toys or portions of toys in their

5  mouths on occasion, although the extent and frequency of such activity will vary

6  from child to child and by age.  Defendants deny that the Recalled Toys posed

7  health risks under any reasonably foreseeable pattern of use.  Defendants state that

8  the article quoted in part in paragraph 69 of the Complaint speaks for itself.

9  Defendants deny the remaining allegations in paragraph 69 of the Complaint.

10     70.    Defendants deny the allegations in paragraph 70 of the Complaint.

11     71.    The allegations in paragraph 71 of the Complaint are not directed at

12 Defendants and do not require a response.  To the extent further response is

13 required, Defendants deny the allegations in paragraph 71 of the Complaint.

14     72.    The allegations in paragraph 72 of the Complaint are not directed at

15 Defendants and do not require a response.  To the extent further response is

16 required, Defendants deny the allegations in paragraph 72 of the Complaint.

17     73.    The allegations in paragraph 73 of the Complaint are not directed at

18 Defendants and do not require a response.  To the extent further response is

19 required, Defendants deny the allegations in paragraph 73 of the Complaint.

20     74.    The allegations in paragraph 74 of the Complaint are not directed at

21 Defendants and do not require a response.  To the extent further response is

22 required, Defendants deny the allegations in paragraph 74 of the Complaint.

23     75.    The allegations in paragraph 75 of the Complaint are not directed at

24 Defendants and do not require a response.  To the extent further response is

25 required, Defendants deny the allegations in paragraph 75 of the Complaint.

26     76.    The allegations in paragraph 76 of the Complaint are not directed at

27 Defendants and do not require a response.  To the extent further response is

28 required, Defendants deny the allegations in paragraph 76 of the Complaint.

77.    The allegations in paragraph 77 of the Complaint do not identify any particular "trade association" or representation; thus, they are denied as stated.

78.    Defendants state that the September 17, 1997 press release quoted in part in paragraph 78 of the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 78 of the Complaint.

79.    The allegations in the first sentence of paragraph 79 of the Complaint do not identify the alleged representation; thus, they are denied as stated. Defendants admit that they have been members of the Toy Industry Association every year since 1998.  Defendants deny the remaining allegations in paragraph 79 of the Complaint.

80.    Defendants state that the August 20, 1998 press release, quoted in part in paragraph 80 of the Complaint, speaks for itself.  Defendants deny the remaining allegations in paragraph 80 of the Complaint.

81.    Defendants admit that on August 2, August 14, September 4, and October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain toys.  Defendants admit that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants deny the remaining allegations in paragraph 81 of the Complaint.

82.    Defendants admit that their packaging for products intended for sale in the United States typically includes a statement that the products conform with ASTM F 963 and aver that their products are designed to comply with that standard.  Defendants further state that they are not aware at this time of any packages of Recalled Toys in the United States that did not contain such a statement and aver that all of those products were designed to comply with ASTM F 963.  Defendants admit that ASTM's work is the product of the work of its members, including technical experts from various groups.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

1   allegations in the second sentence of paragraph 82 of the Complaint and, therefore,

2   deny the same.  The allegations in the last sentence of paragraph 82 of the

3   Complaint are not directed at Defendants and do not require a response.

4   Defendants deny the remaining allegations in paragraph 82 of the Complaint.

5        83.    Defendants state that ASTM F 963 speaks for itself.  Defendants admit

6   that their packaging for products intended for sale in the United States typically

7   includes a statement that the products conform with ASTM F 963 and aver that

8   their products are designed to comply with that standard.  Defendants further state

9   that they are not aware at this time of any packages of recalled products in the

10  United States that did not contain such a statement and aver that all of those

11  products were designed to comply with ASTM F 963.  Defendants admit that on

12  August 2, August 14, September 4, and October 25, 2007, Mattel, Fisher-Price and

13  the CPSC announced voluntary recalls of certain Mattel/Fisher-Price toys.

14  Defendants admit that a reason for the recalls was that testing indicated that the

15  paint on some part of certain of the toys that were subject to the recall contained

16  lead that exceeded applicable standards.  Defendants deny the remaining allegations

17  in paragraph 83 of the Complaint.

18       84.    Defendants admit that various regulations limit the amount of lead

19  content in paint on products marketed to children, including 16 CFR § 1303.1, *et*

20  *seq.*  Defendants admit that those Recalled Toys that contained lead in excess of

21  applicable standards were manufactured in China.  Defendants deny the remaining

22  allegations in paragraph 84 of the Complaint.

23       85.    Defendants state that the CPSC website and the recalls identified there

24  speak for themselves.  The allegations in paragraph 85 do not identify any

25  particular recalls, but reflect only general characterizations; thus, they are denied as

26  stated.

27       86.    The testimony of Ms. Nord cited in paragraph 86 and footnote 41 of

28  the Complaint speaks for itself.  Defendants otherwise lack knowledge or

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1   information sufficient to form a belief as to the truth of the allegations in paragraph
2   86 of the Complaint and, therefore, deny the same.

3        87.    The testimony of Mr. Moore, quoted in part in paragraph 87 of the
4   Complaint, speaks for itself.  Defendants otherwise lack knowledge or information
5   sufficient to form a belief as to the truth of the allegations in paragraph 87 of the
6   Complaint and, therefore, deny the same.

7        88.    Defendants admit that on March 30, 2006, American Girl, Inc., a
8   division of Mattel, recalled approximately 185,000 units of American Girl Jewelry
9   that was manufactured in China.  Defendants admit that a reason for the recall was
10  that testing indicated that some part of certain of the jewelry that was subject to the
11  recall contained excessive levels of lead.  The allegations in paragraph 88 of the
12  Complaint regarding the alleged recalls by the Retailer Defendants are not directed
13  at Defendants and do not require a response.  The last sentence of paragraph 88 is a
14  legal conclusion to which no response is required.  To the extent further response is
15  required, Defendants deny the remaining allegations in paragraph 88 of the
16  Complaint.

17       89.    Defendants admit the allegations in the second sentence of paragraph
18  89 of the Complaint.  Defendants admit that they stopped production at their last
19  manufacturing plant in the United States in 2002.  To the extent the allegations in
20  paragraph 89 of the Complaint refer to the article cited in footnote 43 to paragraph
21  89 of the Complaint, that article speaks for itself.  Defendants deny the remaining
22  allegations in paragraph 89 of the Complaint.

23       90.    The September 5, 2007 "Response of Mattel, Inc.," referenced in
24  paragraph 90 of the Complaint speaks for itself.  Defendants admit that the toys
25  tested by Auchan were manufactured by Lee Der Industrial Company, Ltd. ("Lee
26  Der"), a supplier located in Foshan, China.  Defendants deny the remaining
27  allegations in paragraph 90 of the Complaint.

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

91.     Defendants admit that, on June 8, 2007, certain employees of Mattel Asia Pacific Sourcing ("MAPS"), a Mattel subsidiary, in China were notified of the laboratory test performed for Auchan showing levels of lead in the paint on certain toys manufactured by Lee Der that exceeded applicable standards.  Defendants further admit that on or about June 29, 2007, MAPS employees received a separate test report of a laboratory test performed for Auchan that showed the lead levels in the paint complied with applicable standards.  Defendants admit that on or about June 28, 2007, MAPS employees in China took additional samples of toys manufactured by Lee Der to be tested in MAPS' laboratory.  Defendants admit the allegations in the third sentence of paragraph 91 of the Complaint.  Defendants admit that on or about July 6, 2007, MAPS' laboratory in China reported test results showing that some of the paint on some of the toys manufactured by Lee Der had levels of lead that exceeded applicable standards.  Defendants admit that on or about July 9, 2007, MAPS' laboratory found that 10 of 23 samples of Lee Der product had paint with levels of lead that exceed applicable standards.  Defendants admit that on July 9, 2007, MAPS notified Lee Der that it would accept no further product from Lee Der.  Defendants deny the remaining allegations in paragraph 91 of the Complaint.

