Elwood Lui (SBN 45538)
elui@jonesday.com
Rick L. Shackelford (SBN 151262)
rlshackelford@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 243-2435
Facsimile:   (213) 243-2539

Thomas E. Fennell (pro hac vice)         Hugh Whiting (pro hac vice)
tefennell@jonesday.com                   hrwhiting@jonesday.com
Michael L. Rice (pro hac vice)           JONES DAY
mlrice@jonesday.coJONES DAY              717 Texas, Suite 3300
2727 N. Harwood St.                      Houston, TX  77002
Dallas, TX 75201                         Telephone:   (832) 239-3939
Telephone:   (214) 220-3939              Facsimile:   (832) 239-3600
Facsimile:   (214) 969-5100

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | No. 07-ml-08197-DSF-AJWx<br><br>The Honorable Dale S. Fischer<br><br>**ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT** |

Defendant Target Corporation ("Target") hereby files its answer in response to Plaintiffs' Second Consolidated Amended Complaint (the "Complaint").

## RESPONSE TO ALLEGATIONS

The Complaint throughout contains numerous allegations regarding "Target" without any identification of specific acts of purported wrongdoing by Target. These collective allegations throughout the Complaint are a fatally defective attempt by Plaintiffs to disguise their lack of knowledge of any specific wrongdoing by Target in a web of undifferentiated aggregate claims.  Target denies that it has

committed any wrongdoing.  For its responses to the specific allegations of the Complaint, Target incorporates the foregoing statement in each paragraph below as applicable and further states:

In response to the opening paragraph of the Complaint, Target admits that Plaintiffs purport to bring this action for themselves and as a putative class action, but denies that this action may properly be maintained as a class action and denies that any such class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Target further denies that Plaintiffs or any putative class members are entitled to any of the relief requested in the opening paragraph of the Complaint.  Target denies the remaining allegations in the opening paragraph of the Complaint.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS IN NUMBERED PARAGRAPHS 1 THROUGH 172

1.     The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required.

2.     The allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required.

3.     Target admits that it sold some, but certainly not all, of the Mattel and/or Fisher-Price toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood pressure cuffs, which reflected age restrictions for each product.  Target denies the remaining allegations in paragraph 3 of the Complaint.

4.     Target denies the allegations in paragraph 4 of the Complaint.

5.     Target admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time.  Target admits that, to its knowledge, defendant Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint on some part of certain of the toys that were subject to the recall contained lead that

1  exceeded applicable standards.  Target denies the remaining allegations in

2  paragraph 5 of the Complaint.

3       6.      Target lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations in paragraph 6 of the Complaint regarding what

5  "parents" may or may not have done and, therefore, denies the same.  Target admits

6  that on August 14, 2007, Mattel and/or Fisher-Price announced the voluntary recall

7  of certain toys that were reportedly manufactured in China during specified periods

8  of time.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have

9  stated that a reason for some of the recalls was that testing indicated that the paint

10  on some part of certain of the toys that were subject to the recall contained lead that

11  exceeded applicable standards.  Target admits that lead, like many substances not

12  intended for ingestion, has been recognized as having the potential to cause adverse

13  effects on some humans if ingested in sufficiently large quantities over a sufficient

14  amount of time.  Target admits that the voluntary recall announced by Mattel and/or

15  Fisher-Price on August 14, 2007 included Mattel toys with small magnets.  Target

16  admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason

17  for the recall involving magnets was that, while the toys met applicable standards

18  when originally sold, Mattel had adopted a new design standard for securing

19  magnets in toys and retroactively applied that design. Target lacks knowledge or

20  information sufficient to form a belief as to the truth of the remaining allegations in

21  paragraph 6 of the Complaint and, therefore, denies the same.

22       7.      Target admits that it sold some, but certainly not all, of the Mattel

23  and/or Fisher-Price toys subject to the August 2, August 14, September 4, and

24  October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood

25  pressure cuffs.  Target admits that, to its knowledge, Mattel and/or Fisher-Price

26  have stated that a reason for some of the recalls was that testing indicated that the

27  paint on some part of certain of the toys that were subject to the recall contained

28  lead that exceeded applicable standards.  Target admits Mattel and/or Fisher-Price

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

have also stated that a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design. Target also admits that Mattel and/or Fisher Price have stated that tests on blood pressure cuffs that were part of certain Fisher-Price and Sesame Street medical kits (the "Cuffs") revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute. Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and, therefore, denies the same.

8.    Target denies the allegations in paragraph 8 of the Complaint.

9.    Target denies the allegations in paragraph 9 of the Complaint.

10.    Target admits that the toys subject to the voluntary recalls and the 2007 product replacements for toy blood pressure cuffs were expected to be used by children consistent with the age restrictions noted for each product. Target admits that some children may put toys or portions of toys in their mouths on occasion, although the frequency and extent of which will vary from child to child. Target denies the remaining allegations in paragraph 10 of the Complaint.

11.    Target denies the allegations in paragraph 11 of the Complaint.

12.    Target admits it sold some, but certainly not all of the toys Mattel and/or Fisher-Price recalled on August 2, August 14, September 4, and October 25, 2007. Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Target denies the allegation in the first sentence of paragraph 12 of the Complaint that it failed to put adequate controls in place. Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13.    Target admits that on August 14, 2007, Mattel announced voluntary recalls of Polly Pocket!™ play sets, Doggie Day Care™ play sets, Barbie® and Tanner™ play sets, and Batman™ and One Piece™ action figure sets.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recall was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Target admits that Mattel stated that the recall of Polly Pocket!™ play sets was an expansion of the voluntary recall of Polly Pocket!™ play sets announced by the CPSC and Mattel on November 21, 2006. Target denies the remaining allegations in paragraph 13 of the Complaint.

14.    Target admits that Mattel and/or Fisher-Price have stated that tests on the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and, therefore, denies the same.

15.    Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Target admits that it is aware that the CPSC has indicated that if magnets are of a certain type and come loose, and more than one such magnet is swallowed by a child, under certain circumstances, intestinal injuries, including intestinal perforation or blockage, might occur.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding "exposure to lead and hazardous magnets" in paragraph 15 of the Complaint in the absence of more information regarding levels, circumstances, and duration of exposure and, therefore, denies the same.  Target denies the remaining allegations in paragraph 15 of the Complaint.

16.    Target denies the allegations in paragraph 16 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, therefore, denies the same.

17.    Target denies the allegations in paragraph 17 of the Complaint that Plaintiff or Plaintiff's parents and natural guardians have been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and, therefore, denies the same.

18.    Target denies the allegations in paragraph 18 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and, therefore, denies the same.

19.    Target denies the allegations in paragraph 19 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and, therefore, denies the same.

20.    Target denies the allegations in paragraph 20 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21.    Target denies the allegations in paragraph 21 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and, therefore, denies the same.

22.    Target denies the allegations in paragraph 22 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23.    Target denies the allegations in paragraph 23 of the Complaint that Plaintiff or Plaintiff's parents and natural guardians have been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and, therefore, denies the same.

