Elwood Lui (SBN 45538)
elui@jonesday.com
Rick L. Shackelford (SBN 151262)
rlshackelford@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 243-2435
Facsimile:    (213) 243-2539

Thomas E. Fennell (pro hac vice)          Hugh Whiting (pro hac vice)
tefennell@jonesday.com                    hrwhiting@jonesday.com
Michael L. Rice (pro hac vice)            JONES DAY
mlrice@jonesday.coJONES DAY               717 Texas, Suite 3300
2727 N. Harwood St.                       Houston, TX  77002
Dallas, TX 75201                          Telephone:  (832) 239-3939
Telephone:  (214) 220-3939                Facsimile:   (832) 239-3600
Facsimile:   (214) 969-5100

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | No. 07-ml-08197-DSF-AJWx<br><br>The Honorable Dale S. Fischer<br><br>**ANSWER OF DEFENDANT KMART CORPORATION TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT** |

Defendant Kmart Corporation ("Kmart") hereby files its answer in response to Plaintiffs' Second Consolidated Amended Complaint (the "Complaint").

## RESPONSE TO ALLEGATIONS

The Complaint throughout contains numerous allegations regarding "Kmart" without any identification of specific acts of purported wrongdoing by Kmart. These collective allegations throughout the Complaint are a fatally defective attempt by Plaintiffs to disguise their lack of knowledge of any specific wrongdoing

by Kmart in a web of undifferentiated aggregate claims. Kmart denies that it has committed any wrongdoing. For its responses to the specific allegations of the Complaint, Kmart incorporates the foregoing statement in each paragraph below as applicable and further states:

In response to the opening paragraph of the Complaint, Kmart admits that Plaintiffs purport to bring this action for themselves and as a putative class action, but denies that this action may properly be maintained as a class action and denies that any such class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23. Kmart further denies that Plaintiffs or any putative class members are entitled to any of the relief requested in the opening paragraph of the Complaint. Kmart denies the remaining allegations in the opening paragraph of the Complaint.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS
## IN NUMBERED PARAGRAPHS 1 THROUGH 172

1.      The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required.

2.      The allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required.

3.      Kmart admits that it sold some, but certainly not all, of the Mattel and/or Fisher-Price toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood pressure cuffs, which reflected age restrictions for each product. Kmart denies the remaining allegations in paragraph 3 of the Complaint.

4.      Kmart denies the allegations in paragraph 4 of the Complaint.

5.      Kmart admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time. Kmart admits that, to its knowledge, defendant Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint

on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Kmart denies the remaining allegations in paragraph 5 of the Complaint.

6.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint regarding what "parents" may or may not have done and, therefore, denies the same. Kmart admits that on August 14, 2007, Mattel and/or Fisher-Price announced the voluntary recall of certain toys that were reportedly manufactured in China during specified periods of time. Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Kmart admits that the voluntary recall announced by Mattel and/or Fisher-Price on August 14, 2007 included Mattel toys with small magnets. Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design. Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and, therefore, denies the same.

7.    Kmart admits that it sold some, but certainly not all, of the Mattel and/or Fisher-Price toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood pressure cuffs. Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained

1  lead that exceeded applicable standards. Kmart admits Mattel and/or Fisher-Price

2  have also stated that a reason for the recall involving magnets was that, while the

3  toys met applicable standards when originally sold, Mattel had adopted a new

4  design standard for securing magnets in toys and retroactively applied that design.

5  Kmart also admits that Mattel and/or Fisher Price have stated that tests on blood

6  pressure cuffs that were part of certain Fisher-Price and Sesame Street medical kits

7  (the "Cuffs") revealed levels of lead that, though fully compliant with all federal

8  and international standards, were higher than anticipated and were noncompliant

9  with an Illinois statute. Kmart lacks knowledge or information sufficient to form a

10  belief as to the truth of the remaining allegations in paragraph 7 of the Complaint

11  and, therefore, denies the same.

12    8.    Kmart denies the allegations in paragraph 8 of the Complaint.

13    9.    Kmart denies the allegations in paragraph 9 of the Complaint.

14    10.    Kmart admits that the toys subject to the voluntary recalls and the

15  2007 product replacements for toy blood pressure cuffs were expected to be used by

16  children consistent with the age restrictions noted for each product. Kmart admits

17  that some children may put toys or portions of toys in their mouths on occasion,

18  although the frequency and extent of which will vary from child to child. Kmart

19  denies the remaining allegations in paragraph 10 of the Complaint.

20    11.    Kmart denies the allegations in paragraph 11 of the Complaint.

21    12.    Kmart admits it sold some, but certainly not all of the toys Mattel

22  and/or Fisher-Price recalled on August 2, August 14, September 4, and October 25,

23  2007. Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated

24  that a reason for the recalls was that testing indicated that the paint on some part of

25  certain of the toys that were subject to the recall contained lead that exceeded

26  applicable standards. Kmart denies the allegation in the first sentence of paragraph

27  12 of the Complaint that it failed to put adequate controls in place. Kmart lacks

28

1  knowledge or information sufficient to form a belief as to the truth of the remaining

2  allegations in paragraph 12 of the Complaint.

3        13.    Kmart admits that on August 14, 2007, Mattel announced voluntary

4  recalls of Polly Pocket!™ play sets, Doggie Day Care™ play sets, Barbie® and

5  Tanner™ play sets, and Batman™ and One Piece™ action figure sets.  Kmart

6  admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason

7  for the recall was that, while the toys met applicable standards when originally sold,

8  Mattel had adopted a new design standard for securing magnets in toys and

9  retroactively applied that design.  Kmart admits that Mattel stated that the recall of

10  Polly Pocket!™ play sets was an expansion of the voluntary recall of Polly

11  Pocket!™ play sets announced by the CPSC and Mattel on November 21, 2006.

12  Kmart denies the remaining allegations in paragraph 13 of the Complaint.

13        14.    Kmart admits that Mattel and/or Fisher-Price have stated that tests on

14  the Cuffs revealed levels of lead that, though fully compliant with all federal and

15  international standards, were higher than anticipated and were noncompliant with

16  an Illinois statute.  Kmart lacks knowledge or information sufficient to form a belief

17  as to the truth of the remaining allegations in paragraph 14 of the Complaint and,

18  therefore, denies the same.

19        15.    Kmart admits that lead, like many substances not intended for

20  ingestion, has been recognized as having the potential to cause adverse effects on

21  some humans if ingested in sufficiently large quantities over a sufficient amount of

22  time.  Kmart admits that it is aware that the CPSC has indicated that if magnets are

23  of a certain type and come loose, and more than one such magnet is swallowed by a

24  child, under certain circumstances, intestinal injuries, including intestinal

25  perforation or blockage, might occur.  Kmart lacks knowledge or information

26  sufficient to form a belief as to the truth of the remaining allegations regarding

27  "exposure to lead and hazardous magnets" in paragraph 15 of the Complaint in the

28  absence of more information regarding levels, circumstances, and duration of

1   exposure and, therefore, denies the same.  Kmart denies the remaining allegations

2   in paragraph 15 of the Complaint.

