Robert H. Bunzel, State Bar No. 99395
Michael D. Abraham, State Bar No. 125633
Brian P. Villarreal, State Bar No. 234690
Duyen T. Nguyen, State Bar No. 225368
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
rbunzel@bztm.com
mabraham@bztm.com
bvillarreal@bztm.com
dnguyen@bztm.com

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | No. 2:07-ml-01897-DSF-AJW<br><br>**ANSWER OF DEFENDANT WAL-MART STORES, INC. TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Trial Date:    N/A |

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") answers the Second Consolidated Amended Complaint filed May 16, 2008 in this action, following this Court's November 24, 2008 Civil Minute General Order Granting In Part and Denying In Part Defendant's Motions to Dismiss, as follows:[1]

## PRELIMINARY STATEMENT

With regard to the Second Consolidated Amended Complaint's opening un-numbered statement at page 1 lines 1-13, Wal-Mart denies (i) that plaintiffs are entitled to any compensatory damages or equitable, injunctive or declaratory relief, (ii) that the Second Consolidated Amended Complaint sets forth a proper class action, and (iii) that Wal-Mart sold "hazardous" toys. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of any allegations therein.

The Second Consolidated Amended Complaint uses the term "Defendants" throughout, creating undifferentiated claims, and except as admitted below, Wal-Mart denies any allegations that plaintiffs may have in the aggregate asserted against Wal-Mart. The following numbered responses are in relation to the numbered paragraphs in the Second Consolidated Amended Complaint.

## RESPONSE TO JURISDICTION AND VENUE

1.     Wal-Mart denies that this Court has subject matter jurisdiction, given plaintiffs' lack of standing under the United States Constitution, Article III, and thus Wal-Mart denies that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1322 and 1331. Wal-Mart admits that this Court has personal jurisdiction as to Wal-Mart. Wal-Mart admits it is authorized to conduct business in the State of California, denies it sold "hazardous" toys, and denies the balance of the allegations

---

[1]     This Answer does not respond to the footnotes in the Second Consolidated Amended Complaint referencing various news articles, press releases, etc., as such references are not charging allegations.

-1-

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller a Professional Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    due to lack of knowledge or information sufficient to form a belief about the truth of

2    such allegations.

3        2.    Wal-Mart admits that it conducts interstate trade and commerce

4    in this judicial district, and lacks sufficient knowledge or information to form a

5    belief about the truth of the allegations at ¶ 2 regarding other parties.

6                        **RESPONSE TO NATURE OF THE ACTION**

7        3.    Wal-Mart admits that this action arises out of nationwide recalls

8    of children's toys.  Wal-Mart admits that it sold some of these toys and expected

9    such toys to be used by age-appropriate children and to be compliant with all

10   relevant state and federal laws.  Wal-Mart denies the balance of the allegations at

11   ¶ 3.

12       4.    Wal-Mart denies the allegations at ¶ 4.

13       5.    Wal-Mart admits that defendant Mattel Inc. ("Mattel") on or

14   about August 1, 2007 announced a toy recall related to lead paint, including as to

15   Sesame Street and Nickelodeon toys that were marketed to and sold for

16   age-appropriate children, and denies the balance of the allegations at ¶ 5.

17       6.    Wal-Mart admits that defendant Mattel on or about August 15,

18   2007 announced an additional recall of toys made in China related to lead paint and

19   magnets, and Wal-Mart lacks sufficient knowledge or information to form a belief

20   about the truth of the balance of the allegations at ¶ 6.

21       7.    Wal-Mart admits that it sold, in the United States, some of the

22   recalled toys that are the subject of this action, and Wal-Mart lacks sufficient

23   knowledge or information to form a belief about the truth of the balance of the

24   allegations at ¶ 7.

25       8.    The allegations in ¶ 8 are not directed to Wal-Mart, and to the

26   extent they are, Wal-Mart denies its conduct has caused harm and lacks sufficient

27

28

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-2-

knowledge or information to form a belief about the truth of the balance of the allegations at ¶ 8 .

9.     The allegations in ¶ 9 are not directed to Wal-Mart, and to the extent they are, Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 9.

10.     Wal-Mart denies the allegations at ¶ 10 to the extent they are directed to Wal-Mart.

11.     Wal-Mart admits it knew age-appropriate children would play with some of the recalled toys, and Wal-Mart denies the balance of the allegations at ¶ 11 and denies it made any of the alleged representations.

12.     Wal-Mart admits that defendant Mattel announced toy recalls between August 2, 2007 and October 25, 2007 that reportedly included millions of toys, and Wal-Mart denies the recalls were the result of any failure by Wal-Mart to put adequate controls in place.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of the allegations at ¶ 12.

13.     Wal-Mart admits that on or about August 14, 2007, Mattel announced recalls of toys that contained magnets, and Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of the allegations at ¶ 13.

14.     Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 14 as they relate to other defendants, and Wal-Mart denies that the subject blood pressure cuffs were available for purchase at Wal-Mart at the time alleged at ¶ 14, and Wal-Mart denies that Wal-Mart limited its recall to only Illinois.    Wal-Mart lacks sufficient knowledge or information concerning what plaintiffs mean by "other toy products" made in China at ¶ 14, and

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-3-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

1  Wal-Mart alleges that at oral argument September 8, 2008 in this action, plaintiffs
2  affirmatively stated that such "other toys" are not the subject of this action.

