Elwood Lui (SBN 45538)
elui@jonesday.com
Rick L. Shackelford (SBN 151262)
rlshackelford@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 243-2435
Facsimile:    (213) 243-2539

Hugh Whiting (pro hac vice)
hrwhiting@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:   (832) 239-3939
Facsimile:    (832) 239-3600

Thomas E. Fennell (pro hac vice)
tefennell@jonesday.com
Michael L. Rice (pro hac vice)
mlrice@jonesday.coJONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:   (214) 220-3939
Facsimile:    (214) 969-5100

Attorneys for Defendants
MATTEL, INC. AND FISHER-
PRICE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | Case No. MDL No. 1897 |
| | The Honorable Dale S. Fischer |
| | **FIRST AMENDED ANSWER OF DEFENDANTS MATTEL, INC. AND FISHER-PRICE, INC. TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT; AND** |
| | **DEMAND FOR JURY TRIAL** |

1    Pursuant to the Stipulation among the parties and signed by the Court,

2    Defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc. ("Fisher-Price") (together

3    "Defendants") hereby file their first amended answer in response to Plaintiffs'

4    Second Consolidated Amended Complaint (the "Complaint").

5    **<u>RESPONSE TO ALLEGATIONS</u>**

6    The Complaint throughout contains numerous allegations regarding

7    "Defendants" without any identification of specific acts of purported wrongdoing

8    by Mattel or Fisher-Price.  These collective allegations throughout the Complaint

9    are a fatally defective attempt by Plaintiffs to disguise their lack of knowledge of

10    any specific wrongdoing by either Mattel or Fisher-Price in a web of

11    undifferentiated aggregate claims.  Each Defendant, Mattel and Fisher-Price,

12    individually denies that it has committed any wrongdoing.  For their responses to

13    the specific allegations of the Complaint, Defendants incorporate the foregoing

14    statement in each paragraph below as applicable and further state:

15    In response to the opening paragraph of the Complaint, Defendants admit

16    that Plaintiffs purport to bring this action for themselves and as a putative class

17    action, but deny that this action may properly be maintained as a class action and

18    deny that any such class alleged in the Complaint satisfies the requirements of

19    Federal Rule of Civil Procedure 23.  Defendants further deny that Plaintiffs or any

20    putative class members are entitled to any of the relief requested in the opening

21    paragraph of the Complaint.  Defendants deny the remaining allegations in the

22    opening paragraph of the Complaint.

23
     **<u>RESPONSE TO PLAINTIFFS' ALLEGATIONS
     IN NUMBERED PARAGRAPHS 1 THROUGH 172</u>**
24

25    1.    The allegations in paragraph 1 of the Complaint are legal conclusions

26    to which no response is required.

27    2.    The allegations in paragraph 2 of the Complaint are legal conclusions

28    to which no response is required.

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

1    3.    Defendants admit that Mattel and/or Fisher-Price "designed,

2    manufactured, distributed and/or sold" toys subject to the August 2, August 14,

3    September 4, and October 25, 2007 voluntary recalls and the 2007 product

4    replacements for toy blood pressure cuffs (collectively, the "Recalled Toys").

5    Defendants admit that they "marketed and sold" the toys consistent with the age

6    restrictions noted for each product.  Defendants deny the remaining allegations in

7    paragraph 3 of the Complaint.

8    4.    Defendants deny the allegations in paragraph 4 of the Complaint.

9    5.    Defendants admit that, on August 2, 2007, Mattel, Fisher-Price and the

10   Consumer Products Safety Commission ("CPSC") announced a voluntary recall of

11   various Fisher-Price toys, some of which were sold in the United States, including

12   certain Sesame Street and Nickelodeon toys.  Defendants admit that a reason for the

13   voluntary recall was that testing indicated that the paint on some part of certain of

14   the toys that were subject to the recalls contained lead that exceeded applicable

15   standards.  Defendants admit that they "marketed and sold" the toys consistent with

16   the age restrictions noted for each product.  Defendants deny the remaining

17   allegations in paragraph 5 of the Complaint.

18   6.    Defendants lack knowledge or information sufficient to form a belief

19   as to the truth of the allegations in paragraph 6 of the Complaint regarding what

20   "parents" may or may not have done and, therefore, deny the same.  Defendants

21   admit that on August 14, September 4, and October 25, 2007, Mattel, Fisher-Price

22   and the CPSC announced voluntary recalls of certain toys that were manufactured

23   in China during specified periods of time.  Defendants admit that a reason for some

24   of the recalls was that testing indicated that the paint on some part of certain of the

25   toys that were subject to the recall contained lead that exceeded applicable

26   standards.  Defendants admit that lead, like many substances not intended for

27   ingestion, has been recognized as having the potential to cause adverse effects on

28   some humans if ingested in sufficiently large quantities over a sufficient amount of

1    time.  Defendants admit that the voluntary recall announced on August 14, 2007

2    included Mattel toys with small magnets.  Defendants admit that a reason for the

3    recall involving magnets was that, while the toys met applicable standards when

4    originally sold, Mattel had adopted a new design standard for securing magnets in

5    toys and retroactively applied that design. Defendants deny the remaining

6    allegations in paragraph 6 of the Complaint.

7          7.    Defendants admit that they "manufactured, distributed, marketed

8    and/or sold" toys, including the Recalled Toys.  Defendants admit that a reason for

9    some of the recalls was that testing indicated that the paint on some part of certain

10    of the toys that were subject to the recall contained lead that exceeded applicable

11    standards.  Defendants admit that a reason for the recall involving magnets was

12    that, while the toys met applicable standards when originally sold, Mattel had

13    adopted a new design standard for securing magnets in toys and retroactively

14    applied that design. Defendants admit that tests on blood pressure cuffs that were

15    part of certain Fisher-Price and Sesame Street medical kits (the "Cuffs") revealed

16    levels of lead that, though fully compliant with all federal and international

17    standards, were higher than anticipated and were noncompliant with an Illinois

18    statute.  Defendants deny the remaining allegations in paragraph 7 of the

19    Complaint.

20          8.    Defendants deny the allegations in paragraph 8 of the Complaint.

21          9.    Defendants deny the allegations in paragraph 9 of the Complaint.

22          10.   Defendants admit that the Recalled Toys were designed for use and

23    expected to be used by children consistent with the age restrictions noted for each

24    product.  Defendants admit that children may put toys or portions of toys in their

25    mouths on occasion, although the frequency and extent of which will vary from

26    child to child based on multiple factors.  Defendants deny the remaining allegations

27    in paragraph 10 of the Complaint.

28          11.   Defendants deny the allegations in paragraph 11 of the Complaint.

1    12.    Defendants admit that on August 2, August 14, September 4, and

2    October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls

3    of certain Mattel/Fisher-Price toys.  Defendants admit that a reason for the recalls

4    was that testing indicated that the paint on some part of certain of the toys that were

5    subject to the recall contained lead that exceeded applicable standards.  Defendants

6    deny the remaining allegations in paragraph 12 of the Complaint.

7    13.    Defendants admit that on August 14, 2007, the U. S. Consumer

8    Product Safety Commission ("CPSC") and Mattel announced voluntary recalls of

9    Polly Pocket!™ play sets, Doggie Day Care™ play sets, Barbie® and Tanner™

10    play sets, and Batman™ and One Piece™ action figure sets.  Defendants state that

11    the August 14, 2007 announcement referred to in paragraph 13 of the Complaint

12    speaks for itself.  Defendants admit that a reason for the recalls was that, while the

13    toys met applicable standards when originally sold, Mattel had adopted a new

14    design standard for securing magnets in toys and retroactively applied that design.

15    Defendants admit that the recall of Polly Pocket!™ play sets  was an expansion of

16    the voluntary recall of Polly Pocket!™ play sets announced by the CPSC and

17    Mattel on November 21, 2006.  Defendants deny the remaining allegations in

18    paragraph 13 of the Complaint, and specifically deny that the characterization of the

19    Recalled Toys in footnote 2 and throughout the Complaint as "Hazardous Toys" is

20    accurate or proper.

21    14.    Defendants admit that tests on the Cuffs revealed levels of lead that,

22    though fully compliant with all federal and international standards, were higher

23    than anticipated and were noncompliant with an Illinois statute.  Defendants admit

24    that they have not recalled the Cuffs nationwide, but state that they have offered to

25    replace the affected Cuffs nationwide at consumers' request and have replaced

26    Cuffs in retailers' inventories.  Defendants lack knowledge or information sufficient

27    to form a belief as to the truth of the allegations in paragraph 14 of the Complaint

28    regarding the Cuffs' availability for purchase online from entities other than

Defendants as of May 15, 2008 and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15.     Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants admit that it is possible, under some circumstances, if more than one magnet of a certain flux density become liberated and are swallowed by a child at particular and different times that intestinal injuries, including intestinal perforations, might occur, although highly unlikely. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding "exposure to lead and hazardous magnets" in paragraph 15 of the Complaint in the absence of more information regarding levels, circumstances, and duration of exposure and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 15 of the Complaint, specifically including that the Recalled Toys posed serious health risks.

16.     Defendants deny the allegations in paragraph 16 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been injured. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, therefore, deny the same.

17.     Defendants deny the allegations in paragraph 17 of the Complaint that Plaintiff or Plaintiff's parents and natural guardians have been injured. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and, therefore, deny the same.

18.     Defendants deny the allegations in paragraph 18 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been injured. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 18 of the Complaint and, therefore, deny the same.

19.    Defendants deny the allegations in paragraph 19 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and, therefore, deny the same.

20.    Defendants deny the allegations in paragraph 20 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and, therefore, deny the same.

21.    Defendants deny the allegations in paragraph 21 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and, therefore, deny the same.

22.    Defendants deny the allegations in paragraph 22 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, therefore, deny the same.

23.    Defendants deny the allegations in paragraph 23 of the Complaint that Plaintiffs or Plaintiffs' child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and, therefore, deny the same.

24.    Defendants deny the allegations in paragraph 24 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's child has been

1    injured.  Defendants lack knowledge or information sufficient to form a belief as to

2    the truth of the remaining allegations in paragraph 24 of the Complaint and,

3    therefore, deny the same.

4        25.    Defendants deny the allegations in paragraph 25 of the Complaint that

5    the referenced toys were hazardous and that Plaintiff or Plaintiff's children have

6    been injured.  Defendants lack knowledge or information sufficient to form a belief

7    as to the truth of the remaining allegations in paragraph 25 of the Complaint and,

8    therefore, deny the same.

9        26.    Defendants deny the allegations in paragraph 26 of the Complaint that

10    the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been

11    injured.  Defendants lack knowledge or information sufficient to form a belief as to

12    the truth of the remaining allegations in paragraph 26 of the Complaint and,

13    therefore, deny the same.

14        27.    Defendants deny the allegations in paragraph 27 of the Complaint that

15    the referenced toys were hazardous and that Plaintiff or Plaintiff's parents and

16    natural guardians have been injured.  Defendants lack knowledge or information

17    sufficient to form a belief as to the truth of the remaining allegations in paragraph

18    27 of the Complaint and, therefore, deny the same.

