Elwood Lui (SBN 45538)
elui@jonesday.com
Rick L. Shackelford (SBN 151262)
rlshackelford@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 243-2435
Facsimile:    (213) 243-2539

Thomas E. Fennell (pro hac vice)          Hugh Whiting (pro hac vice)
tefennell@jonesday.com                    hrwhiting@jonesday.com
Michael L. Rice (pro hac vice)            JONES DAY
mlrice@jonesday.coJONES DAY               717 Texas, Suite 3300
2727 N. Harwood St.                       Houston, TX  77002
Dallas, TX 75201                          Telephone:  (832) 239-3939
Telephone:   (214) 220-3939               Facsimile:    (832) 239-3600
Facsimile:    (214) 969-5100

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | No. 07-ml-08197-DSF-AJWx<br><br>The Honorable Dale S. Fischer<br><br>**FIRST AMENDED ANSWER OF DEFENDANT KMART CORPORATION TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Kmart Corporation ("Kmart") hereby files its First Amended

Answer in response to Plaintiffs' Second Consolidated Amended Complaint (the

"Complaint").

## RESPONSE TO ALLEGATIONS

The Complaint throughout contains numerous allegations regarding "Kmart"

without any identification of specific acts of purported wrongdoing by Kmart.

These collective allegations throughout the Complaint are a fatally defective attempt by Plaintiffs to disguise their lack of knowledge of any specific wrongdoing by Kmart in a web of undifferentiated aggregate claims.  Kmart denies that it has committed any wrongdoing.  For its responses to the specific allegations of the Complaint, Kmart incorporates the foregoing statement in each paragraph below as applicable and further states:

In response to the opening paragraph of the Complaint, Kmart admits that Plaintiffs purport to bring this action for themselves and as a putative class action, but denies that this action may properly be maintained as a class action and denies that any such class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Kmart further denies that Plaintiffs or any putative class members are entitled to any of the relief requested in the opening paragraph of the Complaint.  Kmart denies the remaining allegations in the opening paragraph of the Complaint.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS IN NUMBERED PARAGRAPHS 1 THROUGH 172

1.      The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required.

2.      The allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required.

3.      Kmart admits that it sold some, but certainly not all, of the Mattel and/or Fisher-Price toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood pressure cuffs, which reflected age restrictions for each product.  Kmart denies the remaining allegations in paragraph 3 of the Complaint.

4.      Kmart denies the allegations in paragraph 4 of the Complaint.

5.      Kmart admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured

1   during a specified period of time.  Kmart admits that, to its knowledge, defendant
2   Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint
3   on some part of certain of the toys that were subject to the recall contained lead that
4   exceeded applicable standards.  Kmart denies the remaining allegations in
5   paragraph 5 of the Complaint.
6          6.      Kmart lacks knowledge or information sufficient to form a belief as to
7   the truth of the allegations in paragraph 6 of the Complaint regarding what
8   "parents" may or may not have done and, therefore, denies the same.  Kmart admits
9   that on August 14, 2007, Mattel and/or Fisher-Price announced the voluntary recall
10  of certain toys that were reportedly manufactured in China during specified periods
11  of time.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have
12  stated that a reason for some of the recalls was that testing indicated that the paint
13  on some part of certain of the toys that were subject to the recall contained lead that
14  exceeded applicable standards.  Kmart admits that lead, like many substances not
15  intended for ingestion, has been recognized as having the potential to cause adverse
16  effects on some humans if ingested in sufficiently large quantities over a sufficient
17  amount of time.  Kmart admits that the voluntary recall announced by Mattel and/or
18  Fisher-Price on August 14, 2007 included Mattel toys with small magnets.  Kmart
19  admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason
20  for the recall involving magnets was that, while the toys met applicable standards
21  when originally sold, Mattel had adopted a new design standard for securing
22  magnets in toys and retroactively applied that design. Kmart lacks knowledge or
23  information sufficient to form a belief as to the truth of the remaining allegations in
24  paragraph 6 of the Complaint and, therefore, denies the same.
25         7.      Kmart admits that it sold some, but certainly not all, of the Mattel
26  and/or Fisher-Price toys subject to the August 2, August 14, September 4, and
27  October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood
28  pressure cuffs.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1    have stated that a reason for some of the recalls was that testing indicated that the

2    paint on some part of certain of the toys that were subject to the recall contained

3    lead that exceeded applicable standards.  Kmart admits Mattel and/or Fisher-Price

4    have also stated that a reason for the recall involving magnets was that, while the

5    toys met applicable standards when originally sold, Mattel had adopted a new

6    design standard for securing magnets in toys and retroactively applied that design.

7    Kmart also admits that Mattel and/or Fisher Price have stated that tests on blood

8    pressure cuffs that were part of certain Fisher-Price and Sesame Street medical kits

9    (the "Cuffs") revealed levels of lead that, though fully compliant with all federal

10   and international standards, were higher than anticipated and were noncompliant

11   with an Illinois statute.  Kmart lacks knowledge or information sufficient to form a

12   belief as to the truth of the remaining allegations in paragraph 7 of the Complaint

13   and, therefore, denies the same.

14          8.     Kmart denies the allegations in paragraph 8 of the Complaint.

15          9.     Kmart denies the allegations in paragraph 9 of the Complaint.

16          10.    Kmart admits that the toys subject to the voluntary recalls and the

17   2007 product replacements for toy blood pressure cuffs were expected to be used by

18   children consistent with the age restrictions noted for each product.  Kmart admits

19   that some children may put toys or portions of toys in their mouths on occasion,

20   although the frequency and extent of which will vary from child to child.  Kmart

21   denies the remaining allegations in paragraph 10 of the Complaint.

22          11.    Kmart denies the allegations in paragraph 11 of the Complaint.

23          12.    Kmart admits it sold some, but certainly not all of the toys Mattel

24   and/or Fisher-Price recalled on August 2, August 14, September 4, and October 25,

25   2007.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated

26   that a reason for the recalls was that testing indicated that the paint on some part of

27   certain of the toys that were subject to the recall contained lead that exceeded

28   applicable standards.  Kmart denies the allegation in the first sentence of paragraph

12 of the Complaint that it failed to put adequate controls in place.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13.    Kmart admits that on August 14, 2007, Mattel announced voluntary recalls of Polly Pocket!™ play sets, Doggie Day Care™ play sets, Barbie® and Tanner™ play sets, and Batman™ and One Piece™ action figure sets.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recall was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Kmart admits that Mattel stated that the recall of Polly Pocket!™ play sets was an expansion of the voluntary recall of Polly Pocket!™ play sets announced by the CPSC and Mattel on November 21, 2006. Kmart denies the remaining allegations in paragraph 13 of the Complaint.

14.    Kmart admits that Mattel and/or Fisher-Price have stated that tests on the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and, therefore, denies the same.

15.    Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart admits that it is aware that the CPSC has indicated that if magnets are of a certain type and come loose, and more than one such magnet is swallowed by a child, under certain circumstances, intestinal injuries, including intestinal perforation or blockage, might occur.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding "exposure to lead and hazardous magnets" in paragraph 15 of the Complaint in the

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1    absence of more information regarding levels, circumstances, and duration of
2    exposure and, therefore, denies the same.  Kmart denies the remaining allegations
3    in paragraph 15 of the Complaint.

4          16.    Kmart denies the allegations in paragraph 16 of the Complaint that the
5    referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks
6    knowledge or information sufficient to form a belief as to the truth of the remaining
7    allegations in paragraph 16 of the Complaint and, therefore, denies the same.

8          17.    Kmart denies the allegations in paragraph 17 of the Complaint that
9    Plaintiff or Plaintiff's parents and natural guardians have been injured.  Kmart lacks
10   knowledge or information sufficient to form a belief as to the truth of the remaining
11   allegations in paragraph 17 of the Complaint and, therefore, denies the same.

