Elwood Lui (SBN 45538)
elui@jonesday.com
Rick L. Shackelford (SBN 151262)
rlshackelford@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 243-2435
Facsimile:   (213) 243-2539

Thomas E. Fennell (pro hac vice)
tefennell@jonesday.com
Michael L. Rice (pro hac vice)
mlrice@jonesday.coJONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:  (214) 220-3939
Facsimile:   (214) 969-5100

Hugh Whiting (pro hac vice)
hrwhiting@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | No. 07-ml-08197-DSF-AJWx<br><br>The Honorable Dale S. Fischer<br><br>**FIRST AMENDED ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Target Corporation ("Target") hereby files its First Amended Answer in response to Plaintiffs' Second Consolidated Amended Complaint (the "Complaint").

## RESPONSE TO ALLEGATIONS

The Complaint throughout contains numerous allegations regarding "Target" without any identification of specific acts of purported wrongdoing by Target. These collective allegations throughout the Complaint are a fatally defective

attempt by Plaintiffs to disguise their lack of knowledge of any specific wrongdoing by Target in a web of undifferentiated aggregate claims.  Target denies that it has committed any wrongdoing.  For its responses to the specific allegations of the Complaint, Target incorporates the foregoing statement in each paragraph below as applicable and further states:

In response to the opening paragraph of the Complaint, Target admits that Plaintiffs purport to bring this action for themselves and as a putative class action, but denies that this action may properly be maintained as a class action and denies that any such class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Target further denies that Plaintiffs or any putative class members are entitled to any of the relief requested in the opening paragraph of the Complaint.  Target denies the remaining allegations in the opening paragraph of the Complaint.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS IN NUMBERED PARAGRAPHS 1 THROUGH 172

1.     The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required.

2.     The allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required.

3.     Target admits that it sold some, but certainly not all, of the Mattel and/or Fisher-Price toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood pressure cuffs, which reflected age restrictions for each product.  Target denies the remaining allegations in paragraph 3 of the Complaint.

4.     Target denies the allegations in paragraph 4 of the Complaint.

5.     Target admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time.  Target admits that, to its knowledge, defendant

1    Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint

2    on some part of certain of the toys that were subject to the recall contained lead that

3    exceeded applicable standards.  Target denies the remaining allegations in

4    paragraph 5 of the Complaint.

5         6.    Target lacks knowledge or information sufficient to form a belief as to

6    the truth of the allegations in paragraph 6 of the Complaint regarding what

7    "parents" may or may not have done and, therefore, denies the same.  Target admits

8    that on August 14, 2007, Mattel and/or Fisher-Price announced the voluntary recall

9    of certain toys that were reportedly manufactured in China during specified periods

10   of time.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have

11   stated that a reason for some of the recalls was that testing indicated that the paint

12   on some part of certain of the toys that were subject to the recall contained lead that

13   exceeded applicable standards.  Target admits that lead, like many substances not

14   intended for ingestion, has been recognized as having the potential to cause adverse

15   effects on some humans if ingested in sufficiently large quantities over a sufficient

16   amount of time.  Target admits that the voluntary recall announced by Mattel and/or

17   Fisher-Price on August 14, 2007 included Mattel toys with small magnets.  Target

18   admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason

19   for the recall involving magnets was that, while the toys met applicable standards

20   when originally sold, Mattel had adopted a new design standard for securing

21   magnets in toys and retroactively applied that design. Target lacks knowledge or

22   information sufficient to form a belief as to the truth of the remaining allegations in

23   paragraph 6 of the Complaint and, therefore, denies the same.

24        7.    Target admits that it sold some, but certainly not all, of the Mattel

25   and/or Fisher-Price toys subject to the August 2, August 14, September 4, and

26   October 25, 2007 voluntary recalls and the 2007 product replacements for toy blood

27   pressure cuffs.  Target admits that, to its knowledge, Mattel and/or Fisher-Price

28   have stated that a reason for some of the recalls was that testing indicated that the

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Target admits Mattel and/or Fisher-Price have also stated that a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design. Target also admits that Mattel and/or Fisher Price have stated that tests on blood pressure cuffs that were part of certain Fisher-Price and Sesame Street medical kits (the "Cuffs") revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute. Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and, therefore, denies the same.

8.      Target denies the allegations in paragraph 8 of the Complaint.

9.      Target denies the allegations in paragraph 9 of the Complaint.

10.     Target admits that the toys subject to the voluntary recalls and the 2007 product replacements for toy blood pressure cuffs were expected to be used by children consistent with the age restrictions noted for each product. Target admits that some children may put toys or portions of toys in their mouths on occasion, although the frequency and extent of which will vary from child to child. Target denies the remaining allegations in paragraph 10 of the Complaint.

11.     Target denies the allegations in paragraph 11 of the Complaint.

12.     Target admits it sold some, but certainly not all of the toys Mattel and/or Fisher-Price recalled on August 2, August 14, September 4, and October 25, 2007. Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards. Target denies the allegation in the first sentence of paragraph 12 of the Complaint that it failed to put adequate controls in place. Target lacks

- 4 -

1   knowledge or information sufficient to form a belief as to the truth of the remaining

2   allegations in paragraph 12 of the Complaint.

3        13.    Target admits that on August 14, 2007, Mattel announced voluntary

4   recalls of Polly Pocket!™ play sets, Doggie Day Care™ play sets, Barbie® and

5   Tanner™ play sets, and Batman™ and One Piece™ action figure sets.  Target

6   admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason

7   for the recall was that, while the toys met applicable standards when originally sold,

8   Mattel had adopted a new design standard for securing magnets in toys and

9   retroactively applied that design.  Target admits that Mattel stated that the recall of

10  Polly Pocket!™ play sets was an expansion of the voluntary recall of Polly

11  Pocket!™ play sets announced by the CPSC and Mattel on November 21, 2006.

12  Target denies the remaining allegations in paragraph 13 of the Complaint.

13       14.    Target admits that Mattel and/or Fisher-Price have stated that tests on

14  the Cuffs revealed levels of lead that, though fully compliant with all federal and

15  international standards, were higher than anticipated and were noncompliant with

16  an Illinois statute.  Target lacks knowledge or information sufficient to form a

17  belief as to the truth of the remaining allegations in paragraph 14 of the Complaint

18  and, therefore, denies the same.

19       15.    Target admits that lead, like many substances not intended for

20  ingestion, has been recognized as having the potential to cause adverse effects on

21  some humans if ingested in sufficiently large quantities over a sufficient amount of

22  time.  Target admits that it is aware that the CPSC has indicated that if magnets are

23  of a certain type and come loose, and more than one such magnet is swallowed by a

24  child, under certain circumstances, intestinal injuries, including intestinal

25  perforation or blockage, might occur.  Target lacks knowledge or information

26  sufficient to form a belief as to the truth of the remaining allegations regarding

27  "exposure to lead and hazardous magnets" in paragraph 15 of the Complaint in the

28  absence of more information regarding levels, circumstances, and duration of

1  exposure and, therefore, denies the same.  Target denies the remaining allegations
2  in paragraph 15 of the Complaint.

3      16.    Target denies the allegations in paragraph 16 of the Complaint that the
4  referenced toy was hazardous and that Plaintiff has been injured.  Target lacks
5  knowledge or information sufficient to form a belief as to the truth of the remaining
6  allegations in paragraph 16 of the Complaint and, therefore, denies the same.

7      17.    Target denies the allegations in paragraph 17 of the Complaint that
8  Plaintiff or Plaintiff's parents and natural guardians have been injured.  Target lacks
9  knowledge or information sufficient to form a belief as to the truth of the remaining
10  allegations in paragraph 17 of the Complaint and, therefore, denies the same.

11      18.    Target denies the allegations in paragraph 18 of the Complaint that the
12  referenced toy was hazardous and that Plaintiff has been injured.  Target lacks
13  knowledge or information sufficient to form a belief as to the truth of the remaining
14  allegations in paragraph 18 of the Complaint and, therefore, denies the same.

15      19.    Target denies the allegations in paragraph 19 of the Complaint that the
16  referenced toys were hazardous and that Plaintiff has been injured.  Target lacks
17  knowledge or information sufficient to form a belief as to the truth of the remaining
18  allegations in paragraph 19 of the Complaint and, therefore, denies the same.