92.     Defendants admit that Fisher-Price filed an Initial Report with the CPSC with respect to the products manufactured by Lee Der on July 20, 2007 and a Full Report on July 26, 2007.  Defendants admit that Mattel, Fisher-Price and the CPSC announced a voluntary recall of certain toys on August 2, 2007.  Defendants deny the remaining allegations in paragraph 92 of the Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 93 to the Complaint and, therefore, deny the same and state that they have received no formal notice of such a current investigation.  Defendants admit that the CPSC has investigated the timeliness of their reporting in the past.  Defendants admit that in

1    March 2007 and in 2001, without admitting any wrongdoing, Mattel and/or Fisher-
2    Price settled good faith disputes with the CPSC over timing of reporting with the
3    payment of money.  The *Wall Street Journal* article referenced in paragraph 93 of
4    the Complaint and cited in footnotes 44 and 45, including the alleged quote from a
5    former chairwoman of the CPSC, speaks for itself.  Defendants deny the remaining
6    allegations in paragraph 93 of the Complaint.

7        94.    Defendants deny the allegations in paragraph 94 of the Complaint.

8        95.    Defendants state that the *Wall Street Journal* article cited in paragraph
9    95 of the Complaint speaks for itself, but Defendants deny that statements
10   attributed in that article to Mattel's CEO accurately reflect what he stated to the
11   reporter.  Defendants deny the remaining allegations in paragraph 95 of the
12   Complaint.

13       96.    Defendants admit that on or about April 6, 2006, Mattel was notified
14   of a claim that a 7 year-old girl had swallowed two magnets allegedly from a Polly
15   Pocket toy that allegedly caused a perforation in her small bowel requiring surgery
16   and of the alleged injuries described in the second and third sentences of paragraph
17   96 of the Complaint.  Defendants admit that, without admitting any fault, they
18   reached a confidential settlement with the Kostrzewski family.  Defendants admit
19   that, on November 21, 2006, the CPSC and Mattel announced a voluntary recall of
20   certain Polly Pocket!™ play sets.  Defendants deny the remaining allegations of
21   paragraph 96 of the Complaint.

22       97.    Defendants admit that, on November 21, 2006, the CPSC and Mattel
23   announced a voluntary recall of approximately 2.4 million Polly Pocket!™ play
24   sets.  Defendants state that the November 21, 2006 announcement referred to in
25   paragraph 97 of the Complaint speaks for itself.  Defendants lack knowledge or
26   information sufficient to form a belief as to the truth of the allegations in paragraph
27   97 of the Complaint regarding the knowledge of the CPSC and, therefore, deny the

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1    same.  Defendants deny the remaining allegations in paragraph 97 of the

2    Complaint.

3         98.    Defendants admit that the September 21, 2007 Press Release reflects

4    that between November 21, 2006 and August 14, 2007, they had received

5    approximately 400 reports of one or more magnets coming loose from toys.

6    Defendants deny the remaining allegations of paragraph 98 of the Complaint.

7         99.    The September 21, 2007 press release cited in paragraph 99 of the

8    Complaint and footnotes 49 and 50 speaks for itself.  Defendants deny the

9    remaining allegations of paragraph 99 of the Complaint.

10        100.    Defendants deny the allegations in paragraph 100 of the Complaint.

11        101.    The allegations in paragraph 101 of the Complaint are not directed at

12    Defendants and do not require a response.

13        102.    Defendants lack knowledge or information sufficient to form a belief

14    as to the truth of the allegations in the first two sentences of paragraph 102 of the

15    Complaint, in part because they do not define "the relevant time period" or the

16    meaning of "drastically reduced," and, therefore, deny the same.  The third and

17    fourth sentences of paragraph 102 of the Complaint contain legal conclusions to

18    which no response is required.  Defendants deny the remaining allegations in

19    paragraph 102 of the Complaint.

20        103.    Defendants state that the *Buffalo News* article quoted in paragraph 103

21    of the Complaint speaks for itself.  Defendants deny the remaining allegations of

22    paragraph 103 of the Complaint.

23        104.    Defendants admit that on August 2, August 14, September 4, and

24    October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls

25    of certain toys.  Defendants admit that a reason for the recalls was that testing

26    indicated that the paint on some part of certain of the toys that were subject to the

27    recall contained lead that exceeded applicable standards.  Defendants deny the

28    remaining allegations of paragraph 104 of the Complaint.

105.   Defendants admit that, on August 2, 2007, Mattel, Fisher-Price and the CPSC announced a voluntary recall of various Fisher-Price toys within approximately 83 stock keeping units ("SKUs") manufactured in China during specified periods of time and sold between May 2007 and August 2007. Defendants state that the August 2, 2007 announcement referred to in paragraph 105 of the Complaint speaks for itself.  Defendants state that Exhibit A to the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 105 of the Complaint.

106.   Defendants state that the press release referred to in paragraph 106 of the Complaint speaks for itself.  Defendants admit that a reason for the August 2, 2007 recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants deny the remaining allegations in paragraph 106 of the Complaint.

107.   Defendants state that the press release quoted in part and cited in paragraph 107 of the Complaint and footnote 53 speaks for itself.  Defendants further state that the statement by Ms. Nord quoted in paragraph 107 to the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 107 of the Complaint.

108.   Defendants state the *Wall Street Journal* articles referred to in paragraph 108 of the Complaint speak for themselves.  Defendants admit the allegation in footnote 55 to paragraph 108 of the Complaint that Lee Der was the manufacturer of the toys subject to the August 2, 2007 recall.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

1   allegations in footnote 55 to paragraph 108 of the Complaint regarding Lee Der.

2   Defendants deny the remaining allegations of paragraph 108 of the Complaint.

3       109.   Defendants state that the *Wall Street Journal* article quoted in

4   paragraph 109 of the Complaint, including the quote attributed to Jim Walter,

5   speaks for itself.  Defendants deny the remaining allegations of paragraph 109 of

6   the Complaint.

7       110.   Defendants admit that on June 8, 2007, Intertek, a laboratory that

8   performed preshipment lead tests on samples of a finished Fisher-Price toy for

9   Auchan, a French direct importer, reported noncompliant paint on a sample toy

10  manufactured for Defendants by Lee Der to certain employees of MAPS.

11  Defendants admit that Fisher-Price filed an Initial Report with the CPSC on

12  July 20, 2007 and a Full Report on July 26, 2007.  Defendants deny the remaining

13  allegations of paragraph 110 of the Complaint.

14      111.   Defendants admit the allegations in the first sentence of paragraph 111.