24.    Target denies the allegations in paragraph 24 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and, therefore, denies the same.

25.    Target denies the allegations in paragraph 25 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and, therefore, denies the same.

26.    Target denies the allegations in paragraph 26 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's parents or natural guardians have been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and, therefore, denies the same.

27.    Target denies the allegations in paragraph 27 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28.    Target denies the allegations in paragraph 28 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and, therefore, denies the same.

29.    Target denies the allegations in paragraph 29 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Target lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and, therefore, denies the same.

30.     Target denies the allegations in paragraph 30 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and, therefore, denies the same.

31.     Target denies the allegations in paragraph 31 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and, therefore, denies the same.

32.     Target denies the allegations in paragraph 32 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and, therefore, denies the same.

33.     Target denies the allegations in paragraph 33 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and, therefore, denies the same.

34.     Target denies the allegations in paragraph 34 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and, therefore, denies the same.

35.     The allegations in paragraph 35 of the Complaint are not directed at Target and do not require a response.

36.     The allegations in paragraph 36 of the Complaint are not directed at Target and do not require a response.

37.     Target admits the allegations in the first two sentences of paragraph 37 of the Complaint.  Target admits that it sold some, but certainly not all, of the toys

1    subject to the August 2, August 14, September 4, and/or October 25, 2007 recalls

2    and the 2007 product replacements for the Cuffs.

3    38.    The allegations in paragraph 38 of the Complaint are not directed at

4    Target and do not require a response.

5    39.    The allegations in paragraph 39 of the Complaint are not directed at

6    Target and do not require a response.

7    40.    The allegations in paragraph 40 of the Complaint are not directed at

8    Target and do not require a response.

9    41.    The allegations in paragraph 41 of the Complaint are not directed at

10    Target and do not require a response.

11    42.    The allegations in paragraph 42 of the Complaint are legal conclusions

12    to which no response is required.

13    43.    The allegations in paragraph 43 of the Complaint are legal conclusions

14    to which no response is required.

15    44.    The allegations in paragraph 44 of the Complaint are legal conclusions

16    to which no response is required.

17    45.    Target admits that lead, like many substances not intended for

18    ingestion, has been recognized as having the potential to cause adverse effects on

19    some humans if ingested in sufficiently large quantities over a sufficient amount of

20    time.  Target lacks knowledge or information sufficient to form a belief as to the

21    truth of the remaining allegations in paragraph 45 of the Complaint in the absence

22    of more information regarding levels and duration of exposure and, therefore,

23    denies the same.

24    46.    Target states that the statements by the National Safety Council quoted

25    in paragraph 46 of the Complaint speak for themselves.  Target admits that lead,

26    like many substances not intended for ingestion, has been recognized as having the

27    potential to cause adverse effects on some humans if ingested in sufficiently large

28    quantities over a sufficient amount of time.  Target lacks knowledge or information

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

47.    To the extent the allegations in paragraph 47 of the Complaint refer to testimony excerpts by Dr. Best, those excerpts speak for themselves.  Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

48.    To the extent that the allegations in paragraph 48 of the Complaint refer to the articles cited in footnote 9 to paragraph 48 of the Complaint, those articles speak for themselves.  Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

49.    Target admits that children may be exposed to lead through multiple sources.  Target admits that children may engage in hand-to-mouth activity, although the extent and frequency of such activity will vary from child to child and by age.  Target lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and, therefore, denies the same.

50.    Target admits that it sold some, but certainly not all, of the toys that were subject to the November 21, 2006 and August 14, 2007 voluntary recalls involving magnets.  Target admits that it is aware that the CPSC has indicated that if magnets are of a certain type and come loose, and more than one such magnet is swallowed by a child, under certain circumstances, intestinal injuries, including intestinal perforation or blockage, might occur.  Target states that the letter by Dr. Oestreich quoted in paragraph 50 of the Complaint speaks for itself.  Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint that refer to the knowledge of the CPSC and, therefore, denies the same.  Target denies the remaining allegations in paragraph 50 of the Complaint.

51.    Target states that the CPSC press release referred to in paragraph 51 of the Complaint and footnote 13 speaks for itself.  Target lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and, therefore, denies the same.

52.    Target states that the April 19, 2007 CPSC press release cited and quoted in paragraph 52 of the Complaint speaks for itself.

53.    The allegations in paragraph 53 of the Complaint are not directed at Target and do not require a response.

54.    The allegations in paragraph 54 of the Complaint are not directed at Target and do not require a response.

55.    The allegations in paragraph 55 of the Complaint are not directed at Target and do not require a response.

56.    The allegations in paragraph 56 of the Complaint are not directed at Target and do not require a response.

57.    The allegations in paragraph 57 of the Complaint are not directed at Target and do not require a response.

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

58.    The allegations in paragraph 58 of the Complaint are not directed at Target and do not require a response.

59.    The allegations in paragraph 59 of the Complaint are not directed at Target and do not require a response.

60.    The allegations in paragraph 60 of the Complaint are not directed at Target and do not require a response.

61.    The allegations in paragraph 61 of the Complaint are not directed at Target and do not require a response.

62.    The allegations in paragraph 62 of the Complaint are not directed at Target and do not require a response.

63.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint regarding what Plaintiffs and purported class members may or may not have done and, therefore, denies the same.  Target denies the remaining allegations in paragraph 63 of the Complaint.

64.    Target states that the ASTM standard cited in paragraph 64 and footnotes 25 and 26 of the Complaint speaks for itself.  Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 regarding Plaintiffs' and purported class members' beliefs and, therefore, denies the same.  The allegations in the third and fourth sentences of paragraph 64 of the Complaint are not directed at Target and do not require a response.

65.    The allegations in paragraph 65 of the Complaint are not directed at Target and do not require a response.

66.    The allegations in paragraph 66 of the Complaint are not directed at Target and do not require a response.

67.    The allegations in paragraph 66 of the Complaint are not directed at Target and do not require a response.

68.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  The remaining allegations in paragraph 68 of the Complaint are not directed at Target and do not require a response.

69.    Target admits that children may put toys or portions of toys in their mouths on occasion, although the extent and frequency of such activity will vary from child to child and by age.  Target states that the article quoted in part in paragraph 69 of the Complaint speaks for itself.  Target denies the remaining allegations in paragraph 69 of the Complaint.

70.    Target denies the allegations in paragraph 70 of the Complaint.

71.    Target denies the allegations in paragraph 71 of the Complaint.

72.    Because the allegations in paragraph 72 of the Complaint identify no alleged representations, Target denies the allegations as stated.

73.    Target states that its website, quoted in part in paragraph 73 of the Complaint, speaks for itself.  Target denies the remaining allegations in paragraph 73 of the Complaint.

74.    The allegations in paragraph 74 of the Complaint are not directed at Target and do not require a response.

75.    The allegations in paragraph 75 of the Complaint are not directed at Target and do not require a response.

76.    The allegations in paragraph 76 of the Complaint are not directed at Target and do not require a response.

77.    The allegations in paragraph 77 of the Complaint are not directed at Target and do not require a response.

78.    The allegations in paragraph 78 of the Complaint are not directed at Target and do not require a response.

1    79.    The allegations in paragraph 79 of the Complaint are not directed at
2    Target and do not require a response.