3       16.    Kmart denies the allegations in paragraph 16 of the Complaint that the

4   referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks

5   knowledge or information sufficient to form a belief as to the truth of the remaining

6   allegations in paragraph 16 of the Complaint and, therefore, denies the same.

7       17.    Kmart denies the allegations in paragraph 17 of the Complaint that

8   Plaintiff or Plaintiff's parents and natural guardians have been injured.  Kmart lacks

9   knowledge or information sufficient to form a belief as to the truth of the remaining

10  allegations in paragraph 17 of the Complaint and, therefore, denies the same.

11      18.    Kmart denies the allegations in paragraph 18 of the Complaint that the

12  referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks

13  knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations in paragraph 18 of the Complaint and, therefore, denies the same.

15      19.    Kmart denies the allegations in paragraph 19 of the Complaint that the

16  referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

17  knowledge or information sufficient to form a belief as to the truth of the remaining

18  allegations in paragraph 19 of the Complaint and, therefore, denies the same.

19      20.    Kmart denies the allegations in paragraph 20 of the Complaint that the

20  referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks

21  knowledge or information sufficient to form a belief as to the truth of the remaining

22  allegations in paragraph 20 of the Complaint and, therefore, denies the same.

23      21.    Kmart denies the allegations in paragraph 21 of the Complaint that the

24  referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

25  knowledge or information sufficient to form a belief as to the truth of the remaining

26  allegations in paragraph 21 of the Complaint and, therefore, denies the same.

27      22.    Kmart denies the allegations in paragraph 22 of the Complaint that the

28  referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

1   knowledge or information sufficient to form a belief as to the truth of the remaining

2   allegations in paragraph 22 of the Complaint and, therefore, denies the same.

3          23.     Kmart denies the allegations in paragraph 23 of the Complaint that

4   Plaintiff or Plaintiff's parents and natural guardians have been injured.  Kmart lacks

5   knowledge or information sufficient to form a belief as to the truth of the remaining

6   allegations in paragraph 23 of the Complaint and, therefore, denies the same.

7          24.     Kmart denies the allegations in paragraph 24 of the Complaint that the

8   referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks

9   knowledge or information sufficient to form a belief as to the truth of the remaining

10  allegations in paragraph 24 of the Complaint and, therefore, denies the same.

11         25.     Kmart denies the allegations in paragraph 25 of the Complaint that the

12  referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

13  knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations in paragraph 25 of the Complaint and, therefore, denies the same.

15         26.     Kmart denies the allegations in paragraph 26 of the Complaint that the

16  referenced toys were hazardous and that Plaintiff or Plaintiff's parents or natural

17  guardians have been injured.  Kmart lacks knowledge or information sufficient to

18  form a belief as to the truth of the remaining allegations in paragraph 26 of the

19  Complaint and, therefore, denies the same.

20         27.     Kmart denies the allegations in paragraph 27 of the Complaint that the

21  referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

22  knowledge or information sufficient to form a belief as to the truth of the remaining

23  allegations in paragraph 27 of the Complaint and, therefore, denies the same.

24         28.     Kmart denies the allegations in paragraph 28 of the Complaint that the

25  referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

26  knowledge or information sufficient to form a belief as to the truth of the remaining

27  allegations in paragraph 28 of the Complaint and, therefore, denies the same.

28

29.     Kmart denies the allegations in paragraph 29 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and, therefore, denies the same.

30.     Kmart denies the allegations in paragraph 30 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and, therefore, denies the same.

31.     Kmart denies the allegations in paragraph 31 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and, therefore, denies the same.

32.     Kmart denies the allegations in paragraph 32 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and, therefore, denies the same.

33.     Kmart denies the allegations in paragraph 33 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and, therefore, denies the same.

34.     Kmart denies the allegations in paragraph 34 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and, therefore, denies the same.

35.     The allegations in paragraph 35 of the Complaint are not directed at Kmart and do not require a response.

36.     The allegations in paragraph 36 of the Complaint are not directed at Kmart and do not require a response.

37.     The allegations in paragraph 37 of the Complaint are not directed at Kmart and do not require a response.

38.     The allegations in paragraph 38 of the Complaint are not directed at Kmart and do not require a response.

39.     The allegations in paragraph 39 of the Complaint are not directed at Kmart and do not require a response.

40.     The allegations in paragraph 40 of the Complaint are not directed at Kmart and do not require a response.

41.     Kmart admits that Kmart and Sears, Roebuck merged in 2005 and both companies now are subsidiaries of Sears Holdings Corporation.  Kmart admits the allegations in the second and third sentences of paragraph 41 of the Complaint. Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and/or October 25, 2007 recalls and the 2007 product replacements for the Cuffs.

42.     The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

43.     The allegations in paragraph 43 of the Complaint are legal conclusions to which no response is required.

44.     The allegations in paragraph 44 of the Complaint are legal conclusions to which no response is required.

45.     Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

46.     Kmart states that the statements by the National Safety Council quoted in paragraph 46 of the Complaint speak for themselves.  Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

47.     To the extent the allegations in paragraph 47 of the Complaint refer to testimony excerpts by Dr. Best, those excerpts speak for themselves.  Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

48.     To the extent that the allegations in paragraph 48 of the Complaint refer to the articles cited in footnote 9 to paragraph 48 of the Complaint, those articles speak for themselves.  Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

49.     Kmart admits that children may be exposed to lead through multiple sources.  Kmart admits that children may engage in hand-to-mouth activity,

1    although the extent and frequency of such activity will vary from child to child and

2    by age. Kmart lacks information sufficient to form a belief as to the truth of the

3    remaining allegations in paragraph 49 of the Complaint and, therefore, denies the

4    same.

5        50.    Kmart admits that it sold some, but certainly not all, of the toys that

6    were subject to the November 21, 2006 and August 14, 2007 voluntary recalls

7    involving magnets. Kmart admits that it is aware that the CPSC has indicated that

8    if magnets are of a certain type and come loose, and more than one such magnet is

9    swallowed by a child, under certain circumstances, intestinal injuries, including

10    intestinal perforation or blockage, might occur. Kmart states that the letter by Dr.

11    Oestreich quoted in paragraph 50 of the Complaint speaks for itself. Kmart lacks

12    knowledge or information sufficient to form a belief as to the truth of the

13    allegations in paragraph 50 of the Complaint that refer to the knowledge of the

14    CPSC and, therefore, denies the same. Kmart denies the remaining allegations in

15    paragraph 50 of the Complaint.

16        51.    Kmart states that the CPSC press release referred to in paragraph 51 of

17    the Complaint and footnote 13 speaks for itself. Kmart lacks information sufficient

18    to form a belief as to the truth of the remaining allegations in paragraph 51 of the

19    Complaint and, therefore, denies the same.

20        52.    Kmart states that the April 19, 2007 CPSC press release cited and

21    quoted in paragraph 52 of the Complaint speaks for itself.

22        53.    The allegations in paragraph 53 of the Complaint are not directed at

23    Kmart and do not require a response.

24        54.    The allegations in paragraph 54 of the Complaint are not directed at

25    Kmart and do not require a response.

26        55.    The allegations in paragraph 55 of the Complaint are not directed at

27    Kmart and do not require a response.

28

1    56.    The allegations in paragraph 56 of the Complaint are not directed at
2    Kmart and do not require a response.