3          15.    Wal-Mart lacks sufficient knowledge or information to form a
4  belief about the truth of any alleged exposure or physical injury to any plaintiff of
5  any kind related to the subject toys, and based on the allegations of the Second
6  Consolidated Amended Complaint, Wal-Mart denies the same.  Wal-Mart admits
7  that lead, like many other substances not intended for ingestion, has been recognized
8  to cause adverse effects on some people if ingested in sufficiently large quantities
9  over a sufficient period of time.  Wal-Mart admits that loose magnets, which are not
10  intended for ingestion, have been recognized to have a potential to cause adverse
11  effects if ingested.

### RESPONSE TO PLAINTIFF PARTIES

12          16-34.    Wal-Mart lacks sufficient knowledge or information to
13  form a belief about the truth of the allegations concerning (i) any plaintiff's purchase
14  of any of the subject toys or receipt thereof as gifts, and (ii) any plaintiff's state of
15  mind about what any plaintiff would or would not have done with different
16  knowledge or information concerning such toys.  Wal-Mart lacks sufficient
17  knowledge or information to form a belief about the truth of any alleged exposure or
18  physical injury to any plaintiff of any kind related to the subject toys, and based on
19  the allegations of the Second Consolidated Amended Complaint, Wal-Mart denies
20  the same.

### RESPONSE TO MANUFACTURER DEFENDANT PARTIES

21          35-36.    Wal-Mart lacks sufficient knowledge or information to
22  form a belief about the truth of the allegations at ¶¶ 35-36 regarding the
23  manufacturer defendants Mattel and Fisher-Price, Inc. ("Fisher-Price") and their

-4-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

business, corporate structure, situs and activities. Wal-Mart admits that at certain
times Mattel and Fisher-Price have sold the products described in ¶¶ 35-36.

## RESPONSE TO RETAILER DEFENDANT PARTIES

37-38; 40-41. Wal-Mart lacks sufficient knowledge or information to
form a belief about the truth of the allegations describing the business, size,
corporate structure, ownership, situs or activities of the other retailer defendants in
this action, or the extent to which such other retailer defendants distributed and sold
the Mattel and Fisher-Price toys that are the subject of this action.

39. Wal-Mart admits the allegations in the first three sentences of
¶ 39, which are consistent with its public reports, but Wal-Mart denies that any
non-Wal-Mart sales and operations of subsidiary or affiliate segments are relevant to
this action. Wal-Mart admits it has sold Mattel and Fisher-Price toys, and denies it
sold "hazardous" toys.

## RESPONSE TO FACTUAL ALLEGATIONS

42. Wal-Mart admits that various federal and state laws, including
those described at ¶ 42, concern the manufacture or sale of products containing lead.
Wal-Mart lacks sufficient knowledge or information to form a belief about the truth
of the balance of the allegations at ¶ 42, especially as they apply to the facts of this
case.

43-44. Wal-Mart admits that the federal statutes and regulations
identified at ¶¶ 43-44 have been adopted, and that such laws and regulations speak
for themselves.

45-49. Wal-Mart admits that lead, like many other substances not
intended for ingestion, has been recognized, including by persons identified at ¶¶
46-47, to cause adverse effects on some people if ingested in sufficiently large
quantities over a sufficient period of time. Wal-Mart lacks sufficient knowledge or

-5-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  information to form a belief about the truth as to the balance of the allegations at

2  ¶¶ 45-49.

3      50-52.    Wal-Mart denies that it designed or manufactured toys that

4  posed a substantial risk to children. Wal-Mart admits that loose magnets, which are

5  not intended for ingestion, have been recognized, including by persons identified at

6  ¶¶ 50-52, to have a potential to cause adverse effects if ingested, and that the CPSC

7  has issued press releases regarding the danger of ingesting magnets. Wal-Mart lacks

8  sufficient knowledge or information to form a belief about the truth as to the balance

9  of the allegations at ¶¶ 50-52.

10      53-70.    These allegations are directed to the manufacturer

11  defendants Mattel and Fisher-Price, and Wal-Mart lacks sufficient knowledge or

12  information to form a belief about the truth of the allegations at ¶¶ 53-70. Wal-Mart

13  denies that it made any of the alleged representations and denies any other allegation

14  in these paragraphs to the extent directed to Wal-Mart.

15      71.    Wal-Mart denies the allegations at ¶ 71.

16      72.    Wal-Mart denies the allegations at ¶ 72.

17      73-74.    These allegations are directed to retailers Target and Toys

18  "R" Us, and Wal-Mart lacks sufficient knowledge or information to form a belief

19  about the truth of the allegations at ¶¶ 73-74.

20      75.    Wal-Mart admits that as of May 15, 2008, the statements quoted

21  at ¶ 75 were on the walmart.com website, and Wal-Mart alleges that the statements

22  on its website in 2008 are irrelevant and inadmissible.

23      76.    These allegations are directed to retailer KB Toys, and Wal-Mart

24  lacks sufficient knowledge or information to form a belief about the truth of the

25  allegations at ¶ 76.

26

27

28

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-6-

77-81.      These allegations concern alleged representations made by or through the Toy Manufacturers of America association (TMA), and Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶¶ 77-81.

82-83.      Wal-Mart admits that the packaging on some Mattel and Fisher-Price toys refer to ASTM, and Wal-Mart lacks sufficient knowledge or information concerning the balance of the allegations at ¶¶ 82-83 that are directed to the manufacturer defendants.  Wal-Mart denies that by selling toys manufactured by the manufacturer defendants that Wal-Mart has adopted or made representations to consumers regarding such standards.

84.      Wal-Mart lacks sufficient knowledge or information to form a belief as to other defendants' manufacture, design, marketing, distribution or sale of toy products containing lead or lead paint.  Wal-Mart admits that many, though not all, of the toys it sells are manufactured in China.  Wal-Mart denies the balance of the allegations at ¶ 84.