19        28.    Defendants deny the allegations in paragraph 28 of the Complaint that

20    the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been

21    injured.  Defendants lack knowledge or information sufficient to form a belief as to

22    the truth of the remaining allegations in paragraph 28 of the Complaint and,

23    therefore, deny the same.

24        29.    Defendants deny the allegations in paragraph 29 of the Complaint that

25    the referenced toy was hazardous and that Plaintiff or Plaintiff's children have been

26    injured.  Defendants lack knowledge or information sufficient to form a belief as to

27    the truth of the remaining allegations in paragraph 29 of the Complaint and,

28    therefore, deny the same.

30.    Defendants deny the allegations in paragraph 30 of the Complaint that the referenced toy was hazardous and that Plaintiff or Plaintiff's child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and, therefore, deny the same.

31.    Defendants deny the allegations in paragraph 31 of the Complaint that the referenced toy was hazardous and that Plaintiffs or Plaintiffs' children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and, therefore, deny the same.

32.    Defendants deny the allegations in paragraph 32 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's children have been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and, therefore, deny the same.

33.    Defendants deny the allegations in paragraph 33 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and, therefore, deny the same.

34.    Defendants deny the allegations in paragraph 34 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's child has been injured.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and, therefore, deny the same.

35.    Defendants admit the allegations in the first two sentences of paragraph 35 of the Complaint.  Defendants state that Mattel's Form 10-K

referenced in paragraph 35 of the Complaint speaks for itself. Defendants admit the allegations in the last two sentences of paragraph 35 of the Complaint.

36.    Defendants admit the allegations in paragraph 36 of the Complaint.

37.    The allegations in the first and second sentences of paragraph 37 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Target Corporation, including Recalled Toys. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.    The allegations in the first five sentences of paragraph 38 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Toys "R" Us, Inc., including Recalled Toys. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.    The allegations in the first three sentences of paragraph 39 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Wal-Mart Stores, Inc., including Recalled Toys. Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.    The allegations in the first two sentences of paragraph 40 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to KB Toys, Inc., including Recalled Toys. Defendants deny the reaming allegations in paragraph 40 of the Complaint.

41.    The allegations in the first three sentences of paragraph 41 of the Complaint are not directed at Defendants and do not require a response. Defendants admit that they "distributed and sold" toys to Kmart Corporation, including Recalled Toys. Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42.     The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

43.     The allegations in paragraph 43 of the Complaint are legal conclusions to which no response is required.

44.     The allegations in paragraph 44 of the Complaint are legal conclusions to which no response is required.

45.     Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

46.     Defendants state that the statements by the National Safety Council quoted in paragraph 46 of the Complaint speak for themselves.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, deny the same.

47.     To the extent the allegations in paragraph 47 of the Complaint refer to testimony excerpts by Dr. Best, those excerpts speak for themselves.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants lack knowledge or information sufficient to form a belief as to the truth

1    of the allegations in paragraph 47 of the Complaint in the absence of more

2    information including levels and duration of exposure and age and characteristics of

3    children and, therefore, deny the same.

4         48.    To the extent that the allegations in paragraph 48 of the Complaint

5    refer to the articles cited in footnote 9 to paragraph 48 of the Complaint, those

6    articles speak for themselves.  Defendants admit that lead, like many substances not

7    intended for ingestion, has been recognized as having the potential to cause adverse

8    effects on some humans if ingested in sufficiently large quantities over a sufficient

9    amount of time.  Defendants lack knowledge or information sufficient to form a

10   belief as to the truth of the allegations in paragraph 48 of the Complaint in the

11   absence of more information including levels and duration of exposure and age and

12   characteristics of children and, therefore, deny the same.

13        49.    Defendants admit that children may be exposed to lead through

14   multiple sources, including as it exists in nature.  Defendants admit that children

15   may engage in hand-to-mouth activity, although the extent and frequency of such

16   activity will vary from child to child and by age, and that such activity can in some

17   instances transfer substances, including accessible lead, from consumer products

18   and other items to the child.  Defendants deny that the Recalled Toys posed health

19   risks under any reasonably foreseeable pattern of use.  Defendants lack information

20   sufficient to form a belief as to the truth of the remaining allegations in paragraph

21   49 of the Complaint and, therefore, deny the same.

22        50.    Defendants admit that they "designed, manufactured and sold" toys

23   that were subject to the November 21, 2006 and August 14, 2007 voluntary recalls

24   involving magnets.  Defendants admit that it is possible, under some circumstances,

25   if more than one magnet of a certain flux density become liberated and are

26   swallowed by a child at particular and different times that intestinal injuries,

27   including intestinal perforations, might occur, although highly unlikely.

28   Defendants state that the letter by Dr. Oestreich quoted in paragraph 50 of the

1  Complaint speaks for itself.  Defendants lack knowledge or information sufficient
2  to form a belief as to the truth of the allegations in paragraph 50 of the Complaint
3  that refer to the awareness of the CPSC and, therefore, deny the same.  Defendants
4  deny the remaining allegations in paragraph 50 of the Complaint.

5       51.    Defendants state that the CPSC press release referred to in paragraph
6  51 of the Complaint and footnote 13 speaks for itself.  Defendants deny the
7  remaining allegations in paragraph 51 of the Complaint.

8       52.    Defendants state that the April 19, 2007 CPSC press release cited and
9  quoted in paragraph 52 of the Complaint speaks for itself.  Defendants deny the
10  remaining allegations in paragraph 52 of the Complaint.

11       53.    Defendants admit that Mattel and/or Fisher-Price have been involved
12  in advertising their products and that they have "sought to promote their brands."
13  The remaining allegations in paragraph 53 do not identify any particular advertising
14  materials, promotions or representations by Mattel or Fisher-Price, but reflect only
15  general characterizations; thus, they are denied as stated.

16       54.    Defendants admit that Mattel markets and advertises its toys.
17  Defendants state that Mattel's website, quoted in part in paragraph 54 of the
18  Complaint, speaks for itself.  Defendants deny the remaining allegations in
19  paragraph 54 of the Complaint.

20       55.    Defendants state that Mattel's "Code of Conduct," quoted in part in
21  paragraph 55 of the Complaint, speaks for itself.  Defendants deny the remaining
22  allegations in paragraph 55 of the Complaint.

23       56.    Defendants state that Mattel's "2007 Global Citizenship Report,"
24  quoted in part in paragraph 56 of the Complaint, speaks for itself.  Defendants deny
25  the remaining allegations in paragraph 56 of the Complaint.

26       57.    Defendants state that Mattel's "2007 Global Citizenship Report,"
27  quoted in part in paragraph 57 of the Complaint, speaks for itself.  Defendants deny
28  the remaining allegations in paragraph 57 of the Complaint.

1    58.    Defendants state that the "2007 Mattel Global Reporting Initiative

2    (GRI) Report," quoted in part in paragraph 58 of the Complaint, speaks for itself.

3    Defendants admit that Mattel's "Quality and Safety Operating Procedures" contain

4    confidential, proprietary information and are not included in the GRI Report or

5    available to the public.  Defendants deny the remaining allegations in paragraph 58

6    of the Complaint.

7    59.    Defendants state that the "2007 Mattel Global Reporting Initiative

8    (GRI) Report," quoted in part in paragraph 59 of the Complaint, speaks for itself.

9    Defendants deny the remaining allegations in paragraph 59 of the Complaint.

10    60.    Defendants state that Mattel's "2007 Global Citizenship Report" and

11    the Letter to Stakeholders, quoted in part in paragraph 60 of the Complaint, speak

12    for themselves.  Defendants deny the remaining allegations in paragraph 60 of the

13    Complaint.

14    61.    Defendants admit that the Fisher-Price brand includes toys for

15    preschoolers.  Defendants state that Fisher-Price's website, quoted in part in

16    paragraph 61 of the Complaint, speaks for itself.  Defendants deny the remaining

17    allegations in paragraph 61 of the Complaint.

18    62.    Defendants state that Fisher-Price's website, quoted in part in

19    paragraph 62 of the Complaint, speaks for itself.  Defendants deny the remaining

20    allegations in paragraph 62 of the Complaint.

21    63.    Defendants lack knowledge or information sufficient to form a belief

22    as to the truth of the allegations in paragraph 63 of the Complaint regarding what

23    Plaintiffs and purported class members may or may not have done and, therefore,

24    deny the same.  Defendants deny the remaining allegations in paragraph 63 of the

25    Complaint.

26    64.    Defendants state that the ASTM standard cited in paragraph 64 and

27    footnotes 25 and 26 of the Complaint speaks for itself.  Defendants lack knowledge

28    or information sufficient to form a belief as to the truth of the allegations in

1    paragraph 64 regarding Plaintiffs' and purported class members' beliefs and,

2    therefore, deny the same.  Defendants admit that their toys are sold for use

3    consistent with the age restrictions noted for each product.  Defendants admit that

4    the packaging of certain of their toys depicts children playing with the toy,

5    consistent with the age restrictions noted for the toy, but because the allegations in

6    paragraph 64 of the Complaint fail to identify any specific toys, Defendants deny

7    the allegations as stated.  Defendants deny any remaining allegations in paragraph

8    64 of the Complaint.

9         65.    Defendants state that Mattel's "2007 Global Citizenship Report,"

10    quoted in part in paragraph 65 of the Complaint, speaks for itself.  Defendants deny

11    the remaining allegations in paragraph 65 of the Complaint.

12        66.    Defendants state that Mattel's "2007 Global Citizenship Report,"

13    quoted in part in paragraph 66 of the Complaint, speaks for itself.  Defendants

14    admit that the toys subject to the August 2, 2007 voluntary recall included certain

15    toys age graded as birth-24 months.  Defendants admit that children may put toys or

16    portions of toys in their mouths on occasion, although the extent and frequency of

17    such activity will vary from child to child and by age.  Defendants deny that the

18    Recalled Toys posed health risks under any reasonably foreseeable pattern of use.

19    Defendants deny the remaining allegations in paragraph 66 of the Complaint.

20        67.    Defendants state that Fisher-Price's website referenced in paragraph 67

21    of the Complaint speaks for itself.  Defendants deny the remaining allegations in

22    paragraph 67 of the Complaint.

23        68.    Defendants state that the "2007 Mattel Global Reporting Initiative

24    (GRI) Report," quoted in part in paragraph 68 of the Complaint, speaks for itself.

25    Defendants lack knowledge or information sufficient to form a belief as to the truth

26    of the allegations in paragraph 68 regarding Plaintiffs' and purported class

27    members' alleged reliance and, therefore, deny the same.  Defendants deny the

28    remaining allegations in paragraph 68 of the Complaint.