12         18.    Kmart denies the allegations in paragraph 18 of the Complaint that the
13   referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks
14   knowledge or information sufficient to form a belief as to the truth of the remaining
15   allegations in paragraph 18 of the Complaint and, therefore, denies the same.

16         19.    Kmart denies the allegations in paragraph 19 of the Complaint that the
17   referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks
18   knowledge or information sufficient to form a belief as to the truth of the remaining
19   allegations in paragraph 19 of the Complaint and, therefore, denies the same.

20         20.    Kmart denies the allegations in paragraph 20 of the Complaint that the
21   referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks
22   knowledge or information sufficient to form a belief as to the truth of the remaining
23   allegations in paragraph 20 of the Complaint and, therefore, denies the same.

24         21.    Kmart denies the allegations in paragraph 21 of the Complaint that the
25   referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks
26   knowledge or information sufficient to form a belief as to the truth of the remaining
27   allegations in paragraph 21 of the Complaint and, therefore, denies the same.

28

22.     Kmart denies the allegations in paragraph 22 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23.     Kmart denies the allegations in paragraph 23 of the Complaint that Plaintiff or Plaintiff's parents and natural guardians have been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and, therefore, denies the same.

24.     Kmart denies the allegations in paragraph 24 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and, therefore, denies the same.

25.     Kmart denies the allegations in paragraph 25 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and, therefore, denies the same.

26.     Kmart denies the allegations in paragraph 26 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's parents or natural guardians have been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and, therefore, denies the same.

27.     Kmart denies the allegations in paragraph 27 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28.     Kmart denies the allegations in paragraph 28 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

1    knowledge or information sufficient to form a belief as to the truth of the remaining

2    allegations in paragraph 28 of the Complaint and, therefore, denies the same.

3         29.    Kmart denies the allegations in paragraph 29 of the Complaint that the

4    referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks

5    knowledge or information sufficient to form a belief as to the truth of the remaining

6    allegations in paragraph 29 of the Complaint and, therefore, denies the same.

7         30.    Kmart denies the allegations in paragraph 30 of the Complaint that the

8    referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks

9    knowledge or information sufficient to form a belief as to the truth of the remaining

10   allegations in paragraph 30 of the Complaint and, therefore, denies the same.

11        31.    Kmart denies the allegations in paragraph 31 of the Complaint that the

12   referenced toy was hazardous and that Plaintiff has been injured.  Kmart lacks

13   knowledge or information sufficient to form a belief as to the truth of the remaining

14   allegations in paragraph 31 of the Complaint and, therefore, denies the same.

15        32.    Kmart denies the allegations in paragraph 32 of the Complaint that the

16   referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

17   knowledge or information sufficient to form a belief as to the truth of the remaining

18   allegations in paragraph 32 of the Complaint and, therefore, denies the same.

19        33.    Kmart denies the allegations in paragraph 33 of the Complaint that the

20   referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

21   knowledge or information sufficient to form a belief as to the truth of the remaining

22   allegations in paragraph 33 of the Complaint and, therefore, denies the same.

23        34.    Kmart denies the allegations in paragraph 34 of the Complaint that the

24   referenced toys were hazardous and that Plaintiff has been injured.  Kmart lacks

25   knowledge or information sufficient to form a belief as to the truth of the remaining

26   allegations in paragraph 34 of the Complaint and, therefore, denies the same.

27        35.    The allegations in paragraph 35 of the Complaint are not directed at

28   Kmart and do not require a response.

1
2

36.     The allegations in paragraph 36 of the Complaint are not directed at Kmart and do not require a response.

3
4

37.     The allegations in paragraph 37 of the Complaint are not directed at Kmart and do not require a response.

5
6

38.     The allegations in paragraph 38 of the Complaint are not directed at Kmart and do not require a response.

7
8

39.     The allegations in paragraph 39 of the Complaint are not directed at Kmart and do not require a response.

9
10

40.     The allegations in paragraph 40 of the Complaint are not directed at Kmart and do not require a response.

11
12
13
14
15
16

41.     Kmart admits that Kmart and Sears, Roebuck merged in 2005 and both companies now are subsidiaries of Sears Holdings Corporation.  Kmart admits the allegations in the second and third sentences of paragraph 41 of the Complaint. Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and/or October 25, 2007 recalls and the 2007 product replacements for the Cuffs.

17
18

42.     The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

19
20

43.     The allegations in paragraph 43 of the Complaint are legal conclusions to which no response is required.

21
22

44.     The allegations in paragraph 44 of the Complaint are legal conclusions to which no response is required.

23
24
25
26
27

45.     Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint in the absence

28

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1   of more information regarding levels and duration of exposure and, therefore,

2   denies the same.

3       46.    Kmart states that the statements by the National Safety Council quoted

4   in paragraph 46 of the Complaint speak for themselves.  Kmart admits that lead,

5   like many substances not intended for ingestion, has been recognized as having the

6   potential to cause adverse effects on some humans if ingested in sufficiently large

7   quantities over a sufficient amount of time.  Kmart lacks knowledge or information

8   sufficient to form a belief as to the truth of the allegations in paragraph 46 of the

9   Complaint in the absence of more information including levels and duration of

10  exposure and age and characteristics of children and, therefore, denies the same.

11      47.    To the extent the allegations in paragraph 47 of the Complaint refer to

12  testimony excerpts by Dr. Best, those excerpts speak for themselves.  Kmart admits

13  that lead, like many substances not intended for ingestion, has been recognized as

14  having the potential to cause adverse effects on some humans if ingested in

15  sufficiently large quantities over a sufficient amount of time.  Kmart lacks

16  knowledge or information sufficient to form a belief as to the truth of the

17  allegations in paragraph 47 of the Complaint in the absence of more information

18  including levels and duration of exposure and age and characteristics of children

19  and, therefore, denies the same.

20      48.    To the extent that the allegations in paragraph 48 of the Complaint

21  refer to the articles cited in footnote 9 to paragraph 48 of the Complaint, those

22  articles speak for themselves.  Kmart admits that lead, like many substances not

23  intended for ingestion, has been recognized as having the potential to cause adverse

24  effects on some humans if ingested in sufficiently large quantities over a sufficient

25  amount of time.  Kmart lacks knowledge or information sufficient to form a belief

26  as to the truth of the allegations in paragraph 48 of the Complaint in the absence of

27  more information including levels and duration of exposure and age and

28  characteristics of children and, therefore, denies the same.

Case No. 07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

49.     Kmart admits that children may be exposed to lead through multiple sources.  Kmart admits that children may engage in hand-to-mouth activity, although the extent and frequency of such activity will vary from child to child and by age.  Kmart lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and, therefore, denies the same.

50.     Kmart admits that it sold some, but certainly not all, of the toys that were subject to the November 21, 2006 and August 14, 2007 voluntary recalls involving magnets.  Kmart admits that it is aware that the CPSC has indicated that if magnets are of a certain type and come loose, and more than one such magnet is swallowed by a child, under certain circumstances, intestinal injuries, including intestinal perforation or blockage, might occur.  Kmart states that the letter by Dr. Oestreich quoted in paragraph 50 of the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint that refer to the knowledge of the CPSC and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 50 of the Complaint.

51.     Kmart states that the CPSC press release referred to in paragraph 51 of the Complaint and footnote 13 speaks for itself.  Kmart lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and, therefore, denies the same.

52.     Kmart states that the April 19, 2007 CPSC press release cited and quoted in paragraph 52 of the Complaint speaks for itself.