19      20.    Target denies the allegations in paragraph 20 of the Complaint that the
20  referenced toy was hazardous and that Plaintiff has been injured.  Target lacks
21  knowledge or information sufficient to form a belief as to the truth of the remaining
22  allegations in paragraph 20 of the Complaint and, therefore, denies the same.

23      21.    Target denies the allegations in paragraph 21 of the Complaint that the
24  referenced toys were hazardous and that Plaintiff has been injured.  Target lacks
25  knowledge or information sufficient to form a belief as to the truth of the remaining
26  allegations in paragraph 21 of the Complaint and, therefore, denies the same.

27      22.    Target denies the allegations in paragraph 22 of the Complaint that the
28  referenced toys were hazardous and that Plaintiff has been injured.  Target lacks

1 | knowledge or information sufficient to form a belief as to the truth of the remaining

2 | allegations in paragraph 22 of the Complaint and, therefore, denies the same.

3 | 23. Target denies the allegations in paragraph 23 of the Complaint that

4 | Plaintiff or Plaintiff's parents and natural guardians have been injured. Target lacks

5 | knowledge or information sufficient to form a belief as to the truth of the remaining

6 | allegations in paragraph 23 of the Complaint and, therefore, denies the same.

7 | 24. Target denies the allegations in paragraph 24 of the Complaint that the

8 | referenced toy was hazardous and that Plaintiff has been injured. Target lacks

9 | knowledge or information sufficient to form a belief as to the truth of the remaining

10 | allegations in paragraph 24 of the Complaint and, therefore, denies the same.

11 | 25. Target denies the allegations in paragraph 25 of the Complaint that the

12 | referenced toys were hazardous and that Plaintiff has been injured. Target lacks

13 | knowledge or information sufficient to form a belief as to the truth of the remaining

14 | allegations in paragraph 25 of the Complaint and, therefore, denies the same.

15 | 26. Target denies the allegations in paragraph 26 of the Complaint that the

16 | referenced toys were hazardous and that Plaintiff or Plaintiff's parents or natural

17 | guardians have been injured. Target lacks knowledge or information sufficient to

18 | form a belief as to the truth of the remaining allegations in paragraph 26 of the

19 | Complaint and, therefore, denies the same.

20 | 27. Target denies the allegations in paragraph 27 of the Complaint that the

21 | referenced toys were hazardous and that Plaintiff has been injured. Target lacks

22 | knowledge or information sufficient to form a belief as to the truth of the remaining

23 | allegations in paragraph 27 of the Complaint and, therefore, denies the same.

24 | 28. Target denies the allegations in paragraph 28 of the Complaint that the

25 | referenced toys were hazardous and that Plaintiff has been injured. Target lacks

26 | knowledge or information sufficient to form a belief as to the truth of the remaining

27 | allegations in paragraph 28 of the Complaint and, therefore, denies the same.

28 |

1       29.     Target denies the allegations in paragraph 29 of the Complaint that the

2  referenced toy was hazardous and that Plaintiff has been injured.  Target lacks

3  knowledge or information sufficient to form a belief as to the truth of the remaining

4  allegations in paragraph 29 of the Complaint and, therefore, denies the same.

5       30.     Target denies the allegations in paragraph 30 of the Complaint that the

6  referenced toy was hazardous and that Plaintiff has been injured.  Target lacks

7  knowledge or information sufficient to form a belief as to the truth of the remaining

8  allegations in paragraph 30 of the Complaint and, therefore, denies the same.

9       31.     Target denies the allegations in paragraph 31 of the Complaint that the

10  referenced toy was hazardous and that Plaintiff has been injured.  Target lacks

11  knowledge or information sufficient to form a belief as to the truth of the remaining

12  allegations in paragraph 31 of the Complaint and, therefore, denies the same.

13       32.     Target denies the allegations in paragraph 32 of the Complaint that the

14  referenced toys were hazardous and that Plaintiff has been injured.  Target lacks

15  knowledge or information sufficient to form a belief as to the truth of the remaining

16  allegations in paragraph 32 of the Complaint and, therefore, denies the same.

17       33.     Target denies the allegations in paragraph 33 of the Complaint that the

18  referenced toys were hazardous and that Plaintiff has been injured.  Target lacks

19  knowledge or information sufficient to form a belief as to the truth of the remaining

20  allegations in paragraph 33 of the Complaint and, therefore, denies the same.

21       34.     Target denies the allegations in paragraph 34 of the Complaint that the

22  referenced toys were hazardous and that Plaintiff has been injured.  Target lacks

23  knowledge or information sufficient to form a belief as to the truth of the remaining

24  allegations in paragraph 34 of the Complaint and, therefore, denies the same.

25       35.     The allegations in paragraph 35 of the Complaint are not directed at

26  Target and do not require a response.

27       36.     The allegations in paragraph 36 of the Complaint are not directed at

28  Target and do not require a response.

37.     Target admits the allegations in the first two sentences of paragraph 37 of the Complaint.  Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and/or October 25, 2007 recalls and the 2007 product replacements for the Cuffs.

38.     The allegations in paragraph 38 of the Complaint are not directed at Target and do not require a response.

39.     The allegations in paragraph 39 of the Complaint are not directed at Target and do not require a response.

40.     The allegations in paragraph 40 of the Complaint are not directed at Target and do not require a response.

41.     The allegations in paragraph 41 of the Complaint are not directed at Target and do not require a response.

42.     The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

43.     The allegations in paragraph 43 of the Complaint are legal conclusions to which no response is required.

44.     The allegations in paragraph 44 of the Complaint are legal conclusions to which no response is required.

45.     Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

46.     Target states that the statements by the National Safety Council quoted in paragraph 46 of the Complaint speak for themselves.  Target admits that lead, like many substances not intended for ingestion, has been recognized as having the

1    potential to cause adverse effects on some humans if ingested in sufficiently large
2    quantities over a sufficient amount of time.  Target lacks knowledge or information
3    sufficient to form a belief as to the truth of the allegations in paragraph 46 of the
4    Complaint in the absence of more information including levels and duration of
5    exposure and age and characteristics of children and, therefore, denies the same.

6      47. To the extent the allegations in paragraph 47 of the Complaint refer to
7    testimony excerpts by Dr. Best, those excerpts speak for themselves.  Target admits
8    that lead, like many substances not intended for ingestion, has been recognized as
9    having the potential to cause adverse effects on some humans if ingested in
10   sufficiently large quantities over a sufficient amount of time.  Target lacks
11   knowledge or information sufficient to form a belief as to the truth of the
12   allegations in paragraph 47 of the Complaint in the absence of more information
13   including levels and duration of exposure and age and characteristics of children
14   and, therefore, denies the same.

15     48. To the extent that the allegations in paragraph 48 of the Complaint
16   refer to the articles cited in footnote 9 to paragraph 48 of the Complaint, those
17   articles speak for themselves.  Target admits that lead, like many substances not
18   intended for ingestion, has been recognized as having the potential to cause adverse
19   effects on some humans if ingested in sufficiently large quantities over a sufficient
20   amount of time.  Target lacks knowledge or information sufficient to form a belief
21   as to the truth of the allegations in paragraph 48 of the Complaint in the absence of
22   more information including levels and duration of exposure and age and
23   characteristics of children and, therefore, denies the same.

24     49. Target admits that children may be exposed to lead through multiple
25   sources.  Target admits that children may engage in hand-to-mouth activity,
26   although the extent and frequency of such activity will vary from child to child and
27   by age.  Target lacks information sufficient to form a belief as to the truth of the

28

1    remaining allegations in paragraph 49 of the Complaint and, therefore, denies the

2    same.

3        50.    Target admits that it sold some, but certainly not all, of the toys that

4    were subject to the November 21, 2006 and August 14, 2007 voluntary recalls

5    involving magnets.  Target admits that it is aware that the CPSC has indicated that

6    if magnets are of a certain type and come loose, and more than one such magnet is

7    swallowed by a child, under certain circumstances, intestinal injuries, including

8    intestinal perforation or blockage, might occur.  Target states that the letter by Dr.

9    Oestreich quoted in paragraph 50 of the Complaint speaks for itself.  Target lacks

10   knowledge or information sufficient to form a belief as to the truth of the

11   allegations in paragraph 50 of the Complaint that refer to the knowledge of the

12   CPSC and, therefore, denies the same.  Target denies the remaining allegations in

13   paragraph 50 of the Complaint.