15  Defendants admit that on August 14, 2007, Mattel and the CPSC announced a

16  voluntary recall of approximately 253,000 "Sarge" die cast toy cars.  Defendants

17  admit that the "Sarge" toys were manufactured by Early Light Industrial Company,

18  Ltd. ("Early Light"), which was one of MAPS' vendors in China.  Defendants admit

19  that Early Light subcontracted the painting of parts of the toy to Hon Li Da Plastic

20  Cement Products Co., Ltd. in China, which used noncompliant paint supplied from

21  a non-authorized third-party supplier.  Defendants state that the press release

22  referenced in paragraph 111 and footnote 58 of the Complaint speaks for itself.

23  Defendants state that Exhibit B to the Complaint speaks for itself.  Defendants deny

24  the remaining allegations in paragraph 111 of the Complaint.

25      112.   Defendants state that the *New York Times* article quoted in paragraph

26  112 of the Complaint speaks for itself.  Defendants deny the remaining allegations

27  in paragraph 112 of the Complaint.

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

113.   Defendants state that the September 5, 2007 "Response of Mattel, Inc.," cited in paragraph 113 of the Complaint, speaks for itself.  Defendants deny the remaining allegations in paragraph 113 of the Complaint.

114.   Defendants admit that on September 4, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain Barbie® accessory toys, Geo Trax Locomotive toys, and Big Big World 6-in-1 Bongo Band toys.  Defendants state that the September 4, 2007 announcement referred to in paragraph 114 of the Complaint speaks for itself.  Defendants admit that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants state that Exhibit C to the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 114 of the Complaint.

115.   Defendants state that the September 19, 2007 testimony of Mr. Eckert, referenced in paragraph 115 of the Complaint, speaks for itself.  Defendants deny the remaining allegations in paragraph 115 of the Complaint.

116.   Defendants state that the press release referenced in paragraph 116 and footnote 61 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 116 of the Complaint.

117.   Defendants state that the press release referenced in paragraph 117 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 117 of the Complaint.

118.   Defendants admit that the Bongo Toys were painted with uncertified paint by Jingying Tampo Printing at the request of a subcontractor, Wo Fong Packaging Co., Ltd. in China.  Defendants admit that painted components were incorporated into finished product manufactured by Shun On Toys Co., Ltd., one of Mattel's vendors in China.  Defendants deny the remaining allegations of paragraph 118 of the Complaint.

119. Defendants admit that on October 25, 2007, Mattel and the CPSC announced a voluntary recall of approximately 38,000 Go Diego Go Animal Rescue Boats manufactured in China during specified periods of time and sold between June 2007 and October 2007. Defendants state that the October 25, 2007 announcement referred to in paragraph 119 of the Complaint speaks for itself. Defendants admit that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Defendants admit that certain components of the toy were manufactured by Man Shing Plastic and Metal Factory, who in turn subcontracted the tampo printing of the logos on the toy to Hua Yi Plastic Factory. Defendants state that Exhibit D to the Complaint speaks for itself. Defendants deny the remaining allegations of paragraph 119 of the Complaint.

120. Defendants admit that, since November 21, 2006, Mattel, in cooperation with the CPSC, has voluntarily recalled more than 11.5 million toys associated with small magnets. Defendants admit that a reason for the recalls was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design. Defendants deny the remaining allegations in paragraph 120 of the Complaint.

121. Defendants admit the allegations in the text of paragraph 121 of the Complaint. Defendants state that Exhibit E to the Complaint speaks for itself.

122. Defendants state that the announcement referred to in paragraph 122 of the Complaint speaks for itself.

123. Defendants state that the views attributed to the CPSC in paragraph 123 of the Complaint, presumably as referenced in the announcement, speak for themselves.

124.    Defendants admit that the recall announcement related to the November 21, 2006 recall reflected that CPSC was aware of the circumstances alleged in paragraph 124 of the Complaint.

125.    Defendants admit the allegations of the first sentence of paragraph 125 of the Complaint.  Defendants state that the CPSC announcement speaks for itself.  Defendants state that Exhibit F to the Complaint speaks for itself.

126.    Defendants admit that on August 14, 2007, the CPSC and Mattel announced voluntary recalls of Doggie Day Care™ play sets and Barbie® and Tanner™ play sets.  Defendants state that the August 14, 2007 announcement referred to in paragraph 126 of the Complaint speaks for itself.  Defendants admit that a reason for the recalls was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Defendants state that Exhibit H to the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 126 of the Complaint.

127.    Defendants admit that on August 14, 2007, the CPSC and Mattel announced a voluntary recall of Batman™ and One Piece™ action figure sets.  Defendants state that the August 14, 2007 announcement referred to in paragraph 127 of the Complaint speaks for itself.  Defendants admit that Mattel was aware of 21 incidents where it was claimed that the magnet fell out of the toy figure and aver that they received no report of injury involving the toy.  Defendants admit that it was reported that, in one of the instances, a boy had the magnet in his mouth, but lack knowledge or information as to the truth of the report and, therefore, deny the same.  Defendants state that Exhibit I to the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 127 of the Complaint.

128.    Defendants state that the September 21, 2007 statement issued by Mattel and quoted, in part, in paragraph 128 of the Complaint speaks for itself.

129.   Defendants state that the September 21, 2007 statement issued by Mattel referenced in paragraph 129 of the Complaint speaks for itself.  Defendants state that the Quarterly Report quoted, in part, in the second sentence of paragraph 129 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 129 of the Complaint.

130.   Defendants admit that, because Mattel's products are sold in more than 150 countries, Thomas Debrowski apologized to all consumers, including those in China, because of the voluntary recalls.  Defendants state that the *Wall Street Journal* article cited in paragraph 130 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 130 of the Complaint.

131.   Defendants state that the *Wall Street Journal* article cited in paragraph 131 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 131 of the Complaint.

132.   Defendants state that the article by Consumer Reports referenced in paragraph 132 of the Complaint speaks for itself.

133.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint regarding the results of tests allegedly performed at the direction of the Attorney General of Illinois and, therefore, deny the same.

134.   Defendants state that the December 3, 2007 statement by the Illinois Attorney General referenced in paragraph 134 of the Complaint speaks for itself. Defendants admit that they cooperated with the Illinois Attorney General to arrange for the withdrawal of the toy from store shelves in Illinois and offered to replace the affected toy for consumers in Illinois and nationwide.  In addition, Defendants exchanged Cuffs with many retailers outside Illinois.  Defendants deny the remaining allegations of paragraph 134 of the Complaint.

135.   Defendants state that the December 14, 2007 statement by the Illinois Attorney General referenced in paragraph 135 of the Complaint speaks for itself.

136.   Defendants deny the allegations in paragraph 136 of the Complaint and aver that Defendants exchanged Cuffs with many retailers outside Illinois.

137.   Defendants state that the January 30, 2008 letter from members of Congress referenced in paragraph 137 of the Complaint speaks for itself. Defendants state that the *New York Times* article cited in footnote 75 to paragraph 137 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 137 of the Complaint regarding the motivation of the members of Congress and, therefore, deny the same.

138.   Defendants state that the January 30, 2008 letter from members of Congress quoted in part in paragraph 138 of the Complaint speaks for itself.

139.   Defendants deny the allegations in paragraph 139 of the Complaint.

140.   Defendants admit that they have accepted returns of the Cuffs from consumers and retailers nationwide.  Defendants deny the remaining allegations in paragraph 140 of the Complaint.

141.   Defendants state that Mattel's website referenced in paragraph 141 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 141 of the Complaint.