3    80.    The allegations in paragraph 80 of the Complaint are not directed at
4    Target and do not require a response.

5    81.    The allegations in paragraph 81 of the Complaint are not directed at
6    Target and do not require a response.

7    82.    The allegations in the first sentence of paragraph 82 of the Complaint
8    are not directed at Target and do not require a response.  Target lacks knowledge or
9    information sufficient to form a belief as to the truth of the allegations in the second
10   sentence of paragraph 82 of the Complaint and, therefore, denies the same.  Target
11   denies the remaining allegations in paragraph 82 of the Complaint.

12   83.    Target states that ASTM F 963 referenced in the first two sentences of
13   paragraph 83 of the Complaint speaks for itself.  The allegations in the third
14   sentence of paragraph 83 of the Complaint are not directed at Target and do not
15   require a response.  Target admits that, to its knowledge, Mattel and/or Fisher-Price
16   have stated that a reason for the recalls they announced was that testing indicated
17   that the paint on some part of certain of the toys that were subject to the recall
18   contained lead that exceeded applicable standards.  Target denies the remaining
19   allegations in paragraph 83 of the Complaint.

20   84.    Target admits that various regulations limit the amount of lead content
21   in paint on products marketed to children, including 16 CFR § 1303.1, *et seq.*
22   Target denies the remaining allegations in paragraph 84 of the Complaint.

23   85.    Target states that the CPSC website and the recalls identified there
24   speak for themselves.  The allegations in paragraph 85 do not identify any
25   particular recalls, but reflect only general characterizations; thus, they are denied as
26   stated.

27   86.    The testimony of Ms. Nord cited in paragraph 86 and footnote 41 of
28   the Complaint speaks for itself.  Target otherwise lacks knowledge or information

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1   sufficient to form a belief as to the truth of the allegations in paragraph 86 of the

2   Complaint and, therefore, denies the same.

3       87.    The testimony of Mr. Moore, quoted in part in paragraph 87 of the

4   Complaint, speaks for itself.

5       88.    Target admits that on March 1, 2006, it recalled certain Little Tikes

6   Co. animal shaped flashlights because the paint on some parts of the flashlights

7   contained lead in excess of applicable standards.  Target also admits that in

8   November 2006 it recalled nearly 200,000 "Kool Toyz" because some contained

9   lead in the paint in excess of applicable standards or because of potential laceration

10  concerns.  Target also admits that it recalled certain Anima Bamboo Collections

11  Games in May 2007 and certain children's toy gardening tools and chairs in

12  September 2007 manufactured in China, because some contained lead in the paint

13  in excess of applicable standards.  The allegations in paragraph 88 of the Complaint

14  regarding the alleged recalls by other defendants are not directed at Target and do

15  not require a response.  The last sentence of paragraph 88 is a legal conclusion to

16  which no response is required.  To the extent further response is required, Target

17  denies the remaining allegations in paragraph 88 of the Complaint.

18      89.    The allegations in paragraph 89 of the Complaint are not directed at

19  Target and do not require a response.

20      90.    The allegations in paragraph 90 of the Complaint are not directed at

21  Target and do not require a response.

22      91.    The allegations in paragraph 91 of the Complaint are not directed at

23  Target and do not require a response.

24      92.    The allegations in paragraph 92 of the Complaint are not directed at

25  Target and do not require a response.

26      93.    The allegations in paragraph 93 of the Complaint are not directed at

27  Target and do not require a response.

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

94.     The allegations in paragraph 94 of the Complaint are not directed at Target and do not require a response.

95.     The allegations in paragraph 95 of the Complaint are not directed at Target and do not require a response.

96.     The allegations in paragraph 96 of the Complaint are not directed at Target and do not require a response.

97.     Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint regarding the knowledge of the CPSC and, therefore, denies the same.  The remaining allegations in paragraph 97 of the Complaint are not directed at Target and do not require a response.

98.     The allegations in paragraph 98 of the Complaint are not directed at Target and do not require a response.

99.     The allegations in paragraph 99 of the Complaint are not directed at Target and do not require a response.

100.    The allegations in paragraph 100 of the Complaint are not directed at Target and do not require a response.

101.    The allegations in the last two sentences of paragraph 101 of the Complaint contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 101 of the Complaint.

102.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 102 of the Complaint, in part because they do not define "the relevant time period" or the meaning of "drastically reduced," and, therefore, denies the same.  The third and fourth sentences of paragraph 102 of the Complaint contain legal conclusions to which no response is required.  Target denies the remaining allegations in paragraph 102 of the Complaint.

103.    The allegations in paragraph 103 of the Complaint are not directed at Target and do not require a response.

104.    The allegations in paragraph 104 of the Complaint are not directed at Target and do not require a response.

105.    Target admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time. Target admits that, to its knowledge, defendant Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Target states that Exhibit A to the Complaint speaks for itself. Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 of the Complaint and, therefore, denies the same.

106.    Target states that the press release referred to in paragraph 106 of the Complaint speaks for itself. Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the August 2, 2007 recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Target denies the remaining allegations in paragraph 106 of the Complaint.

107.    Target states that the press release quoted in part and cited in paragraph 107 of the Complaint and footnote 53 speaks for itself. Target further states that the statement by Ms. Nord quoted in paragraph 107 to the Complaint speaks for itself. Target denies the remaining allegations in paragraph 107 of the Complaint.

108.   Target states the *Wall Street Journal* articles referred to in paragraph 108 of the Complaint speak for themselves.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 of the Complaint and, therefore, denies the same.

109.   The allegations in paragraph 109 of the Complaint are not directed at Target and do not require a response.

110.   The allegations in paragraph 110 of the Complaint are not directed at Target and do not require a response.

111.   Target admits that, to its knowledge, on August 14, 2007, Mattel and the CPSC announced a voluntary recall of approximately 253,000 "Sarge" die cast toy cars.  Target states that the press release referenced in paragraph 111 and footnote 58 of the Complaint speaks for itself.  Target states that Exhibit B to the Complaint speaks for itself.  The remaining allegations in paragraph 111 of the Complaint are not directed at Target and do not require a response.

112.   The allegations in paragraph 112 of the Complaint are not directed at Target and do not require a response.

113.   The allegations in paragraph 113 of the Complaint are not directed at Target and do not require a response.

114.   Target admits that on September 4, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain Barbie® accessory toys, Geo Trax Locomotive toys, and Big Big World 6-in-1 Bongo Band toys.  Target admits, to its knowledge, Mattel and/or Fisher Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Target states that Exhibit C to the Complaint speaks for itself.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 of the Complaint and, therefore, denies the same.

1   115.   The allegations in paragraph 115 of the Complaint are not directed at
2   Target and do not require a response.

3   116.   The allegations in paragraph 116 of the Complaint are not directed at
4   Target and do not require a response.