3    57.    The allegations in paragraph 57 of the Complaint are not directed at
4    Kmart and do not require a response.

5    58.    The allegations in paragraph 58 of the Complaint are not directed at
6    Kmart and do not require a response.

7    59.    The allegations in paragraph 59 of the Complaint are not directed at
8    Kmart and do not require a response.

9    60.    The allegations in paragraph 60 of the Complaint are not directed at
10    Kmart and do not require a response.

11    61.    The allegations in paragraph 61 of the Complaint are not directed at
12    Kmart and do not require a response.

13    62.    The allegations in paragraph 62 of the Complaint are not directed at
14    Kmart and do not require a response.

15    63.    Kmart lacks knowledge or information sufficient to form a belief as to
16    the truth of the allegations in paragraph 63 of the Complaint regarding what
17    Plaintiffs and purported class members may or may not have done and, therefore,
18    denies the same.  Kmart denies the remaining allegations in paragraph 63 of the
19    Complaint.

20    64.    Kmart states that the ASTM standard cited in paragraph 64 and
21    footnotes 25 and 26 of the Complaint speaks for itself.  Kmart lacks knowledge or
22    information sufficient to form a belief as to the truth of the allegations in paragraph
23    64 regarding Plaintiffs' and purported class members' beliefs and, therefore, denies
24    the same.  The allegations in the third and fourth sentences of paragraph 64 of the
25    Complaint are not directed at Kmart and do not require a response.

26    65.    The allegations in paragraph 65 of the Complaint are not directed at
27    Kmart and do not require a response.

28

1    66.    The allegations in paragraph 66 of the Complaint are not directed at
2    Kmart and do not require a response.

3    67.    The allegations in paragraph 66 of the Complaint are not directed at
4    Kmart and do not require a response.

5    68.    Kmart lacks knowledge or information sufficient to form a belief as to
6    the truth of the allegations in paragraph 68 regarding Plaintiffs' and purported class
7    members' alleged reliance and, therefore, denies the same.  The remaining
8    allegations in paragraph 68 of the Complaint are not directed at Kmart and do not
9    require a response.

10    69.    Kmart admits that children may put toys or portions of toys in their
11    mouths on occasion, although the extent and frequency of such activity will vary
12    from child to child and by age.  Kmart states that the article quoted in part in
13    paragraph 69 of the Complaint speaks for itself.  Kmart denies the remaining
14    allegations in paragraph 69 of the Complaint.

15    70.    Kmart denies the allegations in paragraph 70 of the Complaint.

16    71.    Kmart denies the allegations in paragraph 71 of the Complaint.

17    72.    Because the allegations in paragraph 72 of the Complaint identify no
18    alleged representations, Kmart denies the allegations as stated.

19    73.    The allegations in paragraph 73 of the Complaint are not directed at
20    Kmart and do not require a response.

21    74.    The allegations in paragraph 74 of the Complaint are not directed at
22    Kmart and do not require a response.

23    75.    The allegations in paragraph 75 of the Complaint are not directed at
24    Kmart and do not require a response.

25    76.    The allegations in paragraph 76 of the Complaint are not directed at
26    Kmart and do not require a response.

27    77.    The allegations in paragraph 77 of the Complaint are not directed at
28    Kmart and do not require a response.

78.     The allegations in paragraph 78 of the Complaint are not directed at Kmart and do not require a response.

79.     The allegations in paragraph 79 of the Complaint are not directed at Kmart and do not require a response.

80.     The allegations in paragraph 80 of the Complaint are not directed at Kmart and do not require a response.

81.     The allegations in paragraph 81 of the Complaint are not directed at Kmart and do not require a response.

82.     The allegations in the first sentence of paragraph 82 of the Complaint are not directed at Kmart and do not require a response. Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 82 of the Complaint and, therefore, denies the same. Kmart denies the remaining allegations in paragraph 82 of the Complaint.

83.     Kmart states that ASTM F 963 referenced in the first two sentences of paragraph 83 of the Complaint speaks for itself. The allegations in the third sentence of paragraph 83 of the Complaint are not directed at Kmart and do not require a response. Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls they announced was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Kmart denies the remaining allegations in paragraph 83 of the Complaint.

84.     Kmart admits that various regulations limit the amount of lead content in paint on products marketed to children, including 16 CFR § 1303.1, *et seq.* Kmart denies the remaining allegations in paragraph 84 of the Complaint.

85.     Kmart states that the CPSC website and the recalls identified there speak for themselves. The allegations in paragraph 85 do not identify any particular recalls, but reflect only general characterizations; thus, they are denied as stated.

86.     The testimony of Ms. Nord cited in paragraph 86 and footnote 41 of the Complaint speaks for itself.  Kmart otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and, therefore, denies the same.

87.     The testimony of Mr. Moore, quoted in part in paragraph 87 of the Complaint, speaks for itself.

88.     Kmart admits that in February and June 2007, it recalled certain children's jewelry and jewelry accessories due to lead content.  The allegations in paragraph 88 of the Complaint regarding the alleged recalls by other defendants are not directed at Kmart and do not require a response.  The last sentence of paragraph 88 is a legal conclusion to which no response is required.  To the extent further response is required, Kmart denies the remaining allegations in paragraph 88 of the Complaint.

89.     The allegations in paragraph 89 of the Complaint are not directed at Kmart and do not require a response.

90.     The allegations in paragraph 90 of the Complaint are not directed at Kmart and do not require a response.

91.     The allegations in paragraph 91 of the Complaint are not directed at Kmart and do not require a response.

92.     The allegations in paragraph 92 of the Complaint are not directed at Kmart and do not require a response.

93.     The allegations in paragraph 93 of the Complaint are not directed at Kmart and do not require a response.

94.     The allegations in paragraph 94 of the Complaint are not directed at Kmart and do not require a response.

95.     The allegations in paragraph 95 of the Complaint are not directed at Kmart and do not require a response.

1   96.    The allegations in paragraph 96 of the Complaint are not directed at
2   Kmart and do not require a response.

3   97.    Kmart lacks knowledge or information sufficient to form a belief as to
4   the truth of the allegations in paragraph 97 of the Complaint regarding the
5   knowledge of the CPSC and, therefore, denies the same.  The remaining allegations
6   in paragraph 97 of the Complaint are not directed at Kmart and do not require a
7   response.

8   98.    The allegations in paragraph 98 of the Complaint are not directed at
9   Kmart and do not require a response.

10  99.    The allegations in paragraph 99 of the Complaint are not directed at
11  Kmart and do not require a response.

12  100.   The allegations in paragraph 100 of the Complaint are not directed at
13  Kmart and do not require a response.

14  101.   The allegations in the last two sentences of paragraph 101 of the
15  Complaint contain legal assertions to which no response is required.  Kmart denies
16  the remaining allegations in paragraph 101 of the Complaint.

17  102.   Kmart lacks knowledge or information sufficient to form a belief as to
18  the truth of the allegations in the first two sentences of paragraph 102 of the
19  Complaint, in part because they do not define "the relevant time period" or the
20  meaning of "drastically reduced," and, therefore, denies the same.  The third and
21  fourth sentences of paragraph 102 of the Complaint contain legal conclusions to
22  which no response is required.  Kmart denies the remaining allegations in paragraph
23  102 of the Complaint.