85.      Wal-Mart denies that its practices have not ceased (changed) since the recall of Mattel and Fisher-Price toys 2006-2007.  Wal-Mart admits that between January 2005 and August 2007, CPSC and various manufacturers and retailers initiated recalls of Chinese-made toys related to lead paint, and that such recall announcements were generally publically available on the CPSC website.  Wal-Mart lacks sufficient knowledge or information to form a belief as to the truth of the balance of the allegations at ¶ 85.

86.      Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 86.

87.      Wal-Mart admits that CPSC Commissioner Thomas H. Moore made the partial statement described at ¶ 87 in 2007.

-7-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

88.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations concerning recalls initiated by other defendants as alleged at ¶ 88.  Wal-Mart admits that in May 2007, October 2007 and in April 2008, Wal-Mart issued or participated in recalls of products manufactured in China that may contain lead potentially in excess of permissible levels.  Wal-Mart denies the balance of the allegations at ¶ 88.

89.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 89.

90-94.    These allegations concern Mattel's alleged failure to timely notify government agencies or to act more promptly to recall the subject toys.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶¶ 90-94.   To the extent these allegations are directed to Wal-Mart, it denies the allegations.

95-99.    These allegations concern Mattel's alleged awareness of dangers posed by magnets in certain toys before November 21, 2006.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶¶ 95-99.

100.    These allegations concern Mattel's oversight and quality controls.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 100.

101.    Wal-Mart admits that it is generally aware of the requirements of federal and state laws regarding hazardous substances related to toy products.  Wal-Mart denies the balance of the allegations at ¶ 101.

102.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 102 concerning CPSC staffing, and denies that Wal-Mart had a duty to implement more stringent standards than CPSC

-8-

1    or other applicable government regulation required, and denies the balance of the
2    allegations at ¶ 102.

3         103.   Wal-Mart lacks sufficient knowledge or information to form a
4    belief about the truth of the allegations at ¶ 103.

5         104-119.   These allegations concern products, dates and volumes
6    regarding Mattel toy recalls concerning lead in surface coatings/paint.  Wal-Mart
7    admits (i) that these recalls occurred on or about the dates asserted, (ii) that Mattel's
8    recall announcements identifying specific toys were made known to Wal-Mart at or
9    about the time of such recalls, and (iii) that such recalls were the subject of press
10   releases and news articles described in ¶¶ 104-119.  Wal-Mart admits that
11   Exhibits A-D to the Second Consolidated Amended Complaint identify toys that
12   were the subject of these recalls.  Wal-Mart lacks sufficient knowledge or
13   information to form a belief about the truth of the balance of the allegations at
14   ¶¶ 104-119.

15        120-129.   These allegations concern five recalls of Mattel toys
16   related to small magnets November 2006-August 2007.  Wal-Mart admits (i) that
17   these recalls occurred on or about the dates alleged, (ii) that Mattel's recall
18   announcements identifying specific toys were made known to Wal-Mart at or about
19   the time of such recalls, and (iii) that the press release described at ¶ 128 occurred.
20   Wal-Mart admits that Exhibits E-I to the Second Consolidated Amended Complaint
21   identify the toys that were the subject of these recalls.  Wal-Mart lacks sufficient
22   knowledge or information to form a belief about the truth of the balance of the
23   allegations at ¶¶ 120-129.

24        130-131.   These allegations concern Mattel's alleged improper
25   design of the magnet toys and alleged failure to inspect or test such toys.  Wal-Mart

26

27

28

-9-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, Lewis & Harman, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    lacks sufficient knowledge or information to form a belief about the truth of the
2    allegations at ¶¶ 130-131.

3    132-143.    These allegations concern Mattel's alleged failure to issue
4    recalls of other toys. Wal-Mart admits (i) that the press releases described at ¶¶ 134-
5    135 were issued, (ii) that the Attorney General of Illinois in December 2007 warned
6    consumers that certain Fisher-Price toy blood pressure cuffs contained potentially
7    high levels of lead, and (iii) that certain members of Congress in January 2008 sent a
8    letter to Mattel. Wal-Mart lacks sufficient knowledge or information to form a
9    belief about the truth of the balance of the allegations at ¶¶ 132-143, and such
10    allegations are not directed to Wal-Mart, which ceased selling the subject
11    Fisher-Price toy blood pressure cuffs on a nationwide basis before this lawsuit was
12    initiated against Wal-Mart.

13    144-147.    These allegations concern alleged discrepancies between
14    Mattel and Fisher-Price recalls, and retailers other than Wal-Mart. Wal-Mart lacks
15    sufficient knowledge or information to form a belief about the truth of the
16    allegations at ¶¶ 144-147.

17    148-153.    Wal-Mart lacks sufficient knowledge or information to
18    form a belief about the truth of the allegations at ¶¶ 148-153, but based on the
19    allegations in the Second Consolidated Amended Complaint, denies the asserted
20    need for a screening remedy.

21    154-158.    These allegations concern Congressional and state
22    lawmaking efforts to regulate toys, which laws and regulations speak for themselves,
23    though Wal-Mart avers that the Consumer Product Safety Improvement Act of 2008
24    (CPSIA) was passed subsequent to plaintiffs' May 16, 2008 Second Consolidated
25    Amended Complaint. To the extent such allegations are directed against Wal-Mart,

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller Lynch & Newman, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-10-

1    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth

2    of the allegations at ¶¶ 154-158.

3         159-161.    These allegations concern the situs of defendants Mattel

4    and Fisher-Price and their relationship to California. To the extent such allegations

5    are directed at Wal-Mart, Wal-Mart lacks knowledge or information sufficient to

6    form a belief about the truth of the allegations at ¶¶ 159-161.