69.     Defendants admit that children may put toys or portions of toys in their mouths on occasion, although the extent and frequency of such activity will vary from child to child and by age.  Defendants deny that the Recalled Toys posed health risks under any reasonably foreseeable pattern of use.  Defendants state that the article quoted in part in paragraph 69 of the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     The allegations in paragraph 71 of the Complaint are not directed at Defendants and do not require a response.  To the extent further response is required, Defendants deny the allegations in paragraph 71 of the Complaint.

72.     The allegations in paragraph 72 of the Complaint are not directed at Defendants and do not require a response.  To the extent further response is required, Defendants deny the allegations in paragraph 72 of the Complaint.

73.     The allegations in paragraph 73 of the Complaint are not directed at Defendants and do not require a response.  To the extent further response is required, Defendants deny the allegations in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint are not directed at Defendants and do not require a response.  To the extent further response is required, Defendants deny the allegations in paragraph 74 of the Complaint.

75.     The allegations in paragraph 75 of the Complaint are not directed at Defendants and do not require a response.  To the extent further response is required, Defendants deny the allegations in paragraph 75 of the Complaint.

76.     The allegations in paragraph 76 of the Complaint are not directed at Defendants and do not require a response.  To the extent further response is required, Defendants deny the allegations in paragraph 76 of the Complaint.

77.     The allegations in paragraph 77 of the Complaint do not identify any particular "trade association" or representation; thus, they are denied as stated.

1    78.    Defendants state that the September 17, 1997 press release quoted in

2  part in paragraph 78 of the Complaint speaks for itself.  Defendants deny the

3  remaining allegations in paragraph 78 of the Complaint.

4    79.    The allegations in the first sentence of paragraph 79 of the Complaint

5  do not identify the alleged representation; thus, they are denied as stated.

6  Defendants admit that they have been members of the Toy Industry Association

7  every year since 1998.  Defendants deny the remaining allegations in paragraph 79

8  of the Complaint.

9    80.    Defendants state that the August 20, 1998 press release, quoted in part

10  in paragraph 80 of the Complaint, speaks for itself.  Defendants deny the remaining

11  allegations in paragraph 80 of the Complaint.

12    81.    Defendants admit that on August 2, August 14, September 4, and

13  October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls

14  of certain toys.  Defendants admit that a reason for some of the recalls was that

15  testing indicated that the paint on some part of certain of the toys that were subject

16  to the recall contained lead that exceeded applicable standards.  Defendants deny

17  the remaining allegations in paragraph 81 of the Complaint.

18    82.    Defendants admit that their packaging for products intended for sale in

19  the United States typically includes a statement that the products conform with

20  ASTM F 963 and aver that their products are designed to comply with that

21  standard.  Defendants further state that they are not aware at this time of any

22  packages of Recalled Toys in the United States that did not contain such a

23  statement and aver that all of those products were designed to comply with ASTM

24  F 963.  Defendants admit that ASTM's work is the product of the work of its

25  members, including technical experts from various groups.  Defendants lack

26  knowledge or information sufficient to form a belief as to the truth of the remaining

27  allegations in the second sentence of paragraph 82 of the Complaint and, therefore,

28  deny the same.  The allegations in the last sentence of paragraph 82 of the

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

1  Complaint are not directed at Defendants and do not require a response.

2  Defendants deny the remaining allegations in paragraph 82 of the Complaint.

3       83.    Defendants state that ASTM F 963 speaks for itself.  Defendants admit

4  that their packaging for products intended for sale in the United States typically

5  includes a statement that the products conform with ASTM F 963 and aver that

6  their products are designed to comply with that standard.  Defendants further state

7  that they are not aware at this time of any packages of recalled products in the

8  United States that did not contain such a statement and aver that all of those

9  products were designed to comply with ASTM F 963.  Defendants admit that on

10  August 2, August 14, September 4, and October 25, 2007, Mattel, Fisher-Price and

11  the CPSC announced voluntary recalls of certain Mattel/Fisher-Price toys.

12  Defendants admit that a reason for the recalls was that testing indicated that the

13  paint on some part of certain of the toys that were subject to the recall contained

14  lead that exceeded applicable standards.  Defendants deny the remaining allegations

15  in paragraph 83 of the Complaint.

16       84.    Defendants admit that various regulations limit the amount of lead

17  content in paint on products marketed to children, including 16 CFR § 1303.1, *et*

18  *seq.*  Defendants admit that those Recalled Toys that contained lead in excess of

19  applicable standards were manufactured in China.  Defendants deny the remaining

20  allegations in paragraph 84 of the Complaint.

21       85.    Defendants state that the CPSC website and the recalls identified there

22  speak for themselves.  The allegations in paragraph 85 do not identify any

23  particular recalls, but reflect only general characterizations; thus, they are denied as

24  stated.

25       86.    The testimony of Ms. Nord cited in paragraph 86 and footnote 41 of

26  the Complaint speaks for itself.  Defendants otherwise lack knowledge or

27  information sufficient to form a belief as to the truth of the allegations in paragraph

28  86 of the Complaint and, therefore, deny the same.

87. The testimony of Mr. Moore, quoted in part in paragraph 87 of the Complaint, speaks for itself. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and, therefore, deny the same.

88. Defendants admit that on March 30, 2006, American Girl, Inc., a division of Mattel, recalled approximately 185,000 units of American Girl Jewelry that was manufactured in China. Defendants admit that a reason for the recall was that testing indicated that some part of certain of the jewelry that was subject to the recall contained excessive levels of lead. The allegations in paragraph 88 of the Complaint regarding the alleged recalls by the Retailer Defendants are not directed at Defendants and do not require a response. The last sentence of paragraph 88 is a legal conclusion to which no response is required. To the extent further response is required, Defendants deny the remaining allegations in paragraph 88 of the Complaint.

89. Defendants admit the allegations in the second sentence of paragraph 89 of the Complaint. Defendants admit that they stopped production at their last manufacturing plant in the United States in 2002. To the extent the allegations in paragraph 89 of the Complaint refer to the article cited in footnote 43 to paragraph 89 of the Complaint, that article speaks for itself. Defendants deny the remaining allegations in paragraph 89 of the Complaint.

90. The September 5, 2007 "Response of Mattel, Inc.," referenced in paragraph 90 of the Complaint speaks for itself. Defendants admit that the toys tested by Auchan were manufactured by Lee Der Industrial Company, Ltd. ("Lee Der"), a supplier located in Foshan, China. Defendants deny the remaining allegations in paragraph 90 of the Complaint.

91. Defendants admit that, on June 8, 2007, certain employees of Mattel Asia Pacific Sourcing ("MAPS"), a Mattel subsidiary, in China were notified of the laboratory test performed for Auchan showing levels of lead in the paint on certain

toys manufactured by Lee Der that exceeded applicable standards. Defendants further admit that on or about June 29, 2007, MAPS employees received a separate test report of a laboratory test performed for Auchan that showed the lead levels in the paint complied with applicable standards. Defendants admit that on or about June 28, 2007, MAPS employees in China took additional samples of toys manufactured by Lee Der to be tested in MAPS' laboratory. Defendants admit the allegations in the third sentence of paragraph 91 of the Complaint. Defendants admit that on or about July 6, 2007, MAPS' laboratory in China reported test results showing that some of the paint on some of the toys manufactured by Lee Der had levels of lead that exceeded applicable standards. Defendants admit that on or about July 9, 2007, MAPS' laboratory found that 10 of 23 samples of Lee Der product had paint with levels of lead that exceed applicable standards. Defendants admit that on July 9, 2007, MAPS notified Lee Der that it would accept no further product from Lee Der. Defendants deny the remaining allegations in paragraph 91 of the Complaint.

92.    Defendants admit that Fisher-Price filed an Initial Report with the CPSC with respect to the products manufactured by Lee Der on July 20, 2007 and a Full Report on July 26, 2007. Defendants admit that Mattel, Fisher-Price and the CPSC announced a voluntary recall of certain toys on August 2, 2007. Defendants deny the remaining allegations in paragraph 92 of the Complaint.

93.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 93 to the Complaint and, therefore, deny the same and state that they have received no formal notice of such a current investigation. Defendants admit that the CPSC has investigated the timeliness of their reporting in the past. Defendants admit that in March 2007 and in 2001, without admitting any wrongdoing, Mattel and/or Fisher-Price settled good faith disputes with the CPSC over timing of reporting with the payment of money. The *Wall Street Journal* article referenced in paragraph 93 of

1   the Complaint and cited in footnotes 44 and 45, including the alleged quote from a

2   former chairwoman of the CPSC, speaks for itself. Defendants deny the remaining

3   allegations in paragraph 93 of the Complaint.

4       94.   Defendants deny the allegations in paragraph 94 of the Complaint.

5       95.   Defendants state that the *Wall Street Journal* article cited in paragraph

6   95 of the Complaint speaks for itself, but Defendants deny that statements

7   attributed in that article to Mattel's CEO accurately reflect what he stated to the

8   reporter. Defendants deny the remaining allegations in paragraph 95 of the

9   Complaint.

10      96.   Defendants admit that on or about April 6, 2006, Mattel was notified

11  of a claim that a 7 year-old girl had swallowed two magnets allegedly from a Polly

12  Pocket toy that allegedly caused a perforation in her small bowel requiring surgery

13  and of the alleged injuries described in the second and third sentences of paragraph

14  96 of the Complaint. Defendants admit that, without admitting any fault, they

15  reached a confidential settlement with the Kostrzewski family. Defendants admit

16  that, on November 21, 2006, the CPSC and Mattel announced a voluntary recall of

17  certain Polly Pocket!™ play sets. Defendants deny the remaining allegations of

18  paragraph 96 of the Complaint.

19      97.   Defendants admit that, on November 21, 2006, the CPSC and Mattel

20  announced a voluntary recall of approximately 2.4 million Polly Pocket!™ play

21  sets. Defendants state that the November 21, 2006 announcement referred to in

22  paragraph 97 of the Complaint speaks for itself. Defendants lack knowledge or

23  information sufficient to form a belief as to the truth of the allegations in paragraph

24  97 of the Complaint regarding the knowledge of the CPSC and, therefore, deny the

25  same. Defendants deny the remaining allegations in paragraph 97 of the

26  Complaint.

27      98.   Defendants admit that the September 21, 2007 Press Release reflects

28  that between November 21, 2006 and August 14, 2007, they had received

1    approximately 400 reports of one or more magnets coming loose from toys.

2    Defendants deny the remaining allegations of paragraph 98 of the Complaint.

3         99.    The September 21, 2007 press release cited in paragraph 99 of the

4    Complaint and footnotes 49 and 50 speaks for itself.  Defendants deny the

5    remaining allegations of paragraph 99 of the Complaint.

6         100.   Defendants deny the allegations in paragraph 100 of the Complaint.

7         101.   The allegations in paragraph 101 of the Complaint are not directed at

8    Defendants and do not require a response.

9         102.   Defendants lack knowledge or information sufficient to form a belief

10   as to the truth of the allegations in the first two sentences of paragraph 102 of the

11   Complaint, in part because they do not define "the relevant time period" or the

12   meaning of "drastically reduced," and, therefore, deny the same.  The third and

13   fourth sentences of paragraph 102 of the Complaint contain legal conclusions to

14   which no response is required.  Defendants deny the remaining allegations in

15   paragraph 102 of the Complaint.