53.     The allegations in paragraph 53 of the Complaint are not directed at Kmart and do not require a response.

54.     The allegations in paragraph 54 of the Complaint are not directed at Kmart and do not require a response.

55.    The allegations in paragraph 55 of the Complaint are not directed at Kmart and do not require a response.

56.    The allegations in paragraph 56 of the Complaint are not directed at Kmart and do not require a response.

57.    The allegations in paragraph 57 of the Complaint are not directed at Kmart and do not require a response.

58.    The allegations in paragraph 58 of the Complaint are not directed at Kmart and do not require a response.

59.    The allegations in paragraph 59 of the Complaint are not directed at Kmart and do not require a response.

60.    The allegations in paragraph 60 of the Complaint are not directed at Kmart and do not require a response.

61.    The allegations in paragraph 61 of the Complaint are not directed at Kmart and do not require a response.

62.    The allegations in paragraph 62 of the Complaint are not directed at Kmart and do not require a response.

63.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint regarding what Plaintiffs and purported class members may or may not have done and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 63 of the Complaint.

64.    Kmart states that the ASTM standard cited in paragraph 64 and footnotes 25 and 26 of the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 regarding Plaintiffs' and purported class members' beliefs and, therefore, denies the same.  The allegations in the third and fourth sentences of paragraph 64 of the Complaint are not directed at Kmart and do not require a response.

65.    The allegations in paragraph 65 of the Complaint are not directed at Kmart and do not require a response.

66.    The allegations in paragraph 66 of the Complaint are not directed at Kmart and do not require a response.

67.    The allegations in paragraph 66 of the Complaint are not directed at Kmart and do not require a response.

68.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  The remaining allegations in paragraph 68 of the Complaint are not directed at Kmart and do not require a response.

69.    Kmart admits that children may put toys or portions of toys in their mouths on occasion, although the extent and frequency of such activity will vary from child to child and by age.  Kmart states that the article quoted in part in paragraph 69 of the Complaint speaks for itself.  Kmart denies the remaining allegations in paragraph 69 of the Complaint.

70.    Kmart denies the allegations in paragraph 70 of the Complaint.

71.    Kmart denies the allegations in paragraph 71 of the Complaint.

72.    Because the allegations in paragraph 72 of the Complaint identify no alleged representations, Kmart denies the allegations as stated.

73.    The allegations in paragraph 73 of the Complaint are not directed at Kmart and do not require a response.

74.    The allegations in paragraph 74 of the Complaint are not directed at Kmart and do not require a response.

75.    The allegations in paragraph 75 of the Complaint are not directed at Kmart and do not require a response.

76.    The allegations in paragraph 76 of the Complaint are not directed at Kmart and do not require a response.

77.    The allegations in paragraph 77 of the Complaint are not directed at Kmart and do not require a response.

78.    The allegations in paragraph 78 of the Complaint are not directed at Kmart and do not require a response.

79.    The allegations in paragraph 79 of the Complaint are not directed at Kmart and do not require a response.

80.    The allegations in paragraph 80 of the Complaint are not directed at Kmart and do not require a response.

81.    The allegations in paragraph 81 of the Complaint are not directed at Kmart and do not require a response.

82.    The allegations in the first sentence of paragraph 82 of the Complaint are not directed at Kmart and do not require a response.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 82 of the Complaint and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 82 of the Complaint.

83.    Kmart states that ASTM F 963 referenced in the first two sentences of paragraph 83 of the Complaint speaks for itself.  The allegations in the third sentence of paragraph 83 of the Complaint are not directed at Kmart and do not require a response.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls they announced was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Kmart denies the remaining allegations in paragraph 83 of the Complaint.

84.    Kmart admits that various regulations limit the amount of lead content in paint on products marketed to children, including 16 CFR § 1303.1, *et seq.* Kmart denies the remaining allegations in paragraph 84 of the Complaint.

85.    Kmart states that the CPSC website and the recalls identified there speak for themselves.  The allegations in paragraph 85 do not identify any

particular recalls, but reflect only general characterizations; thus, they are denied as stated.

86.    The testimony of Ms. Nord cited in paragraph 86 and footnote 41 of the Complaint speaks for itself.  Kmart otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and, therefore, denies the same.

87.    The testimony of Mr. Moore, quoted in part in paragraph 87 of the Complaint, speaks for itself.

88.    Kmart admits that in February and June 2007, it recalled certain children's jewelry and jewelry accessories due to lead content.  The allegations in paragraph 88 of the Complaint regarding the alleged recalls by other defendants are not directed at Kmart and do not require a response.  The last sentence of paragraph 88 is a legal conclusion to which no response is required.  To the extent further response is required, Kmart denies the remaining allegations in paragraph 88 of the Complaint.

89.    The allegations in paragraph 89 of the Complaint are not directed at Kmart and do not require a response.

90.    The allegations in paragraph 90 of the Complaint are not directed at Kmart and do not require a response.

91.    The allegations in paragraph 91 of the Complaint are not directed at Kmart and do not require a response.

92.    The allegations in paragraph 92 of the Complaint are not directed at Kmart and do not require a response.

93.    The allegations in paragraph 93 of the Complaint are not directed at Kmart and do not require a response.

94.    The allegations in paragraph 94 of the Complaint are not directed at Kmart and do not require a response.

95.    The allegations in paragraph 95 of the Complaint are not directed at Kmart and do not require a response.

96.    The allegations in paragraph 96 of the Complaint are not directed at Kmart and do not require a response.

97.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint regarding the knowledge of the CPSC and, therefore, denies the same.  The remaining allegations in paragraph 97 of the Complaint are not directed at Kmart and do not require a response.

98.    The allegations in paragraph 98 of the Complaint are not directed at Kmart and do not require a response.

99.    The allegations in paragraph 99 of the Complaint are not directed at Kmart and do not require a response.

100.   The allegations in paragraph 100 of the Complaint are not directed at Kmart and do not require a response.

101.   The allegations in the last two sentences of paragraph 101 of the Complaint contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 101 of the Complaint.

102.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 102 of the Complaint, in part because they do not define "the relevant time period" or the meaning of "drastically reduced," and, therefore, denies the same.  The third and fourth sentences of paragraph 102 of the Complaint contain legal conclusions to which no response is required.  Kmart denies the remaining allegations in paragraph 102 of the Complaint.

103.   The allegations in paragraph 103 of the Complaint are not directed at Kmart and do not require a response.

104.    The allegations in paragraph 104 of the Complaint are not directed at Kmart and do not require a response.

105.    Kmart admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time.  Kmart admits that, to its knowledge, defendant Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Kmart states that Exhibit A to the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 of the Complaint and, therefore, denies the same.

106.    Kmart states that the press release referred to in paragraph 106 of the Complaint speaks for itself.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the August 2, 2007 recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Kmart admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Kmart denies the remaining allegations in paragraph 106 of the Complaint.

107.    Kmart states that the press release quoted in part and cited in paragraph 107 of the Complaint and footnote 53 speaks for itself.  Kmart further states that the statement by Ms. Nord quoted in paragraph 107 to the Complaint speaks for itself.  Kmart denies the remaining allegations in paragraph 107 of the Complaint.

108.    Kmart states the *Wall Street Journal* articles referred to in paragraph 108 of the Complaint speak for themselves.  Kmart lacks knowledge or information

1    sufficient to form a belief as to the truth of the remaining allegations in paragraph

2    108 of the Complaint and, therefore, denies the same.