14       51.    Target states that the CPSC press release referred to in paragraph 51 of

15   the Complaint and footnote 13 speaks for itself.  Target lacks information sufficient

16   to form a belief as to the truth of the remaining allegations in paragraph 51 of the

17   Complaint and, therefore, denies the same.

18       52.    Target states that the April 19, 2007 CPSC press release cited and

19   quoted in paragraph 52 of the Complaint speaks for itself.

20       53.    The allegations in paragraph 53 of the Complaint are not directed at

21   Target and do not require a response.

22       54.    The allegations in paragraph 54 of the Complaint are not directed at

23   Target and do not require a response.

24       55.    The allegations in paragraph 55 of the Complaint are not directed at

25   Target and do not require a response.

26       56.    The allegations in paragraph 56 of the Complaint are not directed at

27   Target and do not require a response.

28

57.     The allegations in paragraph 57 of the Complaint are not directed at Target and do not require a response.

58.     The allegations in paragraph 58 of the Complaint are not directed at Target and do not require a response.

59.     The allegations in paragraph 59 of the Complaint are not directed at Target and do not require a response.

60.     The allegations in paragraph 60 of the Complaint are not directed at Target and do not require a response.

61.     The allegations in paragraph 61 of the Complaint are not directed at Target and do not require a response.

62.     The allegations in paragraph 62 of the Complaint are not directed at Target and do not require a response.

63.     Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint regarding what Plaintiffs and purported class members may or may not have done and, therefore, denies the same.  Target denies the remaining allegations in paragraph 63 of the Complaint.

64.     Target states that the ASTM standard cited in paragraph 64 and footnotes 25 and 26 of the Complaint speaks for itself.  Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 regarding Plaintiffs' and purported class members' beliefs and, therefore, denies the same.  The allegations in the third and fourth sentences of paragraph 64 of the Complaint are not directed at Target and do not require a response.

65.     The allegations in paragraph 65 of the Complaint are not directed at Target and do not require a response.

66.     The allegations in paragraph 66 of the Complaint are not directed at Target and do not require a response.

67.    The allegations in paragraph 66 of the Complaint are not directed at Target and do not require a response.

68.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  The remaining allegations in paragraph 68 of the Complaint are not directed at Target and do not require a response.

69.    Target admits that children may put toys or portions of toys in their mouths on occasion, although the extent and frequency of such activity will vary from child to child and by age.  Target states that the article quoted in part in paragraph 69 of the Complaint speaks for itself.  Target denies the remaining allegations in paragraph 69 of the Complaint.

70.    Target denies the allegations in paragraph 70 of the Complaint.

71.    Target denies the allegations in paragraph 71 of the Complaint.

72.    Because the allegations in paragraph 72 of the Complaint identify no alleged representations, Target denies the allegations as stated.

73.    Target states that its website, quoted in part in paragraph 73 of the Complaint, speaks for itself.  Target denies the remaining allegations in paragraph 73 of the Complaint.

74.    The allegations in paragraph 74 of the Complaint are not directed at Target and do not require a response.

75.    The allegations in paragraph 75 of the Complaint are not directed at Target and do not require a response.

76.    The allegations in paragraph 76 of the Complaint are not directed at Target and do not require a response.

77.    The allegations in paragraph 77 of the Complaint are not directed at Target and do not require a response.

1    78.    The allegations in paragraph 78 of the Complaint are not directed at

2    Target and do not require a response.

3    79.    The allegations in paragraph 79 of the Complaint are not directed at

4    Target and do not require a response.

5    80.    The allegations in paragraph 80 of the Complaint are not directed at

6    Target and do not require a response.

7    81.    The allegations in paragraph 81 of the Complaint are not directed at

8    Target and do not require a response.

9    82.    The allegations in the first sentence of paragraph 82 of the Complaint

10    are not directed at Target and do not require a response.  Target lacks knowledge or

11    information sufficient to form a belief as to the truth of the allegations in the second

12    sentence of paragraph 82 of the Complaint and, therefore, denies the same.  Target

13    denies the remaining allegations in paragraph 82 of the Complaint.

14    83.    Target states that ASTM F 963 referenced in the first two sentences of

15    paragraph 83 of the Complaint speaks for itself.  The allegations in the third

16    sentence of paragraph 83 of the Complaint are not directed at Target and do not

17    require a response.  Target admits that, to its knowledge, Mattel and/or Fisher-Price

18    have stated that a reason for the recalls they announced was that testing indicated

19    that the paint on some part of certain of the toys that were subject to the recall

20    contained lead that exceeded applicable standards.  Target denies the remaining

21    allegations in paragraph 83 of the Complaint.

22    84.    Target admits that various regulations limit the amount of lead content

23    in paint on products marketed to children, including 16 CFR § 1303.1, *et seq.*

24    Target denies the remaining allegations in paragraph 84 of the Complaint.

25    85.    Target states that the CPSC website and the recalls identified there

26    speak for themselves.  The allegations in paragraph 85 do not identify any

27    particular recalls, but reflect only general characterizations; thus, they are denied as

28    stated.

86.     The testimony of Ms. Nord cited in paragraph 86 and footnote 41 of the Complaint speaks for itself.  Target otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and, therefore, denies the same.

87.     The testimony of Mr. Moore, quoted in part in paragraph 87 of the Complaint, speaks for itself.

88.     Target admits that on March 1, 2006, it recalled certain Little Tikes Co. animal shaped flashlights because the paint on some parts of the flashlights contained lead in excess of applicable standards.  Target also admits that in November 2006 it recalled nearly 200,000 "Kool Toyz" because some contained lead in the paint in excess of applicable standards or because of potential laceration concerns.  Target also admits that it recalled certain Anima Bamboo Collections Games in May 2007 and certain children's toy gardening tools and chairs in September 2007 manufactured in China, because some contained lead in the paint in excess of applicable standards.  The allegations in paragraph 88 of the Complaint regarding the alleged recalls by other defendants are not directed at Target and do not require a response.  The last sentence of paragraph 88 is a legal conclusion to which no response is required.  To the extent further response is required, Target denies the remaining allegations in paragraph 88 of the Complaint.

89.     The allegations in paragraph 89 of the Complaint are not directed at Target and do not require a response.

90.     The allegations in paragraph 90 of the Complaint are not directed at Target and do not require a response.

91.     The allegations in paragraph 91 of the Complaint are not directed at Target and do not require a response.

92.     The allegations in paragraph 92 of the Complaint are not directed at Target and do not require a response.

93.     The allegations in paragraph 93 of the Complaint are not directed at Target and do not require a response.

94.     The allegations in paragraph 94 of the Complaint are not directed at Target and do not require a response.

95.     The allegations in paragraph 95 of the Complaint are not directed at Target and do not require a response.

96.     The allegations in paragraph 96 of the Complaint are not directed at Target and do not require a response.

97.     Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint regarding the knowledge of the CPSC and, therefore, denies the same.  The remaining allegations in paragraph 97 of the Complaint are not directed at Target and do not require a response.

98.     The allegations in paragraph 98 of the Complaint are not directed at Target and do not require a response.

99.     The allegations in paragraph 99 of the Complaint are not directed at Target and do not require a response.

100.    The allegations in paragraph 100 of the Complaint are not directed at Target and do not require a response.

101.    The allegations in the last two sentences of paragraph 101 of the Complaint contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 101 of the Complaint.

102.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 102 of the Complaint, in part because they do not define "the relevant time period" or the meaning of "drastically reduced," and, therefore, denies the same.  The third and fourth sentences of paragraph 102 of the Complaint contain legal conclusions to

which no response is required.  Target denies the remaining allegations in paragraph 102 of the Complaint.

103.   The allegations in paragraph 103 of the Complaint are not directed at Target and do not require a response.

104.   The allegations in paragraph 104 of the Complaint are not directed at Target and do not require a response.

105.   Target admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time.  Target admits that, to its knowledge, defendant Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Target states that Exhibit A to the Complaint speaks for itself.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 of the Complaint and, therefore, denies the same.

106.   Target states that the press release referred to in paragraph 106 of the Complaint speaks for itself.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the August 2, 2007 recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Target denies the remaining allegations in paragraph 106 of the Complaint.