142.   Defendants admit that tests on the red cuff of the Fisher-Price medical kit and tests on the green cuff of the Sesame Street medical kit revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated.  Defendants admit that they have offered to replace the affected Cuffs for consumers nationwide.  Defendants deny the remaining allegations of paragraph 142 of the Complaint.

143.   Defendants deny the allegations in paragraph 143 of the Complaint that the toy blood pressure cuffs subject to the replacement program are still available for purchase through the Fisher-Price Shop Online Catalog.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

1    remaining allegations in paragraph 143 of the Complaint and, therefore, deny the

2    same.

3        144.   Defendants lack knowledge or information sufficient to form a belief

4    as to the truth of the allegations in paragraph 144 of the Complaint and, therefore,

5    deny the same.

6        145.   Defendants lack knowledge or information sufficient to form a belief

7    as to the truth of the allegations in paragraph 145 of the Complaint and, therefore,

8    deny the same.

9        146.   Defendants admit that the product numbers on their toys may differ

10   from the product numbers used by retailers.  Defendants lack knowledge or

11   information sufficient to form a belief as to the truth of the remaining allegations in

12   paragraph 146 of the Complaint and, therefore, deny the same.

13       147.   Defendants lack knowledge or information sufficient to form a belief

14   as to the truth of the allegations in the first sentence in paragraph 147 of the

15   Complaint and, therefore, deny the same.  Defendants deny the remaining

16   allegations in paragraph 147 of the Complaint.

17       148.   Defendants lack knowledge or information sufficient to form a belief

18   as to the truth of the allegations in the first sentence of paragraph 148 of the

19   Complaint regarding the view of parents and, therefore, deny the same.  Defendants

20   admit that lead, like many substances not intended for ingestion, has been

21   recognized as having the potential to cause adverse effects on some humans if

22   ingested in sufficiently large quantities over a sufficient amount of time.

23   Defendants deny that the Recalled Toys posed a health risk under any reasonably

24   foreseeable pattern of use.  Defendants state that the Center for Disease Control and

25   Prevention ("CDC") statement quoted in paragraph 148 of the Complaint speaks for

26   itself.

27       149.   Defendants admit that there are existing medical tests that can detect

28   and/or measure lead levels in blood with varying degrees of accuracy.  Defendants

state that the CDC recommendation in the last sentence of paragraph 149 speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

150.   Defendants admit that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

151.   Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants deny that the Recalled Toys posed a health risk under any reasonably foreseeable pattern of use.  Defendants deny that blood lead level screening is necessary or appropriate for children who used the toys recalled or replaced by Defendants.  Defendants state that the CDC Advisory Committee report referenced in paragraph 151 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

152.   Defendants state that the American Academy of Pediatrics' recommendations in paragraph 152 speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

1    153.   Defendants lack knowledge or information sufficient to form a belief

2   as to the truth of the allegations in paragraph 153 of the Complaint and, therefore,

3   deny the same.  Defendants deny that blood lead level screening is necessary or

4   appropriate for children who used the toys recalled or replaced by Defendants.

5    154.   Defendants state that the Consumer Product Safety Modernization Act

6   of 2007 referenced in paragraph 154 of the Complaint speaks for itself.  Defendants

7   lack knowledge or information sufficient to form a belief as to the truth of the

8   remaining allegations in paragraph 154 of the Complaint and, therefore, deny the

9   same.

10    155.   Defendants state that the comments by Senators Pryor, Klobuchar and

11   Nelson referenced in paragraph 155 of the Complaint speak for themselves.

12   Defendants deny that their toys were dangerous or hazardous.  Defendants lack

13   knowledge or information sufficient to form a belief as to the truth of the remaining

14   allegations in paragraph 155 of the Complaint and, therefore, deny the same.

15    156.   Defendants state that the "Pryor-Stevens bill" and the Chicago Tribune

16   article referenced in paragraph 156 of the Complaint speak for themselves.

17   Defendants lack knowledge or information sufficient to form a belief as to the truth

18   of the remaining allegations in paragraph 156 of the Complaint and, therefore, deny

19   the same.

20    157.   Defendants admit that safety is an important aspect of their business,

21   but deny the specific allegation in the first sentence of paragraph 157 of the

22   Complaint that "Mattel pays lip service to making safety a top priority."

23   Defendants state that the *Wall Street Journal* article quoted in paragraph 157 of the

24   Complaint speaks for itself.  Defendants deny the remaining allegations of

25   paragraph 157 of the Complaint.

26    158.   Defendants deny the allegations in paragraph 158 of the Complaint.

27

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

159.    Defendants deny the allegations in the first sentence of paragraph 159 of the Complaint.  Defendants admit the allegations in the second sentence of paragraph 159 of the Complaint.

160.    Defendants deny the allegations in paragraph 160 of the Complaint.

161.    Defendants admit the allegation in paragraph 161 of the Complaint that Fisher-Price's offices are in New York and that certain of its officers are located in California.  Defendants deny the allegations in paragraph 161 of the Complaint.

162.    Defendants state that Mattel's SEC Form 10-Q dated August 3, 2007 speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 162 of the Complaint and, therefore, deny the same.

163.    Defendants state that the article referenced in paragraph 163 and footnote 84 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 163 of the Complaint and, therefore, deny the same.

164.    Defendants state that the *New York Times* article referenced in paragraph 164 and footnote 85 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 164 of the Complaint and, therefore, deny the same.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint and, therefore, deny the same.

166.    Defendants acknowledge that Plaintiffs purport to bring this action for themselves and as a putative class action, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

167.    Defendants admit that the class alleged by Plaintiffs would include thousands of people, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants deny the remaining allegations in paragraph 167 of the Complaint.

168.    Defendants deny the allegations in paragraph 168 of the Complaint, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims in the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

169.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint regarding toys that Plaintiffs or any putative class member may or may not have purchased and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 169 of the Complaint.  Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint and, therefore, deny the same.  Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

171.    Defendants deny the allegations in paragraph 171 of the Complaint. Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

1    172.   Defendants deny the allegations in paragraph 172 of the Complaint.

2    Defendants deny that this action may properly be maintained as a class action and

3    deny that any class alleged in the Complaint satisfies the requirements of Federal

4    Rule of Civil Procedure 23.

5                            **RESPONSE TO COUNT ONE**

6                            **Breach of Express Warranty**

7                            **(Against All Defendants)**

8    173.   Defendants incorporate by reference and restate their responses to the

9    preceding paragraphs as if set forth fully herein.

10   174.   The allegations in paragraph 174 of the Complaint contain legal

11   assertions to which no response is required.

12   175.   Defendants admit that they "manufactured, marketed and sold"

13   Recalled Toys.  Defendants admit that they expected the toys would be used by

14   children consistent with the age restrictions noted for each toy.  Defendants admit

15   that their packaging for products intended for sale in the United States typically

16   includes a statement that the products conform with ASTM F 963 and aver that

17   their products are designed to comply with that standard.  Defendants further state

18   that they are not aware at this time of any packages of Recalled Toys in the United

19   States that did not contain such a statement and aver that all of those products were

20   designed to comply with ASTM F 963.  Defendants admit that the packaging of

21   certain of their toys depicts children playing with the toy, consistent with the age

22   restrictions noted for the toy, but because the allegations in paragraph 175 of the

23   Complaint fail to identify any specific toys, Defendants deny the allegations as

24   stated.  Defendants deny the remaining allegations in paragraph 175 of the

25   Complaint.

26   176.   The allegations in paragraph 176 of the Complaint contain legal

27   assertions to which no response is required.