5   117.   The allegations in paragraph 117 of the Complaint are not directed at
6   Target and do not require a response.

7   118.   The allegations in paragraph 118 of the Complaint are not directed at
8   Target and do not require a response.

9   119.   Target admits that on October 25, 2007, Mattel and the CPSC
10  announced a voluntary recall of Go Diego Go Animal Rescue Boats manufactured
11  in China during specified periods of time and sold between June 2007 and October
12  2007.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated
13  that a reason for the recalls was that testing indicated that the paint on some part of
14  certain of the toys that were subject to the recall contained lead that exceeded
15  applicable standards.  The remaining allegations in paragraph 119 of the Complaint
16  are not directed at Target and do not require a response.

17  120.   The allegations in paragraph 120 of the Complaint are not directed at
18  Target and do not require a response.

19  121.   Target admits the allegations in the text of paragraph 121 of the
20  Complaint.  Target states that Exhibit E to the Complaint speaks for itself.

21  122.   Target states that the announcement referred to in paragraph 122 of the
22  Complaint speaks for itself.

23  123.   Target states that the views attributed to the CPSC in paragraph 123 of
24  the Complaint, presumably as referenced in the announcement, speak for
25  themselves.

26  124.   Target states that the CPSC announcement, which contains this
27  statement, speaks for itself.

28

125.    Target admits the allegations of the first sentence of paragraph 125 of the Complaint.  Target states that the CPSC announcement speaks for itself.  Target states that Exhibit F to the Complaint speaks for itself.

126.    Target admits that on August 14, 2007, the CPSC and Mattel announced voluntary recalls of Doggie Day Care™ play sets and Barbie® and Tanner™ play sets.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Target states that Exhibits G and H to the Complaint speak for themselves.

127.    Target admits that on August 14, 2007, the CPSC and Mattel announced a voluntary recall of Batman™ and One Piece™ action figure sets.  The allegations in paragraph 127 of the Complaint regarding other incidents are not directed at Target and do not require a response.  Target states that Exhibit I to the Complaint speaks for itself.

128.    The allegations in paragraph 128 of the Complaint are not directed at Target and do not require a response.

129.    The allegations in paragraph 129 of the Complaint are not directed at Target and do not require a response.

130.    The allegations in paragraph 130 of the Complaint are not directed at Target and do not require a response.

131.    The allegations in paragraph 131 of the Complaint are not directed at Target and do not require a response.

132.    Target states that the article by Consumer Reports referenced in paragraph 132 of the Complaint speaks for itself.

133.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint regarding the results

1  of tests allegedly performed at the direction of the Attorney General of Illinois and,

2  therefore, denies the same.

3      134.   Target states that the December 3, 2007 statement by the Illinois

4  Attorney General referenced in paragraph 134 of the Complaint speaks for itself.

5  The remaining allegations in paragraph 134 of the Complaint are not directed at

6  Target and do not require a response.

7      135.   Target states that the December 14, 2007 statement by the Illinois

8  Attorney General referenced in paragraph 135 of the Complaint speaks for itself.

9      136.   The allegations in paragraph 136 of the Complaint are not directed at

10  Target and do not require a response.

11     137.   The allegations in paragraph 137 of the Complaint are not directed at

12  Target and do not require a response.

13     138.   The allegations in paragraph 138 of the Complaint are not directed at

14  Target and do not require a response.

15     139.   The allegations in paragraph 139 of the Complaint are not directed at

16  Target and do not require a response.

17     140.   The allegations in paragraph 140 of the Complaint are not directed at

18  Target and do not require a response.

19     141.   The allegations in paragraph 141 of the Complaint are not directed at

20  Target and do not require a response.

21     142.   The allegations in paragraph 142 of the Complaint are not directed at

22  Target and do not require a response.

23     143.   The allegations in paragraph 143 of the Complaint are not directed at

24  Target and do not require a response.

25     144.   Target lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations in paragraph 144 of the Complaint and, therefore, denies

27  the same.

28

145.    The allegations in paragraph 145 of the Complaint are not directed at Target and do not require a response.

146.    The allegations in paragraph 146 of the Complaint are not directed at Target and do not require a response.

147.    The allegations in paragraph 147 of the Complaint are not directed at Target and do not require a response.

148.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 148 of the Complaint regarding the view of parents and, therefore, denies the same.  Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Target states that the Center for Disease Control and Prevention ("CDC") statement quoted in paragraph 148 of the Complaint speaks for itself.

149.    Target admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Target states that the CDC recommendation in the last sentence of paragraph 149 speaks for itself.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

150.    Target admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

151.    Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on

- 22 -

1    some humans if ingested in sufficiently large quantities over a sufficient amount of

2    time.  Target denies that blood lead level screening is necessary or appropriate for

3    children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

4    Target states that the CDC Advisory Committee report referenced in paragraph 151

5    of the Complaint speaks for itself.  Target lacks knowledge or information

6    sufficient to form a belief as to the truth of the remaining allegations in paragraph

7    151 of the Complaint in the absence of more information regarding levels and

8    duration of exposure and, therefore, denies the same.

9        152.   Target states that the American Academy of Pediatrics'

10   recommendations in paragraph 152 speak for themselves.  Target lacks knowledge

11   or information sufficient to form a belief as to the truth of the remaining allegations

12   in paragraph 152 of the Complaint in the absence of more information regarding

13   levels and duration of exposure and, therefore, denies the same.

14       153.   Target lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations in paragraph 153 of the Complaint and, therefore, denies

16   the same.  Target denies that blood lead level screening is necessary or appropriate

17   for children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

18       154.   Target states that the Consumer Product Safety Modernization Act of

19   2007 referenced in paragraph 154 of the Complaint speaks for itself.  Target lacks

20   knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations in paragraph 154 of the Complaint and, therefore, denies the same.

22       155.   Target states that the comments by Senators Pryor, Klobuchar and

23   Nelson referenced in paragraph 155 of the Complaint speak for themselves.  Target

24   lacks knowledge or information sufficient to form a belief as to the truth of the

25   remaining allegations in paragraph 155 of the Complaint and, therefore, denies the

26   same.

27       156.   Target states that the "Pryor-Stevens bill" and the Chicago Tribune

28   article referenced in paragraph 156 of the Complaint speak for themselves.  Target

1    lacks knowledge or information sufficient to form a belief as to the truth of the
2    remaining allegations in paragraph 156 of the Complaint and, therefore, denies the
3    same.

4         157.   The allegations in paragraph 157 of the Complaint are not directed at
5    Target and do not require a response.

6         158.   The allegations in paragraph 158 of the Complaint are not directed at
7    Target and do not require a response.

8         159.   Target denies the allegations in the first sentence of paragraph 159 of
9    the Complaint.  The remaining allegations in paragraph 159 of the Complaint are
10   not directed at Target and do not require a response.

11        160.   The allegations in paragraph 160 of the Complaint are not directed at
12   Target and do not require a response.