24  103.   The allegations in paragraph 103 of the Complaint are not directed at
25  Kmart and do not require a response.

26  104.   The allegations in paragraph 104 of the Complaint are not directed at
27  Kmart and do not require a response.

28

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

105.   Kmart admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time.  Kmart admits that, to its knowledge, defendant Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Kmart states that Exhibit A to the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 of the Complaint and, therefore, denies the same.

106.   Kmart states that the press release referred to in paragraph 106 of the Complaint speaks for itself.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the August 2, 2007 recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart denies the remaining allegations in paragraph 106 of the Complaint.

107.   Kmart states that the press release quoted in part and cited in paragraph 107 of the Complaint and footnote 53 speaks for itself.  Kmart further states that the statement by Ms. Nord quoted in paragraph 107 to the Complaint speaks for itself.  Kmart denies the remaining allegations in paragraph 107 of the Complaint.

108.   Kmart states the *Wall Street Journal* articles referred to in paragraph 108 of the Complaint speak for themselves.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 of the Complaint and, therefore, denies the same.

109.    The allegations in paragraph 109 of the Complaint are not directed at Kmart and do not require a response.

110.    The allegations in paragraph 110 of the Complaint are not directed at Kmart and do not require a response.

111.    Kmart admits that, to its knowledge, on August 14, 2007, Mattel and the CPSC announced a voluntary recall of approximately 253,000 "Sarge" die cast toy cars.  Kmart states that the press release referenced in paragraph 111 and footnote 58 of the Complaint speaks for itself.  Kmart states that Exhibit B to the Complaint speaks for itself.  The remaining allegations in paragraph 111 of the Complaint are not directed at Kmart and do not require a response.

112.    The allegations in paragraph 112 of the Complaint are not directed at Kmart and do not require a response.

113.    The allegations in paragraph 113 of the Complaint are not directed at Kmart and do not require a response.

114.    Kmart admits that on September 4, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain Barbie® accessory toys, Geo Trax Locomotive toys, and Big Big World 6-in-1 Bongo Band toys.  Kmart admits, to its knowledge, Mattel and/or Fisher Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Kmart states that Exhibit C to the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 of the Complaint and, therefore, denies the same.

115.    The allegations in paragraph 115 of the Complaint are not directed at Kmart and do not require a response.

116.    The allegations in paragraph 116 of the Complaint are not directed at Kmart and do not require a response.

117.   The allegations in paragraph 117 of the Complaint are not directed at Kmart and do not require a response.

118.   The allegations in paragraph 118 of the Complaint are not directed at Kmart and do not require a response.

119.   Kmart admits that on October 25, 2007, Mattel and the CPSC announced a voluntary recall of Go Diego Go Animal Rescue Boats manufactured in China during specified periods of time and sold between June 2007 and October 2007.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  The remaining allegations in paragraph 119 of the Complaint are not directed at Kmart and do not require a response.

120.   The allegations in paragraph 120 of the Complaint are not directed at Kmart and do not require a response.

121.   Kmart admits the allegations in the text of paragraph 121 of the Complaint.  Kmart states that Exhibit E to the Complaint speaks for itself.

122.   Kmart states that the announcement referred to in paragraph 122 of the Complaint speaks for itself.

123.   Kmart states that the views attributed to the CPSC in paragraph 123 of the Complaint, presumably as referenced in the announcement, speak for themselves.

124.   Kmart states that the CPSC announcement, which contains this statement, speaks for itself.

125.   Kmart admits the allegations of the first sentence of paragraph 125 of the Complaint.  Kmart states that the CPSC announcement speaks for itself.  Kmart states that Exhibit F to the Complaint speaks for itself.

126.   Kmart admits that on August 14, 2007, the CPSC and Mattel announced voluntary recalls of Doggie Day Care™ play sets and Barbie® and

1    Tanner™ play sets.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price

2    have stated that a reason for the recalls was that, while the toys met applicable

3    standards when originally sold, Mattel had adopted a new design standard for

4    securing magnets in toys and retroactively applied that design.  Kmart states that

5    Exhibits G and H to the Complaint speak for themselves.

6         127.   Kmart admits that on August 14, 2007, the CPSC and Mattel

7    announced a voluntary recall of Batman™ and One Piece™ action figure sets.  The

8    allegations in paragraph 127 of the Complaint regarding other incidents are not

9    directed at Kmart and do not require a response.  Kmart states that Exhibit I to the

10   Complaint speaks for itself.

11        128.   The allegations in paragraph 128 of the Complaint are not directed at

12   Kmart and do not require a response.

13        129.   The allegations in paragraph 129 of the Complaint are not directed at

14   Kmart and do not require a response.

15        130.   The allegations in paragraph 130 of the Complaint are not directed at

16   Kmart and do not require a response.

17        131.   The allegations in paragraph 131 of the Complaint are not directed at

18   Kmart and do not require a response.

19        132.   Kmart states that the article by Consumer Reports referenced in

20   paragraph 132 of the Complaint speaks for itself.

21        133.   Kmart lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations in paragraph 133 of the Complaint regarding the results

23   of tests allegedly performed at the direction of the Attorney General of Illinois and,

24   therefore, denies the same.

25        134.   Kmart states that the December 3, 2007 statement by the Illinois

26   Attorney General referenced in paragraph 134 of the Complaint speaks for itself.

27   The remaining allegations in paragraph 134 of the Complaint are not directed at

28   Kmart and do not require a response.

135. Kmart states that the December 14, 2007 statement by the Illinois Attorney General referenced in paragraph 135 of the Complaint speaks for itself.

136. The allegations in paragraph 136 of the Complaint are not directed at Kmart and do not require a response.

137. The allegations in paragraph 137 of the Complaint are not directed at Kmart and do not require a response.

138. The allegations in paragraph 138 of the Complaint are not directed at Kmart and do not require a response.

139. The allegations in paragraph 139 of the Complaint are not directed at Kmart and do not require a response.

140. The allegations in paragraph 140 of the Complaint are not directed at Kmart and do not require a response.

141. The allegations in paragraph 141 of the Complaint are not directed at Kmart and do not require a response.

142. The allegations in paragraph 142 of the Complaint are not directed at Kmart and do not require a response.

143. The allegations in paragraph 143 of the Complaint are not directed at Kmart and do not require a response.

144. Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint and, therefore, denies the same.

145. The allegations in paragraph 145 of the Complaint are not directed at Kmart and do not require a response.

146. The allegations in paragraph 146 of the Complaint are not directed at Kmart and do not require a response.

147. The allegations in paragraph 147 of the Complaint are not directed at Kmart and do not require a response.

148.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 148 of the Complaint regarding the view of parents and, therefore, denies the same.  Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart states that the Center for Disease Control and Prevention ("CDC") statement quoted in paragraph 148 of the Complaint speaks for itself.

149.    Kmart admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Kmart states that the CDC recommendation in the last sentence of paragraph 149 speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

150.    Kmart admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

151.    Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart denies that blood lead level screening is necessary or appropriate for children who used the toys recalled or replaced by Mattel and/or Fisher-Price. Kmart states that the CDC Advisory Committee report referenced in paragraph 151 of the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph

1    151 of the Complaint in the absence of more information regarding levels and

2    duration of exposure and, therefore, denies the same.