7         162-164.    Wal-Mart admits that some Mattel toys are shipped from

8    China through California ports. Wal-Mart lacks knowledge or information sufficient

9    to form a belief about the truth of the balance of the allegations at ¶¶ 162-164.

10         165.  Wal-Mart admits that there were 33 Wal-Mart Supercenters and

11    139 Wal-Mart Discount stores in the state of California as of August 2008, and

12    denies the balance of the allegations directed to Wal-Mart at ¶ 165. Wal-Mart lacks

13    sufficient knowledge or information to form a belief as to the allegations directed to

14    other retailers at ¶ 165.

15    ## CLASS ACTION ALLEGATIONS

16         166.  Wal-Mart acknowledges that plaintiffs purport to bring this

17    action as a proposed class action, but denies that this action may properly be

18    maintained as a class action and denies that any class alleged in the Second

19    Consolidated Amended Complaint satisfies the requirements of F.R.C.P. Rule 23.

20         167.  Wal-Mart admits that the class alleged by plaintiffs would

21    include thousands of people or more, but denies that this action may be properly

22    maintained as a class action and denies that any class alleged in the Second

23    Consolidated Amended Complaint satisfies the requirements of F.R.C.P. Rule 23.

24         168.  Wal-Mart denies the allegations at ¶ 168 of the Second

25    Consolidated Amended Complaint, including that alleged common issues present

26

27    -11-

28

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
Bartko Zankel Tarrant Miller | Levitt & Herman, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

common questions with respect to any alleged class or that such alleged issues predominate over the individual questions raised by the claims of plaintiffs.

169.   Wal-Mart denies the allegations at ¶ 169.

170.   Wal-Mart denies the allegations at ¶ 170.

171.   Wal-Mart denies the allegations at ¶ 171.

172.   Wal-Mart denies the allegations at ¶ 172.

## RESPONSE TO COUNT ONE
### (Breach of Express Warranty)

173.   Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

174.   This paragraph sets forth a principle of statutory law that speaks for itself.  Wal-Mart denies any other allegations at ¶ 174.

175.   Wal-Mart admits it sold, in the United States, some of the recalled toys, denies it sold "hazardous" toys, and denies the balance of the allegations in ¶ 175 to the extent directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 175.

176.   Wal-Mart denies the allegations at ¶ 176 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 176.

177.   Wal-Mart denies the allegations at ¶ 177 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 177.

-12-

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller A Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

178.    This paragraph sets forth statutory references and such statutes speak for themselves.  Wal-Mart denies any other allegations at ¶ 178.

179.    Wal-Mart denies the allegations at ¶ 179 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 179.

180.    Wal-Mart denies the allegations at ¶ 180 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 180.

181.    Wal-Mart denies the allegations at ¶ 181 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 181.

182.    Wal-Mart denies the allegations at ¶ 182 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 182.

183.    Wal-Mart denies the allegations at ¶ 183 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 183.

## RESPONSE TO COUNT TWO
### (Breach of Implied Warranty)

184.    Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

-13-

BARTKO ZANKEL
Bartko Zankel Tarrant Miller & Leach A Hanson, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

185. This paragraph references statutory law, and such statutes speak for themselves. Wal-Mart denies any other allegations at ¶ 185.

186. Wal-Mart denies the allegations at ¶ 186.

187. This paragraph sets forth statutory references that speak for themselves. Wal-Mart denies any other allegations at ¶ 187.

188. Wal-Mart denies that it is a designer, manufacturer or producer of the toys that are the subject of this action. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations or legal conclusion at ¶ 188 as applied to "various" states and "toys."

189. Wal-Mart lacks sufficient information or knowledge to form a belief about the allegations directed to the manufacturer defendants at ¶ 189. Wal-Mart admits that Wal-Mart is a retailer of high quality toy products and that Wal-Mart expects such products to comply with all applicable state and federal regulations, and Wal-Mart denies the balance of the allegations at ¶ 189.

190. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the legal conclusion at ¶ 190 as applied to "various" states and "toys."

191. Wal-Mart denies the allegations at ¶ 191.

192. Wal-Mart admits it expected that many of the toys that are the subject of this action and were sold by Wal-Mart would be used by age-appropriate children. Wal-Mart denies the balance of the allegations at ¶ 192.

193. The allegations at ¶ 193 are directed to the manufacturer defendants and not Wal-Mart. Wal-Mart admits that it expected all of the subject toys to comply with state and federal regulations. Wal-Mart denies the balance of the allegations at ¶ 193.

BARTKOZANKEL
Bartko Zankel Tarrant Miller & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-14-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

194. Wal-Mart admits that it expected some of the subject toys that it sold would be used for play by age-appropriate children. The balance of the allegations at ¶ 194 are legal conclusions or directed to defendants other than Wal-Mart, and to the extent they are allegations directed to Wal-Mart, Wal-Mart denies the same.

195. Wal-Mart denies the allegations at ¶ 195 to the extent the allegations are directed to Wal-Mart. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations or legal conclusions at ¶ 195.

196. Paragraph 196 contains legal conclusions regarding plaintiffs' duty of notice to defendants. To the extent ¶ 196 contains allegations directed at Wal-Mart or concern allegations that plaintiffs have met their notice duties to Wal-Mart, Wal-Mart denies the same.

197. Wal-Mart denies the allegations at ¶ 197 to the extent the allegations are directed to Wal-Mart. Wal-Mart lacks knowledge or information sufficient to form a belief about the truth of the allegations at ¶ 197 asserted against other defendants.