16        103.   Defendants state that the *Buffalo News* article quoted in paragraph 103

17   of the Complaint speaks for itself.  Defendants deny the remaining allegations of

18   paragraph 103 of the Complaint.

19        104.   Defendants admit that on August 2, August 14, September 4, and

20   October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls

21   of certain toys.  Defendants admit that a reason for the recalls was that testing

22   indicated that the paint on some part of certain of the toys that were subject to the

23   recall contained lead that exceeded applicable standards.  Defendants deny the

24   remaining allegations of paragraph 104 of the Complaint.

25        105.   Defendants admit that, on August 2, 2007, Mattel, Fisher-Price and the

26   CPSC announced a voluntary recall of various Fisher-Price toys within

27   approximately 83 stock keeping units ("SKUs") manufactured in China during

28   specified periods of time and sold between May 2007 and August 2007.

1   Defendants state that the August 2, 2007 announcement referred to in paragraph

2   105 of the Complaint speaks for itself.  Defendants state that Exhibit A to the

3   Complaint speaks for itself.  Defendants deny the remaining allegations of

4   paragraph 105 of the Complaint.

5       106.   Defendants state that the press release referred to in paragraph 106 of

6   the Complaint speaks for itself.  Defendants admit that a reason for the August 2,

7   2007 recall was that testing indicated that the paint on some part of certain of the

8   toys that were subject to the recall contained lead that exceeded applicable

9   standards.  Defendants admit that lead, like many substances not intended for

10  ingestion, has been recognized as having the potential to cause adverse effects on

11  some humans if ingested in sufficiently large quantities over a sufficient amount of

12  time.  Defendants deny the remaining allegations in paragraph 106 of the

13  Complaint.

14      107.   Defendants state that the press release quoted in part and cited in

15  paragraph 107 of the Complaint and footnote 53 speaks for itself.  Defendants

16  further state that the statement by Ms. Nord quoted in paragraph 107 to the

17  Complaint speaks for itself.  Defendants deny the remaining allegations in

18  paragraph 107 of the Complaint.

19      108.   Defendants state the *Wall Street Journal* articles referred to in

20  paragraph 108 of the Complaint speak for themselves.  Defendants admit the

21  allegation in footnote 55 to paragraph 108 of the Complaint that Lee Der was the

22  manufacturer of the toys subject to the August 2, 2007 recall.  Defendants lack

23  knowledge or information sufficient to form a belief as to the truth of the remaining

24  allegations in footnote 55 to paragraph 108 of the Complaint regarding Lee Der.

25  Defendants deny the remaining allegations of paragraph 108 of the Complaint.

26      109.   Defendants state that the *Wall Street Journal* article quoted in

27  paragraph 109 of the Complaint, including the quote attributed to Jim Walter,

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

speaks for itself.  Defendants deny the remaining allegations of paragraph 109 of the Complaint.

110.  Defendants admit that on June 8, 2007, Intertek, a laboratory that performed preshipment lead tests on samples of a finished Fisher-Price toy for Auchan, a French direct importer, reported noncompliant paint on a sample toy manufactured for Defendants by Lee Der to certain employees of MAPS. Defendants admit that Fisher-Price filed an Initial Report with the CPSC on July 20, 2007 and a Full Report on July 26, 2007.  Defendants deny the remaining allegations of paragraph 110 of the Complaint.

111.  Defendants admit the allegations in the first sentence of paragraph 111. Defendants admit that on August 14, 2007, Mattel and the CPSC announced a voluntary recall of approximately 253,000 "Sarge" die cast toy cars.  Defendants admit that the "Sarge" toys were manufactured by Early Light Industrial Company, Ltd. ("Early Light"), which was one of MAPS' vendors in China.  Defendants admit that Early Light subcontracted the painting of parts of the toy to Hon Li Da Plastic Cement Products Co., Ltd. in China, which used noncompliant paint supplied from a non-authorized third-party supplier.  Defendants state that the press release referenced in paragraph 111 and footnote 58 of the Complaint speaks for itself. Defendants state that Exhibit B to the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 111 of the Complaint.

112.  Defendants state that the *New York Times* article quoted in paragraph 112 of the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 112 of the Complaint.

113.  Defendants state that the September 5, 2007 "Response of Mattel, Inc.," cited in paragraph 113 of the Complaint, speaks for itself.  Defendants deny the remaining allegations of paragraph 113 of the Complaint.

114.  Defendants admit that on September 4, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain Barbie® accessory toys, Geo Trax

1   Locomotive toys, and Big Big World 6-in-1 Bongo Band toys.  Defendants state
2   that the September 4, 2007 announcement referred to in paragraph 114 of the
3   Complaint speaks for itself.  Defendants admit that a reason for the recalls was that
4   testing indicated that the paint on some part of certain of the toys that were subject
5   to the recall contained lead that exceeded applicable standards.  Defendants state
6   that Exhibit C to the Complaint speaks for itself.  Defendants deny the remaining
7   allegations in paragraph 114 of the Complaint.

8          115.   Defendants state that the September 19, 2007 testimony of Mr. Eckert,
9   referenced in paragraph 115 of the Complaint, speaks for itself.  Defendants deny
10  the remaining allegations in paragraph 115 of the Complaint.

11         116.   Defendants state that the press release referenced in paragraph 116 and
12  footnote 61 of the Complaint speaks for itself.  Defendants deny the remaining
13  allegations of paragraph 116 of the Complaint.

14         117.   Defendants state that the press release referenced in paragraph 117 of
15  the Complaint speaks for itself.  Defendants deny the remaining allegations of
16  paragraph 117 of the Complaint.

17         118.   Defendants admit that the Bongo Toys were painted with uncertified
18  paint by Jingying Tampo Printing at the request of a subcontractor, Wo Fong
19  Packaging Co., Ltd. in China.  Defendants admit that painted components were
20  incorporated into finished product manufactured by Shun On Toys Co., Ltd., one of
21  Mattel's vendors in China.  Defendants deny the remaining allegations of paragraph
22  118 of the Complaint.

23         119.   Defendants admit that on October 25, 2007, Mattel and the CPSC
24  announced a voluntary recall of approximately 38,000 Go Diego Go Animal
25  Rescue Boats manufactured in China during specified periods of time and sold
26  between June 2007 and October 2007.  Defendants state that the October 25, 2007
27  announcement referred to in paragraph 119 of the Complaint speaks for itself.
28  Defendants admit that a reason for the recalls was that testing indicated that the

1  paint on some part of certain of the toys that were subject to the recall contained
2  lead that exceeded applicable standards. Defendants admit that certain components
3  of the toy were manufactured by Man Shing Plastic and Metal Factory, who in turn
4  subcontracted the tampo printing of the logos on the toy to Hua Yi Plastic Factory.
5  Defendants state that Exhibit D to the Complaint speaks for itself.  Defendants deny
6  the remaining allegations of paragraph 119 of the Complaint.
7       120.   Defendants admit that, since November 21, 2006, Mattel, in
8  cooperation with the CPSC, has voluntarily recalled more than 11.5 million toys
9  associated with small magnets.  Defendants admit that a reason for the recalls was
10 that, while the toys met applicable standards when originally sold, Mattel had
11 adopted a new design standard for securing magnets in toys and retroactively
12 applied that design.  Defendants deny the remaining allegations in paragraph 120 of
13 the Complaint.
14      121.   Defendants admit the allegations in the text of paragraph 121 of the
15 Complaint.  Defendants state that Exhibit E to the Complaint speaks for itself.
16      122.   Defendants state that the announcement referred to in paragraph 122 of
17 the Complaint speaks for itself.
18      123.   Defendants state that the views attributed to the CPSC in paragraph
19 123 of the Complaint, presumably as referenced in the announcement, speak for
20 themselves.
21      124.   Defendants admit that the recall announcement related to the
22 November 21, 2006 recall reflected that CPSC was aware of the circumstances
23 alleged in paragraph 124 of the Complaint.
24      125.   Defendants admit the allegations of the first sentence of paragraph 125
25 of the Complaint.  Defendants state that the CPSC announcement speaks for itself.
26 Defendants state that Exhibit F to the Complaint speaks for itself.
27      126.   Defendants admit that on August 14, 2007, the CPSC and Mattel
28 announced voluntary recalls of Doggie Day Care™ play sets and Barbie® and

Tanner™ play sets.  Defendants state that the August 14, 2007 announcement referred to in paragraph 126 of the Complaint speaks for itself.  Defendants admit that a reason for the recalls was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Defendants state that Exhibit H to the Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 126 of the Complaint.

127.   Defendants admit that on August 14, 2007, the CPSC and Mattel announced a voluntary recall of Batman™ and One Piece™ action figure sets. Defendants state that the August 14, 2007 announcement referred to in paragraph 127 of the Complaint speaks for itself.  Defendants admit that Mattel was aware of 21 incidents where it was claimed that the magnet fell out of the toy figure and aver that they received no report of injury involving the toy.  Defendants admit that it was reported that, in one of the instances, a boy had the magnet in his mouth, but lack knowledge or information as to the truth of the report and, therefore, deny the same.  Defendants state that Exhibit I to the Complaint speaks for itself. Defendants deny the remaining allegations in paragraph 127 of the Complaint.

128.   Defendants state that the September 21, 2007 statement issued by Mattel and quoted, in part, in paragraph 128 of the Complaint speaks for itself.

129.   Defendants state that the September 21, 2007 statement issued by Mattel referenced in paragraph 129 of the Complaint speaks for itself.  Defendants state that the Quarterly Report quoted, in part, in the second sentence of paragraph 129 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 129 of the Complaint.

130.   Defendants admit that, because Mattel's products are sold in more than 150 countries, Thomas Debrowski apologized to all consumers, including those in China, because of the voluntary recalls.  Defendants state that the *Wall Street*

*Journal* article cited in paragraph 130 of the Complaint speaks for itself.

Defendants deny the remaining allegations of paragraph 130 of the Complaint.

131.    Defendants state that the *Wall Street Journal* article cited in paragraph 131 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 131 of the Complaint.

132.    Defendants state that the article by Consumer Reports referenced in paragraph 132 of the Complaint speaks for itself.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint regarding the results of tests allegedly performed at the direction of the Attorney General of Illinois and, therefore, deny the same.

134.    Defendants state that the December 3, 2007 statement by the Illinois Attorney General referenced in paragraph 134 of the Complaint speaks for itself. Defendants admit that they cooperated with the Illinois Attorney General to arrange for the withdrawal of the toy from store shelves in Illinois and offered to replace the affected toy for consumers in Illinois and nationwide.  In addition, Defendants exchanged Cuffs with many retailers outside Illinois.  Defendants deny the remaining allegations of paragraph 134 of the Complaint.