3         109.   The allegations in paragraph 109 of the Complaint are not directed at

4    Kmart and do not require a response.

5         110.   The allegations in paragraph 110 of the Complaint are not directed at

6    Kmart and do not require a response.

7         111.   Kmart admits that, to its knowledge, on August 14, 2007, Mattel and

8    the CPSC announced a voluntary recall of approximately 253,000 "Sarge" die cast

9    toy cars.  Kmart states that the press release referenced in paragraph 111 and

10   footnote 58 of the Complaint speaks for itself.  Kmart states that Exhibit B to the

11   Complaint speaks for itself.  The remaining allegations in paragraph 111 of the

12   Complaint are not directed at Kmart and do not require a response.

13        112.   The allegations in paragraph 112 of the Complaint are not directed at

14   Kmart and do not require a response.

15        113.   The allegations in paragraph 113 of the Complaint are not directed at

16   Kmart and do not require a response.

17        114.   Kmart admits that on September 4, 2007, Mattel, Fisher-Price and the

18   CPSC announced voluntary recalls of certain Barbie® accessory toys, Geo Trax

19   Locomotive toys, and Big Big World 6-in-1 Bongo Band toys.  Kmart admits, to its

20   knowledge, Mattel and/or Fisher Price have stated that a reason for the recalls was

21   that testing indicated that the paint on some part of certain of the toys that were

22   subject to the recall contained lead that exceeded applicable standards.  Kmart

23   states that Exhibit C to the Complaint speaks for itself.  Kmart lacks knowledge or

24   information sufficient to form a belief as to the truth of the remaining allegations in

25   paragraph 114 of the Complaint and, therefore, denies the same.

26        115.   The allegations in paragraph 115 of the Complaint are not directed at

27   Kmart and do not require a response.

28

116.   The allegations in paragraph 116 of the Complaint are not directed at Kmart and do not require a response.

117.   The allegations in paragraph 117 of the Complaint are not directed at Kmart and do not require a response.

118.   The allegations in paragraph 118 of the Complaint are not directed at Kmart and do not require a response.

119.   Kmart admits that on October 25, 2007, Mattel and the CPSC announced a voluntary recall of Go Diego Go Animal Rescue Boats manufactured in China during specified periods of time and sold between June 2007 and October 2007.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  The remaining allegations in paragraph 119 of the Complaint are not directed at Kmart and do not require a response.

120.   The allegations in paragraph 120 of the Complaint are not directed at Kmart and do not require a response.

121.   Kmart admits the allegations in the text of paragraph 121 of the Complaint.  Kmart states that Exhibit E to the Complaint speaks for itself.

122.   Kmart states that the announcement referred to in paragraph 122 of the Complaint speaks for itself.

123.   Kmart states that the views attributed to the CPSC in paragraph 123 of the Complaint, presumably as referenced in the announcement, speak for themselves.

124.   Kmart states that the CPSC announcement, which contains this statement, speaks for itself.

125.   Kmart admits the allegations of the first sentence of paragraph 125 of the Complaint.  Kmart states that the CPSC announcement speaks for itself.  Kmart states that Exhibit F to the Complaint speaks for itself.

1    126.    Kmart admits that on August 14, 2007, the CPSC and Mattel
2    announced voluntary recalls of Doggie Day Care™ play sets and Barbie® and
3    Tanner™ play sets.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price
4    have stated that a reason for the recalls was that, while the toys met applicable
5    standards when originally sold, Mattel had adopted a new design standard for
6    securing magnets in toys and retroactively applied that design.  Kmart states that
7    Exhibits G and H to the Complaint speak for themselves.

8    127.    Kmart admits that on August 14, 2007, the CPSC and Mattel
9    announced a voluntary recall of Batman™ and One Piece™ action figure sets.  The
10   allegations in paragraph 127 of the Complaint regarding other incidents are not
11   directed at Kmart and do not require a response.  Kmart states that Exhibit I to the
12   Complaint speaks for itself.

13   128.    The allegations in paragraph 128 of the Complaint are not directed at
14   Kmart and do not require a response.

15   129.    The allegations in paragraph 129 of the Complaint are not directed at
16   Kmart and do not require a response.

17   130.    The allegations in paragraph 130 of the Complaint are not directed at
18   Kmart and do not require a response.

19   131.    The allegations in paragraph 131 of the Complaint are not directed at
20   Kmart and do not require a response.

21   132.    Kmart states that the article by Consumer Reports referenced in
22   paragraph 132 of the Complaint speaks for itself.

23   133.    Kmart lacks knowledge or information sufficient to form a belief as to
24   the truth of the allegations in paragraph 133 of the Complaint regarding the results
25   of tests allegedly performed at the direction of the Attorney General of Illinois and,
26   therefore, denies the same.

27   134.    Kmart states that the December 3, 2007 statement by the Illinois
28   Attorney General referenced in paragraph 134 of the Complaint speaks for itself.

The remaining allegations in paragraph 134 of the Complaint are not directed at Kmart and do not require a response.

135.    Kmart states that the December 14, 2007 statement by the Illinois Attorney General referenced in paragraph 135 of the Complaint speaks for itself.

136.    The allegations in paragraph 136 of the Complaint are not directed at Kmart and do not require a response.

137.    The allegations in paragraph 137 of the Complaint are not directed at Kmart and do not require a response.

138.    The allegations in paragraph 138 of the Complaint are not directed at Kmart and do not require a response.

139.    The allegations in paragraph 139 of the Complaint are not directed at Kmart and do not require a response.

140.    The allegations in paragraph 140 of the Complaint are not directed at Kmart and do not require a response.

141.    The allegations in paragraph 141 of the Complaint are not directed at Kmart and do not require a response.

142.    The allegations in paragraph 142 of the Complaint are not directed at Kmart and do not require a response.

143.    The allegations in paragraph 143 of the Complaint are not directed at Kmart and do not require a response.

144.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint and, therefore, denies the same.

145.    The allegations in paragraph 145 of the Complaint are not directed at Kmart and do not require a response.

146.    The allegations in paragraph 146 of the Complaint are not directed at Kmart and do not require a response.

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1      147.   The allegations in paragraph 147 of the Complaint are not directed at

2   Kmart and do not require a response.

3      148.   Kmart lacks knowledge or information sufficient to form a belief as to

4   the truth of the allegations in the first sentence of paragraph 148 of the Complaint

5   regarding the view of parents and, therefore, denies the same.  Kmart admits that

6   lead, like many substances not intended for ingestion, has been recognized as

7   having the potential to cause adverse effects on some humans if ingested in

8   sufficiently large quantities over a sufficient amount of time.  Kmart states that the

9   Center for Disease Control and Prevention ("CDC") statement quoted in paragraph

10   148 of the Complaint speaks for itself.

11      149.   Kmart admits that there are existing medical tests that can detect

12   and/or measure lead levels in blood with varying degrees of accuracy.  Kmart states

13   that the CDC recommendation in the last sentence of paragraph 149 speaks for

14   itself.  Kmart lacks knowledge or information sufficient to form a belief as to the

15   truth of the remaining allegations in paragraph 149 of the Complaint in the absence

16   of more information regarding levels and duration of exposure and, therefore,

17   denies the same.

18      150.   Kmart admits that there are existing medical tests that can detect

19   and/or measure lead levels in blood with varying degrees of accuracy.  Kmart lacks

20   knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations in paragraph 150 of the Complaint in the absence of more information

22   regarding levels and duration of exposure and, therefore, denies the same.

23      151.   Kmart admits that lead, like many substances not intended for

24   ingestion, has been recognized as having the potential to cause adverse effects on

25   some humans if ingested in sufficiently large quantities over a sufficient amount of

26   time.  Kmart denies that blood lead level screening is necessary or appropriate for

27   children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

28   Kmart states that the CDC Advisory Committee report referenced in paragraph 151

of the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

152.    Kmart states that the American Academy of Pediatrics' recommendations in paragraph 152 speak for themselves.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

153.    Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint and, therefore, denies the same.  Kmart denies that blood lead level screening is necessary or appropriate for children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

154.    Kmart states that the Consumer Product Safety Modernization Act of 2007 referenced in paragraph 154 of the Complaint speaks for itself.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 of the Complaint and, therefore, denies the same.

155.    Kmart states that the comments by Senators Pryor, Klobuchar and Nelson referenced in paragraph 155 of the Complaint speak for themselves.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 155 of the Complaint and, therefore, denies the same.