107.   Target states that the press release quoted in part and cited in paragraph 107 of the Complaint and footnote 53 speaks for itself.  Target further states that the statement by Ms. Nord quoted in paragraph 107 to the Complaint

speaks for itself.  Target denies the remaining allegations in paragraph 107 of the Complaint.

108.   Target states the *Wall Street Journal* articles referred to in paragraph 108 of the Complaint speak for themselves.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 of the Complaint and, therefore, denies the same.

109.   The allegations in paragraph 109 of the Complaint are not directed at Target and do not require a response.

110.   The allegations in paragraph 110 of the Complaint are not directed at Target and do not require a response.

111.   Target admits that, to its knowledge, on August 14, 2007, Mattel and the CPSC announced a voluntary recall of approximately 253,000 "Sarge" die cast toy cars.  Target states that the press release referenced in paragraph 111 and footnote 58 of the Complaint speaks for itself.  Target states that Exhibit B to the Complaint speaks for itself.  The remaining allegations in paragraph 111 of the Complaint are not directed at Target and do not require a response.

112.   The allegations in paragraph 112 of the Complaint are not directed at Target and do not require a response.

113.   The allegations in paragraph 113 of the Complaint are not directed at Target and do not require a response.

114.   Target admits that on September 4, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain Barbie® accessory toys, Geo Trax Locomotive toys, and Big Big World 6-in-1 Bongo Band toys.  Target admits, to its knowledge, Mattel and/or Fisher Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Target states that Exhibit C to the Complaint speaks for itself.  Target lacks knowledge or

1  information sufficient to form a belief as to the truth of the remaining allegations in

2  paragraph 114 of the Complaint and, therefore, denies the same.

3        115.   The allegations in paragraph 115 of the Complaint are not directed at

4  Target and do not require a response.

5        116.   The allegations in paragraph 116 of the Complaint are not directed at

6  Target and do not require a response.

7        117.   The allegations in paragraph 117 of the Complaint are not directed at

8  Target and do not require a response.

9        118.   The allegations in paragraph 118 of the Complaint are not directed at

10  Target and do not require a response.

11        119.   Target admits that on October 25, 2007, Mattel and the CPSC

12  announced a voluntary recall of Go Diego Go Animal Rescue Boats manufactured

13  in China during specified periods of time and sold between June 2007 and October

14  2007.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated

15  that a reason for the recalls was that testing indicated that the paint on some part of

16  certain of the toys that were subject to the recall contained lead that exceeded

17  applicable standards.  The remaining allegations in paragraph 119 of the Complaint

18  are not directed at Target and do not require a response.

19        120.   The allegations in paragraph 120 of the Complaint are not directed at

20  Target and do not require a response.

21        121.   Target admits the allegations in the text of paragraph 121 of the

22  Complaint.  Target states that Exhibit E to the Complaint speaks for itself.

23        122.   Target states that the announcement referred to in paragraph 122 of the

24  Complaint speaks for itself.

25        123.   Target states that the views attributed to the CPSC in paragraph 123 of

26  the Complaint, presumably as referenced in the announcement, speak for

27  themselves.

28

1   124.   Target states that the CPSC announcement, which contains this
2   statement, speaks for itself.

3   125.   Target admits the allegations of the first sentence of paragraph 125 of
4   the Complaint.  Target states that the CPSC announcement speaks for itself.  Target
5   states that Exhibit F to the Complaint speaks for itself.

6   126.   Target admits that on August 14, 2007, the CPSC and Mattel
7   announced voluntary recalls of Doggie Day Care™ play sets and Barbie® and
8   Tanner™ play sets.  Target admits that, to its knowledge, Mattel and/or Fisher-
9   Price have stated that a reason for the recalls was that, while the toys met applicable
10  standards when originally sold, Mattel had adopted a new design standard for
11  securing magnets in toys and retroactively applied that design.  Target states that
12  Exhibits G and H to the Complaint speak for themselves.

13  127.   Target admits that on August 14, 2007, the CPSC and Mattel
14  announced a voluntary recall of Batman™ and One Piece™ action figure sets.  The
15  allegations in paragraph 127 of the Complaint regarding other incidents are not
16  directed at Target and do not require a response.  Target states that Exhibit I to the
17  Complaint speaks for itself.

18  128.   The allegations in paragraph 128 of the Complaint are not directed at
19  Target and do not require a response.

20  129.   The allegations in paragraph 129 of the Complaint are not directed at
21  Target and do not require a response.

22  130.   The allegations in paragraph 130 of the Complaint are not directed at
23  Target and do not require a response.

24  131.   The allegations in paragraph 131 of the Complaint are not directed at
25  Target and do not require a response.

26  132.   Target states that the article by Consumer Reports referenced in
27  paragraph 132 of the Complaint speaks for itself.

28

1    133.   Target lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations in paragraph 133 of the Complaint regarding the results

3    of tests allegedly performed at the direction of the Attorney General of Illinois and,

4    therefore, denies the same.

5    134.   Target states that the December 3, 2007 statement by the Illinois

6    Attorney General referenced in paragraph 134 of the Complaint speaks for itself.

7    The remaining allegations in paragraph 134 of the Complaint are not directed at

8    Target and do not require a response.

9    135.   Target states that the December 14, 2007 statement by the Illinois

10    Attorney General referenced in paragraph 135 of the Complaint speaks for itself.

11    136.   The allegations in paragraph 136 of the Complaint are not directed at

12    Target and do not require a response.

13    137.   The allegations in paragraph 137 of the Complaint are not directed at

14    Target and do not require a response.

15    138.   The allegations in paragraph 138 of the Complaint are not directed at

16    Target and do not require a response.

17    139.   The allegations in paragraph 139 of the Complaint are not directed at

18    Target and do not require a response.

19    140.   The allegations in paragraph 140 of the Complaint are not directed at

20    Target and do not require a response.

21    141.   The allegations in paragraph 141 of the Complaint are not directed at

22    Target and do not require a response.

23    142.   The allegations in paragraph 142 of the Complaint are not directed at

24    Target and do not require a response.

25    143.   The allegations in paragraph 143 of the Complaint are not directed at

26    Target and do not require a response.

27

28

144.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint and, therefore, denies the same.

145.   The allegations in paragraph 145 of the Complaint are not directed at Target and do not require a response.

146.   The allegations in paragraph 146 of the Complaint are not directed at Target and do not require a response.

147.   The allegations in paragraph 147 of the Complaint are not directed at Target and do not require a response.

148.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 148 of the Complaint regarding the view of parents and, therefore, denies the same.  Target admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Target states that the Center for Disease Control and Prevention ("CDC") statement quoted in paragraph 148 of the Complaint speaks for itself.

149.   Target admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Target states that the CDC recommendation in the last sentence of paragraph 149 speaks for itself.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

150.   Target admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining

1    allegations in paragraph 150 of the Complaint in the absence of more information

2    regarding levels and duration of exposure and, therefore, denies the same.

3         151.    Target admits that lead, like many substances not intended for

4    ingestion, has been recognized as having the potential to cause adverse effects on

5    some humans if ingested in sufficiently large quantities over a sufficient amount of

6    time.  Target denies that blood lead level screening is necessary or appropriate for

7    children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

8    Target states that the CDC Advisory Committee report referenced in paragraph 151

9    of the Complaint speaks for itself.  Target lacks knowledge or information

10   sufficient to form a belief as to the truth of the remaining allegations in paragraph

11   151 of the Complaint in the absence of more information regarding levels and

12   duration of exposure and, therefore, denies the same.

13        152.    Target states that the American Academy of Pediatrics'

14   recommendations in paragraph 152 speak for themselves.  Target lacks knowledge

15   or information sufficient to form a belief as to the truth of the remaining allegations

16   in paragraph 152 of the Complaint in the absence of more information regarding

17   levels and duration of exposure and, therefore, denies the same.

18        153.    Target lacks knowledge or information sufficient to form a belief as to

19   the truth of the allegations in paragraph 153 of the Complaint and, therefore, denies

20   the same.  Target denies that blood lead level screening is necessary or appropriate

21   for children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

22        154.    Target states that the Consumer Product Safety Modernization Act of

23   2007 referenced in paragraph 154 of the Complaint speaks for itself.  Target lacks

24   knowledge or information sufficient to form a belief as to the truth of the remaining

25   allegations in paragraph 154 of the Complaint and, therefore, denies the same.