28   177.   Defendants deny the allegations in paragraph 177 of the Complaint.

1    178.   The allegations in paragraph 178 of the Complaint contain legal
2    assertions to which no response is required.

3    179.   Defendants admit that they "designed, manufactured, sold and/or
4    distributed" Recalled Toys.  Defendants admit that they expected the toys would be
5    used by children consistent with the age restrictions noted for each toy.  The
6    remaining allegations in paragraph 179 of the Complaint contain legal assertions to
7    which no response is required.

8    180.   Defendants lack knowledge or information sufficient to form a belief
9    as to the truth of the allegations in paragraph 180 regarding Plaintiffs' and purported
10    class members' alleged reliance and/or knowledge and, therefore, deny the same.
11    Defendants deny the remaining allegations in paragraph 180 of the Complaint.

12    181.   Defendants deny the allegations in paragraph 181 of the Complaint.

13    182.   The allegations in paragraph 182 of the Complaint regarding notice
14    requirements contain legal assertions to which no response is required.  Defendants
15    deny the remaining allegations in paragraph 182 of the Complaint.

16    183.   Defendants deny the allegations in paragraph 183 of the Complaint.

17    **<u>RESPONSE TO COUNT TWO</u>**

18    **Breach of Implied Warranty**

19    **(Against All Defendants)**

20    184.   Defendants incorporate by reference and restate their responses to the
21    preceding paragraphs as if set forth fully herein.

22    185.   The allegations in paragraph 185 of the Complaint contain legal
23    assertions to which no response is required.

24    186.   Defendants admit that they "manufactured, marketed and sold"
25    Recalled Toys.  Defendants deny the remaining allegations in paragraph 186 of the
26    Complaint.

27    187.   The allegations in paragraph 187 of the Complaint contain legal
28    assertions to which no response is required.

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

188.   The allegations in paragraph 188 of the Complaint contain legal assertions to which no response is required.

189.   Defendants admit that they "designed, manufactured, distributed, marketed and/or sold" Recalled Toys.  The allegations in the last sentence of paragraph 189 of the Complaint are not directed at Defendants and do not require a response.  Defendants deny the remaining allegations in paragraph 189 of the Complaint.

190.   The allegations in paragraph 190 of the Complaint contain legal assertions to which no response is required.

191.   Defendants admit that they design, manufacture and sell products that are intended to be reasonably safe and aver that the Recalled Toys did not present health risks under any reasonably foreseeable pattern of use.  Defendants deny the remaining allegations in paragraph 191 of the Complaint.

192.   Defendants admit that they "designed, manufactured, and sold" Recalled Toys.  Defendants admit that they expected the toys would be used by children consistent with the age restrictions noted for each toy.  Defendants deny the remaining allegations in paragraph 192 of the Complaint.

193.   Defendants admit that they "marketed and sold" Recalled Toys. Defendants admit that they expected the toys would be used by children consistent with the age restrictions noted for each toy.  Defendants admit that their packaging for products intended for sale in the United States typically includes a statement that the products conform with ASTM F 963 and aver that their products are designed to comply with that standard.  Defendants further state that they are not aware at this time of any packages of recalled products in the United States that did not contain such a statement and aver that all of those products were designed to comply with ASTM F 963.  Defendants admit that the packaging of certain of their toys depicts children playing with the toy, consistent with the age restrictions noted for the toy, but because the allegations in paragraph 193 of the Complaint fail to

1  identify any specific toys, Defendants deny the allegations as stated.  Defendants

2  deny the remaining allegations in paragraph 193 of the Complaint.

3      194.  Defendants admit that they "designed, manufactured, sold and/or

4  distributed" Recalled Toys.  Defendants admit that they expected the toys would be

5  used by children consistent with the age restrictions noted for each toy.  Defendants

6  deny the remaining allegations in paragraph 194 of the Complaint.

7      195.  Defendants deny the allegations in paragraph 195 of the Complaint.

8      196.  The allegations in paragraph 196 of the Complaint regarding notice

9  requirements contain legal assertions to which no response is required.  Defendants

10  deny the remaining allegations in paragraph 196 of the Complaint.

11      197.  Defendants deny the allegations in paragraph 197 of the Complaint.

12  ## RESPONSE TO COUNT THREE

13  **Negligence – Design, Manufacturing Defect and Failure to Warn**

14  **(Against All Defendants)**

15      198.  Defendants incorporate by reference and restate their responses to the

16  preceding paragraphs as if set forth fully herein.

17      199.  Defendants admit that they "designed, manufactured, sold and/or

18  distributed" Recalled Toys.  Defendants deny the remaining allegations in

19  paragraph 199 of the Complaint.

20      200.  Defendants admit that a reason for some of the recalls was that testing

21  indicated that the paint on some part of certain of the toys that were subject to the

22  recall contained lead that exceeded applicable standards.  Defendants admit that a

23  reason for the recall involving magnets was that, while the toys met applicable

24  standards when originally sold, Mattel had adopted a new design standard for

25  securing magnets in toys and retroactively applied that design.  Defendants admit

26  that tests of the Cuffs revealed levels of lead that, though fully compliant with all

27  federal and international standards, were higher than anticipated and were

28

noncompliant with an Illinois statute.  Defendants deny the remaining allegations in paragraph 200 of the Complaint.

201.   The allegations in paragraph 201 of the Complaint contain legal assertions to which no response is required.

202.   Defendants deny the allegations in paragraph 202 of the Complaint.

203.   Defendants deny the allegations in paragraph 203 of the Complaint.

204.   Defendants deny the allegations in paragraph 204 of the Complaint.

205.   Defendants deny the allegations in paragraph 205 of the Complaint.

206.   Defendants deny the allegations in paragraph 206 of the Complaint.

207.   The allegations in the first clause of paragraph 207 of the Complaint contain legal assertions to which no response is required.  Defendants deny the remaining allegations in paragraph 207 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

## RESPONSE TO COUNT FOUR

### Strict Liability – Design Defect/Manufacturing Defect and Failure to Warn

### (Against All Defendants)

208.   Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

209.   Defendants admit that they "designed, manufactured, sold and/or distributed" Recalled Toys to consumers, including parents.  Defendants deny the remaining allegations in paragraph 209 of the Complaint.

210.   Defendants deny the allegations in paragraph 210 of the Complaint.

211.   Defendants deny the allegations in paragraph 211 of the Complaint.

212.   Defendants deny the allegations in paragraph 212 of the Complaint.

213.   Defendants admit that their toys were expected to reach their customers without substantial change in the toys' condition, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 213 of the Complaint and, therefore, deny the same.

214.   Defendants deny the allegations in paragraph 214 of the Complaint.

215.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 regarding what Plaintiffs or any putative class member would or would not do and, therefore, deny the same. Defendants deny the remaining allegations of paragraph 215 of the Complaint.

216.   Defendants deny the allegations in paragraph 216 of the Complaint.

217.   The allegations in the first clause of paragraph 217 of the Complaint contain legal assertions to which no response is required.  Defendants deny the remaining allegations in paragraph 217 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

### RESPONSE TO COUNT FIVE

**Violation of the Consumer Product Safety Act and Rules**

**(Against All Defendants)**

218.   Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

219.   The allegations in paragraph 219 of the Complaint contain legal assertions to which no response is required.

220.   The allegations in paragraph 220 of the Complaint contain legal assertions to which no response is required.

221.   The allegations in paragraph 221 of the Complaint contain legal assertions to which no response is required.

222.   Defendants state that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Defendants deny the remaining allegations in paragraph 222 of the Complaint.