13        161.   The allegations in paragraph 161 of the Complaint are not directed at
14   Target and do not require a response.

15        162.   The allegations in the first sentence of paragraph 162 of the Complaint
16   are not directed at Target and do not require a response.  Target lacks knowledge or
17   information sufficient to form a belief as to the truth of the allegations in the last
18   sentence of paragraph 162 of the Complaint and, therefore, denies the same.

19        163.   Target states that the article referenced in paragraph 163 and footnote
20   84 of the Complaint speaks for itself.  Target lacks knowledge or information
21   sufficient to form a belief as to the truth of the allegations in the last sentence of
22   paragraph 163 of the Complaint and, therefore, denies the same.

23        164.   Target states that the *New York Times* article referenced in paragraph
24   164 and footnote 85 of the Complaint speaks for itself.  Target lacks knowledge or
25   information sufficient to form a belief as to the truth of the remaining allegations in
26   paragraph 164 of the Complaint and, therefore, denies the same.

27        165.   Target admits that it has approximately 226 stores in California.  The
28   allegations in the first sentence of paragraph 165 of the Complaint are a legal

assertion and do not require a response.  The remaining allegations in paragraph 165 of the Complaint are not directed at Target and do not require a response.

166.    Target acknowledges that Plaintiffs purport to bring this action for themselves and as a putative class action, but denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

167.    Target admits that the class alleged by Plaintiffs would include thousands of people, but denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Target denies the remaining allegations in paragraph 167 of the Complaint.

168.    Target denies the allegations in paragraph 168 of the Complaint, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims in the Complaint.  Target denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

169.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint regarding toys that Plaintiffs or any putative class member may or may not have purchased and, therefore, denies the same.  Target denies the remaining allegations in paragraph 169 of the Complaint.  Target denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

170.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint and, therefore, denies the same.  Target denies that this action may properly be maintained as a class

1    action and denies that any class alleged in the Complaint satisfies the requirements

2    of Federal Rule of Civil Procedure 23.

3        171.   Target denies the allegations in paragraph 171 of the Complaint.

4    Target denies that this action may properly be maintained as a class action and

5    denies that any class alleged in the Complaint satisfies the requirements of Federal

6    Rule of Civil Procedure 23.

7        172.   Target denies the allegations in paragraph 172 of the Complaint.

8    Target denies that this action may properly be maintained as a class action and

9    denies that any class alleged in the Complaint satisfies the requirements of Federal

10   Rule of Civil Procedure 23.

11                          **RESPONSE TO COUNT ONE**

12                        **Breach of Express Warranty**

13                          **(Against All Defendants)**

14       173.   Target incorporates by reference and restates its responses to the

15   preceding paragraphs as if set forth fully herein.

16       174.   The allegations in paragraph 174 of the Complaint contain legal

17   assertions to which no response is required.

18       175.   Target admits that it sold some, but certainly not all, of the toys subject

19   to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

20   and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that

21   it expected the toys would be used by children consistent with the age restrictions

22   noted for each toy.  Target lacks knowledge or information sufficient to form a

23   belief as to the truth of the allegations regarding the packaging of Mattel's and/or

24   Fisher-Price's toys without more information identifying the specific toys and,

25   therefore, denies the same.  Target denies the remaining allegations in paragraph

26   175 of the Complaint.

27       176.   The allegations in paragraph 176 of the Complaint contain legal

28   assertions to which no response is required.

177.    Target denies the allegations in paragraph 177 of the Complaint.

178.    The allegations in paragraph 178 of the Complaint contain legal assertions to which no response is required.

179.    Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  The remaining allegations in paragraph 179 of the Complaint contain legal assertions to which no response is required.

180.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding Plaintiffs' and purported class members' alleged reliance and/or knowledge and, therefore, denies the same. Target denies the remaining allegations in paragraph 180 of the Complaint.

181.    Target denies the allegations in paragraph 181 of the Complaint.

182.    The allegations in paragraph 182 of the Complaint regarding notice requirements contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 182 of the Complaint.

183.    Target denies the allegations in paragraph 183 of the Complaint.

### RESPONSE TO COUNT TWO

**Breach of Implied Warranty**

**(Against All Defendants)**

184.    Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

185.    The allegations in paragraph 185 of the Complaint contain legal assertions to which no response is required.

186.    Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target denies the
remaining allegations in paragraph 186 of the Complaint.

187.   The allegations in paragraph 187 of the Complaint contain legal
assertions to which no response is required.

188.   The allegations in paragraph 188 of the Complaint contain legal
assertions to which no response is required.

189.   Target admits that it sold some, but certainly not all, of the toys subject
to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls
and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target denies the
remaining allegations in paragraph 189 of the Complaint.

190.   The allegations in paragraph 190 of the Complaint contain legal
assertions to which no response is required.

191.   Target denies the allegations in paragraph 191 of the Complaint.

192.   Target admits that it sold some, but certainly not all, of the toys subject
to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls
and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that
it expected the toys would be used by children consistent with the age restrictions
noted for each toy.  Target denies the remaining allegations in paragraph 192 of the
Complaint.

193.   The allegations in paragraph 193 of the Complaint are not directed at
Target and do not require a response.

194.   Target admits that it sold some, but certainly not all, of the toys subject
to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls
and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that
it expected the toys would be used by children consistent with the age restrictions
noted for each toy.  Target denies the remaining allegations in paragraph 194 of the
Complaint.

195.   Target denies the allegations in paragraph 195 of the Complaint.

196.   The allegations in paragraph 196 of the Complaint regarding notice requirements contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 196 of the Complaint.

197.   Target denies the allegations in paragraph 197 of the Complaint.

## RESPONSE TO COUNT THREE

### Negligence – Design, Manufacturing Defect and Failure to Warn

### (Against All Defendants)

198.   Target incorporates by reference and restates their responses to the preceding paragraphs as if set forth fully herein.

199.   Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents.  Target denies the remaining allegations in paragraph 199 of the Complaint.

200.   Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recalls contained lead that exceeded applicable standards.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Target also admits that, to its knowledge, Mattel and/or Fisher-Price stated that  tests of the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Target denies the remaining allegations in paragraph 200 of the Complaint.

201.   The allegations in paragraph 201 of the Complaint contain legal assertions to which no response is required.

202.   Target denies the allegations in paragraph 202 of the Complaint.

203.   Target denies the allegations in paragraph 203 of the Complaint.

204.   Target denies the allegations in paragraph 204 of the Complaint.

205.   Target denies the allegations in paragraph 205 of the Complaint.

206.   Target denies the allegations in paragraph 206 of the Complaint.

207.   The allegations in the first clause of paragraph 207 of the Complaint contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 207 of the Complaint.

## RESPONSE TO COUNT FOUR

**Strict Liability – Design Defect/Manufacturing Defect and Failure to Warn**

**(Against All Defendants)**

208.   Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

209.   Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents.  Target denies the remaining allegations in paragraph 209 of the Complaint.