3        152.   Kmart states that the American Academy of Pediatrics'

4    recommendations in paragraph 152 speak for themselves.  Kmart lacks knowledge

5    or information sufficient to form a belief as to the truth of the remaining allegations

6    in paragraph 152 of the Complaint in the absence of more information regarding

7    levels and duration of exposure and, therefore, denies the same.

8        153.   Kmart lacks knowledge or information sufficient to form a belief as to

9    the truth of the allegations in paragraph 153 of the Complaint and, therefore, denies

10   the same.  Kmart denies that blood lead level screening is necessary or appropriate

11   for children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

12       154.   Kmart states that the Consumer Product Safety Modernization Act of

13   2007 referenced in paragraph 154 of the Complaint speaks for itself.  Kmart lacks

14   knowledge or information sufficient to form a belief as to the truth of the remaining

15   allegations in paragraph 154 of the Complaint and, therefore, denies the same.

16       155.   Kmart states that the comments by Senators Pryor, Klobuchar and

17   Nelson referenced in paragraph 155 of the Complaint speak for themselves.  Kmart

18   lacks knowledge or information sufficient to form a belief as to the truth of the

19   remaining allegations in paragraph 155 of the Complaint and, therefore, denies the

20   same.

21       156.   Kmart states that the "Pryor-Stevens bill" and the Chicago Tribune

22   article referenced in paragraph 156 of the Complaint speak for themselves.  Kmart

23   lacks knowledge or information sufficient to form a belief as to the truth of the

24   remaining allegations in paragraph 156 of the Complaint and, therefore, denies the

25   same.

26       157.   The allegations in paragraph 157 of the Complaint are not directed at

27   Kmart and do not require a response.

28

158.   The allegations in paragraph 158 of the Complaint are not directed at Kmart and do not require a response.

159.   Kmart denies the allegations in the first sentence of paragraph 159 of the Complaint.  The remaining allegations in paragraph 159 of the Complaint are not directed at Kmart and do not require a response.

160.   The allegations in paragraph 160 of the Complaint are not directed at Kmart and do not require a response.

161.   The allegations in paragraph 161 of the Complaint are not directed at Kmart and do not require a response.

162.   The allegations in the first sentence of paragraph 162 of the Complaint are not directed at Kmart and do not require a response.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 162 of the Complaint and, therefore, denies the same.

163.   Kmart states that the article referenced in paragraph 163 and footnote 84 of the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 163 of the Complaint and, therefore, denies the same.

164.   Kmart states that the *New York Times* article referenced in paragraph 164 and footnote 85 of the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 164 of the Complaint and, therefore, denies the same.

165.   Kmart admits that it has approximately 100 stores in California.  The allegations in the first sentence of paragraph 165 of the Complaint are a legal assertion and do not require a response.  The remaining allegations in paragraph 165 of the Complaint are not directed at Kmart and do not require a response.

166.   Kmart acknowledges that Plaintiffs purport to bring this action for themselves and as a putative class action, but denies that this action may properly

1   be maintained as a class action and denies that any class alleged in the Complaint

2   satisfies the requirements of Federal Rule of Civil Procedure 23.

3       167.   Kmart admits that the class alleged by Plaintiffs would include

4   thousands of people, but denies that this action may properly be maintained as a

5   class action and denies that any class alleged in the Complaint satisfies the

6   requirements of Federal Rule of Civil Procedure 23.  Kmart denies the remaining

7   allegations in paragraph 167 of the Complaint.

8       168.   Kmart denies the allegations in paragraph 168 of the Complaint,

9   including that the alleged common issues present common questions with respect to

10  any alleged class or that such alleged issues predominate over the inherently

11  individual questions raised by the claims in the Complaint.  Kmart denies that this

12  action may properly be maintained as a class action and denies that any class

13  alleged in the Complaint satisfies the requirements of Federal Rule of Civil

14  Procedure 23.

15      169.   Kmart lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of paragraph 169 of the Complaint regarding toys that

17  Plaintiffs or any putative class member may or may not have purchased and,

18  therefore, denies the same.  Kmart denies the remaining allegations in paragraph

19  169 of the Complaint.  Kmart denies that this action may properly be maintained as

20  a class action and denies that any class alleged in the Complaint satisfies the

21  requirements of Federal Rule of Civil Procedure 23.

22      170.   Kmart lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations of paragraph 170 of the Complaint and, therefore, denies

24  the same.  Kmart denies that this action may properly be maintained as a class

25  action and denies that any class alleged in the Complaint satisfies the requirements

26  of Federal Rule of Civil Procedure 23.

27      171.   Kmart denies the allegations in paragraph 171 of the Complaint.

28  Kmart denies that this action may properly be maintained as a class action and

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1  denies that any class alleged in the Complaint satisfies the requirements of Federal

2  Rule of Civil Procedure 23.

3       172.  Kmart denies the allegations in paragraph 172 of the Complaint.

4  Kmart denies that this action may properly be maintained as a class action and

5  denies that any class alleged in the Complaint satisfies the requirements of Federal

6  Rule of Civil Procedure 23.

7  ## RESPONSE TO COUNT ONE

8  **Breach of Express Warranty**

9  **(Against All Defendants)**

10       173.  Kmart incorporates by reference and restates its responses to the

11  preceding paragraphs as if set forth fully herein.

12       174.  The allegations in paragraph 174 of the Complaint contain legal

13  assertions to which no response is required.

14       175.  Kmart admits that it sold some, but certainly not all, of the toys subject

15  to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

16  and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that

17  it expected the toys would be used by children consistent with the age restrictions

18  noted for each toy.  Kmart lacks knowledge or information sufficient to form a

19  belief as to the truth of the allegations regarding the packaging of Mattel's and/or

20  Fisher-Price's toys without more information identifying the specific toys and,

21  therefore, denies the same.  Kmart denies the remaining allegations in paragraph

22  175 of the Complaint.

23       176.  The allegations in paragraph 176 of the Complaint contain legal

24  assertions to which no response is required.

25       177.  Kmart denies the allegations in paragraph 177 of the Complaint.

26       178.  The allegations in paragraph 178 of the Complaint contain legal

27  assertions to which no response is required.

28

1    179.   Kmart admits that it sold some, but certainly not all, of the toys subject
2   to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls
3   and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that
4   it expected the toys would be used by children consistent with the age restrictions
5   noted for each toy.  The remaining allegations in paragraph 179 of the Complaint
6   contain legal assertions to which no response is required.

7    180.   Kmart lacks knowledge or information sufficient to form a belief as to
8   the truth of the allegations in paragraph 180 regarding Plaintiffs' and purported
9   class members' alleged reliance and/or knowledge and, therefore, denies the same.
10   Kmart denies the remaining allegations in paragraph 180 of the Complaint.

11    181.   Kmart denies the allegations in paragraph 181 of the Complaint.

12    182.   The allegations in paragraph 182 of the Complaint regarding notice
13   requirements contain legal assertions to which no response is required.  Kmart
14   denies the remaining allegations in paragraph 182 of the Complaint.