## RESPONSE TO COUNT THREE
### (Negligence – Design, Manufacturing Defect and Failure to Warn)

198. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

199. Wal-Mart admits some of the subject toys were sold to parents of age-appropriate children. Wal-Mart denies the balance of the allegations at ¶ 199 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 199 directed to other defendants.

-15-

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, Lindh & Homan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    200.    Wal-Mart lacks sufficient knowledge or information to form a

2    belief about the truth of the allegations at ¶ 200.

3    201.    Wal-Mart denies the allegations at ¶ 201 to the extent the

4    allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

5    knowledge to form a belief about the truth of the balance of the allegations at ¶ 201

6    directed to other defendants.

7    202.    Wal-Mart denies the allegations at ¶ 202 to the extent the

8    allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

9    knowledge to form a belief about the truth of the balance of the allegations at ¶ 202

10   directed to other defendants.

11   203.    Wal-Mart denies the allegations at ¶ 203(a)-(d) to the extent the

12   allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

13   knowledge to form a belief about the truth of the balance of the allegations at

14   ¶ 203(a)-(d) directed to other defendants.

15   204.    Wal-Mart denies the allegations at ¶ 204 to the extent the

16   allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

17   knowledge to form a belief about the truth of the balance of the allegations at ¶ 204

18   directed to other defendants.

19   205.    Wal-Mart denies the allegations at ¶ 205 to the extent the

20   allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

21   knowledge to form a belief about the truth of the balance of the allegations at ¶ 205

22   directed to other defendants.

23   206.    Wal-Mart denies the allegations at ¶ 206 to the extent the

24   allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

25   knowledge to form a belief about the truth of the balance of the allegations at ¶ 206

26   directed to other defendants.

27

28

-16-

BARTKOZANKEL
Barkko Zankel Tarrant Miller Lewis & Harrison, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

207.   This paragraph does not contain allegations directed at Wal-Mart; to the extent it does, Wal-Mart denies the same.

### RESPONSE TO COUNT FOUR
**(Strict Liability-Design Defect/Manufacturing Defect and Failure to Warn)**

208.   Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

209.   Wal-Mart admits that some of the subject toys were sold to parents of age-appropriate children, and Wal-Mart denies the balance of the allegations at ¶ 209 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 209 directed to other defendants.

210.   Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 210 concerning defective design and/or manufacturing.

211.   Wal-Mart denies the allegations at ¶ 211 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 211 directed to other defendants.

212.   Wal-Mart admits that Wal-Mart did not expect consumers buying the subject toys to inspect them for non-obvious dangers.  Wal-Mart denies the balance of the allegations at ¶ 212.

213.   Wal-Mart admits that it did not expect the subject toys to substantially change their condition when such products reached consumers. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of the allegations at ¶ 213.

-17-

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

214. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 214 regarding any alleged design and manufacture defects in the subject toys, and Wal-Mart avers that it had no duty to warn or inspect such toys for any latent defects prior to sale.

215. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of any plaintiff's state of mind alleged at ¶ 215.

216. Wal-Mart denies the allegations at ¶ 216 to the extent the allegations are directed to Wal-Mart.

217. This paragraph does not contain an allegation directed at Wal-Mart, to the extent it does, Wal-Mart denies the same.

## RESPONSE TO COUNT FIVE
### (Violation of Consumer Product Safety Act)

218. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

219-221. These allegations purport to quote and refer to portions of the CPSA and certain CFR regulations, which laws and regulations speak for themselves.

222. Wal-Mart denies the allegations at ¶ 222 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 222 directed to other defendants.

223. Wal-Mart denies the allegations at ¶ 223 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 223 directed to other defendants.

-18-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
Bartko Zankel Tarrant & Miller, a Professional Law Corporation

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

224. Wal-Mart denies the allegations at ¶ 224, and denies that it made any of the alleged representations.

225. Wal-Mart lacks sufficient knowledge or information to form a belief about what plaintiffs or class members might have done under different circumstances, and Wal-Mart denies the balance of the allegations at ¶ 225 to the extent the allegations are directed to Wal-Mart and denies that Wal-Mart made any of the alleged representations. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 225 directed to other defendants.

226. Wal-Mart denies the allegations at ¶ 226 to the extent the allegations are directed to Wal-Mart. Wal-Mart avers that Count Five does not apply to toys containing allegedly loose magnets or to blood pressure cuff toys, following this Court's November 24, 2008 Civil Minutes General Order.

## RESPONSE TO COUNT SIX
### (Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* Against the Manufacturer Defendants)

227-240. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein. These allegations are directed to the manufacturer defendants, not Wal-Mart, and no response by Wal-Mart is required. To the extent a response is required, Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the allegations at ¶ 227-240 directed to other defendants.

-19-

## RESPONSE TO COUNT SEVEN
### (Violation of Cal. Bus. & Prof. Code § 17200 *et seq*. Against the Retailer Defendants)

241.   Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

242-244.     These paragraphs refer to or quote certain portions of the California Business & Professions Code and refer to various other federal and state laws allegedly violated by defendants.  Wal-Mart admits that the referenced laws speak for themselves, and Wal-Mart denies it has violated any of the identified laws, and denies the balance of the allegations at ¶¶ 242-244 directed to Wal-Mart. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶¶ 242-244 directed to other defendants.

245.   Wal-Mart denies the allegations at ¶ 245 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 245 directed to other defendants.

246.   Wal-Mart denies the allegations at ¶ 246 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations.   Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 246 directed to other defendants.

247.   Wal-Mart admits that California Business & Professions Code § 17200, *et seq*., prohibits unfair business acts or practices.  Wal-Mart denies the allegations at ¶ 247 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 247 directed to other defendants.