135.    Defendants state that the December 14, 2007 statement by the Illinois Attorney General referenced in paragraph 135 of the Complaint speaks for itself.

136.    Defendants deny the allegations in paragraph 136 of the Complaint and aver that Defendants exchanged Cuffs with many retailers outside Illinois.

137.    Defendants state that the January 30, 2008 letter from members of Congress referenced in paragraph 137 of the Complaint speaks for itself. Defendants state that the *New York Times* article cited in footnote 75 to paragraph 137 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of

paragraph 137 of the Complaint regarding the motivation of the members of Congress and, therefore, deny the same.

138.    Defendants state that the January 30, 2008 letter from members of Congress quoted in part in paragraph 138 of the Complaint speaks for itself.

139.    Defendants deny the allegations in paragraph 139 of the Complaint.

140.    Defendants admit that they have accepted returns of the Cuffs from consumers and retailers nationwide.  Defendants deny the remaining allegations in paragraph 140 of the Complaint.

141.    Defendants state that Mattel's website referenced in paragraph 141 of the Complaint speaks for itself.  Defendants deny the remaining allegations of paragraph 141 of the Complaint.

142.    Defendants admit that tests on the red cuff of the Fisher-Price medical kit and tests on the green cuff of the Sesame Street medical kit revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated.  Defendants admit that they have offered to replace the affected Cuffs for consumers nationwide.  Defendants deny the remaining allegations of paragraph 142 of the Complaint.

143.    Defendants deny the allegations in paragraph 143 of the Complaint that the toy blood pressure cuffs subject to the replacement program are still available for purchase through the Fisher-Price Shop Online Catalog.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 of the Complaint and, therefore, deny the same.

144.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint and, therefore, deny the same.

1    145.    Defendants lack knowledge or information sufficient to form a belief

2  as to the truth of the allegations in paragraph 145 of the Complaint and, therefore,

3  deny the same.

4    146.    Defendants admit that the product numbers on their toys may differ

5  from the product numbers used by retailers.  Defendants lack knowledge or

6  information sufficient to form a belief as to the truth of the remaining allegations in

7  paragraph 146 of the Complaint and, therefore, deny the same.

8    147.    Defendants lack knowledge or information sufficient to form a belief

9  as to the truth of the allegations in the first sentence in paragraph 147 of the

10  Complaint and, therefore, deny the same.  Defendants deny the remaining

11  allegations in paragraph 147 of the Complaint.

12    148.    Defendants lack knowledge or information sufficient to form a belief

13  as to the truth of the allegations in the first sentence of paragraph 148 of the

14  Complaint regarding the view of parents and, therefore, deny the same.  Defendants

15  admit that lead, like many substances not intended for ingestion, has been

16  recognized as having the potential to cause adverse effects on some humans if

17  ingested in sufficiently large quantities over a sufficient amount of time.

18  Defendants deny that the Recalled Toys posed a health risk under any reasonably

19  foreseeable pattern of use.  Defendants state that the Center for Disease Control and

20  Prevention ("CDC") statement quoted in paragraph 148 of the Complaint speaks for

21  itself.

22    149.    Defendants admit that there are existing medical tests that can detect

23  and/or measure lead levels in blood with varying degrees of accuracy.  Defendants

24  state that the CDC recommendation in the last sentence of paragraph 149 speaks for

25  itself.  Defendants lack knowledge or information sufficient to form a belief as to

26  the truth of the remaining allegations in paragraph 149 of the Complaint in the

27  absence of more information regarding levels and duration of exposure and,

28  therefore, deny the same.

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

150.   Defendants admit that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

151.   Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants deny that the Recalled Toys posed a health risk under any reasonably foreseeable pattern of use.  Defendants deny that blood lead level screening is necessary or appropriate for children who used the toys recalled or replaced by Defendants.  Defendants state that the CDC Advisory Committee report referenced in paragraph 151 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

152.   Defendants state that the American Academy of Pediatrics' recommendations in paragraph 152 speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, deny the same.

153.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint and, therefore, deny the same.  Defendants deny that blood lead level screening is necessary or appropriate for children who used the toys recalled or replaced by Defendants.

154.   Defendants state that the Consumer Product Safety Modernization Act of 2007 referenced in paragraph 154 of the Complaint speaks for itself.  Defendants

1  lack knowledge or information sufficient to form a belief as to the truth of the

2  remaining allegations in paragraph 154 of the Complaint and, therefore, deny the

3  same.

4      155.   Defendants state that the comments by Senators Pryor, Klobuchar and

5  Nelson referenced in paragraph 155 of the Complaint speak for themselves.

6  Defendants deny that their toys were dangerous or hazardous.  Defendants lack

7  knowledge or information sufficient to form a belief as to the truth of the remaining

8  allegations in paragraph 155 of the Complaint and, therefore, deny the same.

9      156.   Defendants state that the "Pryor-Stevens bill" and the Chicago Tribune

10  article referenced in paragraph 156 of the Complaint speak for themselves.

11  Defendants lack knowledge or information sufficient to form a belief as to the truth

12  of the remaining allegations in paragraph 156 of the Complaint and, therefore, deny

13  the same.

14      157.   Defendants admit that safety is an important aspect of their business,

15  but deny the specific allegation in the first sentence of paragraph 157 of the

16  Complaint that "Mattel pays lip service to making safety a top priority."

17  Defendants state that the *Wall Street Journal* article quoted in paragraph 157 of the

18  Complaint speaks for itself.  Defendants deny the remaining allegations of

19  paragraph 157 of the Complaint.

20      158.   Defendants deny the allegations in paragraph 158 of the Complaint.

21      159.   Defendants deny the allegations in the first sentence of paragraph 159

22  of the Complaint.  Defendants admit the allegations in the second sentence of

23  paragraph 159 of the Complaint.

24      160.   Defendants deny the allegations in paragraph 160 of the Complaint.

25      161.   Defendants admit the allegation in paragraph 161 of the Complaint

26  that Fisher-Price's offices are in New York and that certain of its officers are

27  located in California.  Defendants deny the allegations in paragraph 161 of the

28  Complaint.

162.    Defendants state that Mattel's SEC Form 10-Q dated August 3, 2007 speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 162 of the Complaint and, therefore, deny the same.

163.    Defendants state that the article referenced in paragraph 163 and footnote 84 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 163 of the Complaint and, therefore, deny the same.

164.    Defendants state that the *New York Times* article referenced in paragraph 164 and footnote 85 of the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 164 of the Complaint and, therefore, deny the same.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint and, therefore, deny the same.

166.    Defendants acknowledge that Plaintiffs purport to bring this action for themselves and as a putative class action, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

167.    Defendants admit that the class alleged by Plaintiffs would include thousands of people, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Defendants deny the remaining allegations in paragraph 167 of the Complaint.

168.    Defendants deny the allegations in paragraph 168 of the Complaint, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims in the Complaint.  Defendants deny that

1    this action may properly be maintained as a class action and deny that any class

2    alleged in the Complaint satisfies the requirements of Federal Rule of Civil

3    Procedure 23.

4        169.   Defendants lack knowledge or information sufficient to form a belief

5    as to the truth of the allegations of paragraph 169 of the Complaint regarding toys

6    that Plaintiffs or any putative class member may or may not have purchased and,

7    therefore, deny the same. Defendants deny the remaining allegations in paragraph

8    169 of the Complaint. Defendants deny that this action may properly be maintained

9    as a class action and deny that any class alleged in the Complaint satisfies the

10    requirements of Federal Rule of Civil Procedure 23.

11        170.   Defendants lack knowledge or information sufficient to form a belief

12    as to the truth of the allegations of paragraph 170 of the Complaint and, therefore,

13    deny the same. Defendants deny that this action may properly be maintained as a

14    class action and deny that any class alleged in the Complaint satisfies the

15    requirements of Federal Rule of Civil Procedure 23.

16        171.   Defendants deny the allegations in paragraph 171 of the Complaint.

17    Defendants deny that this action may properly be maintained as a class action and

18    deny that any class alleged in the Complaint satisfies the requirements of Federal

19    Rule of Civil Procedure 23.

20        172.   Defendants deny the allegations in paragraph 172 of the Complaint.

21    Defendants deny that this action may properly be maintained as a class action and

22    deny that any class alleged in the Complaint satisfies the requirements of Federal

23    Rule of Civil Procedure 23.

24                     **RESPONSE TO COUNT ONE**

25                     **Breach of Express Warranty**

26                     **(Against All Defendants)**

27        173.   Defendants incorporate by reference and restate their responses to the

28    preceding paragraphs as if set forth fully herein.

1    174.   The allegations in paragraph 174 of the Complaint contain legal

2    assertions to which no response is required.

3    175.   Defendants admit that they "manufactured, marketed and sold"

4    Recalled Toys.  Defendants admit that they expected the toys would be used by

5    children consistent with the age restrictions noted for each toy.  Defendants admit

6    that their packaging for products intended for sale in the United States typically

7    includes a statement that the products conform with ASTM F 963 and aver that

8    their products are designed to comply with that standard.  Defendants further state

9    that they are not aware at this time of any packages of Recalled Toys in the United

10   States that did not contain such a statement and aver that all of those products were

11   designed to comply with ASTM F 963.  Defendants admit that the packaging of

12   certain of their toys depicts children playing with the toy, consistent with the age

13   restrictions noted for the toy, but because the allegations in paragraph 175 of the

14   Complaint fail to identify any specific toys, Defendants deny the allegations as

15   stated.  Defendants deny the remaining allegations in paragraph 175 of the

16   Complaint.

17   176.   The allegations in paragraph 176 of the Complaint contain legal

18   assertions to which no response is required.

19   177.   Defendants deny the allegations in paragraph 177 of the Complaint.

20   178.   The allegations in paragraph 178 of the Complaint contain legal

21   assertions to which no response is required.

22   179.   Defendants admit that they "designed, manufactured, sold and/or

23   distributed" Recalled Toys.  Defendants admit that they expected the toys would be

24   used by children consistent with the age restrictions noted for each toy.  The

25   remaining allegations in paragraph 179 of the Complaint contain legal assertions to

26   which no response is required.

27   180.   Defendants lack knowledge or information sufficient to form a belief

28   as to the truth of the allegations in paragraph 180 regarding Plaintiffs' and purported

- 35 -

1    class members' alleged reliance and/or knowledge and, therefore, deny the same.
2    Defendants deny the remaining allegations in paragraph 180 of the Complaint.

3        181.   Defendants deny the allegations in paragraph 181 of the Complaint.

4        182.   The allegations in paragraph 182 of the Complaint regarding notice
5    requirements contain legal assertions to which no response is required.  Defendants
6    deny the remaining allegations in paragraph 182 of the Complaint.

7        183.   Defendants deny the allegations in paragraph 183 of the Complaint.

8                    **<u>RESPONSE TO COUNT TWO</u>**

9                    **Breach of Implied Warranty**

10                   **(Against All Defendants)**

11       184.   Defendants incorporate by reference and restate their responses to the
12    preceding paragraphs as if set forth fully herein.