156.    Kmart states that the "Pryor-Stevens bill" and the Chicago Tribune article referenced in paragraph 156 of the Complaint speak for themselves.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 156 of the Complaint and, therefore, denies the same.

1  157.   The allegations in paragraph 157 of the Complaint are not directed at
2  Kmart and do not require a response.

3  158.   The allegations in paragraph 158 of the Complaint are not directed at
4  Kmart and do not require a response.

5  159.   Kmart denies the allegations in the first sentence of paragraph 159 of
6  the Complaint.  The remaining allegations in paragraph 159 of the Complaint are
7  not directed at Kmart and do not require a response.

8  160.   The allegations in paragraph 160 of the Complaint are not directed at
9  Kmart and do not require a response.

10  161.   The allegations in paragraph 161 of the Complaint are not directed at
11  Kmart and do not require a response.

12  162.   The allegations in the first sentence of paragraph 162 of the Complaint
13  are not directed at Kmart and do not require a response.  Kmart lacks knowledge or
14  information sufficient to form a belief as to the truth of the allegations in the last
15  sentence of paragraph 162 of the Complaint and, therefore, denies the same.

16  163.   Kmart states that the article referenced in paragraph 163 and footnote
17  84 of the Complaint speaks for itself.  Kmart lacks knowledge or information
18  sufficient to form a belief as to the truth of the allegations in the last sentence of
19  paragraph 163 of the Complaint and, therefore, denies the same.

20  164.   Kmart states that the *New York Times* article referenced in paragraph
21  164 and footnote 85 of the Complaint speaks for itself.  Kmart lacks knowledge or
22  information sufficient to form a belief as to the truth of the remaining allegations in
23  paragraph 164 of the Complaint and, therefore, denies the same.

24  165.   Kmart admits that it has approximately 100 stores in California.  The
25  allegations in the first sentence of paragraph 165 of the Complaint are a legal
26  assertion and do not require a response.  The remaining allegations in paragraph
27  165 of the Complaint are not directed at Kmart and do not require a response.

28

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1    166.   Kmart acknowledges that Plaintiffs purport to bring this action for

2    themselves and as a putative class action, but denies that this action may properly

3    be maintained as a class action and denies that any class alleged in the Complaint

4    satisfies the requirements of Federal Rule of Civil Procedure 23.

5    167.   Kmart admits that the class alleged by Plaintiffs would include

6    thousands of people, but denies that this action may properly be maintained as a

7    class action and denies that any class alleged in the Complaint satisfies the

8    requirements of Federal Rule of Civil Procedure 23.  Kmart denies the remaining

9    allegations in paragraph 167 of the Complaint.

10    168.   Kmart denies the allegations in paragraph 168 of the Complaint,

11    including that the alleged common issues present common questions with respect to

12    any alleged class or that such alleged issues predominate over the inherently

13    individual questions raised by the claims in the Complaint.  Kmart denies that this

14    action may properly be maintained as a class action and denies that any class

15    alleged in the Complaint satisfies the requirements of Federal Rule of Civil

16    Procedure 23.

17    169.   Kmart lacks knowledge or information sufficient to form a belief as to

18    the truth of the allegations of paragraph 169 of the Complaint regarding toys that

19    Plaintiffs or any putative class member may or may not have purchased and,

20    therefore, denies the same.  Kmart denies the remaining allegations in paragraph

21    169 of the Complaint.  Kmart denies that this action may properly be maintained as

22    a class action and denies that any class alleged in the Complaint satisfies the

23    requirements of Federal Rule of Civil Procedure 23.

24    170.   Kmart lacks knowledge or information sufficient to form a belief as to

25    the truth of the allegations of paragraph 170 of the Complaint and, therefore, denies

26    the same.  Kmart denies that this action may properly be maintained as a class

27    action and denies that any class alleged in the Complaint satisfies the requirements

28    of Federal Rule of Civil Procedure 23.

171.   Kmart denies the allegations in paragraph 171 of the Complaint. Kmart denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

172.   Kmart denies the allegations in paragraph 172 of the Complaint. Kmart denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

## RESPONSE TO COUNT ONE

### Breach of Express Warranty

### (Against All Defendants)

173.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

174.   The allegations in paragraph 174 of the Complaint contain legal assertions to which no response is required.

175.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the packaging of Mattel's and/or Fisher-Price's toys without more information identifying the specific toys and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 175 of the Complaint.

176.   The allegations in paragraph 176 of the Complaint contain legal assertions to which no response is required.

177.   Kmart denies the allegations in paragraph 177 of the Complaint.

178.   The allegations in paragraph 178 of the Complaint contain legal assertions to which no response is required.

179.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  The remaining allegations in paragraph 179 of the Complaint contain legal assertions to which no response is required.

180.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding Plaintiffs' and purported class members' alleged reliance and/or knowledge and, therefore, denies the same. Kmart denies the remaining allegations in paragraph 180 of the Complaint.

181.   Kmart denies the allegations in paragraph 181 of the Complaint.

182.   The allegations in paragraph 182 of the Complaint regarding notice requirements contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 182 of the Complaint.

183.   Kmart denies the allegations in paragraph 183 of the Complaint.

## RESPONSE TO COUNT TWO

### Breach of Implied Warranty

### (Against All Defendants)

184.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

185.   The allegations in paragraph 185 of the Complaint contain legal assertions to which no response is required.

186.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart denies the remaining allegations in paragraph 186 of the Complaint.

187.   The allegations in paragraph 187 of the Complaint contain legal assertions to which no response is required.

188.   The allegations in paragraph 188 of the Complaint contain legal assertions to which no response is required.

189.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart denies the remaining allegations in paragraph 189 of the Complaint.

190.   The allegations in paragraph 190 of the Complaint contain legal assertions to which no response is required.

191.   Kmart denies the allegations in paragraph 191 of the Complaint.

192.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Kmart denies the remaining allegations in paragraph 192 of the Complaint.

193.   The allegations in paragraph 193 of the Complaint are not directed at Kmart and do not require a response.

194.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Kmart denies the remaining allegations in paragraph 194 of the Complaint.

195.   Kmart denies the allegations in paragraph 195 of the Complaint.

1    196.   The allegations in paragraph 196 of the Complaint regarding notice

2    requirements contain legal assertions to which no response is required.  Kmart

3    denies the remaining allegations in paragraph 196 of the Complaint.

4    197.   Kmart denies the allegations in paragraph 197 of the Complaint.

5    **RESPONSE TO COUNT THREE**

6    **Negligence – Design, Manufacturing Defect and Failure to Warn**

7    **(Against All Defendants)**

8    198.   Kmart incorporates by reference and restates their responses to the

9    preceding paragraphs as if set forth fully herein.

10    199.   Kmart admits that it sold some, but certainly not all, of the toys subject

11    to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

12    and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers,

13    including parents.  Kmart denies the remaining allegations in paragraph 199 of the

14    Complaint.

15    200.   Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have

16    stated that a reason for some of the recalls was that testing indicated that the paint

17    on some part of certain of the toys that were subject to the recalls contained lead

18    that exceeded applicable standards.  Kmart admits that, to its knowledge, Mattel

19    and/or Fisher-Price have stated a reason for the recall involving magnets was that,

20    while the toys met applicable standards when originally sold, Mattel had adopted a

21    new design standard for securing magnets in toys and retroactively applied that

22    design.  Kmart also admits that, to its knowledge, Mattel and/or Fisher-Price stated

23    that  tests of the Cuffs revealed levels of lead that, though fully compliant with all

24    federal and international standards, were higher than anticipated and were

25    noncompliant with an Illinois statute.  Kmart denies the remaining allegations in

26    paragraph 200 of the Complaint.

27    201.   The allegations in paragraph 201 of the Complaint contain legal

28    assertions to which no response is required.