26        155.    Target states that the comments by Senators Pryor, Klobuchar and

27   Nelson referenced in paragraph 155 of the Complaint speak for themselves.  Target

28   lacks knowledge or information sufficient to form a belief as to the truth of the

1    remaining allegations in paragraph 155 of the Complaint and, therefore, denies the

2    same.

3        156.   Target states that the "Pryor-Stevens bill" and the Chicago Tribune

4    article referenced in paragraph 156 of the Complaint speak for themselves.  Target

5    lacks knowledge or information sufficient to form a belief as to the truth of the

6    remaining allegations in paragraph 156 of the Complaint and, therefore, denies the

7    same.

8        157.   The allegations in paragraph 157 of the Complaint are not directed at

9    Target and do not require a response.

10       158.   The allegations in paragraph 158 of the Complaint are not directed at

11   Target and do not require a response.

12       159.   Target denies the allegations in the first sentence of paragraph 159 of

13   the Complaint.  The remaining allegations in paragraph 159 of the Complaint are

14   not directed at Target and do not require a response.

15       160.   The allegations in paragraph 160 of the Complaint are not directed at

16   Target and do not require a response.

17       161.   The allegations in paragraph 161 of the Complaint are not directed at

18   Target and do not require a response.

19       162.   The allegations in the first sentence of paragraph 162 of the Complaint

20   are not directed at Target and do not require a response.  Target lacks knowledge or

21   information sufficient to form a belief as to the truth of the allegations in the last

22   sentence of paragraph 162 of the Complaint and, therefore, denies the same.

23       163.   Target states that the article referenced in paragraph 163 and footnote

24   84 of the Complaint speaks for itself.  Target lacks knowledge or information

25   sufficient to form a belief as to the truth of the allegations in the last sentence of

26   paragraph 163 of the Complaint and, therefore, denies the same.

27       164.   Target states that the *New York Times* article referenced in paragraph

28   164 and footnote 85 of the Complaint speaks for itself.  Target lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 164 of the Complaint and, therefore, denies the same.

165.    Target admits that it has approximately 226 stores in California.  The allegations in the first sentence of paragraph 165 of the Complaint are a legal assertion and do not require a response.  The remaining allegations in paragraph 165 of the Complaint are not directed at Target and do not require a response.

166.    Target acknowledges that Plaintiffs purport to bring this action for themselves and as a putative class action, but denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

167.    Target admits that the class alleged by Plaintiffs would include thousands of people, but denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  Target denies the remaining allegations in paragraph 167 of the Complaint.

168.    Target denies the allegations in paragraph 168 of the Complaint, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims in the Complaint.  Target denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

169.    Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint regarding toys that Plaintiffs or any putative class member may or may not have purchased and, therefore, denies the same.  Target denies the remaining allegations in paragraph 169 of the Complaint.  Target denies that this action may properly be maintained as

1  a class action and denies that any class alleged in the Complaint satisfies the

2  requirements of Federal Rule of Civil Procedure 23.

3      170.    Target lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations of paragraph 170 of the Complaint and, therefore, denies

5  the same.  Target denies that this action may properly be maintained as a class

6  action and denies that any class alleged in the Complaint satisfies the requirements

7  of Federal Rule of Civil Procedure 23.

8      171.    Target denies the allegations in paragraph 171 of the Complaint.

9  Target denies that this action may properly be maintained as a class action and

10  denies that any class alleged in the Complaint satisfies the requirements of Federal

11  Rule of Civil Procedure 23.

12      172.    Target denies the allegations in paragraph 172 of the Complaint.

13  Target denies that this action may properly be maintained as a class action and

14  denies that any class alleged in the Complaint satisfies the requirements of Federal

15  Rule of Civil Procedure 23.

16                  **RESPONSE TO COUNT ONE**

17                  **Breach of Express Warranty**

18                  **(Against All Defendants)**

19      173.    Target incorporates by reference and restates its responses to the

20  preceding paragraphs as if set forth fully herein.

21      174.    The allegations in paragraph 174 of the Complaint contain legal

22  assertions to which no response is required.

23      175.    Target admits that it sold some, but certainly not all, of the toys subject

24  to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

25  and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that

26  it expected the toys would be used by children consistent with the age restrictions

27  noted for each toy.  Target lacks knowledge or information sufficient to form a

28  belief as to the truth of the allegations regarding the packaging of Mattel's and/or

1    Fisher-Price's toys without more information identifying the specific toys and,

2    therefore, denies the same.  Target denies the remaining allegations in paragraph

3    175 of the Complaint.

4         176.   The allegations in paragraph 176 of the Complaint contain legal

5    assertions to which no response is required.

6         177.   Target denies the allegations in paragraph 177 of the Complaint.

7         178.   The allegations in paragraph 178 of the Complaint contain legal

8    assertions to which no response is required.

9         179.   Target admits that it sold some, but certainly not all, of the toys subject

10   to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

11   and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that

12   it expected the toys would be used by children consistent with the age restrictions

13   noted for each toy.  The remaining allegations in paragraph 179 of the Complaint

14   contain legal assertions to which no response is required.

15        180.   Target lacks knowledge or information sufficient to form a belief as to

16   the truth of the allegations in paragraph 180 regarding Plaintiffs' and purported

17   class members' alleged reliance and/or knowledge and, therefore, denies the same.

18   Target denies the remaining allegations in paragraph 180 of the Complaint.

19        181.   Target denies the allegations in paragraph 181 of the Complaint.

20        182.   The allegations in paragraph 182 of the Complaint regarding notice

21   requirements contain legal assertions to which no response is required.  Target

22   denies the remaining allegations in paragraph 182 of the Complaint.

23        183.   Target denies the allegations in paragraph 183 of the Complaint.

## RESPONSE TO COUNT TWO

### Breach of Implied Warranty

### (Against All Defendants)

27        184.   Target incorporates by reference and restates its responses to the

28   preceding paragraphs as if set forth fully herein.

185.   The allegations in paragraph 185 of the Complaint contain legal assertions to which no response is required.

186.   Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target denies the remaining allegations in paragraph 186 of the Complaint.

187.   The allegations in paragraph 187 of the Complaint contain legal assertions to which no response is required.

188.   The allegations in paragraph 188 of the Complaint contain legal assertions to which no response is required.

189.   Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target denies the remaining allegations in paragraph 189 of the Complaint.

190.   The allegations in paragraph 190 of the Complaint contain legal assertions to which no response is required.

191.   Target denies the allegations in paragraph 191 of the Complaint.

192.   Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Target denies the remaining allegations in paragraph 192 of the Complaint.

193.   The allegations in paragraph 193 of the Complaint are not directed at Target and do not require a response.

194.   Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that

it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Target denies the remaining allegations in paragraph 194 of the Complaint.

195.    Target denies the allegations in paragraph 195 of the Complaint.

196.    The allegations in paragraph 196 of the Complaint regarding notice requirements contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 196 of the Complaint.

197.    Target denies the allegations in paragraph 197 of the Complaint.

## RESPONSE TO COUNT THREE

### Negligence – Design, Manufacturing Defect and Failure to Warn

### (Against All Defendants)

198.    Target incorporates by reference and restates their responses to the preceding paragraphs as if set forth fully herein.

199.    Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents.  Target denies the remaining allegations in paragraph 199 of the Complaint.

200.    Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recalls contained lead that exceeded applicable standards.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have stated a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  Target also admits that, to its knowledge, Mattel and/or Fisher-Price stated that  tests of the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were

noncompliant with an Illinois statute.  Target denies the remaining allegations in paragraph 200 of the Complaint.

201.   The allegations in paragraph 201 of the Complaint contain legal assertions to which no response is required.

202.   Target denies the allegations in paragraph 202 of the Complaint.

203.   Target denies the allegations in paragraph 203 of the Complaint.

204.   Target denies the allegations in paragraph 204 of the Complaint.

205.   Target denies the allegations in paragraph 205 of the Complaint.

206.   Target denies the allegations in paragraph 206 of the Complaint.

207.   The allegations in the first clause of paragraph 207 of the Complaint contain legal assertions to which no response is required.  Target denies the remaining allegations in paragraph 207 of the Complaint.

## RESPONSE TO COUNT FOUR

### Strict Liability – Design Defect/Manufacturing Defect and Failure to Warn

### (Against All Defendants)

208.   Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

209.   Target admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents.  Target denies the remaining allegations in paragraph 209 of the Complaint.