223.   Defendants state that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

1   Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Defendants deny the

2   remaining allegations in paragraph 223 of the Complaint.

3       224.   Defendants state that the Court granted Defendants' motion to dismiss

4   Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

5   Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Defendants lack knowledge or

6   information sufficient to form a belief as to the truth of the remaining allegations in

7   paragraph 224 regarding Plaintiffs' and purported class members' alleged reliance

8   and, therefore, deny the same.

9       225.   Defendants state that the Court granted Defendants' motion to dismiss

10  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

11  Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Defendants lack knowledge or

12  information sufficient to form a belief as to the truth of the allegations in paragraph

13  225 regarding what Plaintiffs or any putative class member would or would not do

14  and, therefore, deny the same. Defendants deny the remaining allegations in

15  paragraph 225 of the Complaint.

16      226.   Defendants state that the Court granted Defendants' motion to dismiss

17  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

18  Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Defendants deny the

19  remaining allegations in paragraph 226 of the Complaint. Defendants deny that

20  Plaintiffs or any putative class member are entitled to any of the relief sought.

21                      **RESPONSE TO COUNT SIX**

22              **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

23                  **(Against the Manufacturer Defendants)**

24      227.   Defendants incorporate by reference and restate their responses to the

25  preceding paragraphs as if set forth fully herein.

26      228.   The allegations in the first sentence of paragraph 228 of the Complaint

27  contain legal assertions to which no response is required. Defendants deny the

28  remaining allegations in paragraph 228 of the Complaint.

229.    The allegations in the first sentence of paragraph 229 of the Complaint contain legal assertions to which no response is required.  Defendants deny the remaining allegations in paragraph 229 of the Complaint.

230.    Defendants deny the allegations in paragraph 230 of the Complaint.

231.    Defendants deny the allegations in paragraph 231 of the Complaint that they failed to comply with the referenced statutes.  The remaining allegations in paragraph 231 of the Complaint contain legal assertions to which no response is required.

232.    Defendants admit the allegations in the second sentence of paragraph 232 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 232 of the Complaint because they do not define "many" and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 232 of the Complaint.

233.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 233 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

234.    The allegations in the first sentence of paragraph 234 of the Complaint contain legal assertions to which no response is required.  Defendants deny the remaining allegations in paragraph 234 of the Complaint.

235.    The allegations in the first sentence of paragraph 235 of the Complaint contain legal assertions to which no response is required.  Defendants deny the remaining allegations in paragraph 235 of the Complaint.

236.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 regarding Plaintiffs' and purported

1    class members' alleged reliance and, therefore, deny the same.  Defendants deny the

2    remaining allegations in paragraph 236 of the Complaint.

3          237.   Defendants lack knowledge or information sufficient to form a belief

4    as to the truth of the allegations in paragraph 237 regarding what Plaintiffs or any

5    putative class member would or would not do and, therefore, deny the same.

6    Defendants deny the remaining allegations in paragraph 237 of the Complaint.

7          238.   Defendants deny the allegations in paragraph 238 of the Complaint

8    and specifically deny that Plaintiffs or alleged members of the putative class

9    suffered any cognizable injury.

10         239.   Defendants deny the allegations in paragraph 239 of the Complaint.

11   Defendants deny that Plaintiffs or any putative class member are entitled to any of

12   the relief sought.

13         240.   Defendants acknowledge that Plaintiffs seek injunctive relief, but deny

14   that Plaintiffs or any putative class member are entitled to any of the relief sought.

15   Defendants deny the remaining allegations in paragraph 240 of the Complaint.

16                      **RESPONSE TO COUNT SEVEN**

17            **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

18               **(On Behalf of California Resident Plaintiffs**

19                    **Against the Retailer Defendants)**

20         241.   Defendants incorporate by reference and restate their responses to the

21   preceding paragraphs as if set forth fully herein.

22         242.   The allegations in paragraph 242 of the Complaint are not directed at

23   Defendants and do not require a response.

24         243.   The allegations in paragraph 243 of the Complaint are not directed at

25   Defendants and do not require a response.

26         244.   The allegations in paragraph 244 of the Complaint are not directed at

27   Defendants and do not require a response.

28

245.   The allegations in paragraph 245 of the Complaint are not directed at Defendants and do not require a response.

246.   The allegations in paragraph 246 of the Complaint are not directed at Defendants and do not require a response.

247.   The allegations in paragraph 247 of the Complaint are not directed at Defendants and do not require a response.

248.   The allegations in paragraph 248 of the Complaint are not directed at Defendants and do not require a response.

249.   The allegations in paragraph 249 of the Complaint are not directed at Defendants and do not require a response.

250.   The allegations in paragraph 250 of the Complaint appear to be directed at the Retailer Defendants.  To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 250 of the Complaint.

251.   The allegations in paragraph 251 of the Complaint of the Complaint appear to be directed at the Retailer Defendants.  To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 regarding what Plaintiffs or any putative class member would or would not do and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 251 of the Complaint.

252.   The allegations in paragraph 252 of the Complaint appear to be directed at the Retailer Defendants.  To the extent further response is required, Defendants deny the allegations in paragraph 252 of the Complaint.  Defendants deny the remaining allegations in paragraph 252 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

253.   The allegations in paragraph 253 of the Complaint are not directed at Defendants and do not require a response.

254.   The allegations in paragraph 254 of the Complaint are not directed at Defendants and do not require a response.

## RESPONSE TO COUNT EIGHT

### Violation of Cal. Civ. Code § 1750, *et seq.*

### (Against the Manufacturer Defendants)

255.   Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

256.   The allegations in paragraph 256 of the Complaint contain legal assertions to which no response is required.

257.   Defendants admit that they "sold" and "marketed" Recalled Toys. Defendants admit that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants admit that a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Defendants admit that tests the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Defendants deny the remaining allegations in paragraph 257 of the Complaint.

258.   Defendants deny the allegations in paragraph 258 of the Complaint.

259.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 259 of the Complaint.

260.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 regarding what Plaintiffs or any putative class member would or would not do and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 260 of the Complaint.

261.   Defendants deny the allegations in paragraph 261 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

262.   Defendants deny the allegations in paragraph 262 of the Complaint.

263.   Defendants deny the allegations in paragraph 263 of the Complaint. Defendants deny that Plaintiffs or any putative class member are entitled to any of the relief sought.

264.   Defendants acknowledge that Plaintiffs purport to seek injunctive relief, but deny that Plaintiffs or any putative class member are entitled to any of the relief sought.