210.   Target denies the allegations in paragraph 210 of the Complaint.

211.   Target denies the allegations in paragraph 211 of the Complaint.

212.   Target denies the allegations in paragraph 212 of the Complaint.

213.   Target admits that the Mattel and/or Fisher-Price toys were expected to reach customers without substantial change in the toys' condition, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 213 of the Complaint and, therefore, denies the same.

214.   Target denies the allegations in paragraph 214 of the Complaint.

215.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 regarding what Plaintiffs or any

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1  putative class member would or would not do and, therefore, denies the same.

2  Target denies the remaining allegations of paragraph 215 of the Complaint.

3    216.  Target denies the allegations in paragraph 216 of the Complaint.

4    217.  The allegations in the first clause of paragraph 217 of the Complaint

5  contain legal assertions to which no response is required.  Target denies the

6  remaining allegations in paragraph 217 of the Compliant.

7  ## RESPONSE TO COUNT FIVE

8  **Violation of the Consumer Product Safety Act and Rules**

9  **(Against All Defendants)**

10    218.  Target incorporates by reference and restates its responses to the

11  preceding paragraphs as if set forth fully herein.

12    219.  The allegations in paragraph 219 of the Complaint contain legal

13  assertions to which no response is required.

14    220.  The allegations in paragraph 220 of the Complaint contain legal

15  assertions to which no response is required.

16    221.  The allegations in paragraph 221 of the Complaint contain legal

17  assertions to which no response is required.

18    222.  Target states that the Court granted Defendants' motion to dismiss

19  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

20  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Target denies the remaining

21  allegations in paragraph 222 of the Complaint.

22    223.  Target states that the Court granted Defendants' motion to dismiss

23  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

24  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Target denies the remaining

25  allegations in paragraph 223 of the Complaint.

26    224.  Target states that the Court granted Defendants' motion to dismiss

27  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

28  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Target lacks knowledge or

1  information sufficient to form a belief as to the truth of the remaining allegations in

2  paragraph 224 regarding Plaintiffs' and purported class members' alleged reliance

3  and, therefore, denies the same.

4      225.   Target states that the Court granted Defendants' motion to dismiss

5  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

6  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Target lacks knowledge or

7  information sufficient to form a belief as to the truth of the allegations in paragraph

8  225 regarding what Plaintiffs or any putative class member would or would not do

9  and, therefore, denies the same.  Target denies the remaining allegations in

10  paragraph 225 of the Complaint.

11      226.   Target states that the Court granted Defendants' motion to dismiss

12  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

13  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Target denies the remaining

14  allegations in paragraph 226 of the Complaint.  Target denies that Plaintiffs or any

15  putative class member are entitled to any of the relief sought.

16              **RESPONSE TO COUNT SIX**

17         **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

18              **(Against the Manufacturer Defendants)**

19      227.   Target incorporates by reference and restates its responses to the

20  preceding paragraphs as if set forth fully herein.

21      228.   The allegations in paragraph 228 of the Complaint are not directed at

22  Target and do not require a response.

23      229.   The allegations in paragraph 229 of the Complaint are not directed at

24  Target and do not require a response.

25      230.   The allegations in paragraph 230 of the Complaint are not directed at

26  Target and do not require a response.

27      231.   The allegations in paragraph 231 of the Complaint are not directed at

28  Target and do not require a response.

1    232.    The allegations in paragraph 232 of the Complaint are not directed at

2    Target and do not require a response.

3    233.    The allegations in paragraph 233 of the Complaint are not directed at

4    Target and do not require a response.

5    234.    The allegations in paragraph 234 of the Complaint are not directed at

6    Target and do not require a response.

7    235.    The allegations in paragraph 235 of the Complaint are not directed at

8    Target and do not require a response.

9    236.    The allegations in paragraph 236 of the Complaint are not directed at

10    Target and do not require a response.

11    237.    The allegations in paragraph 237 of the Complaint are not directed at

12    Target and do not require a response.

13    238.    The allegations in paragraph 238 of the Complaint are not directed at

14    Target and do not require a response.

15    239.    The allegations in paragraph 239 of the Complaint are not directed at

16    Target and do not require a response.

17    240.    The allegations in paragraph 240 of the Complaint are not directed at

18    Target and do not require a response.

19    ## **<u>RESPONSE TO COUNT SEVEN</u>**

20    **Violation of Cal. Bus. & Prof. Code § 17200,** *et seq.*

21    **(On Behalf of California Resident Plaintiffs**

22    **Against the Retailer Defendants)**

23    241.    Target incorporates by reference and restates its responses to the

24    preceding paragraphs as if set forth fully herein.

25    242.    The allegations in the first sentence of paragraph 242 of the Complaint

26    contain legal assertions to which no response is required.  Target denies the

27    remaining allegations in paragraph 242 of the Complaint.

28

243.   The allegations in the first sentence of paragraph 243 of the Complaint contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 243 of the Complaint.

244.   Target denies the allegations in paragraph 244 of the Complaint.

245.   Target denies the allegations in paragraph 245 of the Complaint.

246.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Target denies the remaining allegations in paragraph 246 of the Complaint.

247.   The allegations in the first sentence of paragraph 247 of the Complaint contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 247 of the Complaint.

248.   The allegations in the first sentence of paragraph 248 of the Complaint contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 248 of the Complaint.

249.   Target denies the allegations in paragraph 249 of the Complaint.

250.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Target denies the remaining allegations in paragraph 250 of the Complaint.

251.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same. Target denies the remaining allegations in paragraph 251 of the Complaint.

252.   Target denies the allegations in paragraph 252 of the Complaint.

253.   Target denies the allegations in paragraph 253 of the Complaint. Target denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

254.    Target acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought. Target denies the remaining allegations in paragraph 254 of the Complaint.

**RESPONSE TO COUNT EIGHT**

**Violation of Cal. Civ. Code § 1750, *et seq.***

**(Against the Manufacturer Defendants)**

255.    Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

256.    The allegations in paragraph 256 of the Complaint are not directed at Target and do not require a response.

257.    The allegations in paragraph 257 of the Complaint are not directed at Target and do not require a response.

258.    The allegations in paragraph 258 of the Complaint are not directed at Target and do not require a response.

259.    The allegations in paragraph 259 of the Complaint are not directed at Target and do not require a response.

260.    The allegations in paragraph 260 of the Complaint are not directed at Target and do not require a response.

261.    The allegations in paragraph 261 of the Complaint are not directed at Target and do not require a response.

262.    The allegations in paragraph 262 of the Complaint are not directed at Target and do not require a response.

263.    The allegations in paragraph 263 of the Complaint are not directed at Target and do not require a response.

264.    The allegations in paragraph 264 of the Complaint are not directed at Target and do not require a response.

## **RESPONSE TO COUNT NINE**

### **Violation of Cal. Civ. Code § 1750, *et seq*.**

### **(On Behalf of California Resident Plaintiffs**

### **Against the Retailer Defendants)**

265.    Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

266.    The allegations in the paragraph 266 of the Complaint contain legal assertions to which no response is required.

267.    Target denies the allegations in paragraph 267 of the Complaint.

268.    Target denies the allegations in paragraph 268 of the Complaint.

269.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Target denies the remaining allegations in paragraph 269 of the Complaint.