15    183.   Kmart denies the allegations in paragraph 183 of the Complaint.

## **RESPONSE TO COUNT TWO**

### **Breach of Implied Warranty**

### **(Against All Defendants)**

19    184.   Kmart incorporates by reference and restates its responses to the
20   preceding paragraphs as if set forth fully herein.

21    185.   The allegations in paragraph 185 of the Complaint contain legal
22   assertions to which no response is required.

23    186.   Kmart admits that it sold some, but certainly not all, of the toys subject
24   to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls
25   and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart denies the
26   remaining allegations in paragraph 186 of the Complaint.

27    187.   The allegations in paragraph 187 of the Complaint contain legal
28   assertions to which no response is required.

188.   The allegations in paragraph 188 of the Complaint contain legal assertions to which no response is required.

189.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart denies the remaining allegations in paragraph 189 of the Complaint.

190.   The allegations in paragraph 190 of the Complaint contain legal assertions to which no response is required.

191.   Kmart denies the allegations in paragraph 191 of the Complaint.

192.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Kmart denies the remaining allegations in paragraph 192 of the Complaint.

193.   The allegations in paragraph 193 of the Complaint are not directed at Kmart and do not require a response.

194.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Kmart denies the remaining allegations in paragraph 194 of the Complaint.

195.   Kmart denies the allegations in paragraph 195 of the Complaint.

196.   The allegations in paragraph 196 of the Complaint regarding notice requirements contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 196 of the Complaint.

197.   Kmart denies the allegations in paragraph 197 of the Complaint.

## RESPONSE TO COUNT THREE

### Negligence – Design, Manufacturing Defect and Failure to Warn

### (Against All Defendants)

198.   Kmart incorporates by reference and restates their responses to the preceding paragraphs as if set forth fully herein.

199.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents.  Kmart denies the remaining allegations in paragraph 199 of the Complaint.

200.   Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recalls contained lead that exceeded applicable standards.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Kmart also admits that, to its knowledge, Mattel and/or Fisher-Price stated that  tests of the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Kmart denies the remaining allegations in paragraph 200 of the Complaint.

201.   The allegations in paragraph 201 of the Complaint contain legal assertions to which no response is required.

202.   Kmart denies the allegations in paragraph 202 of the Complaint.

203.   Kmart denies the allegations in paragraph 203 of the Complaint.

204.   Kmart denies the allegations in paragraph 204 of the Complaint.

205.   Kmart denies the allegations in paragraph 205 of the Complaint.

1   206. Kmart denies the allegations in paragraph 206 of the Complaint.

2   207. The allegations in the first clause of paragraph 207 of the Complaint

3 contain legal assertions to which no response is required.  Kmart denies the

4 remaining allegations in paragraph 207 of the Complaint.

5          **RESPONSE TO COUNT FOUR**

6 **Strict Liability – Design Defect/Manufacturing Defect and Failure to Warn**

7          **(Against All Defendants)**

8   208. Kmart incorporates by reference and restates its responses to the

9 preceding paragraphs as if set forth fully herein.

10   209. Kmart admits that it sold some, but certainly not all, of the toys subject

11 to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

12 and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers,

13 including parents.  Kmart denies the remaining allegations in paragraph 209 of the

14 Complaint.

15   210. Kmart denies the allegations in paragraph 210 of the Complaint.

16   211. Kmart denies the allegations in paragraph 211 of the Complaint.

17   212. Kmart denies the allegations in paragraph 212 of the Complaint.

18   213. Kmart admits that the Mattel and/or Fisher-Price toys were expected to

19 reach customers without substantial change in the toys' condition, but lacks

20 knowledge or information sufficient to form a belief as to the truth of the remaining

21 allegations in paragraph 213 of the Complaint and, therefore, denies the same.

22   214. Kmart denies the allegations in paragraph 214 of the Complaint.

23   215. Kmart lacks knowledge or information sufficient to form a belief as to

24 the truth of the allegations in paragraph 215 regarding what Plaintiffs or any

25 putative class member would or would not do and, therefore, denies the same.

26 Kmart denies the remaining allegations of paragraph 215 of the Complaint.

27   216. Kmart denies the allegations in paragraph 216 of the Complaint.

28

217.   The allegations in the first clause of paragraph 217 of the Complaint contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 217 of the Compliant.

## RESPONSE TO COUNT FIVE

### Violation of the Consumer Product Safety Act and Rules

### (Against All Defendants)

218.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

219.   The allegations in paragraph 219 of the Complaint contain legal assertions to which no response is required.

220.   The allegations in paragraph 220 of the Complaint contain legal assertions to which no response is required.

221.   The allegations in paragraph 221 of the Complaint contain legal assertions to which no response is required.

222.   Kmart states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart denies the remaining allegations in paragraph 222 of the Complaint.

223.   Kmart states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart denies the remaining allegations in paragraph 223 of the Complaint.

224.   Kmart states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 224 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.

225.   Kmart states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 225 of the Complaint.

226.   Kmart states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart denies the remaining allegations in paragraph 226 of the Complaint.  Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

## **RESPONSE TO COUNT SIX**

### **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

### **(Against the Manufacturer Defendants)**

227.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

228.   The allegations in paragraph 228 of the Complaint are not directed at Kmart and do not require a response.

229.   The allegations in paragraph 229 of the Complaint are not directed at Kmart and do not require a response.

230.   The allegations in paragraph 230 of the Complaint are not directed at Kmart and do not require a response.

231.   The allegations in paragraph 231 of the Complaint are not directed at Kmart and do not require a response.

232.   The allegations in paragraph 232 of the Complaint are not directed at Kmart and do not require a response.

233. The allegations in paragraph 233 of the Complaint are not directed at Kmart and do not require a response.

234. The allegations in paragraph 234 of the Complaint are not directed at Kmart and do not require a response.

235. The allegations in paragraph 235 of the Complaint are not directed at Kmart and do not require a response.

236. The allegations in paragraph 236 of the Complaint are not directed at Kmart and do not require a response.

237. The allegations in paragraph 237 of the Complaint are not directed at Kmart and do not require a response.

238. The allegations in paragraph 238 of the Complaint are not directed at Kmart and do not require a response.

239. The allegations in paragraph 239 of the Complaint are not directed at Kmart and do not require a response.

240. The allegations in paragraph 240 of the Complaint are not directed at Kmart and do not require a response.

## RESPONSE TO COUNT SEVEN

**Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

**(On Behalf of California Resident Plaintiffs**

**Against the Retailer Defendants)**

241. Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

242. The allegations in the first sentence of paragraph 242 of the Complaint contain legal assertions to which no response is required. Kmart denies the remaining allegations in paragraph 242 of the Complaint.

243. The allegations in the first sentence of paragraph 243 of the Complaint contain legal assertions to which no response is required. Kmart denies the remaining allegations in paragraph 243 of the Complaint.

Case No. 07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

244.   Kmart denies the allegations in paragraph 244 of the Complaint.

245.   Kmart denies the allegations in paragraph 245 of the Complaint.

246.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 246 of the Complaint.

247.   The allegations in the first sentence of paragraph 247 of the Complaint contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 247 of the Complaint.