-20-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

248.   Wal-Mart admits that California Business & Professions Code § 17200, *et seq.*, prohibits fraudulent business acts or practices.  Wal-Mart denies the allegations at ¶ 248 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 248 directed to other defendants.

249.   Wal-Mart denies the allegations at ¶ 249 to the extent the allegations are directed to Wal-Mart, and specifically denies that Wal-Mart adopted or is responsible for any representations made by the manufacturer defendants.  Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 249 directed to other defendants.

250.   Wal-Mart denies the allegations at ¶ 250 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations.   Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 250 directed to other defendants.

251.   Wal-Mart denies the allegations at ¶ 251 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations.   Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 251 directed to other defendants.  Wal-Mart lacks sufficient knowledge or information to form a belief as to the truth of what members of the purported class would have done under different circumstances.

252.   Wal-Mart denies the allegations at ¶ 252 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 252 directed to other defendants.

-21-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
Bartko Zankel Tarrant Miller & Hanson, A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

253.   Wal-Mart denies the allegations at ¶ 253 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations.   Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 253 directed to other defendants.

254.   Wal-Mart denies the allegations at ¶ 254 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 254 directed to other defendants.

## RESPONSE TO COUNT EIGHT
### (Violation of the California Consumer Legal Remedies Act Against the Manufacturer Defendants)

255-264.   Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.  These allegations are directed to the manufacturer defendants, not Wal-Mart, and no response by Wal-Mart is required.   To the extent a response is required, Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the allegations at ¶ 255-264 directed to other defendants.

## RESPONSE TO COUNT NINE
### (Violation of the California Consumer Legal Remedies Act Against the Retailer Defendants)

265.   Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

266.   This paragraph refers to the legal standards under the C.L.R.A. Wal-Mart admits such law speaks for itself.

-22-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Bartko Zankel Tarrant Miller Liebl & Marcus, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKOZANKEL
Bartko Zankel Bunzel & Miller, A Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

267. Wal-Mart denies the allegations at ¶ 267 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 267 directed to other defendants.

268. Wal-Mart denies the allegations at ¶ 268 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 268 directed to other defendants.

269. Wal-Mart denies the allegations at ¶ 269 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 269 directed to other defendants.

270. Wal-Mart denies the allegations at ¶ 270 to the extent the allegations are directed to Wal-Mart, and specifically denies that it adopted or is responsible for any representations made by the manufacturer defendants. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 270 directed to other defendants.

271. Wal-Mart denies the allegations at ¶ 271 to the extent the allegations are directed to Wal-Mart, and specifically denies that it made any of the alleged representations. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 271 directed to other defendants, and lacks sufficient knowledge or information to form a belief about the truth of what plaintiffs and other class members would have done under different circumstances.

272. Wal-Mart denies the allegations at ¶ 272 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge

-23-

to form a belief about the truth of the balance of the allegations at ¶ 272 directed to other defendants.

273.    Wal-Mart denies the allegations at ¶ 273 to the extent the allegations are directed to Wal-Mart,  and denies that the C.L.R.A. notice letter sent by plaintiffs' counsel to Wal-Mart satisfied the policies underlying the C.L.R.A. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 273 directed to other defendants.

274.    Wal-Mart denies the allegations at ¶ 274 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 274 directed to other defendants.

275.    Wal-Mart denies the allegations at ¶ 275 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 275 directed to other defendants.

## RESPONSE TO COUNT TEN
**(Violation of the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Merchantability)**

276.    Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

277-281.    These paragraphs allege that the plaintiffs, class members, all of the toys, and all of the defendants meet definitional standards within California Civil Code §§ 1791, *et. seq*.  At this stage of the proceedings, Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the

-24-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  allegations at ¶¶ 277-281, but Wal-Mart admits that it is a retailer within the

2  meaning of Cal. Civ. Code § 1791(l).

3          282.  Wal-Mart denies the allegations at ¶ 282 to the extent the

4  allegations are directed to Wal-Mart, and lacks sufficient information or knowledge

5  to form a belief about the truth of the balance of the allegations at ¶ 282 directed to

6  other defendants.

7          283.  Wal-Mart denies the allegations at ¶ 283 to the extent the

8  allegations are directed to Wal-Mart, and lacks sufficient information or knowledge

9  to form a belief about the truth of the balance of the allegations at ¶ 283 directed to

10  other defendants.

11          284.  Wal-Mart denies the allegations at ¶ 284 to the extent the

12  allegations are directed to Wal-Mart, and lacks sufficient information or knowledge

13  to form a belief about the truth of the balance of the allegations at ¶ 284 directed to

14  other defendants.

15

16                    **RESPONSE TO COUNT ELEVEN**

17  **(Violation of Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Fitness Against the Manufacturer Defendants)**

18          285-290.  Wal-Mart incorporates by reference and restates its

19  responses to the preceding paragraphs as if fully set forth herein.  These allegations

20  are directed to the manufacturer defendants, not Wal-Mart, and therefore no

21  response by Wal-Mart is required.  To the extent a response is required, Wal-Mart

22  lacks sufficient information or knowledge to form a belief about the truth of the

23  allegations at ¶ 285-290 directed to other defendants.

24

25

26

27

28

-25-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

### RESPONSE TO COUNT TWELVE
**(Violation of Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Fitness Against the Retailer Defendants)**

291.    Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

292.    Wal-Mart denies the allegations at ¶ 292 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 292 directed to other defendants.

293.    Wal-Mart denies the allegations at ¶ 293 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 293 directed to other defendants.

294.    Wal-Mart denies the allegations at ¶ 294 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 294 directed to other defendants.

295.    Wal-Mart denies the allegations at ¶ 295 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 295 directed to other defendants.