13       185.   The allegations in paragraph 185 of the Complaint contain legal
14    assertions to which no response is required.

15       186.   Defendants admit that they "manufactured, marketed and sold"
16    Recalled Toys.  Defendants deny the remaining allegations in paragraph 186 of the
17    Complaint.

18       187.   The allegations in paragraph 187 of the Complaint contain legal
19    assertions to which no response is required.

20       188.   The allegations in paragraph 188 of the Complaint contain legal
21    assertions to which no response is required.

22       189.   Defendants admit that they "designed, manufactured, distributed,
23    marketed and/or sold" Recalled Toys.  The allegations in the last sentence of
24    paragraph 189 of the Complaint are not directed at Defendants and do not require a
25    response.  Defendants deny the remaining allegations in paragraph 189 of the
26    Complaint.

27       190.   The allegations in paragraph 190 of the Complaint contain legal
28    assertions to which no response is required.

1    191.   Defendants admit that they design, manufacture and sell products that
2   are intended to be reasonably safe and aver that the Recalled Toys did not present
3   health risks under any reasonably foreseeable pattern of use.  Defendants deny the
4   remaining allegations in paragraph 191 of the Complaint.

5    192.   Defendants admit that they "designed, manufactured, and sold"
6   Recalled Toys.  Defendants admit that they expected the toys would be used by
7   children consistent with the age restrictions noted for each toy.  Defendants deny
8   the remaining allegations in paragraph 192 of the Complaint.

9    193.   Defendants admit that they "marketed and sold" Recalled Toys.
10  Defendants admit that they expected the toys would be used by children consistent
11  with the age restrictions noted for each toy.  Defendants admit that their packaging
12  for products intended for sale in the United States typically includes a statement
13  that the products conform with ASTM F 963 and aver that their products are
14  designed to comply with that standard.  Defendants further state that they are not
15  aware at this time of any packages of recalled products in the United States that did
16  not contain such a statement and aver that all of those products were designed to
17  comply with ASTM F 963.  Defendants admit that the packaging of certain of their
18  toys depicts children playing with the toy, consistent with the age restrictions noted
19  for the toy, but because the allegations in paragraph 193 of the Complaint fail to
20  identify any specific toys, Defendants deny the allegations as stated.  Defendants
21  deny the remaining allegations in paragraph 193 of the Complaint.

22   194.   Defendants admit that they "designed, manufactured, sold and/or
23  distributed" Recalled Toys.  Defendants admit that they expected the toys would be
24  used by children consistent with the age restrictions noted for each toy.  Defendants
25  deny the remaining allegations in paragraph 194 of the Complaint.

26   195.   Defendants deny the allegations in paragraph 195 of the Complaint.

27

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

1    196.   The allegations in paragraph 196 of the Complaint regarding notice

2    requirements contain legal assertions to which no response is required.  Defendants

3    deny the remaining allegations in paragraph 196 of the Complaint.

4    197.   Defendants deny the allegations in paragraph 197 of the Complaint.

5    ## RESPONSE TO COUNT THREE

6    **Negligence – Design, Manufacturing Defect and Failure to Warn**

7    **(Against All Defendants)**

8    198.   Defendants incorporate by reference and restate their responses to the

9    preceding paragraphs as if set forth fully herein.

10    199.    Defendants admit that they "designed, manufactured, sold and/or

11    distributed" Recalled Toys.  Defendants deny the remaining allegations in

12    paragraph 199 of the Complaint.

13    200.   Defendants admit that a reason for some of the recalls was that testing

14    indicated that the paint on some part of certain of the toys that were subject to the

15    recall contained lead that exceeded applicable standards.  Defendants admit that a

16    reason for the recall involving magnets was that, while the toys met applicable

17    standards when originally sold, Mattel had adopted a new design standard for

18    securing magnets in toys and retroactively applied that design.  Defendants admit

19    that tests of the Cuffs revealed levels of lead that, though fully compliant with all

20    federal and international standards, were higher than anticipated and were

21    noncompliant with an Illinois statute.  Defendants deny the remaining allegations in

22    paragraph 200 of the Complaint.

23    201.   The allegations in paragraph 201 of the Complaint contain legal

24    assertions to which no response is required.

25    202.   Defendants deny the allegations in paragraph 202 of the Complaint.

26    203.   Defendants deny the allegations in paragraph 203 of the Complaint.

27    204.   Defendants deny the allegations in paragraph 204 of the Complaint.

28    205.   Defendants deny the allegations in paragraph 205 of the Complaint.

1    206.    Defendants deny the allegations in paragraph 206 of the Complaint.

2    207.    The allegations in the first clause of paragraph 207 of the Complaint

3    contain legal assertions to which no response is required.  Defendants deny the

4    remaining allegations in paragraph 207 of the Complaint and specifically deny that

5    Plaintiffs or alleged members of the putative class suffered any cognizable injury.

6                         **RESPONSE TO COUNT FOUR**

7    **Strict Liability – Design Defect/Manufacturing Defect and Failure to Warn**

8                              **(Against All Defendants)**

9    208.    Defendants incorporate by reference and restate their responses to the

10   preceding paragraphs as if set forth fully herein.

11   209.    Defendants admit that they "designed, manufactured, sold and/or

12   distributed" Recalled Toys to consumers, including parents.  Defendants deny the

13   remaining allegations in paragraph 209 of the Complaint.

14   210.    Defendants deny the allegations in paragraph 210 of the Complaint.

15   211.    Defendants deny the allegations in paragraph 211 of the Complaint.

16   212.    Defendants deny the allegations in paragraph 212 of the Complaint.

17   213.    Defendants admit that their toys were expected to reach their

18   customers without substantial change in the toys' condition, but lack knowledge or

19   information sufficient to form a belief as to the truth of the remaining allegations in

20   paragraph 213 of the Complaint and, therefore, deny the same.

21   214.    Defendants deny the allegations in paragraph 214 of the Complaint.

22   215.    Defendants lack knowledge or information sufficient to form a belief

23   as to the truth of the allegations in paragraph 215 regarding what Plaintiffs or any

24   putative class member would or would not do and, therefore, deny the same.

25   Defendants deny the remaining allegations of paragraph 215 of the Complaint.

26   216.    Defendants deny the allegations in paragraph 216 of the Complaint.

27   217.    The allegations in the first clause of paragraph 217 of the Complaint

28   contain legal assertions to which no response is required.  Defendants deny the

1  remaining allegations in paragraph 217 of the Complaint and specifically deny that

2  Plaintiffs or alleged members of the putative class suffered any cognizable injury.

3  ### RESPONSE TO COUNT FIVE

4  **Violation of the Consumer Product Safety Act and Rules**

5  **(Against All Defendants)**

6  218.  Defendants incorporate by reference and restate their responses to the

7  preceding paragraphs as if set forth fully herein.

8  219.  The allegations in paragraph 219 of the Complaint contain legal

9  assertions to which no response is required.

10  220.  The allegations in paragraph 220 of the Complaint contain legal

11  assertions to which no response is required.

12  221.  The allegations in paragraph 221 of the Complaint contain legal

13  assertions to which no response is required.

14  222.  Defendants state that the Court granted Defendants' motion to dismiss

15  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

16  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Defendants deny the

17  remaining allegations in paragraph 222 of the Complaint.

18  223.  Defendants state that the Court granted Defendants' motion to dismiss

19  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

20  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Defendants deny the

21  remaining allegations in paragraph 223 of the Complaint.

22  224.  Defendants state that the Court granted Defendants' motion to dismiss

23  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

24  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Defendants lack knowledge or

25  information sufficient to form a belief as to the truth of the remaining allegations in

26  paragraph 224 regarding Plaintiffs' and purported class members' alleged reliance

27  and, therefore, deny the same.

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

1    225.   Defendants state that the Court granted Defendants' motion to dismiss
2    Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection
3    Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Defendants lack knowledge or
4    information sufficient to form a belief as to the truth of the allegations in paragraph
5    225 regarding what Plaintiffs or any putative class member would or would not do
6    and, therefore, deny the same.  Defendants deny the remaining allegations in
7    paragraph 225 of the Complaint.

8    226.   Defendants state that the Court granted Defendants' motion to dismiss
9    Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection
10   Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Defendants deny the
11   remaining allegations in paragraph 226 of the Complaint.  Defendants deny that
12   Plaintiffs or any putative class member are entitled to any of the relief sought.

13   ## RESPONSE TO COUNT SIX
14   ### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*
15   ### (Against the Manufacturer Defendants)

16   227.   Defendants incorporate by reference and restate their responses to the
17   preceding paragraphs as if set forth fully herein.

18   228.   The allegations in the first sentence of paragraph 228 of the Complaint
19   contain legal assertions to which no response is required.  Defendants deny the
20   remaining allegations in paragraph 228 of the Complaint.

21   229.   The allegations in the first sentence of paragraph 229 of the Complaint
22   contain legal assertions to which no response is required.  Defendants deny the
23   remaining allegations in paragraph 229 of the Complaint.

24   230.   Defendants deny the allegations in paragraph 230 of the Complaint.

25   231.   Defendants deny the allegations in paragraph 231 of the Complaint
26   that they failed to comply with the referenced statutes.  The remaining allegations
27   in paragraph 231 of the Complaint contain legal assertions to which no response is
28   required.

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

232.    Defendants admit the allegations in the second sentence of paragraph 232 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 232 of the Complaint because they do not define "many" and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 232 of the Complaint.

233.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 233 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

234.    The allegations in the first sentence of paragraph 234 of the Complaint contain legal assertions to which no response is required.  Defendants deny the remaining allegations in paragraph 234 of the Complaint.

235.    The allegations in the first sentence of paragraph 235 of the Complaint contain legal assertions to which no response is required.  Defendants deny the remaining allegations in paragraph 235 of the Complaint.

236.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 236 of the Complaint.

237.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 regarding what Plaintiffs or any putative class member would or would not do and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 237 of the Complaint.

238.    Defendants deny the allegations in paragraph 238 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

239.  Defendants deny the allegations in paragraph 239 of the Complaint. Defendants deny that Plaintiffs or any putative class member are entitled to any of the relief sought.

240.  Defendants acknowledge that Plaintiffs seek injunctive relief, but deny that Plaintiffs or any putative class member are entitled to any of the relief sought. Defendants deny the remaining allegations in paragraph 240 of the Complaint.