- 29 -

202. Kmart denies the allegations in paragraph 202 of the Complaint.

203. Kmart denies the allegations in paragraph 203 of the Complaint.

204. Kmart denies the allegations in paragraph 204 of the Complaint.

205. Kmart denies the allegations in paragraph 205 of the Complaint.

206. Kmart denies the allegations in paragraph 206 of the Complaint.

207. The allegations in the first clause of paragraph 207 of the Complaint contain legal assertions to which no response is required. Kmart denies the remaining allegations in paragraph 207 of the Complaint.

## RESPONSE TO COUNT FOUR

**Strict Liability – Design Defect/Manufacturing Defect and Failure to Warn**

**(Against All Defendants)**

208. Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

209. Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents. Kmart denies the remaining allegations in paragraph 209 of the Complaint.

210. Kmart denies the allegations in paragraph 210 of the Complaint.

211. Kmart denies the allegations in paragraph 211 of the Complaint.

212. Kmart denies the allegations in paragraph 212 of the Complaint.

213. Kmart admits that the Mattel and/or Fisher-Price toys were expected to reach customers without substantial change in the toys' condition, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 213 of the Complaint and, therefore, denies the same.

214. Kmart denies the allegations in paragraph 214 of the Complaint.

215. Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 regarding what Plaintiffs or any

1  putative class member would or would not do and, therefore, denies the same.

2  Kmart denies the remaining allegations of paragraph 215 of the Complaint.

3      216.   Kmart denies the allegations in paragraph 216 of the Complaint.

4      217.   The allegations in the first clause of paragraph 217 of the Complaint

5  contain legal assertions to which no response is required.  Kmart denies the

6  remaining allegations in paragraph 217 of the Compliant.

7              **RESPONSE TO COUNT FIVE**

8      **Violation of the Consumer Product Safety Act and Rules**

9              **(Against All Defendants)**

10      218.   Kmart incorporates by reference and restates its responses to the

11  preceding paragraphs as if set forth fully herein.

12      219.   The allegations in paragraph 219 of the Complaint contain legal

13  assertions to which no response is required.

14      220.   The allegations in paragraph 220 of the Complaint contain legal

15  assertions to which no response is required.

16      221.   The allegations in paragraph 221 of the Complaint contain legal

17  assertions to which no response is required.

18      222.   Kmart states that the Court granted Defendants' motion to dismiss

19  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

20  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart denies the remaining

21  allegations in paragraph 222 of the Complaint.

22      223.   Kmart states that the Court granted Defendants' motion to dismiss

23  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

24  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart denies the remaining

25  allegations in paragraph 223 of the Complaint.

26      224.   Kmart states that the Court granted Defendants' motion to dismiss

27  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

28  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart lacks knowledge or

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1    information sufficient to form a belief as to the truth of the remaining allegations in

2    paragraph 224 regarding Plaintiffs' and purported class members' alleged reliance

3    and, therefore, denies the same.

4        225.   Kmart states that the Court granted Defendants' motion to dismiss

5    Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

6    Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart lacks knowledge or

7    information sufficient to form a belief as to the truth of the allegations in paragraph

8    225 regarding what Plaintiffs or any putative class member would or would not do

9    and, therefore, denies the same.  Kmart denies the remaining allegations in

10    paragraph 225 of the Complaint.

11        226.   Kmart states that the Court granted Defendants' motion to dismiss

12    Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

13    Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Kmart denies the remaining

14    allegations in paragraph 226 of the Complaint.  Kmart denies that Plaintiffs or any

15    putative class member are entitled to any of the relief sought.

16                    **RESPONSE TO COUNT SIX**

17             **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

18                **(Against the Manufacturer Defendants)**

19        227.   Kmart incorporates by reference and restates its responses to the

20    preceding paragraphs as if set forth fully herein.

21        228.   The allegations in paragraph 228 of the Complaint are not directed at

22    Kmart and do not require a response.

23        229.   The allegations in paragraph 229 of the Complaint are not directed at

24    Kmart and do not require a response.

25        230.   The allegations in paragraph 230 of the Complaint are not directed at

26    Kmart and do not require a response.

27        231.   The allegations in paragraph 231 of the Complaint are not directed at

28    Kmart and do not require a response.

1    232.   The allegations in paragraph 232 of the Complaint are not directed at
2    Kmart and do not require a response.

3    233.   The allegations in paragraph 233 of the Complaint are not directed at
4    Kmart and do not require a response.

5    234.   The allegations in paragraph 234 of the Complaint are not directed at
6    Kmart and do not require a response.

7    235.   The allegations in paragraph 235 of the Complaint are not directed at
8    Kmart and do not require a response.

9    236.   The allegations in paragraph 236 of the Complaint are not directed at
10   Kmart and do not require a response.

11   237.   The allegations in paragraph 237 of the Complaint are not directed at
12   Kmart and do not require a response.

13   238.   The allegations in paragraph 238 of the Complaint are not directed at
14   Kmart and do not require a response.

15   239.   The allegations in paragraph 239 of the Complaint are not directed at
16   Kmart and do not require a response.

17   240.   The allegations in paragraph 240 of the Complaint are not directed at
18   Kmart and do not require a response.

19   **<u>RESPONSE TO COUNT SEVEN</u>**

20   **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

21   **(On Behalf of California Resident Plaintiffs**

22   **Against the Retailer Defendants)**

23   241.   Kmart incorporates by reference and restates its responses to the
24   preceding paragraphs as if set forth fully herein.

25   242.   The allegations in the first sentence of paragraph 242 of the Complaint
26   contain legal assertions to which no response is required.  Kmart denies the
27   remaining allegations in paragraph 242 of the Complaint.

28

243.   The allegations in the first sentence of paragraph 243 of the Complaint contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 243 of the Complaint.

244.   Kmart denies the allegations in paragraph 244 of the Complaint.

245.   Kmart denies the allegations in paragraph 245 of the Complaint.

246.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 246 of the Complaint.

247.   The allegations in the first sentence of paragraph 247 of the Complaint contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 247 of the Complaint.

248.   The allegations in the first sentence of paragraph 248 of the Complaint contain legal assertions to which no response is required.  Kmart denies the remaining allegations in paragraph 248 of the Complaint.

249.   Kmart denies the allegations in paragraph 249 of the Complaint.

250.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 250 of the Complaint.

251.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same. Kmart denies the remaining allegations in paragraph 251 of the Complaint.

252.   Kmart denies the allegations in paragraph 252 of the Complaint.

253.   Kmart denies the allegations in paragraph 253 of the Complaint. Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

254.    Kmart acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought. Kmart denies the remaining allegations in paragraph 254 of the Complaint.

## RESPONSE TO COUNT EIGHT

### Violation of Cal. Civ. Code § 1750, *et seq.*

### (Against the Manufacturer Defendants)

255.    Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

256.    The allegations in paragraph 256 of the Complaint are not directed at Kmart and do not require a response.

257.    The allegations in paragraph 257 of the Complaint are not directed at Kmart and do not require a response.

258.    The allegations in paragraph 258 of the Complaint are not directed at Kmart and do not require a response.

259.    The allegations in paragraph 259 of the Complaint are not directed at Kmart and do not require a response.

260.    The allegations in paragraph 260 of the Complaint are not directed at Kmart and do not require a response.

261.    The allegations in paragraph 261 of the Complaint are not directed at Kmart and do not require a response.

262.    The allegations in paragraph 262 of the Complaint are not directed at Kmart and do not require a response.

263.    The allegations in paragraph 263 of the Complaint are not directed at Kmart and do not require a response.

264.    The allegations in paragraph 264 of the Complaint are not directed at Kmart and do not require a response.

# RESPONSE TO COUNT NINE

### Violation of Cal. Civ. Code § 1750, *et seq.*

### (On Behalf of California Resident Plaintiffs

### Against the Retailer Defendants)

265.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

266.   The allegations in the paragraph 266 of the Complaint contain legal assertions to which no response is required.

267.   Kmart denies the allegations in paragraph 267 of the Complaint.

268.   Kmart denies the allegations in paragraph 268 of the Complaint.

269.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Kmart denies the remaining allegations in paragraph 269 of the Complaint.