210.   Target denies the allegations in paragraph 210 of the Complaint.

211.   Target denies the allegations in paragraph 211 of the Complaint.

212.   Target denies the allegations in paragraph 212 of the Complaint.

213.   Target admits that the Mattel and/or Fisher-Price toys were expected to reach customers without substantial change in the toys' condition, but lacks

1  knowledge or information sufficient to form a belief as to the truth of the remaining

2  allegations in paragraph 213 of the Complaint and, therefore, denies the same.

3       214.   Target denies the allegations in paragraph 214 of the Complaint.

4       215.   Target lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations in paragraph 215 regarding what Plaintiffs or any

6  putative class member would or would not do and, therefore, denies the same.

7  Target denies the remaining allegations of paragraph 215 of the Complaint.

8       216.   Target denies the allegations in paragraph 216 of the Complaint.

9       217.   The allegations in the first clause of paragraph 217 of the Complaint

10  contain legal assertions to which no response is required.  Target denies the

11  remaining allegations in paragraph 217 of the Compliant.

12  **RESPONSE TO COUNT FIVE**

13  **Violation of the Consumer Product Safety Act and Rules**

14  **(Against All Defendants)**

15       218.   Target incorporates by reference and restates its responses to the

16  preceding paragraphs as if set forth fully herein.

17       219.   The allegations in paragraph 219 of the Complaint contain legal

18  assertions to which no response is required.

19       220.   The allegations in paragraph 220 of the Complaint contain legal

20  assertions to which no response is required.

21       221.   The allegations in paragraph 221 of the Complaint contain legal

22  assertions to which no response is required.

23       222.   Target states that the Court granted Defendants' motion to dismiss

24  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

25  Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  Target denies the remaining

26  allegations in paragraph 222 of the Complaint.

27       223.   Target states that the Court granted Defendants' motion to dismiss

28  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

- 31 -

1  Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Target denies the remaining
2  allegations in paragraph 223 of the Complaint.

3      224.   Target states that the Court granted Defendants' motion to dismiss
4  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection
5  Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Target lacks knowledge or
6  information sufficient to form a belief as to the truth of the remaining allegations in
7  paragraph 224 regarding Plaintiffs' and purported class members' alleged reliance
8  and, therefore, denies the same.

9      225.   Target states that the Court granted Defendants' motion to dismiss
10  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection
11  Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Target lacks knowledge or
12  information sufficient to form a belief as to the truth of the allegations in paragraph
13  225 regarding what Plaintiffs or any putative class member would or would not do
14  and, therefore, denies the same. Target denies the remaining allegations in
15  paragraph 225 of the Complaint.

16      226.   Target states that the Court granted Defendants' motion to dismiss
17  Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection
18  Safety Act. *See* Cal. Civ. Mins. at 6, Nov. 24, 2008. Target denies the remaining
19  allegations in paragraph 226 of the Complaint. Target denies that Plaintiffs or any
20  putative class member are entitled to any of the relief sought.

21                  **<ins>RESPONSE TO COUNT SIX</ins>**

22          **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

23                  **(Against the Manufacturer Defendants)**

24      227.   Target incorporates by reference and restates its responses to the
25  preceding paragraphs as if set forth fully herein.

26      228.   The allegations in paragraph 228 of the Complaint are not directed at
27  Target and do not require a response.

28

229.   The allegations in paragraph 229 of the Complaint are not directed at Target and do not require a response.

230.   The allegations in paragraph 230 of the Complaint are not directed at Target and do not require a response.

231.   The allegations in paragraph 231 of the Complaint are not directed at Target and do not require a response.

232.   The allegations in paragraph 232 of the Complaint are not directed at Target and do not require a response.

233.   The allegations in paragraph 233 of the Complaint are not directed at Target and do not require a response.

234.   The allegations in paragraph 234 of the Complaint are not directed at Target and do not require a response.

235.   The allegations in paragraph 235 of the Complaint are not directed at Target and do not require a response.

236.   The allegations in paragraph 236 of the Complaint are not directed at Target and do not require a response.

237.   The allegations in paragraph 237 of the Complaint are not directed at Target and do not require a response.

238.   The allegations in paragraph 238 of the Complaint are not directed at Target and do not require a response.

239.   The allegations in paragraph 239 of the Complaint are not directed at Target and do not require a response.

240.   The allegations in paragraph 240 of the Complaint are not directed at Target and do not require a response.

1  **RESPONSE TO COUNT SEVEN**

2  **Violation of Cal. Bus. & Prof. Code § 17200,** *et seq.*

3  **(On Behalf of California Resident Plaintiffs**

4  **Against the Retailer Defendants)**

5  241.   Target incorporates by reference and restates its responses to the

6  preceding paragraphs as if set forth fully herein.

7  242.   The allegations in the first sentence of paragraph 242 of the Complaint

8  contain legal assertions to which no response is required.  Target denies the

9  remaining allegations in paragraph 242 of the Complaint.

10  243.   The allegations in the first sentence of paragraph 243 of the Complaint

11  contain legal assertions to which no response is required.  Target denies the

12  remaining allegations in paragraph 243 of the Complaint.

13  244.   Target denies the allegations in paragraph 244 of the Complaint.

14  245.   Target denies the allegations in paragraph 245 of the Complaint.

15  246.   Target lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations in paragraph 246 regarding Plaintiffs' and purported

17  class members' alleged reliance and, therefore, denies the same.  Target denies the

18  remaining allegations in paragraph 246 of the Complaint.

19  247.   The allegations in the first sentence of paragraph 247 of the Complaint

20  contain legal assertions to which no response is required.  Target denies the

21  remaining allegations in paragraph 247 of the Complaint.

22  248.   The allegations in the first sentence of paragraph 248 of the Complaint

23  contain legal assertions to which no response is required.  Target denies the

24  remaining allegations in paragraph 248 of the Complaint.

25  249.   Target denies the allegations in paragraph 249 of the Complaint.

26  250.   Target lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations in paragraph 250 regarding Plaintiffs' and purported

28

class members' alleged reliance and, therefore, denies the same.  Target denies the remaining allegations in paragraph 250 of the Complaint.

251.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same. Target denies the remaining allegations in paragraph 251 of the Complaint.

252.   Target denies the allegations in paragraph 252 of the Complaint.

253.   Target denies the allegations in paragraph 253 of the Complaint. Target denies that Plaintiffs or any putative class member are entitled to any of the relief sought.

254.   Target acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought. Target denies the remaining allegations in paragraph 254 of the Complaint.

## **RESPONSE TO COUNT EIGHT**

### **Violation of Cal. Civ. Code § 1750, *et seq.***

### **(Against the Manufacturer Defendants)**

255.   Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

256.   The allegations in paragraph 256 of the Complaint are not directed at Target and do not require a response.

257.   The allegations in paragraph 257 of the Complaint are not directed at Target and do not require a response.

258.   The allegations in paragraph 258 of the Complaint are not directed at Target and do not require a response.

259.   The allegations in paragraph 259 of the Complaint are not directed at Target and do not require a response.

260.   The allegations in paragraph 260 of the Complaint are not directed at Target and do not require a response.

261.   The allegations in paragraph 261 of the Complaint are not directed at Target and do not require a response.

262.   The allegations in paragraph 262 of the Complaint are not directed at Target and do not require a response.

263.   The allegations in paragraph 263 of the Complaint are not directed at Target and do not require a response.

264.   The allegations in paragraph 264 of the Complaint are not directed at Target and do not require a response.

### RESPONSE TO COUNT NINE

**Violation of Cal. Civ. Code § 1750, *et seq.***

**(On Behalf of California Resident Plaintiffs**

**Against the Retailer Defendants)**

265.   Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

266.   The allegations in the paragraph 266 of the Complaint contain legal assertions to which no response is required.

267.   Target denies the allegations in paragraph 267 of the Complaint.

268.   Target denies the allegations in paragraph 268 of the Complaint.

269.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  Target denies the remaining allegations in paragraph 269 of the Complaint.

270.   Target denies the allegations in paragraph 270 of the Complaint.

271.   Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 regarding what Plaintiffs or any putative class member would or would not do and, therefore, denies the same.  Target denies the remaining allegations in paragraph 271 of the Complaint.