**RESPONSE TO COUNT NINE**

**Violation of Cal. Civ. Code § 1750, *et seq.***

**(On Behalf of California Resident Plaintiffs**

**Against the Retailer Defendants)**

265.   Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

266.   The allegations in paragraph 266 of the Complaint are not directed at Defendants and do not require a response.

267.   The allegations in paragraph 267 of the Complaint appear to be directed at the Retailer Defendants.  To the extent further response is required, Defendants admit that they "sold" and "marketed" Recalled Toys.  Defendants admit that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants admit that a reason for the recall

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1    involving magnets was that, while the toys met applicable standards when

2    originally sold, Mattel had adopted a new design standard for securing magnets in

3    toys and retroactively applied that design.  Defendants admit that tests the Cuffs

4    revealed levels of lead that, though fully compliant with all federal and international

5    standards, were higher than anticipated and were noncompliant with an Illinois

6    statute.  Defendants deny the remaining allegations in paragraph 267 of the

7    Complaint.

8        268.   The allegations in paragraph 268 of the Complaint are not directed at

9    Defendants and do not require a response.

10        269.   The allegations in paragraph 269 of the Complaint appear to be

11    directed at the Retailer Defendants.  To the extent further response is required,

12    Defendants lack knowledge or information sufficient to form a belief as to the truth

13    of the allegations in paragraph 269 regarding Plaintiffs' and purported class

14    members' alleged reliance and, therefore, deny the same.  Defendants deny the

15    remaining allegations in paragraph 269 of the Complaint.

16        270.   The allegations in paragraph 270 of the Complaint are not directed at

17    Defendants and do not require a response.

18        271.   The allegations in paragraph 271 of the Complaint appear to be

19    directed at the Retailer Defendants.  To the extent further response is required,

20    Defendants lack knowledge or information sufficient to form a belief as to the truth

21    of the allegations in paragraph 271 regarding what Plaintiffs or any putative class

22    member would or would not do and, therefore, deny the same.  Defendants deny the

23    remaining allegations in paragraph 271 of the Complaint.

24        272.   The allegations in paragraph 272 of the Complaint appear to be

25    directed at the Retailer Defendants.  To the extent further response is required,

26    Defendants deny the allegations in paragraph 272 of the Complaint and specifically

27    deny that Plaintiffs or alleged members of the putative class suffered any

28    cognizable injury.

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

273.    The allegations in paragraph 273 of the Complaint are not directed at Defendants and do not require a response.

274.    The allegations in paragraph 274 of the Complaint are not directed at Defendants and do not require a response.

275.    The allegations in paragraph 275 of the Complaint are not directed at Defendants and do not require a response.

## **RESPONSE TO COUNT TEN**

### **Violation of Cal. Civ. Code §§ 1792 & 1791.1(a)**

### **(On Behalf of California Purchasers**

### **Against All Defendants)**

276.    Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

277.    The allegations in paragraph 277 of the Complaint contain legal assertions to which no response is required.

278.    The allegations in paragraph 278 of the Complaint contain legal assertions to which no response is required.

279.    The allegations in paragraph 279 of the Complaint contain legal assertions to which no response is required.

280.    The allegations in paragraph 280 of the Complaint contain legal assertions to which no response is required.

281.    The allegations in paragraph 281 of the Complaint contain legal assertions to which no response is required.

282.    Defendants deny the allegations in paragraph 282 of the Complaint.

283.    Defendants deny the allegations in paragraph 283 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

284.   Defendants deny the allegations in paragraph 284 of the Complaint. Defendants deny that Plaintiffs or any putative class member are entitled to any of the relief sought.

## RESPONSE TO COUNT ELEVEN

### Violation of Cal. Civ. Code §§ 1792.1 & 1791.1(B)

### (On Behalf of California Purchasers

### Against the Manufacturer Defendants)

285.   Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

286.   The allegations in paragraph 286 of the Complaint contain legal assertions to which no response is required.

287.   Defendants admit that they expected the toys would be used by children consistent with the age restrictions noted for each toy.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 287 of the Complaint.

288.   Defendants deny the allegations in paragraph 288 of the Complaint.

289.   Defendants deny the allegations in paragraph 289 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

290.   Defendants deny the allegations in paragraph 290 of the Complaint. Defendants deny that Plaintiffs or any putative class member are entitled to any of the relief sought.

## RESPONSE TO COUNT TWELVE

### Violation of Cal. Civ. Code §§ 1792.2 & 1791.1(b)

### (On Behalf of California Purchasers

### Against the Retailer Defendants)

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

291.   Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

292.   The allegations in paragraph 292 of the Complaint are not directed at Defendants and do not require a response.

293.   The allegations in paragraph 293 of the Complaint are not directed at Defendants and do not require a response.

294.   The allegations in paragraph 294 of the Complaint are not directed at Defendants and do not require a response.

295.   The allegations in paragraph 295 of the Complaint appear to be directed at the Retailer Defendants.  To the extent further response is required, Defendants deny the allegations in paragraph 295 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

296.   The allegations in paragraph 296 of the Complaint are not directed at Defendants and do not require a response.

## RESPONSE TO COUNT THIRTEEN

### Unjust Enrichment

297.   Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

298.   Defendants admit that they "designed, manufactured, produced, marketed and/or sold" Recalled Toys.  Defendants admit that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants admit that a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Defendants admit that tests the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were

higher than anticipated and were noncompliant with an Illinois statute. Defendants

deny the remaining allegations in paragraph 298 of the Complaint.

299.   Defendants admit that they receive a benefit from the sale of their toys.

Defendants deny the remaining allegations in paragraph 299 of the Complaint.

Defendants deny that Plaintiffs or any putative class member are entitled to any of

the relief sought.

### RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs or any putative class member are entitled to

any of the relief sought in the WHEREFORE clause on page 82 of the Complaint.

Defendants deny that this action may properly be maintained as a class action and

deny that any class alleged in the Complaint satisfies the requirements of Federal

Rule of Civil Procedure 23.

FOR THEIR DEFENSES TO THE COMPLAINT, DEFENDANTS STATE

AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

300.   The Complaint fails, in whole or in part, to state a cause of action upon

which relief may be granted against Defendants and further fails to state facts

sufficient to entitle Plaintiffs to any relief whatsoever from Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

301.   Plaintiffs lack standing to assert some or all of the claims in the

Complaint and lacks standing to represent putative class members in the class they

allege.

### THIRD AFFIRMATIVE DEFENSE

### (Claims Preemption)

302.   Some or all of the claims in the Complaint are preempted in whole or

in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and

1  actions of the Consumer Safety Products Commission in connection with the

2  recalls.

3  ## FOURTH AFFIRMATIVE DEFENSE

4  ### (Conduct Not "Unlawful")

5  303.  Some or all of the claims in the Complaint are barred in whole or in

6  part because Defendants' conduct was not unlawful.

7  ## FIFTH AFFIRMATIVE DEFENSE

8  ### (Conduct Not "Unfair")

9  304.  Some or all of the claims in the Complaint are barred in whole or in

10  part because Defendants' conduct was not unfair.

11  ## SIXTH AFFIRMATIVE DEFENSE

12  ### (Conduct Not "Misleading")

13  305.  Some or all of the claims in the Complaint are barred in whole or in

14  part because Defendants' conduct was not misleading.

15  ## SEVENTH AFFIRMATIVE DEFENSE

16  ### (Estoppel)

17  306.  Some or all of the claims in the Complaint are barred in whole or in

18  part by the doctrine of estoppel.

19  ## EIGHTH AFFIRMATIVE DEFENSE

20  ### (Prohibition Against Excessive Penalties)

21  307.  Some or all of Plaintiffs' claims are barred to the extent Plaintiffs seek

22  to impose penalties that violate the California Constitution's prohibition against

23  excessive penalties and/or similar provisions in other state constitutions.

24

25

26

27

28

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Excessive Fines Clause of the Eighth Amendment to the

3

### United States Constitution)

4

308.    Some or all of the claims in the Complaint are barred to the extent

5

Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth

6

Amendment to the United States Constitution.