270.    Target denies the allegations in paragraph 270 of the Complaint.

271.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same. Target denies the remaining allegations in paragraph 271 of the Complaint.

272.    Target denies the allegations in paragraph 272 of the Complaint.

273.    Target denies the allegations in paragraph 273 of the Complaint.

274.    Target denies the allegations in paragraph 274 of the Complaint. Target denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

275.    Target acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought. Target denies the remaining allegations in paragraph 275 of the Complaint.

1

**RESPONSE TO COUNT TEN**

2

**Violation of Cal. Civ. Code §§ 1792 & 1791.1(a)**

3

**(On Behalf of California Purchasers**

4

**Against All Defendants)**

5      276.   Target incorporates by reference and restates its responses to the

6  preceding paragraphs as if set forth fully herein.

7      277.   The allegations in paragraph 277 of the Complaint contain legal

8  assertions to which no response is required.

9      278.   The allegations in paragraph 278 of the Complaint contain legal

10  assertions to which no response is required.

11      279.   The allegations in paragraph 279 of the Complaint contain legal

12  assertions to which no response is required.

13      280.   The allegations in paragraph 280 of the Complaint contain legal

14  assertions to which no response is required.

15      281.   The allegations in paragraph 281 of the Complaint contain legal

16  assertions to which no response is required.

17      282.   Target denies the allegations in paragraph 282 of the Complaint.

18      283.   Target denies the allegations in paragraph 283 of the Complaint.

19      284.   Target denies the allegations in paragraph 284 of the Complaint.

20  Target denies that Plaintiffs or any putative class member are entitled to any of the

21  relief sought.

22

**RESPONSE TO COUNT ELEVEN**

23

**Violation of Cal. Civ. Code §§ 1792.1 & 1791.1(B)**

24

**(On Behalf of California Purchasers**

25

**Against the Manufacturer Defendants)**

26      285.   Target incorporates by reference and restates its responses to the

27  preceding paragraphs as if set forth fully herein.

28

1    286.    The allegations in paragraph 286 of the Complaint are not directed at

2    Target and do not require a response.

3    287.    The allegations in paragraph 287 of the Complaint are not directed at

4    Target and do not require a response.

5    288.    The allegations in paragraph 288 of the Complaint are not directed at

6    Target and do not require a response.

7    289.    The allegations in paragraph 289 of the Complaint are not directed at

8    Target and do not require a response.

9    290.    The allegations in paragraph 290 of the Complaint are not directed at

10   Target and do not require a response.

11                              **RESPONSE TO COUNT TWELVE**

12                    **Violation of Cal. Civ. Code §§ 1792.2 & 1791.1(b)**

13                        **(On Behalf of California Purchasers**

14                        **Against the Retailer Defendants)**

15   291.    Target incorporates by reference and restates its responses to the

16   preceding paragraphs as if set forth fully herein.

17   292.    The allegations in paragraph 292 of the Complaint contain legal

18   assertions to which no response is required.

19   293.    Target admits that it expected the toys would be used by children

20   consistent with the age restrictions noted for each toy.  Target lacks knowledge or

21   information sufficient to form a belief as to the truth of the allegations in paragraph

22   293 regarding Plaintiffs' and purported class members' alleged reliance and,

23   therefore, denies the same.  Target denies the remaining allegations in paragraph

24   293 of the Complaint.

25   294.    Target denies the allegations in paragraph 294 of the Complaint.

26   295.    Target denies the allegations in paragraph 295 of the Complaint.

27

28

1    296.  Target denies the allegations in paragraph 296 of the Complaint.

2  Target denies that Plaintiffs or any putative class member are entitled to any of the

3  relief sought.

4                    **RESPONSE TO COUNT THIRTEEN**

5                              **Unjust Enrichment**

6    297.  Target incorporates by reference and restates its responses to the

7  preceding paragraphs as if set forth fully herein.

8    298.  Target admits that it sold some, but certainly not all, of the toys subject

9  to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

10  and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that,

11  to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of

12  the recalls was that testing indicated that the paint on some part of certain of the

13  toys that were subject to the recalls contained lead that exceeded applicable

14  standards.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have

15  stated that a reason for the recall involving magnets was that, while the toys met

16  applicable standards when originally sold, Mattel had adopted a new design

17  standard for securing magnets in toys and retroactively applied that design.  Target

18  admits that, to its knowledge, Mattel and/or Fisher-Price have stated that tests of the

19  Cuffs revealed levels of lead that, though fully compliant with all federal and

20  international standards, were higher than anticipated and were noncompliant with

21  an Illinois statute.  Target denies the remaining allegations in paragraph 298 of the

22  Complaint.

23    299.  Target admits that it receives a benefit from the sale of the Mattel and

24  Fisher-Price toys.  Target denies the remaining allegations in paragraph 299 of the

25  Complaint.  Target denies that Plaintiffs or any putative class member are entitled

26  to any of the relief sought.

27

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

**RESPONSE TO PRAYER FOR RELIEF**

Target denies that Plaintiffs or any putative class member are entitled to any of the relief sought in the WHEREFORE clause on page 82 of the Complaint. Target denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

FOR THEIR DEFENSES TO THE COMPLAINT, TARGET STATES AS FOLLOWS:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to States a Cause of Action)**

300.    The Complaint fails, in whole or in part, to states a cause of action upon which relief may be granted against Target and further fails to states facts sufficient to entitle Plaintiffs to any relief whatsoever from Target.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

301.    Plaintiffs lack standing to assert some or all of the claims in the Complaint and lack standing to represent putative class members in the class they allege.

**THIRD AFFIRMATIVE DEFENSE**

**(Claims Preemption)**

302.    Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and actions of the Consumer Product Safety Commission in connection with the recalls.

**FOURTH AFFIRMATIVE DEFENSE**

**(Conduct Not "Unlawful")**

303.    Some or all of the claims in the Complaint are barred in whole or in part because Target's conduct was not unlawful.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

### (Conduct Not "Unfair")

304.   Some or all of the claims in the Complaint are barred in whole or in part because Target's conduct was not unfair.

## SIXTH AFFIRMATIVE DEFENSE

### (Conduct Not "Misleading")

305.   Some or all of the claims in the Complaint are barred in whole or in part because Target's conduct was not misleading.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

306.   Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prohibition Against Excessive Penalties)

307.   Some or all of Plaintiffs' claims are barred to the extent Plaintiffs seek to impose penalties that violate the California Constitution's prohibition against excessive penalties and/or similar provisions in other states' constitutions.

## NINTH AFFIRMATIVE DEFENSE

### (Excessive Fines Clause of the Eighth Amendment to the United States Constitution)

308.   Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

1

**TENTH AFFIRMATIVE DEFENSE**

2

**(Due Process Clause of the Fourteenth Amendment to the**

3

**United States Constitution)**

4

309.   Some or all of the claims in the Complaint are barred to the extent

5

Plaintiffs seek damages or punitive damages that violate the Due Process Clause of

6

the Fourteenth Amendment to the United States Constitution.