248.   The allegations in the first sentence of paragraph 248 of the Complaint contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 248 of the Complaint.

249.   Kmart denies the allegations in paragraph 249 of the Complaint.

250.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 250 of the Complaint.

251.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 251 of the Complaint.

252.   Kmart denies the allegations in paragraph 252 of the Complaint.

253.   Kmart denies the allegations in paragraph 253 of the Complaint.  Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

254.   Kmart acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought.  Kmart denies the remaining allegations in paragraph 254 of the Complaint.

1

## **RESPONSE TO COUNT EIGHT**

2

### **Violation of Cal. Civ. Code § 1750,** *et seq.*

3

### **(Against the Manufacturer Defendants)**

4
5

255.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

6
7

256.   The allegations in paragraph 256 of the Complaint are not directed at Kmart and do not require a response.

8
9

257.   The allegations in paragraph 257 of the Complaint are not directed at Kmart and do not require a response.

10
11

258.   The allegations in paragraph 258 of the Complaint are not directed at Kmart and do not require a response.

12
13

259.   The allegations in paragraph 259 of the Complaint are not directed at Kmart and do not require a response.

14
15

260.   The allegations in paragraph 260 of the Complaint are not directed at Kmart and do not require a response.

16
17

261.   The allegations in paragraph 261 of the Complaint are not directed at Kmart and do not require a response.

18
19

262.   The allegations in paragraph 262 of the Complaint are not directed at Kmart and do not require a response.

20
21

263.   The allegations in paragraph 263 of the Complaint are not directed at Kmart and do not require a response.

22
23

264.   The allegations in paragraph 264 of the Complaint are not directed at Kmart and do not require a response.

24
25
26
27
28

## **RESPONSE TO COUNT NINE**

### **Violation of Cal. Civ. Code § 1750, *et seq.***

### **(On Behalf of California Resident Plaintiffs**

### **Against the Retailer Defendants)**

265.    Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

266.    The allegations in the paragraph 266 of the Complaint contain legal assertions to which no response is required.

267.    Kmart denies the allegations in paragraph 267 of the Complaint.

268.    Kmart denies the allegations in paragraph 268 of the Complaint.

269.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 269 of the Complaint.

270.    Kmart denies the allegations in paragraph 270 of the Complaint.

271.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same. Kmart denies the remaining allegations in paragraph 271 of the Complaint.

272.    Kmart denies the allegations in paragraph 272 of the Complaint.

273.    Kmart denies the allegations in paragraph 273 of the Complaint.

274.    Kmart denies the allegations in paragraph 274 of the Complaint. Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

275.    Kmart acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought. Kmart denies the remaining allegations in paragraph 275 of the Complaint.

1

## **RESPONSE TO COUNT TEN**

2

### **Violation of Cal. Civ. Code §§ 1792 & 1791.1(a)**

3

### **(On Behalf of California Purchasers**

4

### **Against All Defendants)**

5    276.    Kmart incorporates by reference and restates its responses to the

6    preceding paragraphs as if set forth fully herein.

7    277.    The allegations in paragraph 277 of the Complaint contain legal

8    assertions to which no response is required.

9    278.    The allegations in paragraph 278 of the Complaint contain legal

10    assertions to which no response is required.

11    279.    The allegations in paragraph 279 of the Complaint contain legal

12    assertions to which no response is required.

13    280.    The allegations in paragraph 280 of the Complaint contain legal

14    assertions to which no response is required.

15    281.    The allegations in paragraph 281 of the Complaint contain legal

16    assertions to which no response is required.

17    282.    Kmart denies the allegations in paragraph 282 of the Complaint.

18    283.    Kmart denies the allegations in paragraph 283 of the Complaint.

19    284.    Kmart denies the allegations in paragraph 284 of the Complaint.

20    Kmart denies that Plaintiffs or any putative class member are entitled to any of the

21    relief sought.

22

## **RESPONSE TO COUNT ELEVEN**

23

### **Violation of Cal. Civ. Code §§ 1792.1 & 1791.1(B)**

24

### **(On Behalf of California Purchasers**

25

### **Against the Manufacturer Defendants)**

26    285.    Kmart incorporates by reference and restates its responses to the

27    preceding paragraphs as if set forth fully herein.

28

1  286.  The allegations in paragraph 286 of the Complaint are not directed at
2  Kmart and do not require a response.

3  287.  The allegations in paragraph 287 of the Complaint are not directed at
4  Kmart and do not require a response.

5  288.  The allegations in paragraph 288 of the Complaint are not directed at
6  Kmart and do not require a response.

7  289.  The allegations in paragraph 289 of the Complaint are not directed at
8  Kmart and do not require a response.

9  290.  The allegations in paragraph 290 of the Complaint are not directed at
10  Kmart and do not require a response.

11  <u>**RESPONSE TO COUNT TWELVE**</u>

12  **Violation of Cal. Civ. Code §§ 1792.2 & 1791.1(b)**

13  **(On Behalf of California Purchasers**

14  **Against the Retailer Defendants)**

15  291.  Kmart incorporates by reference and restates its responses to the
16  preceding paragraphs as if set forth fully herein.

17  292.  The allegations in paragraph 292 of the Complaint contain legal
18  assertions to which no response is required.

19  293.  Kmart admits that it expected the toys would be used by children
20  consistent with the age restrictions noted for each toy.  Kmart lacks knowledge or
21  information sufficient to form a belief as to the truth of the allegations in paragraph
22  293 regarding Plaintiffs' and purported class members' alleged reliance and,
23  therefore, denies the same.  Kmart denies the remaining allegations in paragraph
24  293 of the Complaint.

25  294.  Kmart denies the allegations in paragraph 294 of the Complaint.

26  295.  Kmart denies the allegations in paragraph 295 of the Complaint.

27

28

1    296.    Kmart denies the allegations in paragraph 296 of the Complaint.

2    Kmart denies that Plaintiffs or any putative class member are entitled to any of the

3    relief sought.

4    ### RESPONSE TO COUNT THIRTEEN

5    **Unjust Enrichment**

6    297.    Kmart incorporates by reference and restates its responses to the

7    preceding paragraphs as if set forth fully herein.

8    298.    Kmart admits that it sold some, but certainly not all, of the toys subject

9    to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

10    and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that,

11    to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of

12    the recalls was that testing indicated that the paint on some part of certain of the

13    toys that were subject to the recalls contained lead that exceeded applicable

14    standards.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have

15    stated that a reason for the recall involving magnets was that, while the toys met

16    applicable standards when originally sold, Mattel had adopted a new design

17    standard for securing magnets in toys and retroactively applied that design.  Kmart

18    admits that, to its knowledge, Mattel and/or Fisher-Price have stated that tests of the

19    Cuffs revealed levels of lead that, though fully compliant with all federal and

20    international standards, were higher than anticipated and were noncompliant with

21    an Illinois statute.  Kmart denies the remaining allegations in paragraph 298 of the

22    Complaint.

23    299.    Kmart admits that it receives a benefit from the sale of the Mattel and

24    Fisher-Price toys.  Kmart denies the remaining allegations in paragraph 299 of the

25    Complaint.  Kmart denies that Plaintiffs or any putative class member are entitled

26    to any of the relief sought.

27

28

1

## RESPONSE TO PRAYER FOR RELIEF

Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought in the WHEREFORE clause on page 82 of the Complaint. Kmart denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

FOR THEIR DEFENSES TO THE COMPLAINT, KMART STATES AS FOLLOWS:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to States a Cause of Action)

300.   The Complaint fails, in whole or in part, to states a cause of action upon which relief may be granted against Kmart and further fails to states facts sufficient to entitle Plaintiffs to any relief whatsoever from Kmart.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

301.   Plaintiffs lack standing to assert some or all of the claims in the Complaint and lack standing to represent putative class members in the class they allege.

## THIRD AFFIRMATIVE DEFENSE

### (Claims Preemption)

302.   Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and actions of the Consumer Product Safety Commission in connection with the recalls.

## FOURTH AFFIRMATIVE DEFENSE

### (Conduct Not "Unlawful")

303.   Some or all of the claims in the Complaint are barred in whole or in part because Kmart's conduct was not unlawful.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIFTH AFFIRMATIVE DEFENSE

**(Conduct Not "Unfair")**

304.    Some or all of the claims in the Complaint are barred in whole or in part because Kmart's conduct was not unfair.

### SIXTH AFFIRMATIVE DEFENSE

**(Conduct Not "Misleading")**

305.    Some or all of the claims in the Complaint are barred in whole or in part because Kmart's conduct was not misleading.

### SEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

306.    Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

**(Prohibition Against Excessive Penalties)**

307.    Some or all of Plaintiffs' claims are barred to the extent Plaintiffs seek to impose penalties that violate the California Constitution's prohibition against excessive penalties and/or similar provisions in other states' constitutions.

### NINTH AFFIRMATIVE DEFENSE

**(Excessive Fines Clause of the Eighth Amendment to the**

**United States Constitution)**

308.    Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

### (Due Process Clause of the Fourteenth Amendment to the

### United States Constitution)

309.   Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

310.   Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.

## TWELFTH AFFIRMATIVE DEFENSE

### (Discharge of Obligations)

311.   Some or all of the claims in the Complaint are barred in whole or in part because Kmart has complied with and fully performed any and all past and current obligations imposed on it by law, contract, or equity, and all past and current obligations owed to Plaintiffs have been satisfied, released or otherwise discharged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

312.   Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

313.   Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiffs was caused not by Kmart's actions, but by a superseding cause.

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Good Faith)

3    314.   Some or all of the claims in the Complaint are barred in whole or in

4    part because the alleged conduct of Kmart was not unfair and was undertaken in

5    good faith for a valid business purpose.

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

### (Lack of Privity)

8    315.   Some or all of the claims in the Complaint are barred in whole or in

9    part because some or all of the Plaintiffs are not in privity with Kmart.

10

## SEVENTEENTH AFFIRMATIVE DEFENSE

11

### (Failure To State A Claim For Punitive Damages)

12    316.   The Complaint is devoid of facts sufficient to constitute a cause of

13    action against Kmart for punitive or exemplary damages.

14

## EIGHTEENTH AFFIRMATIVE DEFENSE

15

### (Adequate Remedy At Law)

16    317.   The Plaintiffs' request for injunctive relief is barred because Plaintiffs

17    have an adequate remedy at law.

18

## NINETEENTH AFFIRMATIVE DEFENSE

19

### (Contributory and Comparative Negligence)

20    318.   Any injury sustained by Plaintiffs may have been caused, in whole or

21    in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due

22    care, and therefore Plaintiffs are barred from any recovery, or any recoverable

23    damages must be reduced in proportion to the amount of negligence attributable to

24    Plaintiffs.

25

## TWENTIETH AFFIRMATIVE DEFENSE

26

### (No Direct Injury)

27    319.   The Complaint fails to state a cause of action because Plaintiffs

28    suffered no direct harm as a result of the alleged acts.

1

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

### **(Lack of Requisite Particularity)**

3       320.   Some or all of the claims in the Complaint are barred in whole or in

4   part because they are not plead with the requisite particularity.

5

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

6

### **(No Valid Class)**

7       321.   Plaintiffs' claims fail in whole or in part to meet the procedural or

8   factual requirements necessary to certify or maintain a class action.

9

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

10

### **(Violation of Due Process)**

11       322.   Some or all of the relief Plaintiffs request may result in multiple

12   recoveries, thereby violating Kmart's due process rights under the United States

13   and/or California Constitutions.

14

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15

### **(Lack of Statutory Claim)**

16       323.   To the extent Plaintiffs seek to assert claims under California law on

17   behalf of a nationwide class, some or all of the putative class members outside

18   California lack standing to assert such claims.

19

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20

### **(Lack of Actionable Representations)**

21       324.   Some or all of Plaintiffs' claims fail because they are not based on

22   actionable representations by Kmart.

23

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24

### **(Responsive Actions Taken Barring Claims for Damages)**

25       325.   Any claim for damages is barred because Kmart has taken reasonable

26   steps to inform consumers of the recalls and taken appropriate responsive action.

27

28

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Intentional Action)

326.   Any claim for damages is barred because Kmart's actions were not intentional, but resulted from bona fide errors despite reasonable procedures in place.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Provide Sufficient Notice)

327.   Any claim for damages under state consumer protection laws is barred because Plaintiffs failed to provide sufficient and/or adequate notice as required.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Requirements of Applicable Law)

328.   Plaintiffs are not entitled to recover punitive or exemplary damages because the requirements of applicable law regarding such damages are not met by the facts set forth in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Ratification)

329.   Plaintiffs' claims are barred, in whole or part, by ratification.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

330.   Plaintiffs' claims are barred, in whole or part, by waiver.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Claim for Medical Monitoring)

331.   The claims in the Complaint seeking to assert a medical monitoring claim or remedy are barred because the facts pled in the Complaint do not satisfy the requirements for medical monitoring to the extent such a claim or remedy has been recognized in this jurisdiction.

1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

2

### (Right to Assert Additional Defenses)

3      332.   Kmart intends to rely on any additional affirmative defenses that

4  become available or apparent through discovery and the factual development of this

5  case or otherwise, and, thus, reserves the right to amend its Answer to assert such

6  additional defenses.

7

## DEMAND FOR A JURY TRIAL

8      Kmart demands a trial by jury of all claims triable by a jury.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: December 19, 2008

JONES DAY

By:    s/  Mark R. Hall

Elwood Lui (SBN 45538)
Rick L. Shackelford (SBN 151262)
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 243-2435
Facsimile:   (213) 243-2539

Thomas E. Fennell
Michael L. Rice
Mark R. Hall
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:  (214) 220-3939
Facsimile:   (214) 969-5100

Hugh Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

Attorneys for Defendants
MATTEL, INC., FISHER-PRICE, INC.,
TARGET CORPORATION, TOYS "R"
US, INC., KB TOYS, INC., AND KMART
CORPORATION

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 19, 2008.

s/ Rick L. Shackelford
Rick L. Shackelford

JONES DAY
555 S. Flower St., 50th Flr.
Los Angeles, CA  90071
Telephone:  213/489-3939
Facsimile:  213/243-2539

E-mail:  rlshackelford@jonesday.com

DLI-6226848v1

- 48 -