296.    Wal-Mart denies the allegations at ¶ 296 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 296 directed to other defendants.

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-26-

## RESPONSE TO COUNT THIRTEEN
### (Unjust Enrichment)

297.   Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

298.   Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations concerning the design and manufacture of the subject toys. Wal-Mart denies the allegations at ¶ 298 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 298 directed to other defendants.

299.   Wal-Mart denies the allegations at ¶ 299 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 299 directed to other defendants.

## RESPONSE TO PRAYER FOR RELIEF

Wal-Mart denies that plaintiffs are entitled, as against Wal-Mart, to any of the relief sought at page 82 of the Second Consolidated Amended Complaint.

## AFFIRMATIVE DEFENSES

Wal-Mart alleges the following separate and alternative affirmative defenses to plaintiffs' Second Consolidated Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Lack of U.S. Constitution Article III Standing)

Plaintiffs lack standing to assert all or some of the claims for relief in the Second Consolidated Amended Complaint and lack standing to represent

-27-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
Bartko · Zankel · Tarrant · Miller | Tarrell & Hanson, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

putative class members in the class, pursuant to the absence of each of the required elements of U.S. Constitution, Article III.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs lack standing to assert all or some of the claims for relief in the Second Consolidated Amended Complaint and lack standing to represent putative class members in the class, due to the absence of required injury in fact and loss of money or property required by Cal. Bus. & Prof. Code § 17204, and due to the absence of the required Proposition 65 60-day pre-suit notice.

## THIRD AFFIRMATIVE DEFENSE
### (Claims Preemption)

Some or all of the claims in the Second Consolidated Amended Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA") and/or the CPSIA, applicable regulations, and actions of the Consumer Products Safety Commission in connection with the recalls.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Some or all of the claims in the Second Consolidated Amended Complaint are barred in whole or in part by the doctrine of estoppel, by plaintiffs electing to participate in the recalls.

## FIFTH AFFIRMATIVE DEFENSE
### (Prohibition Against Excessive Penalties)

Some or all of plaintiffs' claims are barred to the extent plaintiffs seek to impose penalties that violate the California Constitution's prohibition against excessive penalties and/or similar provisions in other state constitutions.

-28-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
Banka-Zankel-Tornom-Millor-Lizech & Hanson, Inc. of Council
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

### SIXTH AFFIRMATIVE DEFENSE
### (Excessive Fines Clause of the Eighth Amendment to the United States Constitution)

Some or all of the claims in the Second Consolidated Amended Complaint are barred to the extent plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE
### (Due Process Clause of the Fourteenth Amendment to the United States Constitution)

Some or all of the claims in the Second Consolidated Amended Complaint are barred to the extent plaintiffs seek damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

310.   Some or all of the claims in the Second Consolidated Amended Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.

### NINTH AFFIRMATIVE DEFENSE
### (Discharge of Obligations)

311.   Some or all of the claims in the Second Consolidated Amended Complaint are barred in whole or in part because Wal-Mart has complied with and fully performed any and all past and current obligations imposed on them by law, contracts, or equity, and all past and current obligations owed to plaintiffs have been satisfied, released or otherwise discharged.

-29-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

## TENTH AFFIRMATIVE DEFENSE
### (Disclaimer of Warranties)

312. Some or all of the claims in the Second Consolidated Amended Complaint are barred in whole or in part to the extent of any enforceable disclaimer of express or implied warranties, including but not limited to age-appropriate warnings.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

313. Some or all of the claims in the Second Consolidated Amended Complaint are barred in whole or in part because any harm to plaintiffs was caused not by Wal-Mart's actions, but by a superseding cause.

## TWELFTH AFFIRMATIVE DEFENSE
### (Liability of Others)

All or a portion of the injuries asserted by plaintiffs, if any, were caused by the actions of third parties or other defendants, not Wal-Mart, and Wal-Mart's liability to plaintiffs therefor is thus eliminated or reduced.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Justification)

Some or all of the claims in the Second Consolidated Amended Complaint are barred in whole or in part because the alleged conduct of Wal-Mart was justified in good faith for a valid business purpose.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

Some or all of the claims in the Second Consolidated Amended Complaint are barred in whole or in part because one or more plaintiffs are not in

-30-

1698.031/398410.1

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, Lewis & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

privity with Wal-Mart, including those plaintiffs who never purchased or received toys from Wal-Mart.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (B&P Code § 17200 and Cal Civ. Code § 1750)

None of the named plaintiffs suffered alleged injury as a result of action taken by Wal-Mart in the state of California.  No CLRA relief as to Wal-Mart is permitted as to non-California residents, and no §17200 relief as to Wal-Mart is permitted as to non-California residents who were not allegedly injured by actions of Wal-Mart in California.  To the extent plaintiffs seek to assert claims under California law on behalf of a nationwide class, some or all of the putative class members outside California lack standing to assert such claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Contributory and Comparative Negligence)

Any injury sustained by plaintiffs may have been caused, in whole or in part, by plaintiffs' contributory or comparative negligence, fault, and want of due care including failure to mitigate damages, if any, and therefore plaintiffs are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (No Duty to Inspect for Non-Obvious Defects)

Wal-Mart is not liable in negligence as a retailer as it had no duty to inspect or test for non-obvious defects.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Responsive Actions Taken Barring Claims for Damages)

Any claim for damages is barred because Wal-Mart has taken reasonable steps to inform consumers of the recalls and has taken appropriate

-31-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

responsive action, including but not limited to, assisting consumers to receive vouchers, cash or replacement products as part of the recalls.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Failure to Provide Adequate Notice)

Any claim for damages under state consumer protection laws is barred because plaintiffs failed to provide adequate notice as required by the policy of the law.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Ratification)

Plaintiffs' claims are barred, in whole or part, by ratification through plaintiffs electing to participate in the recalls.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Release)

Mattel and Fisher-Price have entered into a pending settlement with the People of the State of California regarding toys that are the subject of this action, resolving and releasing Wal-Mart as to any injunctive remedy and any penalties under Proposition 65, which will limit the remedies available to plaintiffs in this action.

DATED:  December 19, 2008

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation


By: /s/ Robert H. Bunzel
        Robert H. Bunzel
        Attorneys for Defendant
        WAL-MART STORES, INC.

-32-

ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

# PROOF OF SERVICE

I, Barbara J. Sage, the undersigned, hereby certify and declare:

1.     I am over the age of 18 years and am not a party to the within cause.

2.     I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3.     My business address is Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111.

On December 19, 2008, I served the true copy of the attached document(s) titled exactly

- **ANSWER OF DEFENDANT WAL-MART STORES, INC. TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**

on the interested parties in this action as follows:

__X__     **BY MAIL:** I am readily familiar with my employer's mail collection and processing practices, know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail, and know that postage thereon is fully prepaid. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope(s) at Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111, addressed, sealed and charges prepaid as follows:

## SEE ATTACHMENT A

_____     **BY HAND DELIVERY:** I caused to be delivered such envelope(s) by hand to the address designated below.

_____     **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for collection and processing of Federal Express courier service mail, and know that said Federal Express courier service mail is collected and deposited with a facility regularly maintained by Federal Express at San Francisco, California on the same day it is deposited in the interoffice mail. Following ordinary business practice, I placed for collection and delivery to Federal Express such envelope(s) at Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111, addressed, sealed and charges prepaid, marked for next business day delivery as follows:

_____     **BY FACSIMILE:** On December 19, 2008 from my employer's facsimile machine telephone number (415) 956-1152, I transmitted a copy of said document(s) to the following addressee(s) at the following number(s), which is the number last given by that person on a document he or she has filed in this action and served on my employer. The transmission was reported as complete and without error, and a transmission report properly issued by the transmitting machine, a true and correct copy of which is attached hereto pursuant to California Rule of Court, Rule 2008 (e)(4).

1.

1

2

          I declare under penalty of perjury under the laws of the United States of America

3

that the foregoing is true and correct and that this declaration was executed on December 19, 2008

4

at San Francisco, California.

5

6                                             Barbara J. Sage

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2.

MANUAL NOTICE LIST
*In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*
2:07-ml-018970-DSF-AJW
MDL 1897

Gilbert Scott Bagnell, Esq.
Bagnell and Eason
P.O. Box 11852
Columbia, SC  29211

Frank Baliant, Esq.
Andrew C. Friedman, Esq.
Manfred P. Muecke, Esq.
Bonnett Fairbourn Firedman & Baliant PC
2901 North Central Ave., Suite 1000
Phoenix, AZ  85012

Matthew C. Branic, Esq.
Mark J. R. Merkle, Esq.
Marc T. Quigley, Esq.
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN  46204

Robert H. Brunson, Esq,
Deirdre Shelton McCool, Esq.
Nelson Mullins Riley and Scarborough
PO Box 1806
Charleston, SC  29402

Michael G. Crow, Esq.
Crow Law Firm LLC
1100 Poydras Street - Suite 1175
New Orleans, LA  70163

Ryan D. Dahl, Esq.
John E. Iole, Esq.
Jones Day
50 Grant Street Suite 3100
Pittsburgh, PA  15219

Stuart A. Davidson, Esq.
Elizabeth A. Shonson, Esq.
Coughlin Stoia Geller Rudman and Robbins
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809

John Gressette Felder, Jr., Esq.
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC  29201

Burton H. Finkelstein, Esq.
Finkelstein Thompson & Loughran
Duvall Foundry
1050 30th St., N.W.
Washington, DC  20007

Frederic S. Fox, Esq.
Donald R. Hall, Esq.
Kaplan Fox & Kilsheimer
850 Third Avenue 14th Fl
New York, NY  10022

Paul J. Geller, Esq.
Paul J. Geller Law Offices
120 East Palmetto Park Rd., Suite 500
Boca Raton, FL  33432

Richard M. Golomb, Esq.
Golomb & Honik
1515 Market Street
Philadelphia, PA  19102

Michael D. Gottsch, Esq.
Chimicles and Tikellis LLP
One Haverford Center
361 West Lancaster Avenue
Haverford, PA  19041-0100

Steven Michael Hayes, Esq.
Hanly Conroy Bierstein Sheridan Fisher &
    Hayes LLP
112 Madison Avenue
New York, NY  10016

John B. Williams, Esq.
Danielle Marie Hohos, Esq.
Jones Day
51 Louisiana Avenue
Washington, DC  20001

Chad A. McGowan, Esq.
Steven Randall Hood, Esq.
McGowan Hood and Felder
1539 Healthcare Drive
Rock Hill, SC  29732

Walter J. Lack, Esq.
Engstrom Lipscomb & Lack
10100 Santa Monica Blvd., 12th Floor
Los Angeles, CA  90067-4107

Karen Jennifer Marcus, Esq.
Finklestein Thompson LLP
1050 30th Street, N.W.
Washington, DC  20007

Stephen G. Morrison, Esq.
Nelson Mullins Riley and Scarborough
P.O. Box 11070
Columbia, SC  29211

Michael J. Templeton, Esq.
Jones Day
222 East 41st Street
New York, NY  10017

David L. Woloshin, Esq.
Woloshin and Killino
1800 John F. Kennedy Blvd., 11th Floor
Philadelphia, PA  19103-2925