## RESPONSE TO COUNT SEVEN

**Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

**(On Behalf of California Resident Plaintiffs**

**Against the Retailer Defendants)**

241.  Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

242.  The allegations in paragraph 242 of the Complaint are not directed at Defendants and do not require a response.

243.  The allegations in paragraph 243 of the Complaint are not directed at Defendants and do not require a response.

244.  The allegations in paragraph 244 of the Complaint are not directed at Defendants and do not require a response.

245.  The allegations in paragraph 245 of the Complaint are not directed at Defendants and do not require a response.

246.  The allegations in paragraph 246 of the Complaint are not directed at Defendants and do not require a response.

247.  The allegations in paragraph 247 of the Complaint are not directed at Defendants and do not require a response.

248.  The allegations in paragraph 248 of the Complaint are not directed at Defendants and do not require a response.

249.  The allegations in paragraph 249 of the Complaint are not directed at Defendants and do not require a response.

1    250.   The allegations in paragraph 250 of the Complaint appear to be

2    directed at the Retailer Defendants.  To the extent further response is required,

3    Defendants lack knowledge or information sufficient to form a belief as to the truth

4    of the allegations in paragraph 250 regarding Plaintiffs' and purported class

5    members' alleged reliance and, therefore, deny the same.  Defendants deny the

6    remaining allegations in paragraph 250 of the Complaint.

7    251.   The allegations in paragraph 251 of the Complaint of the Complaint

8    appear to be directed at the Retailer Defendants.  To the extent further response is

9    required, Defendants lack knowledge or information sufficient to form a belief as to

10   the truth of the allegations in paragraph 251 regarding what Plaintiffs or any

11   putative class member would or would not do and, therefore, deny the same.

12   Defendants deny the remaining allegations in paragraph 251 of the Complaint.

13   252.   The allegations in paragraph 252 of the Complaint appear to be

14   directed at the Retailer Defendants.  To the extent further response is required,

15   Defendants deny the allegations in paragraph 252 of the Complaint.  Defendants

16   deny the remaining allegations in paragraph 252 of the Complaint and specifically

17   deny that Plaintiffs or alleged members of the putative class suffered any

18   cognizable injury.

19   253.   The allegations in paragraph 253 of the Complaint are not directed at

20   Defendants and do not require a response.

21   254.   The allegations in paragraph 254 of the Complaint are not directed at

22   Defendants and do not require a response.

23                              **RESPONSE TO COUNT EIGHT**

24                          **Violation of Cal. Civ. Code § 1750, *et seq.***

25                          **(Against the Manufacturer Defendants)**

26   255.   Defendants incorporate by reference and restate their responses to the

27   preceding paragraphs as if set forth fully herein.

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

256.   The allegations in paragraph 256 of the Complaint contain legal assertions to which no response is required.

257.   Defendants admit that they "sold" and "marketed" Recalled Toys. Defendants admit that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants admit that a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Defendants admit that tests the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Defendants deny the remaining allegations in paragraph 257 of the Complaint.

258.   Defendants deny the allegations in paragraph 258 of the Complaint.

259.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 259 of the Complaint.

260.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 regarding what Plaintiffs or any putative class member would or would not do and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 260 of the Complaint.

261.   Defendants deny the allegations in paragraph 261 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

262.   Defendants deny the allegations in paragraph 262 of the Complaint.

263.    Defendants deny the allegations in paragraph 263 of the Complaint.
Defendants deny that Plaintiffs or any putative class member are entitled to any of
the relief sought.

264.    Defendants acknowledge that Plaintiffs purport to seek injunctive
relief, but deny that Plaintiffs or any putative class member are entitled to any of
the relief sought.

## RESPONSE TO COUNT NINE

### Violation of Cal. Civ. Code § 1750, *et seq.*

### (On Behalf of California Resident Plaintiffs

### Against the Retailer Defendants)

265.    Defendants incorporate by reference and restate their responses to the
preceding paragraphs as if set forth fully herein.

266.    The allegations in paragraph 266 of the Complaint are not directed at
Defendants and do not require a response.

267.    The allegations in paragraph 267 of the Complaint appear to be
directed at the Retailer Defendants.  To the extent further response is required,
Defendants admit that they "sold" and "marketed" Recalled Toys.  Defendants
admit that a reason for some of the recalls was that testing indicated that the paint
on some part of certain of the toys that were subject to the recall contained lead that
exceeded applicable standards.  Defendants admit that a reason for the recall
involving magnets was that, while the toys met applicable standards when
originally sold, Mattel had adopted a new design standard for securing magnets in
toys and retroactively applied that design.  Defendants admit that tests the Cuffs
revealed levels of lead that, though fully compliant with all federal and international
standards, were higher than anticipated and were noncompliant with an Illinois
statute.  Defendants deny the remaining allegations in paragraph 267 of the
Complaint.

268. The allegations in paragraph 268 of the Complaint are not directed at Defendants and do not require a response.

269. The allegations in paragraph 269 of the Complaint appear to be directed at the Retailer Defendants. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 269 of the Complaint.

270. The allegations in paragraph 270 of the Complaint are not directed at Defendants and do not require a response.

271. The allegations in paragraph 271 of the Complaint appear to be directed at the Retailer Defendants. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 regarding what Plaintiffs or any putative class member would or would not do and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 271 of the Complaint.

272. The allegations in paragraph 272 of the Complaint appear to be directed at the Retailer Defendants. To the extent further response is required, Defendants deny the allegations in paragraph 272 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

273. The allegations in paragraph 273 of the Complaint are not directed at Defendants and do not require a response.

274. The allegations in paragraph 274 of the Complaint are not directed at Defendants and do not require a response.

275. The allegations in paragraph 275 of the Complaint are not directed at Defendants and do not require a response.

## RESPONSE TO COUNT TEN

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

**Violation of Cal. Civ. Code §§ 1792 & 1791.1(a)**

**(On Behalf of California Purchasers**

**Against All Defendants)**

276.    Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

277.    The allegations in paragraph 277 of the Complaint contain legal assertions to which no response is required.

278.    The allegations in paragraph 278 of the Complaint contain legal assertions to which no response is required.

279.    The allegations in paragraph 279 of the Complaint contain legal assertions to which no response is required.

280.    The allegations in paragraph 280 of the Complaint contain legal assertions to which no response is required.

281.    The allegations in paragraph 281 of the Complaint contain legal assertions to which no response is required.

282.    Defendants deny the allegations in paragraph 282 of the Complaint.

283.    Defendants deny the allegations in paragraph 283 of the Complaint and specifically deny that Plaintiffs or alleged members of the putative class suffered any cognizable injury.

284.    Defendants deny the allegations in paragraph 284 of the Complaint. Defendants deny that Plaintiffs or any putative class member are entitled to any of the relief sought.

**RESPONSE TO COUNT ELEVEN**

**Violation of Cal. Civ. Code §§ 1792.1 & 1791.1(B)**

**(On Behalf of California Purchasers**

**Against the Manufacturer Defendants)**

285.    Defendants incorporate by reference and restate their responses to the preceding paragraphs as if set forth fully herein.

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

1    286.    The allegations in paragraph 286 of the Complaint contain legal

2    assertions to which no response is required.

3    287.    Defendants admit that they expected the toys would be used by

4    children consistent with the age restrictions noted for each toy.  Defendants lack

5    knowledge or information sufficient to form a belief as to the truth of the

6    allegations in paragraph 287 regarding Plaintiffs' and purported class members'

7    alleged reliance and, therefore, deny the same.  Defendants deny the remaining

8    allegations in paragraph 287 of the Complaint.

9    288.    Defendants deny the allegations in paragraph 288 of the Complaint.

10    289.    Defendants deny the allegations in paragraph 289 of the Complaint

11    and specifically deny that Plaintiffs or alleged members of the putative class

12    suffered any cognizable injury.

13    290.    Defendants deny the allegations in paragraph 290 of the Complaint.

14    Defendants deny that Plaintiffs or any putative class member are entitled to any of

15    the relief sought.

16    **RESPONSE TO COUNT TWELVE**

17    **Violation of Cal. Civ. Code §§ 1792.2 & 1791.1(b)**

18    **(On Behalf of California Purchasers**

19    **Against the Retailer Defendants)**

20    291.    Defendants incorporate by reference and restate their responses to the

21    preceding paragraphs as if set forth fully herein.

22    292.    The allegations in paragraph 292 of the Complaint are not directed at

23    Defendants and do not require a response.

24    293.    The allegations in paragraph 293 of the Complaint are not directed at

25    Defendants and do not require a response.

26    294.    The allegations in paragraph 294 of the Complaint are not directed at

27    Defendants and do not require a response.

28

1      295.   The allegations in paragraph 295 of the Complaint appear to be

2   directed at the Retailer Defendants.  To the extent further response is required,

3   Defendants deny the allegations in paragraph 295 of the Complaint and specifically

4   deny that Plaintiffs or alleged members of the putative class suffered any

5   cognizable injury.

6      296.   The allegations in paragraph 296 of the Complaint are not directed at

7   Defendants and do not require a response.

8                          **RESPONSE TO COUNT THIRTEEN**

9                                **Unjust Enrichment**

10     297.   Defendants incorporate by reference and restate their responses to the

11  preceding paragraphs as if set forth fully herein.

12     298.   Defendants admit that they "designed, manufactured, produced,

13  marketed and/or sold" Recalled Toys.  Defendants admit that a reason for some of

14  the recalls was that testing indicated that the paint on some part of certain of the

15  toys that were subject to the recall contained lead that exceeded applicable

16  standards.  Defendants admit that a reason for the recall involving magnets was

17  that, while the toys met applicable standards when originally sold, Mattel had

18  adopted a new design standard for securing magnets in toys and retroactively

19  applied that design.  Defendants admit that tests the Cuffs revealed levels of lead

20  that, though fully compliant with all federal and international standards, were

21  higher than anticipated and were noncompliant with an Illinois statute.  Defendants

22  deny the remaining allegations in paragraph 298 of the Complaint.

23     299.   Defendants admit that they receive a benefit from the sale of their toys.

24  Defendants deny the remaining allegations in paragraph 299 of the Complaint.

25  Defendants deny that Plaintiffs or any putative class member are entitled to any of

26  the relief sought.

27

28

1

## RESPONSE TO PRAYER FOR RELIEF

2       Defendants deny that Plaintiffs or any putative class member are entitled to

3   any of the relief sought in the WHEREFORE clause on page 82 of the Complaint.

4   Defendants deny that this action may properly be maintained as a class action and

5   deny that any class alleged in the Complaint satisfies the requirements of Federal

6   Rule of Civil Procedure 23.

7       FOR THEIR DEFENSES TO THE COMPLAINT, DEFENDANTS STATE

8   AS FOLLOWS:

9   **ADDITIONAL ALLEGATIONS REGARDING AFFIRMATIVE DEFENSES**

10      300.   Defendants repeat and reallege each and every allegation and factual

11  averment contained above as if fully set forth herein.

12      301.   The Recalled Toys included magnet toys manufactured and sold as

13  early as 2003.  Upon information and belief, the overwhelming majority of such

14  toys never manifested any loose magnets during the period of use of such toys, and

15  the purchasers and users of such toys obtained full value for their purchase of such

16  toys and suffered no injury.

17      302.   The Recalled Toys also included toys recalled because of the presence

18  of lead in amounts in excess of applicable standards, but the recalls were

19  intentionally over-inclusive and included many toys that did not have lead in

20  amounts in excess of applicable standards.  Moreover, the toys recalled because of

21  the presence of lead in amounts in excess of applicable standards do not pose health

22  risks under any reasonably foreseeable pattern of use.

23      303.   On August 2, August 14, September 4, and October 25, 2007, Mattel,

24  Fisher-Price and the CPSC announced voluntary recalls of the Recalled Toys

25  related to lead in the paint on certain parts of some of the toys in excess of

26  applicable standards and to a change in design related to the retention of small,

27  powerful magnets.  Mattel and Fisher-Price also provided for the replacement of

28  certain toy blood pressure cuffs at the request of any consumer.  Those consumers

1    who participated in the recalls or the cuff replacement received new toys or

2    vouchers for replacement toys in an amount equal to or greater than the value of the

3    Recalled Toys.  All consumers had the opportunity to participate in the recalls or

4    the cuff replacement.

5                    **FIRST AFFIRMATIVE DEFENSE**

6                        **(Lack of Standing)**

7         304.   On information and belief, for the reasons set forth above in

8    paragraphs 301-303 and elsewhere, Plaintiffs lack standing to assert some or all of

9    the claims in the Complaint because they have suffered no injury in fact and lack

10   standing to represent putative class members in the class they allege.

11                   **SECOND AFFIRMATIVE DEFENSE**

12                      **(Claims Preemption)**

13        305.   Some or all of the claims in the Complaint are preempted in whole or

14   in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and

15   actions of the Consumer Product Safety Commission in connection with the recalls.

16                   **THIRD AFFIRMATIVE DEFENSE**

17                     **(Conduct Not "Unfair")**

18        306.   Some or all of the claims in the Complaint, including Plaintiffs' claims

19   under the California Business & Professions Code § 17200, *et seq.*, are barred in

20   whole or in part because Defendants' conduct was not unfair.  Defendants acted

21   responsibly once issues were discovered and implemented the recalls in cooperation

22   with the CPSC and the cuff replacement program, providing consumers with the

23   opportunity to obtain replacement toys of equal or greater value.  Moreover,

24   Defendants instituted the magnet-related recalls to retroactively apply a design

25   standard, even though, upon information and belief, millions of the recalled toys

26   had never manifested any issue with the magnets in those toys.

27

28

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3        307.   Some or all of the claims in the Complaint are barred in whole or in

4   part by the doctrine of estoppel.  Upon information and belief, because of the

5   announcements of and overwhelming publicity regarding the recalls, members of

6   the public, including at least some Plaintiffs or members of the putative class, were

7   aware of the facts regarding the bases for the recalls and the cuff replacements,

8   returned the toys as part of the recalls or cuff replacements and received vouchers,

9   creating the reasonable belief on the part of Defendants that such Plaintiffs or

10  members of the putative class accepted the benefits of the recalls or cuff

11  replacements pursuant to their terms.  On information and belief, many such

12  Plaintiffs or members of the putative class gave no indication that they also

13  demanded a full refund for the Recalled Toys, and Defendants remained unaware of

14  such, but instead relied on the belief that such Plaintiffs or members of the putative

15  class intended to participate in the recalls and cuff replacements, and thereafter

16  issued vouchers to such Plaintiffs or members of the putative class based on such

17  belief.

18

## FIFTH AFFIRMATIVE DEFENSE

19

### (Prohibition Against Excessive Penalties)

20        308.   Some or all of Plaintiffs' claims are barred to the extent Plaintiffs seek

21  to impose penalties that violate the California Constitution's prohibition against

22  excessive penalties and/or similar provisions in other state constitutions.

23

## SIXTH AFFIRMATIVE DEFENSE

24

### (Excessive Fines Clause of the Eighth Amendment to the

25

### United States Constitution)

26        309.   Some or all of the claims in the Complaint are barred to the extent

27  Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth

28  Amendment to the United States Constitution.

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process Clause of the Fourteenth Amendment to the

### United States Constitution)

310.   Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

311.   Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.  In particular, to the extent Plaintiffs' claims under California Business & Professions Code § 17200 are based on an alleged violation of Proposition 65, California Health and Safety Code Section 25249.6 and the presence of lead in the paint on the parts of some toys, Section 25249.10 exempts liability in some or all cases.  Moreover, the CPSA provided standards for the presence of lead in paint under which the sales of products were not prohibited.

## NINTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

312.   Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

313.   Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiffs was caused not by Defendants' actions, but by a superseding cause.  To the extent the Lead Toy Plaintiffs or Cuff Plaintiffs allege elevated blood lead levels in their children, such elevated blood lead levels were not caused by the Recalled Toys but, upon information and belief, was caused by other conditions or materials to which such children have been or are being exposed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

314.    Some or all of the claims in the Complaint are barred in whole or in part because Plaintiffs are not in privity with Defendants.

## TWELTH AFFIRMATIVE DEFENSE

### (Res Judicata/Claim Preclusion)

315.    The Plaintiffs' request for injunctive relief based on alleged violations of California's Proposition 65 is barred because the California Attorney General brought such claims and entered into a consent judgment with Defendants that resolved the claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence/Failure to Mitigate)

316.    Any injury sustained by Plaintiffs may have been caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due care, including any situations where Plaintiffs continued to make use of the Recalled Toys after the respective recall announcements, and therefore such Plaintiffs are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiffs. Continued use of the Recalled Toys after the recall announcements would also constitute a failure to mitigate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

317.    Some or all of the relief Plaintiffs request may result in multiple recoveries, thereby violating Defendants' due process rights under the United States and/or California Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Statutory Claim)

318.    To the extent Plaintiffs seek to assert claims under California law on

behalf of a nationwide class, some or all of the putative class members outside California lack standing to assert such claims because their claims do not have a sufficient nexus to California to permit the constitutional application of the California statutes to their claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actionable Representations)

319.   Some or all of Plaintiffs' claims fail because they are not based on actionable representations by Defendants, but are based on generalized statements of corporate policy or governance or generalized goals regarding safety that are not actionable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Responsive Actions Taken Barring Claims for Damages)

320.   Any claim for damages under California Civil Code § 1750, *et seq.* is barred because, pursuant to at least California Civil Code § 1782, Defendants have taken reasonable steps to inform consumers of the recalls and taken appropriate responsive action, including but not limited to, the issuance of vouchers or replacement parts as part of the recalls.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intentional Action)

321.   Any claim for damages under California Civil Code § 1750, *et seq.* is barred because, pursuant to at least California Civil Code § 1784, Defendants' actions were not intentional, but resulted from bona fide errors despite reasonable procedures in place.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Sufficient Notice)

322.   Any claim for damages under state consumer protection laws is barred because Plaintiffs failed to provide sufficient and/or adequate notice as required.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Right to Offset)

3          323.    Upon information and belief, many of the Recalled Toys were used for

4    months and/or years without incident by Plaintiffs.  Defendants are entitled to a full

5    or complete offset against any damages for the benefits of such use by Plaintiffs or

6    their children.  Moreover, to the extent any Plaintiff participated in the recalls or the

7    cuff replacements, Defendants are entitled to an offset against any damages for the

8    value of the vouchers or any other benefits provided to such Plaintiffs.

9

## TWENTY-FIRST AFFIRMATIVE DEFENSE

10

### (Statute of Limitations)

11          324.    Plaintiffs seek certification of a class of plaintiffs who may have

12    purchased toys as far back as May 2003, but did not file suit until, at the earliest,

13    August 2007.  Consequently, some or all of Plaintiffs' claims are barred by

14    applicable statutes of limitations under California law or the law of other states as

15    may be applicable to Plaintiffs' claims.

16

17                                                    Respectfully submitted,

18    Dated: January 28, 2009              JONES DAY

19

20                                                    By:  s/ Rick L. Shackelford

21                                                    Elwood Lui (SBN 45538)
                                                      Rick L. Shackelford (SBN 151262)
22                                                    555 South Flower Street, 50th Floor
                                                      Los Angeles, CA 90071
23                                                    Telephone:  (213) 243-2435
                                                      Facsimile:   (213) 243-2539

24                                                    Thomas E. Fennell (pro hac vice)
                                                      Michael L. Rice (pro hac vice)
25                                                    JONES DAY
                                                      2727 N. Harwood St.
26                                                    Dallas, TX 75201
                                                      Telephone:  (214) 220-3939
27                                                    Facsimile:   (214) 969-5100

28

1   Hugh Whiting (pro hac vice)
    JONES DAY
2   717 Texas, Suite 3300
    Houston, TX  77002
3   Telephone:  (832) 239-3939
    Facsimile:   (832) 239-3600
4

5   Attorneys for Defendants
    MATTEL, INC. AND FISHER-PRICE,
6   INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

1    ## DEMAND FOR A JURY TRIAL

2    Defendants demand a trial by jury of all claims triable by a jury.

3

4                                              Respectfully submitted,

5    Dated: January 28, 2009                   JONES DAY

6

7                                              By:  s/ Rick L. Shackelford

8                                              Elwood Lui (SBN 45538)
                                               Rick L. Shackelford (SBN 151262)
9                                              555 South Flower Street, 50th Floor
                                               Los Angeles, CA 90071
10                                             Telephone:  (213) 243-2435
                                               Facsimile:   (213) 243-2539

11                                             Thomas E. Fennell (pro hac vice)
                                               Michael L. Rice (pro hac vice)
12                                             JONES DAY
                                               2727 N. Harwood St.
13                                             Dallas, TX 75201
                                               Telephone:  (214) 220-3939
14                                             Facsimile:   (214) 969-5100

15                                             Hugh Whiting (pro hac vice)
                                               JONES DAY
16                                             717 Texas, Suite 3300
                                               Houston, TX  77002
17                                             Telephone:  (832) 239-3939
                                               Facsimile:   (832) 239-3600
18

19                                             Attorneys for Defendants
                                               MATTEL, INC. AND FISHER-PRICE,
20                                             INC.

21

22

23

24

25

26

27

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER

1

CERTIFICATE OF SERVICE

2        I hereby certify that on January 28, 2009, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF system which will send notification

4   of such filing to the e-mail addresses denoted on the attached Electronic Mail

5   Notice List, and I hereby certify that I have mailed the foregoing document or paper

6   via the United States Postal Service to the non-CM/ECF participants indicated on

7   the attached Manual Notice List.

8        I certify under penalty of perjury under the laws of the United States of

9   America that the foregoing is true and correct.

10       Executed on January 28, 2009.

11

12                                          s/ Rick L. Shackelford
                                            Rick L. Shackelford
13

14                                          JONES DAY
                                            555 S. Flower St., 50th Flr.
15                                          Los Angeles, CA  90071
                                            Telephone: 213/489-3939
16                                          Facsimile: 213/243-2539

17

18                                          E-mail:  rlshackelford@jonesday.com

19

20   DLI-6223574v5

21

22

23

24

25

26

27

28

Case No.  MDL No. 1897
DEFENDANTS MATTEL, INC.'S AND
FISHER-PRICE, INC.'S AMENDED ANSWER