270.   Kmart denies the allegations in paragraph 270 of the Complaint.

271.   Kmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same. Kmart denies the remaining allegations in paragraph 271 of the Complaint.

272.   Kmart denies the allegations in paragraph 272 of the Complaint.

273.   Kmart denies the allegations in paragraph 273 of the Complaint.

274.   Kmart denies the allegations in paragraph 274 of the Complaint. Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

275.   Kmart acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought. Kmart denies the remaining allegations in paragraph 275 of the Complaint.

## RESPONSE TO COUNT TEN

### Violation of Cal. Civ. Code §§ 1792 & 1791.1(a)

### (On Behalf of California Purchasers

### Against All Defendants)

276.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

277.   The allegations in paragraph 277 of the Complaint contain legal assertions to which no response is required.

278.   The allegations in paragraph 278 of the Complaint contain legal assertions to which no response is required.

279.   The allegations in paragraph 279 of the Complaint contain legal assertions to which no response is required.

280.   The allegations in paragraph 280 of the Complaint contain legal assertions to which no response is required.

281.   The allegations in paragraph 281 of the Complaint contain legal assertions to which no response is required.

282.   Kmart denies the allegations in paragraph 282 of the Complaint.

283.   Kmart denies the allegations in paragraph 283 of the Complaint.

284.   Kmart denies the allegations in paragraph 284 of the Complaint. Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

## RESPONSE TO COUNT ELEVEN

### Violation of Cal. Civ. Code §§ 1792.1 & 1791.1(B)

### (On Behalf of California Purchasers

### Against the Manufacturer Defendants)

285.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

1    286.   The allegations in paragraph 286 of the Complaint are not directed at

2    Kmart and do not require a response.

3    287.   The allegations in paragraph 287 of the Complaint are not directed at

4    Kmart and do not require a response.

5    288.   The allegations in paragraph 288 of the Complaint are not directed at

6    Kmart and do not require a response.

7    289.   The allegations in paragraph 289 of the Complaint are not directed at

8    Kmart and do not require a response.

9    290.   The allegations in paragraph 290 of the Complaint are not directed at

10   Kmart and do not require a response.

11   <u>**RESPONSE TO COUNT TWELVE**</u>

12   **Violation of Cal. Civ. Code §§ 1792.2 & 1791.1(b)**

13   **(On Behalf of California Purchasers**

14   **Against the Retailer Defendants)**

15   291.   Kmart incorporates by reference and restates its responses to the

16   preceding paragraphs as if set forth fully herein.

17   292.   The allegations in paragraph 292 of the Complaint contain legal

18   assertions to which no response is required.

19   293.   Kmart admits that it expected the toys would be used by children

20   consistent with the age restrictions noted for each toy.  Kmart lacks knowledge or

21   information sufficient to form a belief as to the truth of the allegations in paragraph

22   293 regarding Plaintiffs' and purported class members' alleged reliance and,

23   therefore, denies the same.  Kmart denies the remaining allegations in paragraph

24   293 of the Complaint.

25   294.   Kmart denies the allegations in paragraph 294 of the Complaint.

26   295.   Kmart denies the allegations in paragraph 295 of the Complaint.

27

28

296.   Kmart denies the allegations in paragraph 296 of the Complaint. Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

## RESPONSE TO COUNT THIRTEEN

### Unjust Enrichment

297.   Kmart incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

298.   Kmart admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recalls contained lead that exceeded applicable standards.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Kmart admits that, to its knowledge, Mattel and/or Fisher-Price have stated that tests of the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  Kmart denies the remaining allegations in paragraph 298 of the Complaint.

299.   Kmart admits that it receives a benefit from the sale of the Mattel and Fisher-Price toys.  Kmart denies the remaining allegations in paragraph 299 of the Complaint.  Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

## RESPONSE TO PRAYER FOR RELIEF

Kmart denies that Plaintiffs or any putative class member are entitled to any of the relief sought in the WHEREFORE clause on page 82 of the Complaint. Kmart denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

FOR THEIR DEFENSES TO THE COMPLAINT, KMART STATES AS FOLLOWS:

## ADDITIONAL ALLEGATIONS REGARDING AFFIRMATIVE DEFENSES

300.   Kmart repeats and realleges each and every allegation and factual averment contained above as if fully set forth herein.

301.   The Recalled Toys[1] included magnet toys manufactured and sold as early as 2003.  Upon information and belief, the overwhelming majority of such toys never manifested any loose magnets during the period of use of such toys, and the purchasers and users of such toys obtained full value for their purchase of such toys and suffered no injury.

302.   Upon information and belief, the Recalled Toys included toys recalled because of the presence of lead in amounts in excess of applicable standards, but the recalls were intentionally over-inclusive and included many toys that did not have lead in amounts in excess of applicable standards.

303.   On August 2, August 14, September 4, and October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of the Recalled Toys related to lead in the paint on certain parts of some of the toys in excess of applicable standards and to a change in design related to the retention of small, powerful magnets.  Mattel and Fisher-Price also provided for the replacement of certain toy blood pressure cuffs at the request of any consumer.  Those consumers

---

[1] The term "Recalled Toys" means the toys subject to the voluntary recalls announced by Mattel, Fisher-Price and the CPSC on August 2, August 14, September 4, and October 25, 2007, and the 2007 product replacement program for Fisher-Price toy blood pressure cuffs.

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

1   who participated in the recalls or the cuff replacement received vouchers for

2   replacement toys in an amount equal to or greater than the value of the Recalled

3   Toys.  All consumers had the opportunity to participate in the recalls or the cuff

4   replacement.

5   ### FIRST AFFIRMATIVE DEFENSE

6   ### (Lack of Standing)

7   304.   On information and belief, for the reasons set forth above in

8   paragraphs 301-303 and elsewhere, Plaintiffs lack standing to assert some or all of

9   the claims in the Complaint because they have suffered no injury in fact and lack

10  standing to represent putative class members in the class they allege.

11  ### SECOND AFFIRMATIVE DEFENSE

12  ### (Claims Preemption)

13  305.   Some or all of the claims in the Complaint are preempted in whole or

14  in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and

15  actions of the Consumer Product Safety Commission in connection with the recalls.

16  ### THIRD AFFIRMATIVE DEFENSE

17  ### (Conduct Not "Unfair")

18  306.   Some or all of the claims in the Complaint, including Plaintiffs' claims

19  under the California Business & Professions Code § 17200, *et seq.*, are barred in

20  whole or in part because Kmart's conduct was not unfair.  Kmart acted responsibly

21  to implement the recalls upon receiving notice, including, among other things,

22  stopping sales of the Recalled Toys and removing them from store shelves, and

23  taking steps to notify consumers of the recalls.

24  ### FOURTH AFFIRMATIVE DEFENSE

25  ### (Estoppel)

26  307.   Some or all of the claims in the Complaint are barred in whole or in

27  part by the doctrine of estoppel.  Upon information and belief, because of the

28  announcements of and overwhelming publicity regarding the recalls, members of

1   the public, including at least some Plaintiffs or members of the putative class, were

2   aware of the facts regarding the bases for the recalls and the cuff replacements,

3   returned the toys as part of the recalls or cuff replacements and received vouchers,

4   creating the reasonable belief on the part of Kmart that such Plaintiffs or members

5   of the putative class accepted the benefits of the recalls or cuff replacements

6   pursuant to their terms.  Upon information and belief, many such Plaintiffs or

7   members of the putative class gave no indication that they also demanded a full

8   refund for the Recalled Toys, and Kmart remained unaware of such, but instead

9   relied on the belief that such Plaintiffs or members of the putative class intended to

10  participate in the recalls and cuff replacements to address any issues with the

11  Recalled Toys.

## FIFTH AFFIRMATIVE DEFENSE

### (Prohibition Against Excessive Penalties)

14  308.   Some or all of Plaintiffs' claims are barred to the extent Plaintiffs seek

15  to impose penalties that violate the California Constitution's prohibition against

16  excessive penalties and/or similar provisions in other state constitutions.

## SIXTH AFFIRMATIVE DEFENSE

### (Excessive Fines Clause of the Eighth Amendment to the

### United States Constitution)

20  309.   Some or all of the claims in the Complaint are barred to the extent

21  Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth

22  Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process Clause of the Fourteenth Amendment to the

### United States Constitution)

26  310.   Some or all of the claims in the Complaint are barred to the extent

27  Plaintiffs seek damages or punitive damages that violate the Due Process Clause of

28  the Fourteenth Amendment to the United States Constitution.

1

2

## EIGHTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

3    311.   Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.  In particular, to the extent Plaintiffs' claims under California Business & Professions Code § 17200 are based on an alleged violation of Proposition 65, California Health and Safety Code Section 25249.6 and the presence of lead in the paint on the parts of some toys, Section 25249.10 exempts liability in some or all cases.  Moreover, the CPSA provided standards for the presence of lead in paint under which the sales of products were not prohibited.

## NINTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

312.   Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

313.   Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiffs was caused not by Kmart's actions, but by a superseding cause.  To the extent the Lead Toy Plaintiffs or Cuff Plaintiffs allege elevated blood lead levels in their children, such elevated blood lead levels were not caused by the Recalled Toys but, upon information and belief, was caused by other conditions or materials to which such children have been or are being exposed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

314.   Some or all of the claims in the Complaint are barred in whole or in part because some or all of the Plaintiffs are not in privity with Kmart.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Claim Preclusion)**

315.   The Plaintiffs' request for injunctive relief based on alleged violations of California's Proposition 65 is barred because the California Attorney General brought such claims and entered into a consent judgment that resolved the claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Contributory and Comparative Negligence/Failure to Mitigate)**

316.   Any injury sustained by Plaintiffs may have been caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due care, including any situations where Plaintiffs continued to make use of the Recalled Toys after the respective recall announcements, and therefore such Plaintiffs are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiffs. Continued use of the Recalled Toys after the recall announcements also constitutes a failure to mitigate.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process)**

317.   Some or all of the relief Plaintiffs request may result in multiple recoveries, thereby violating Defendants' due process rights under the United States and/or California Constitutions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Statutory Claim)**

318.   To the extent Plaintiffs seek to assert claims under California law on behalf of a nationwide class, some or all of the putative class members outside California lack standing to assert such claims because their claims do not have a sufficient nexus to California to permit the constitutional application of the California statutes to their claims.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Lack of Actionable Representations)

3      319.   Some or all of Plaintiffs' claims fail because they are not based on

4  actionable representations by Kmart, but are based on generalized statements of

5  corporate policy or governance or generalized goals regarding safety that are not

6  actionable.

7

## SEVENTEENTH AFFIRMATIVE DEFENSE

8

### (Responsive Actions Taken Barring Claims for Damages)

9      320.   Any claim for damages under California Civil Code § 1750, *et seq.* is

10  barred because, pursuant to at least California Civil Code § 1782, Kmart, Mattel

11  and/or Fisher-Price have taken reasonable steps to inform consumers of the recalls

12  and taken appropriate responsive action, including but not limited to, the issuance

13  of vouchers or replacement parts as part of the recalls.

14

## EIGHTEENTH AFFIRMATIVE DEFENSE

15

### (Lack of Intentional Action)

16      321.   Any claim for damages under California Civil Code § 1750, *et seq.* is

17  barred because, pursuant to at least California Civil Code § 1784, Kmart's actions

18  were not intentional, but resulted from bona fide errors despite reasonable

19  procedures in place.

20

## NINETEENTH AFFIRMATIVE DEFENSE

21

### (Failure to Provide Sufficient Notice)

22      322.   Any claim for damages under state consumer protection laws is barred

23  because Plaintiffs failed to provide sufficient and/or adequate notice as required.

24

## TWENTIETH AFFIRMATIVE DEFENSE

25

### (Right to Offset)

26      323.   Upon information and belief, many of the Recalled Toys were used for

27  months and/or years without incident by Plaintiffs.  Kmart is entitled to a full or

28  complete offset against any damages for the benefits of such use by Plaintiffs or

1    their children.  Moreover, to the extent any Plaintiff participated in the recalls or the

2    cuff replacements, Kmart is entitled to an offset against any damages for the value

3    of the vouchers or any other benefits provided to such Plaintiffs.

4    <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

5    **(Statute of Limitations)**

6        324.   Plaintiffs seek certification of a class of plaintiffs who may have

7    purchased toys as far back as May 2003, but did not file suit until, at the earliest,

8    August 2007.  Consequently, some or all of Plaintiffs' claims are barred by

9    applicable statutes of limitations under California law or the law of other states as

10    may be applicable to Plaintiffs' claims.

11

12                           Respectfully submitted,

13    Dated: January 28, 2009         JONES DAY

14

15                     By:   <u>s/  Mark R. Hall</u>

16                        Elwood Lui (SBN 45538)
                          Rick L. Shackelford (SBN 151262)

17                        555 South Flower Street, 50th Floor
                          Los Angeles, CA 90071

18                        Telephone:  (213) 243-2435
                          Facsimile:   (213) 243-2539

19
                          Thomas E. Fennell

20                        Michael L. Rice
                          Mark R. Hall

21                        JONES DAY
                          2727 N. Harwood St.

22                        Dallas, TX 75201
                          Telephone:  (214) 220-3939

23                        Facsimile:   (214) 969-5100

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hugh Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

Attorneys for Defendants
MATTEL, INC., FISHER-PRICE, INC.,
TARGET CORPORATION, TOYS "R"
US, INC., KB TOYS, INC., AND KMART
CORPORATION

Case No.  07-ml-08197-DSF-AJWx
KMART CORPORATION'S ANSWER

| | |
|---|---|
| 1 | **<u>DEMAND FOR A JURY TRIAL</u>** |
| 2 | Kmart demands a trial by jury of all claims triable by a jury. |
| 3 | |
| 4 | Respectfully submitted, |
| 5 | Dated: January 28, 2009          JONES DAY |
| 6 | |
| 7 | By:    s/  Mark R. Hall |
| 8 | Elwood Lui (SBN 45538) |
| 9 | Rick L. Shackelford (SBN 151262) 555 South Flower Street, 50th Floor Los Angeles, CA 90071 |
| 10 | Telephone:  (213) 243-2435 Facsimile:   (213) 243-2539 |
| 11 | Thomas E. Fennell |
| 12 | Michael L. Rice Mark R. Hall |
| 13 | JONES DAY 2727 N. Harwood St. |
| 14 | Dallas, TX 75201 Telephone:  (214) 220-3939 |
| 15 | Facsimile:   (214) 969-5100 |
| 16 | Hugh Whiting JONES DAY |
| 17 | 717 Texas, Suite 3300 Houston, TX  77002 |
| 18 | Telephone:  (832) 239-3939 Facsimile:   (832) 239-3600 |
| 19 | |
| 20 | Attorneys for Defendants MATTEL, INC., FISHER-PRICE, INC., |
| 21 | TARGET CORPORATION, TOYS "R" US, INC., KB TOYS, INC., AND KMART |
| 22 | CORPORATION |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2009.

s/ Rick L. Shackelford
Rick L. Shackelford

JONES DAY
555 S. Flower St., 50th Flr.
Los Angeles, CA  90071
Telephone:  213/489-3939
Facsimile:  213/243-2539

E-mail:  rlshackelford@jonesday.com

DLI-6226848v2