272.   Target denies the allegations in paragraph 272 of the Complaint.

1    273.    Target denies the allegations in paragraph 273 of the Complaint.

2    274.    Target denies the allegations in paragraph 274 of the Complaint.

3    Target denies that Plaintiffs or any putative class member are entitled to any of the

4    relief sought.

5    275.    Target acknowledges that Plaintiffs seek injunctive relief, but denies

6    that Plaintiffs or any putative class member are entitled to any of the relief sought.

7    Target denies the remaining allegations in paragraph 275 of the Complaint.

8    **<u>RESPONSE TO COUNT TEN</u>**

9    **Violation of Cal. Civ. Code §§ 1792 & 1791.1(a)**

10   **(On Behalf of California Purchasers**

11   **Against All Defendants)**

12   276.    Target incorporates by reference and restates its responses to the

13   preceding paragraphs as if set forth fully herein.

14   277.    The allegations in paragraph 277 of the Complaint contain legal

15   assertions to which no response is required.

16   278.    The allegations in paragraph 278 of the Complaint contain legal

17   assertions to which no response is required.

18   279.    The allegations in paragraph 279 of the Complaint contain legal

19   assertions to which no response is required.

20   280.    The allegations in paragraph 280 of the Complaint contain legal

21   assertions to which no response is required.

22   281.    The allegations in paragraph 281 of the Complaint contain legal

23   assertions to which no response is required.

24   282.    Target denies the allegations in paragraph 282 of the Complaint.

25   283.    Target denies the allegations in paragraph 283 of the Complaint.

26   284.    Target denies the allegations in paragraph 284 of the Complaint.

27   Target denies that Plaintiffs or any putative class member are entitled to any of the

28   relief sought.

## RESPONSE TO COUNT ELEVEN

### Violation of Cal. Civ. Code §§ 1792.1 & 1791.1(B)

### (On Behalf of California Purchasers

### Against the Manufacturer Defendants)

285.   Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

286.   The allegations in paragraph 286 of the Complaint are not directed at Target and do not require a response.

287.   The allegations in paragraph 287 of the Complaint are not directed at Target and do not require a response.

288.   The allegations in paragraph 288 of the Complaint are not directed at Target and do not require a response.

289.   The allegations in paragraph 289 of the Complaint are not directed at Target and do not require a response.

290.   The allegations in paragraph 290 of the Complaint are not directed at Target and do not require a response.

## RESPONSE TO COUNT TWELVE

### Violation of Cal. Civ. Code §§ 1792.2 & 1791.1(b)

### (On Behalf of California Purchasers

### Against the Retailer Defendants)

291.   Target incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

292.   The allegations in paragraph 292 of the Complaint contain legal assertions to which no response is required.

293.   Target admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293 regarding Plaintiffs' and purported class members' alleged reliance and,

1 therefore, denies the same.  Target denies the remaining allegations in paragraph

2 293 of the Complaint.

3   294. Target denies the allegations in paragraph 294 of the Complaint.

4   295. Target denies the allegations in paragraph 295 of the Complaint.

5   296. Target denies the allegations in paragraph 296 of the Complaint.

6 Target denies that Plaintiffs or any putative class member are entitled to any of the

7 relief sought.

8        **RESPONSE TO COUNT THIRTEEN**

9          **Unjust Enrichment**

10   297. Target incorporates by reference and restates its responses to the

11 preceding paragraphs as if set forth fully herein.

12   298. Target admits that it sold some, but certainly not all, of the toys subject

13 to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

14 and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  Target admits that,

15 to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of

16 the recalls was that testing indicated that the paint on some part of certain of the

17 toys that were subject to the recalls contained lead that exceeded applicable

18 standards.  Target admits that, to its knowledge, Mattel and/or Fisher-Price have

19 stated that a reason for the recall involving magnets was that, while the toys met

20 applicable standards when originally sold, Mattel had adopted a new design

21 standard for securing magnets in toys and retroactively applied that design.  Target

22 admits that, to its knowledge, Mattel and/or Fisher-Price have stated that tests of the

23 Cuffs revealed levels of lead that, though fully compliant with all federal and

24 international standards, were higher than anticipated and were noncompliant with

25 an Illinois statute.  Target denies the remaining allegations in paragraph 298 of the

26 Complaint.

27   299. Target admits that it receives a benefit from the sale of the Mattel and

28 Fisher-Price toys.  Target denies the remaining allegations in paragraph 299 of the

1    Complaint.  Target denies that Plaintiffs or any putative class member are entitled

2    to any of the relief sought.

3    ## RESPONSE TO PRAYER FOR RELIEF

4    Target denies that Plaintiffs or any putative class member are entitled to any

5    of the relief sought in the WHEREFORE clause on page 82 of the Complaint.

6    Target denies that this action may properly be maintained as a class action and

7    denies that any class alleged in the Complaint satisfies the requirements of Federal

8    Rule of Civil Procedure 23.

9    FOR THEIR DEFENSES TO THE COMPLAINT, TARGET STATES AS

10    FOLLOWS:

11    ## ADDITIONAL ALLEGATIONS REGARDING AFFIRMATIVE DEFENSES

12    300.   Target repeats and realleges each and every allegation and factual

13    averment contained above as if fully set forth herein.

14    301.   The Recalled Toys[1] included magnet toys manufactured and sold as

15    early as 2003.  Upon information and belief, the overwhelming majority of such

16    toys never manifested any loose magnets during the period of use of such toys, and

17    the purchasers and users of such toys obtained full value for their purchase of such

18    toys and suffered no injury.

19    302.   Upon information and belief, the Recalled Toys included toys recalled

20    because of the presence of lead in amounts in excess of applicable standards, but

21    the recalls were intentionally over-inclusive and included many toys that did not

22    have lead in amounts in excess of applicable standards.

23    303.   On August 2, August 14, September 4, and October 25, 2007, Mattel,

24    Fisher-Price and the CPSC announced voluntary recalls of the Recalled Toys

25    related to lead in the paint on certain parts of some of the toys in excess of

26    applicable standards and to a change in design related to the retention of small,

27    ----

[1] The term "Recalled Toys" means the toys subject to the voluntary recalls announced by Mattel, Fisher-Price and the CPSC on August 2, August 14, September 4, and October 25, 2007, and the 2007 product replacement program for Fisher-Price toy blood pressure cuffs.

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1  powerful magnets.  Mattel and Fisher-Price also provided for the replacement of

2  certain toy blood pressure cuffs at the request of any consumer.  Those consumers

3  who participated in the recalls or the cuff replacement received vouchers for

4  replacement toys in an amount equal to or greater than the value of the Recalled

5  Toys.  All consumers had the opportunity to participate in the recalls or the cuff

6  replacement.

### FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

9  304.   On information and belief, for the reasons set forth above in

10  paragraphs 301-303 and elsewhere, Plaintiffs lack standing to assert some or all of

11  the claims in the Complaint because they have suffered no injury in fact and lack

12  standing to represent putative class members in the class they allege.

### SECOND AFFIRMATIVE DEFENSE

### (Claims Preemption)

15  305.   Some or all of the claims in the Complaint are preempted in whole or

16  in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and

17  actions of the Consumer Product Safety Commission in connection with the recalls.

### THIRD AFFIRMATIVE DEFENSE

### (Conduct Not "Unfair")

20  306.   Some or all of the claims in the Complaint, including Plaintiffs' claims

21  under the California Business & Professions Code § 17200, *et seq.*, are barred in

22  whole or in part because Target's conduct was not unfair.  Target acted responsibly

23  to implement the recalls upon receiving notice, including, among other things,

24  stopping sales of the Recalled Toys and removing them from store shelves, and

25  taking steps to notify consumers of the recalls.

26

27

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3    307.   Some or all of the claims in the Complaint are barred in whole or in

4    part by the doctrine of estoppel.  Upon information and belief, because of the

5    announcements of and overwhelming publicity regarding the recalls, members of

6    the public, including at least some Plaintiffs or members of the putative class, were

7    aware of the facts regarding the bases for the recalls and the cuff replacements,

8    returned the toys as part of the recalls or cuff replacements and received vouchers,

9    creating the reasonable belief on the part of Target that such Plaintiffs or members

10    of the putative class accepted the benefits of the recalls or cuff replacements

11    pursuant to their terms.  Upon information and belief, many such Plaintiffs or

12    members of the putative class gave no indication that they also demanded a full

13    refund for the Recalled Toys, and Target remained unaware of such, but instead

14    relied on the belief that such Plaintiffs or members of the putative class intended to

15    participate in the recalls and cuff replacements to address any issues with the

16    Recalled Toys.

17

## FIFTH AFFIRMATIVE DEFENSE

18

### (Prohibition Against Excessive Penalties)

19    308.   Some or all of Plaintiffs' claims are barred to the extent Plaintiffs seek

20    to impose penalties that violate the California Constitution's prohibition against

21    excessive penalties and/or similar provisions in other state constitutions.

22

## SIXTH AFFIRMATIVE DEFENSE

23

### (Excessive Fines Clause of the Eighth Amendment to the

24

### United States Constitution)

25    309.   Some or all of the claims in the Complaint are barred to the extent

26    Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth

27    Amendment to the United States Constitution.

28

- 42 -

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process Clause of the Fourteenth Amendment to the

### United States Constitution)

310.   Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

311.   Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.  In particular, to the extent Plaintiffs' claims under California Business & Professions Code § 17200 are based on an alleged violation of Proposition 65, California Health and Safety Code Section 25249.6 and the presence of lead in the paint on the parts of some toys, Section 25249.10 exempts liability in some or all cases.  Moreover, the CPSA provided standards for the presence of lead in paint under which the sales of products were not prohibited.

## NINTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

312.   Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

313.   Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiffs was caused not by Target's actions, but by a superseding cause.  To the extent the Lead Toy Plaintiffs or Cuff Plaintiffs allege elevated blood lead levels in their children, such elevated blood lead levels were not caused by the Recalled Toys but, upon information and belief, was caused by other conditions or materials to which such children have been or are being exposed.

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1   **ELEVENTH AFFIRMATIVE DEFENSE**

2   **(Lack of Privity)**

3   314.   Some or all of the claims in the Complaint are barred in whole or in

4   part because some or all of the Plaintiffs are not in privity with Target.

5   **TWELTH AFFIRMATIVE DEFENSE**

6   **(Res Judicata/Claim Preclusion)**

7   315.   The Plaintiffs' request for injunctive relief based on alleged violations

8   of California's Proposition 65 is barred because the California Attorney General

9   brought such claims and entered into a consent judgment that resolved the claims.

10   **THIRTEENTH AFFIRMATIVE DEFENSE**

11   **(Contributory and Comparative Negligence/Failure to Mitigate)**

12   316.   Any injury sustained by Plaintiffs may have been caused, in whole or

13   in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due

14   care, including any situations where Plaintiffs continued to make use of the

15   Recalled Toys after the respective recall announcements, and therefore such

16   Plaintiffs are barred from any recovery, or any recoverable damages must be

17   reduced in proportion to the amount of negligence attributable to Plaintiffs.

18   Continued use of the Recalled Toys after the recall announcements also constitutes

19   a failure to mitigate.

20   **FOURTEENTH AFFIRMATIVE DEFENSE**

21   **(Violation of Due Process)**

22   317.   Some or all of the relief Plaintiffs request may result in multiple

23   recoveries, thereby violating Defendants' due process rights under the United States

24   and/or California Constitutions.

25   **FIFTEENTH AFFIRMATIVE DEFENSE**

26   **(Lack of Statutory Claim)**

27   318.   To the extent Plaintiffs seek to assert claims under California law on

28   behalf of a nationwide class, some or all of the putative class members outside

California lack standing to assert such claims because their claims do not have a sufficient nexus to California to permit the constitutional application of the California statutes to their claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actionable Representations)

319.    Some or all of Plaintiffs' claims fail because they are not based on actionable representations by Target, but are based on generalized statements of corporate policy or governance or generalized goals regarding safety that are not actionable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Responsive Actions Taken Barring Claims for Damages)

320.    Any claim for damages under California Civil Code § 1750, *et seq.* is barred because, pursuant to at least California Civil Code § 1782, Target, Mattel and/or Fisher-Price have taken reasonable steps to inform consumers of the recalls and taken appropriate responsive action, including but not limited to, the issuance of vouchers or replacement parts as part of the recalls.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intentional Action)

321.    Any claim for damages under California Civil Code § 1750, *et seq.* is barred because, pursuant to at least California Civil Code § 1784, Target's actions were not intentional, but resulted from bona fide errors despite reasonable procedures in place.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Sufficient Notice)

322.    Any claim for damages under state consumer protection laws is barred because Plaintiffs failed to provide sufficient and/or adequate notice as required.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Right to Offset)

3    323.   Upon information and belief, many of the Recalled Toys were used for

4    months and/or years without incident by Plaintiffs.  Target is entitled to a full or

5    complete offset against any damages for the benefits of such use by Plaintiffs or

6    their children.  Moreover, to the extent any Plaintiff participated in the recalls or the

7    cuff replacements, Target is entitled to an offset against any damages for the value

8    of the vouchers or any other benefits provided to such Plaintiffs.

9

## TWENTY-FIRST AFFIRMATIVE DEFENSE

10

### (Statute of Limitations)

11    324.   Plaintiffs seek certification of a class of plaintiffs who may have

12    purchased toys as far back as May 2003, but did not file suit until, at the earliest,

13    August 2007.  Consequently, some or all of Plaintiffs' claims are barred by

14    applicable statutes of limitations under California law or the law of other states as

15    may be applicable to Plaintiffs' claims.

16                                      Respectfully submitted,

17    Dated: January 28, 2009               JONES DAY

18

19                               By:    /s Mark R. Hall

20                                      Elwood Lui (SBN 45538)
                                        Rick L. Shackelford (SBN 151262)
21                                      555 South Flower Street, 50th Floor
                                        Los Angeles, CA 90071
22                                      Telephone:  (213) 243-2435
                                        Facsimile:   (213) 243-2539
23
                                        Thomas E. Fennell
24                                      Michael L. Rice
                                        Mark R. Hall
25                                      JONES DAY
                                        2727 N. Harwood St.
26                                      Dallas, TX 75201
                                        Telephone:  (214) 220-3939
27                                      Facsimile:   (214) 969-5100

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1    Hugh Whiting
     JONES DAY
2    717 Texas, Suite 3300
     Houston, TX 77002
3    Telephone:  (832) 239-3939
     Facsimile:   (832) 239-3600
4

5    Attorneys for Defendants
     MATTEL, INC., FISHER-PRICE, INC.,
6    TARGET CORPORATION, TOYS "R"
     US, INC., KB TOYS, INC., AND KMART
7    CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

1

## DEMAND FOR A JURY TRIAL

2    Target demands a trial by jury of all claims triable by a jury.

3

4                                    Respectfully submitted,

5    Dated: January 28, 2009          JONES DAY

6

7                          By:    /s Mark R. Hall

8                                  Elwood Lui (SBN 45538)
                                   Rick L. Shackelford (SBN 151262)
9                                  555 South Flower Street, 50th Floor
                                   Los Angeles, CA 90071
10                                 Telephone:  (213) 243-2435
                                   Facsimile:   (213) 243-2539

11
                                   Thomas E. Fennell
12                                 Michael L. Rice
                                   Mark R. Hall
13                                 JONES DAY
                                   2727 N. Harwood St.
14                                 Dallas, TX 75201
                                   Telephone:  (214) 220-3939
15                                 Facsimile:   (214) 969-5100

16                                 Hugh Whiting
                                   JONES DAY
17                                 717 Texas, Suite 3300
                                   Houston, TX  77002
18                                 Telephone:  (832) 239-3939
                                   Facsimile:   (832) 239-3600

19

20                                 Attorneys for Defendants
                                   MATTEL, INC., FISHER-PRICE, INC.,
21                                 TARGET CORPORATION, TOYS "R"
                                   US, INC., KB TOYS, INC., AND KMART
22                                 CORPORATION

23

24

25

26

27

28

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 28, 2009.

s/ Rick L. Shackelford
Rick L. Shackelford

JONES DAY
555 S. Flower St., 50th Flr.
Los Angeles, CA  90071
Telephone:  213/489-3939
Facsimile:  213/243-2539

E-mail:  rlshackelford@jonesday.com

DLI-6226637v2

Case No.  07-ml-08197-DSF-AJWx
TARGET CORPORATION'S ANSWER