7

## TENTH AFFIRMATIVE DEFENSE

8

### (Due Process Clause of the Fourteenth Amendment to the

9

### United States Constitution)

10

309.    Some or all of the claims in the Complaint are barred to the extent

11

Plaintiffs seek damages or punitive damages that violate the Due Process Clause of

12

the Fourteenth Amendment to the United States Constitution.

13

## ELEVENTH AFFIRMATIVE DEFENSE

14

### (Safe Harbor)

15

310.    Some or all of the claims in the Complaint are barred in whole or in

16

part to the extent they seek to impose liability based on conduct that is otherwise

17

protected by statute.

18

## TWELFTH AFFIRMATIVE DEFENSE

19

### (Discharge of Obligations)

20

311.    Some or all of the claims in the Complaint are barred in whole or in

21

part because Defendants have complied with and fully performed any and all past

22

and current obligations imposed on them by law, contracts, or equity, and all past

23

and current obligations owed to Plaintiffs have been satisfied, released or otherwise

24

discharged.

25

## THIRTEENTH AFFIRMATIVE DEFENSE

26

### (Disclaimer of Warranties)

27

312.    Some or all of the claims in the Complaint are barred in whole or in

28

part because there was a disclaimer of any express or implied warranties, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

313.    Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiffs was caused not by Defendants' actions, but by a superseding cause.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

314.    Some or all of the claims in the Complaint are barred in whole or in part because the alleged conduct of Defendants was not unfair and was undertaken in good faith for a valid business purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

315.    Some or all of the claims in the Complaint are barred in whole or in part because Plaintiffs are not in privity with Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Punitive Damages)

316.    The Complaint is devoid of facts sufficient to constitute a cause of action against Defendants for punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

317.    The Plaintiffs' request for injunctive relief is barred because Plaintiffs have an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence)

318.    Any injury sustained by Plaintiffs may have been caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due care, and therefore Plaintiffs are barred from any recovery, or any recoverable

1  damages must be reduced in proportion to the amount of negligence attributable to
2  Plaintiffs.

3  <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

4  **(No Direct Injury)**

5  319.  The Complaint fails to state a cause of action because Plaintiffs
6  suffered no direct harm as a result of the alleged acts.

7  <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

8  **(Lack of Requisite Particularity)**

9  320.  Some or all of the claims in the Complaint are barred in whole or in
10  part because they are not plead with the requisite particularity.

11  <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

12  **(No Valid Class)**

13  321.  Plaintiffs' claims fail in whole or in part to meet the procedural or
14  factual requirements necessary to certify or maintain a class action.

15  <u>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</u>

16  **(Violation of Due Process)**

17  322.  Some or all of the relief Plaintiffs request may result in multiple
18  recoveries, thereby violating Defendants' due process rights under the United States
19  and/or California Constitutions.

20  <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</u>

21  **(Lack of Statutory Claim)**

22  323.  To the extent Plaintiffs seek to assert claims under California law on
23  behalf of a nationwide class, some or all of the putative class members outside
24  California lack standing to assert such claims.

25  <u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</u>

26  **(Lack of Actionable Representations)**

27  324.  Some or all of Plaintiffs' claims fail because they are not based on
28  actionable representations by Defendants.

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Responsive Actions Taken Barring Claims for Damages)

3      325.   Any claim for damages is barred because Defendants have taken

4   reasonable steps to inform consumers of the recalls and taken appropriate

5   responsive action, including but not limited to, the issuance of vouchers or

6   replacement parts as part of the recalls.

7

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8

### (Lack of Intentional Action)

9      326.   Any claim for damages is barred because Defendants' actions were not

10   intentional, but resulted from bona fide errors despite reasonable procedures in

11   place.

12

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

13

### (Failure to Provide Sufficient Notice)

14      327.   Any claim for damages under state consumer protection laws is barred

15   because Plaintiffs failed to provide sufficient and/or adequate notice as required.

16

## TWENTY-NINTH AFFIRMATIVE DEFENSE

17

### (Right to Assert Additional Defenses)

18      328.   Defendants intend to rely on any additional affirmative defenses that

19   become available or apparent through discovery and the factual development of this

20   case or otherwise, and, thus, reserve the right to amend their Answer to assert such

21   additional defenses.

22

## THIRTIETH AFFIRMATIVE DEFENSE

23

### (Requirements of Applicable Law)

24      329.   Plaintiffs are not entitled to recover punitive or exemplary damages

25   because the requirements of applicable law regarding such damages are not met by

26   the facts set forth in the Complaint.

27

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2    **(Ratification)**

3    330.   Plaintiffs' claims are barred, in whole or part, by ratification.

4    **THIRTY-SECOND AFFIRMATIVE DEFENSE**

5    **(Waiver)**

6    331.   Plaintiffs' claims are barred, in whole or part, by waiver.

7    **THIRTY-THIRD AFFIRMATIVE DEFENSE**

8    **(No Claim for Medical Monitoring)**

9    332.    The claims in the Complaint seeking or assert a medical monitoring

10   claim or remedy are barred because the facts pled in the Complaint do not satisfy

11   the requirements for medical monitoring to the extent such a claim or remedy has

12   been recognized in this jurisdiction.

13   **DEMAND FOR A JURY TRIAL**

14   Defendants demand a trial by jury of all claims triable by a jury.

- 57 -

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S ANSWER

1                        Respectfully submitted,

2   Dated: December 19, 2008         JONES DAY

3

4                        By:  s/ Rick L. Shackelford

5                        Elwood Lui (SBN 45538)
Rick L. Shackelford (SBN 151262)

6                        555 South Flower Street, 50th Floor
Los Angeles, CA 90071

7                        Telephone:  (213) 243-2435
Facsimile:   (213) 243-2539

8                        Thomas E. Fennell (pro hac vice)
Michael L. Rice (pro hac vice)

9                        JONES DAY
2727 N. Harwood St.

10                        Dallas, TX 75201
Telephone:  (214) 220-3939

11                        Facsimile:   (214) 969-5100

12                        Hugh Whiting (pro hac vice)
JONES DAY

13                        717 Texas, Suite 3300
Houston, TX  77002

14                        Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

15

16                        Attorneys for Defendants
MATTEL, INC. AND FISHER-PRICE,

17                        INC.

18

19

20

21

22

23

24

25

26

27

28

1    <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on December 19, 2008, I electronically filed the

3    foregoing with the Clerk of the Court using the CM/ECF system which will send

4    notification of such filing to the e-mail addresses denoted on the attached Electronic

5    Mail Notice List, and I hereby certify that I have mailed the foregoing document or

6    paper via the United States Postal Service to the non-CM/ECF participants

7    indicated on the attached Manual Notice List.

8        I certify under penalty of perjury under the laws of the United States of

9    America that the foregoing is true and correct.  Executed on December 19, 2008.

10

11                                     s/ Rick L. Shackelford
                                      Rick L. Shackelford
12

13                                     JONES DAY
                                      555 S. Flower St., 50th Flr.
14                                     Los Angeles, CA  90071
                                      Telephone: 213/489-3939
15                                     Facsimile: 213/243-2539

16

17                                     E-mail:  rlshackelford@jonesday.com

18    DLI-6223574v2

19

20

21

22

23

24

25

26

27

28

Case No.  MDL No. 1897
                                      DEFENDANTS MATTEL, INC.'S AND
                                      FISHER-PRICE, INC.'S ANSWER