7

**ELEVENTH AFFIRMATIVE DEFENSE**

8

**(Safe Harbor)**

9

310.   Some or all of the claims in the Complaint are barred in whole or in

10

part to the extent they seek to impose liability based on conduct that is otherwise

11

protected by statute.

12

**TWELFTH AFFIRMATIVE DEFENSE**

13

**(Discharge of Obligations)**

14

311.   Some or all of the claims in the Complaint are barred in whole or in

15

part because Target has complied with and fully performed any and all past and

16

current obligations imposed on it by law, contract, or equity, and all past and

17

current obligations owed to Plaintiffs have been satisfied, released or otherwise

18

discharged.

19

**THIRTEENTH AFFIRMATIVE DEFENSE**

20

**(Disclaimer of Warranties)**

21

312.   Some or all of the claims in the Complaint are barred in whole or in

22

part because there was a disclaimer of any express or implied warranties, if any.

23

**FOURTEENTH AFFIRMATIVE DEFENSE**

24

**(Superseding Cause)**

25

313.   Some or all of the claims in the Complaint are barred in whole or in

26

part because any harm to Plaintiffs was caused not by Target's actions, but by a

27

superseding cause.

28

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

314.   Some or all of the claims in the Complaint are barred in whole or in part because the alleged conduct of Target was not unfair and was undertaken in good faith for a valid business purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

315.   Some or all of the claims in the Complaint are barred in whole or in part because some or all of the Plaintiffs are not in privity with Target.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Punitive Damages)

316.   The Complaint is devoid of facts sufficient to constitute a cause of action against Target for punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

317.   The Plaintiffs' request for injunctive relief is barred because Plaintiffs have an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence)

318.   Any injury sustained by Plaintiffs may have been caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due care, and therefore Plaintiffs are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Direct Injury)

319.   The Complaint fails to state a cause of action because Plaintiffs suffered no direct harm as a result of the alleged acts.

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

**(Lack of Requisite Particularity)**

3       320.    Some or all of the claims in the Complaint are barred in whole or in

4  part because they are not plead with the requisite particularity.

5

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

6

**(No Valid Class)**

7       321.    Plaintiffs' claims fail in whole or in part to meet the procedural or

8  factual requirements necessary to certify or maintain a class action.

9

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

10

**(Violation of Due Process)**

11      322.    Some or all of the relief Plaintiffs request may result in multiple

12  recoveries, thereby violating Target's due process rights under the United States

13  and/or California Constitutions.

14

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15

**(Lack of Statutory Claim)**

16      323.    To the extent Plaintiffs seek to assert claims under California law on

17  behalf of a nationwide class, some or all of the putative class members outside

18  California lack standing to assert such claims.

19

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20

**(Lack of Actionable Representations)**

21      324.    Some or all of Plaintiffs' claims fail because they are not based on

22  actionable representations by Target.

23

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24

**(Responsive Actions Taken Barring Claims for Damages)**

25      325.    Any claim for damages is barred because Target has taken reasonable

26  steps to inform consumers of the recalls and taken appropriate responsive action.

27

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1

2

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Intentional Action)

3    326.    Any claim for damages is barred because Target's actions were not

4  intentional, but resulted from bona fide errors despite reasonable procedures in

5  place.

6

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (Failure to Provide Sufficient Notice)

8    327.    Any claim for damages under state consumer protection laws is barred

9  because Plaintiffs failed to provide sufficient and/or adequate notice as required.

10

## TWENTY-NINTH AFFIRMATIVE DEFENSE

11

### (Requirements of Applicable Law)

12    328.    Plaintiffs are not entitled to recover punitive or exemplary damages

13  because the requirements of applicable law regarding such damages are not met by

14  the facts set forth in the Complaint.

15

## THIRTIETH AFFIRMATIVE DEFENSE

16

### (Ratification)

17    329.    Plaintiffs' claims are barred, in whole or part, by ratification.

18

## THIRTY-FIRST AFFIRMATIVE DEFENSE

19

### (Waiver)

20    330.    Plaintiffs' claims are barred, in whole or part, by waiver.

21

## THIRTY-SECOND AFFIRMATIVE DEFENSE

22

### (No Claim for Medical Monitoring)

23    331.    The claims in the Complaint seeking to assert a medical monitoring

24  claim or remedy are barred because the facts pled in the Complaint do not satisfy

25  the requirements for medical monitoring to the extent such a claim or remedy has

26  been recognized in this jurisdiction.

27

28

1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

2

### (Right to Assert Additional Defenses)

3          332.   Target intends to rely on any additional affirmative defenses that

4    become available or apparent through discovery and the factual development of this

5    case or otherwise, and, thus, reserves the right to amend its Answer to assert such

6    additional defenses.

7

## DEMAND FOR A JURY TRIAL

8          Target demands a trial by jury of all claims triable by a jury.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                      Respectfully submitted,

2    Dated: December 19, 2008         JONES DAY

3

4                       By:    /s Mark R. Hall

5                             Elwood Lui (SBN 45538)

6                             Rick L. Shackelford (SBN 151262)
                                555 South Flower Street, 50th Floor

7                             Los Angeles, CA 90071
                            Telephone:  (213) 243-2435

8                             Facsimile:   (213) 243-2539

9                             Thomas E. Fennell
                            Michael L. Rice

10                           Mark R. Hall
                            JONES DAY

11                           2727 N. Harwood St.
                          Dallas, TX 75201

12                           Telephone:  (214) 220-3939
                          Facsimile:   (214) 969-5100

13                           Hugh Whiting
                          JONES DAY

14                           717 Texas, Suite 3300
                          Houston, TX  77002

15                           Telephone:  (832) 239-3939
                          Facsimile:   (832) 239-3600

16

17                           Attorneys for Defendants
                          MATTEL, INC., FISHER-PRICE, INC.,

18                           TARGET CORPORATION, TOYS "R"
                          US, INC., KB TOYS, INC., AND KMART

19                           CORPORATION

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on December 19, 2008, I electronically filed the

3 foregoing with the Clerk of the Court using the CM/ECF system which will send

4 notification of such filing to the e-mail addresses denoted on the attached Electronic

5 Mail Notice List, and I hereby certify that I have mailed the foregoing document or

6 paper via the United States Postal Service to the non-CM/ECF participants

7 indicated on the attached Manual Notice List.

8   I certify under penalty of perjury under the laws of the United States of

9 America that the foregoing is true and correct.  Executed on December 19, 2008.

10

11            s/ Rick L. Shackelford
            Rick L. Shackelford

12

13            JONES DAY
            555 S. Flower St., 50th Flr.

14            Los Angeles, CA  90071
            Telephone:  213/489-3939

15            Facsimile:  213/243-2539

16

17            E-mail:  rlshackelford@jonesday.com

18 DLI-6226637v1

19

20

21

22

23

24

25

26

27

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER