Elwood Lui (SBN 45538)
elui@jonesday.com
Rick L. Shackelford (SBN 151262)
rlshackelford@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 243-2435
Facsimile:    (213) 243-2539

Thomas E. Fennell (pro hac vice)
tefennell@jonesday.com
Michael L. Rice (pro hac vice)
mlrice@jonesday.com
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:   (214) 220-3939
Facsimile:    (214) 969-5100

Hugh Whiting (pro hac vice)
hrwhiting@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:   (832) 239-3939
Facsimile:    (832) 239-3600

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | No. 07-ml-08197-DSF-AJWx<br><br>The Honorable Dale S. Fischer<br><br>**FIRST AMENDED ANSWER OF DEFENDANT TOYS "R" US, INC. TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

Defendant Toys "R" Us – Delaware, Inc. ("TRU"), improperly named as Toys "R" Us, Inc., hereby files its First Amended Answer in response to Plaintiffs' Second Consolidated Amended Complaint (the "Complaint").

## RESPONSE TO ALLEGATIONS

The Complaint throughout contains numerous allegations regarding "Toys 'R' Us" without any identification of specific acts of purported wrongdoing by TRU.  These collective allegations throughout the Complaint are a fatally defective attempt by Plaintiffs to disguise their lack of knowledge of any specific wrongdoing

by TRU in a web of undifferentiated aggregate claims.  TRU denies that it has

committed any wrongdoing.  For its responses to the specific allegations of the

Complaint, TRU incorporates the foregoing statement in each paragraph below as

applicable and further states:

In response to the opening paragraph of the Complaint, TRU admits that

Plaintiffs purport to bring this action for themselves and as a putative class action,

but denies that this action may properly be maintained as a class action and denies

that any such class alleged in the Complaint satisfies the requirements of Federal

Rule of Civil Procedure 23.  TRU further denies that Plaintiffs or any putative class

members are entitled to any of the relief requested in the opening paragraph of the

Complaint.  TRU denies the remaining allegations in the opening paragraph of the

Complaint.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS
## IN NUMBERED PARAGRAPHS 1 THROUGH 172

1.      The allegations in paragraph 1 of the Complaint are legal conclusions
to which no response is required.

2.      The allegations in paragraph 2 of the Complaint are legal conclusions
to which no response is required.

3.      TRU admits that it sold some, but certainly not all, of the Mattel and/or
Fisher-Price toys subject to the August 2, August 14, September 4, and October 25,
2007 voluntary recalls and the 2007 product replacements for toy blood pressure
cuffs, which reflected age restrictions for each product.  TRU denies the remaining
allegations in paragraph 3 of the Complaint.

4.      TRU denies the allegations in paragraph 4 of the Complaint.

5.      TRU admits that, on August 2, 2007, defendant Mattel and/or Fisher-
Price announced a voluntary recall of various Fisher-Price toys, manufactured
during a specified period of time.  TRU admits that, to its knowledge, defendant
Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint

1    on some part of certain of the toys that were subject to the recall contained lead that

2    exceeded applicable standards.  TRU denies the remaining allegations in paragraph

3    5 of the Complaint.

4          6.    TRU lacks knowledge or information sufficient to form a belief as to

5    the truth of the allegations in paragraph 6 of the Complaint regarding what

6    "parents" may or may not have done and, therefore, denies the same.  TRU admits

7    that on August 14, 2007, Mattel and/or Fisher-Price announced the voluntary recall

8    of certain toys that were reportedly manufactured in China during specified periods

9    of time.  TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated

10   that a reason for some of the recalls was that testing indicated that the paint on

11   some part of certain of the toys that were subject to the recall contained lead that

12   exceeded applicable standards.  TRU admits that lead, like many substances not

13   intended for ingestion, has been recognized as having the potential to cause adverse

14   effects on some humans if ingested in sufficiently large quantities over a sufficient

15   amount of time.  TRU admits that the voluntary recall announced by Mattel and/or

16   Fisher-Price on August 14, 2007 included Mattel toys with small magnets.  TRU

17   admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason

18   for the recall involving magnets was that, while the toys met applicable standards

19   when originally sold, Mattel had adopted a new design standard for securing

20   magnets in toys and retroactively applied that design. TRU lacks knowledge or

21   information sufficient to form a belief as to the truth of the remaining allegations in

22   paragraph 6 of the Complaint and, therefore, denies the same.

23         7.    TRU admits that it sold some, but certainly not all, of the Mattel and/or

24   Fisher-Price toys subject to the August 2, August 14, September 4, and October 25,

25   2007 voluntary recalls and the 2007 product replacements for toy blood pressure

26   cuffs.  TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated

27   that a reason for some of the recalls was that testing indicated that the paint on

28   some part of certain of the toys that were subject to the recall contained lead that

1   exceeded applicable standards.  TRU admits Mattel and/or Fisher-Price have also

2   stated that a reason for the recall involving magnets was that, while the toys met

3   applicable standards when originally sold, Mattel had adopted a new design

4   standard for securing magnets in toys and retroactively applied that design. TRU

5   also admits that Mattel and/or Fisher Price have stated that tests on blood pressure

6   cuffs that were part of certain Fisher-Price and Sesame Street medical kits (the

7   "Cuffs") revealed levels of lead that, though fully compliant with all federal and

8   international standards, were higher than anticipated and were noncompliant with

9   an Illinois statute.  TRU lacks knowledge or information sufficient to form a belief

10  as to the truth of the remaining allegations in paragraph 7 of the Complaint and,

11  therefore, denies the same.

12          8.      TRU denies the allegations in paragraph 8 of the Complaint.

13          9.      TRU denies the allegations in paragraph 9 of the Complaint.

14          10.     TRU admits that the toys subject to the voluntary recalls and the 2007

15  product replacements for toy blood pressure cuffs were expected to be used by

16  children consistent with the age restrictions noted for each product.  TRU admits

17  that some children may put toys or portions of toys in their mouths on occasion,

18  although the frequency and extent of which will vary from child to child.  TRU

19  denies the remaining allegations in paragraph 10 of the Complaint.

20          11.     TRU denies the allegations in paragraph 11 of the Complaint.

21          12.     TRU admits it sold some, but certainly not all of the toys Mattel and/or

22  Fisher-Price recalled on August 2, August 14, September 4, and October 25, 2007.

23  TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a

24  reason for the recalls was that testing indicated that the paint on some part of certain

25  of the toys that were subject to the recall contained lead that exceeded applicable

26  standards.  TRU denies the allegation in the first sentence of paragraph 12 of the

27  Complaint that it failed to put adequate controls in place.  TRU lacks knowledge or

28

1  information sufficient to form a belief as to the truth of the remaining allegations in

2  paragraph 12 of the Complaint.

3       13.    TRU admits that on August 14, 2007, Mattel announced voluntary

4  recalls of Polly Pocket!™ play sets, Doggie Day Care™ play sets, Barbie® and

5  Tanner™ play sets, and Batman™ and One Piece™ action figure sets.  TRU admits

6  that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the

7  recall was that, while the toys met applicable standards when originally sold, Mattel

8  had adopted a new design standard for securing magnets in toys and retroactively

9  applied that design.  TRU admits that Mattel stated that the recall of Polly

10  Pocket!™ play sets was an expansion of the voluntary recall of Polly Pocket!™

11  play sets announced by the CPSC and Mattel on November 21, 2006.  TRU denies

12  the remaining allegations in paragraph 13 of the Complaint.

13       14.    TRU admits that Mattel and/or Fisher-Price have stated that tests on

14  the Cuffs revealed levels of lead that, though fully compliant with all federal and

15  international standards, were higher than anticipated and were noncompliant with

16  an Illinois statute.  TRU denies that alleged non-compliant Cuffs under the Illinois

17  statute were available for purchase on TRU's website as of May 15, 2008.  TRU

18  lacks knowledge or information sufficient to form a belief as to the truth of the

19  remaining allegations in paragraph 14 of the Complaint and, therefore, denies the

20  same.

21       15.    TRU admits that lead, like many substances not intended for ingestion,

22  has been recognized as having the potential to cause adverse effects on some

23  humans if ingested in sufficiently large quantities over a sufficient amount of time.

24  TRU admits that it is aware that the CPSC has indicated that if magnets are of a

25  certain type and come loose, and more than one such magnet is swallowed by a

26  child, under certain circumstances, intestinal injuries, including intestinal

27  perforation or blockage, might occur.  TRU lacks knowledge or information

28  sufficient to form a belief as to the truth of the remaining allegations regarding

"exposure to lead and hazardous magnets" in paragraph 15 of the Complaint in the absence of more information regarding levels, circumstances, and duration of exposure and, therefore, denies the same. TRU denies the remaining allegations in paragraph 15 of the Complaint.

16.    TRU denies the allegations in paragraph 16 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, therefore, denies the same.

17.    TRU denies the allegations in paragraph 17 of the Complaint that Plaintiff or Plaintiff's parents and natural guardians have been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and, therefore, denies the same.

18.    TRU denies the allegations in paragraph 18 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and, therefore, denies the same.

19.    TRU denies the allegations in paragraph 19 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and, therefore, denies the same.

20.    TRU denies the allegations in paragraph 20 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21.    TRU denies the allegations in paragraph 21 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and, therefore, denies the same.

22.    TRU denies the allegations in paragraph 22 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23.    TRU denies the allegations in paragraph 23 of the Complaint that Plaintiff or Plaintiff's parents and natural guardians have been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and, therefore, denies the same.

24.    TRU denies the allegations in paragraph 24 of the Complaint that the referenced toy was hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and, therefore, denies the same.

25.    TRU denies the allegations in paragraph 25 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and, therefore, denies the same.

26.    TRU denies the allegations in paragraph 26 of the Complaint that the referenced toys were hazardous and that Plaintiff or Plaintiff's parents or natural guardians have been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and, therefore, denies the same.

27.    TRU denies the allegations in paragraph 27 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28.    TRU denies the allegations in paragraph 28 of the Complaint that the referenced toys were hazardous and that Plaintiff has been injured. TRU lacks

1    knowledge or information sufficient to form a belief as to the truth of the remaining

2    allegations in paragraph 28 of the Complaint and, therefore, denies the same.

3        29.    TRU denies the allegations in paragraph 29 of the Complaint that the

4    referenced toy was hazardous and that Plaintiff has been injured.  TRU lacks

5    knowledge or information sufficient to form a belief as to the truth of the remaining

6    allegations in paragraph 29 of the Complaint and, therefore, denies the same.

7        30.    TRU denies the allegations in paragraph 30 of the Complaint that the

8    referenced toy was hazardous and that Plaintiff has been injured.  TRU lacks

9    knowledge or information sufficient to form a belief as to the truth of the remaining

10    allegations in paragraph 30 of the Complaint and, therefore, denies the same.

11        31.    TRU denies the allegations in paragraph 31 of the Complaint that the

12    referenced toy was hazardous and that Plaintiff has been injured.  TRU lacks

13    knowledge or information sufficient to form a belief as to the truth of the remaining

14    allegations in paragraph 31 of the Complaint and, therefore, denies the same.

15        32.    TRU denies the allegations in paragraph 32 of the Complaint that the

16    referenced toys were hazardous and that Plaintiff has been injured.  TRU lacks

17    knowledge or information sufficient to form a belief as to the truth of the remaining

18    allegations in paragraph 32 of the Complaint and, therefore, denies the same.

19        33.    TRU denies the allegations in paragraph 33 of the Complaint that the

20    referenced toys were hazardous and that Plaintiff has been injured.  TRU lacks

21    knowledge or information sufficient to form a belief as to the truth of the remaining

22    allegations in paragraph 33 of the Complaint and, therefore, denies the same.

23        34.    TRU denies the allegations in paragraph 34 of the Complaint that the

24    referenced toys were hazardous and that Plaintiff has been injured.  TRU lacks

25    knowledge or information sufficient to form a belief as to the truth of the remaining

26    allegations in paragraph 34 of the Complaint and, therefore, denies the same.

27        35.    The allegations in paragraph 35 of the Complaint are not directed at

28    TRU and do not require a response.

36.     The allegations in paragraph 36 of the Complaint are not directed at TRU and do not require a response.

37.     The allegations in paragraph 37 of the Complaint are not directed at TRU and do not require a response.

38.     TRU denies that Toys "R" Us, Inc. is a proper party to this action. TRU admits the allegations in the first five sentences of paragraph 38 of the Complaint.  TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and/or October 25, 2007 recalls and the 2007 product replacement for the Cuffs.

39.     The allegations in paragraph 39 of the Complaint are not directed at TRU and do not require a response.

40.     The allegations in paragraph 40 of the Complaint are not directed at TRU and do not require a response.

41.     The allegations in paragraph 41 of the Complaint are not directed at TRU and do not require a response.

42.     The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

43.     The allegations in paragraph 43 of the Complaint are legal conclusions to which no response is required.

44.     The allegations in paragraph 44 of the Complaint are legal conclusions to which no response is required.

45.     TRU admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

46.     TRU states that the statements by the National Safety Council quoted in paragraph 46 of the Complaint speak for themselves.  TRU admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

47.     To the extent the allegations in paragraph 47 of the Complaint refer to testimony excerpts by Dr. Best, those excerpts speak for themselves.  TRU admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

48.     To the extent that the allegations in paragraph 48 of the Complaint refer to the articles cited in footnote 9 to paragraph 48 of the Complaint, those articles speak for themselves.  TRU admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint in the absence of more information including levels and duration of exposure and age and characteristics of children and, therefore, denies the same.

49.     TRU admits that children may be exposed to lead through multiple sources.  TRU admits that children may engage in hand-to-mouth activity, although

the extent and frequency of such activity will vary from child to child and by age. TRU lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and, therefore, denies the same.

50.     TRU admits that it sold some, but certainly not all, of the toys that were subject to the November 21, 2006 and August 14, 2007 voluntary recalls involving magnets. TRU admits that it is aware that the CPSC has indicated that if magnets are of a certain type and come loose, and more than one such magnet is swallowed by a child, under certain circumstances, intestinal injuries, including intestinal perforation or blockage, might occur. TRU states that the letter by Dr. Oestreich quoted in paragraph 50 of the Complaint speaks for itself. TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint that refer to the knowledge of the CPSC and, therefore, denies the same. TRU denies the remaining allegations in paragraph 50 of the Complaint.

51.     TRU states that the CPSC press release referred to in paragraph 51 of the Complaint and footnote 13 speaks for itself. TRU lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and, therefore, denies the same.

52.     TRU states that the April 19, 2007 CPSC press release cited and quoted in paragraph 52 of the Complaint speaks for itself.

53.     The allegations in paragraph 53 of the Complaint are not directed at TRU and do not require a response.

54.     The allegations in paragraph 54 of the Complaint are not directed at TRU and do not require a response.

55.     The allegations in paragraph 55 of the Complaint are not directed at TRU and do not require a response.

56.     The allegations in paragraph 56 of the Complaint are not directed at TRU and do not require a response.

57.     The allegations in paragraph 57 of the Complaint are not directed at TRU and do not require a response.

58.     The allegations in paragraph 58 of the Complaint are not directed at TRU and do not require a response.

59.     The allegations in paragraph 59 of the Complaint are not directed at TRU and do not require a response.

60.     The allegations in paragraph 60 of the Complaint are not directed at TRU and do not require a response.

61.     The allegations in paragraph 61 of the Complaint are not directed at TRU and do not require a response.

62.     The allegations in paragraph 62 of the Complaint are not directed at TRU and do not require a response.

63.     TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint regarding what Plaintiffs and purported class members may or may not have done and, therefore, denies the same.  TRU denies the remaining allegations in paragraph 63 of the Complaint.

64.     TRU states that the ASTM standard cited in paragraph 64 and footnotes 25 and 26 of the Complaint speaks for itself.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 regarding Plaintiffs' and purported class members' beliefs and, therefore, denies the same.  The allegations in the third and fourth sentences of paragraph 64 of the Complaint are not directed at TRU and do not require a response.

65.     The allegations in paragraph 65 of the Complaint are not directed at TRU and do not require a response.

66.     The allegations in paragraph 66 of the Complaint are not directed at TRU and do not require a response.

67.     The allegations in paragraph 66 of the Complaint are not directed at TRU and do not require a response.

68.     TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  The remaining allegations in paragraph 68 of the Complaint are not directed at TRU and do not require a response.

69.     TRU admits that children may put toys or portions of toys in their mouths on occasion, although the extent and frequency of such activity will vary from child to child and by age.  TRU states that the article quoted in part in paragraph 69 of the Complaint speaks for itself.  TRU denies the remaining allegations in paragraph 69 of the Complaint.

70.     TRU denies the allegations in paragraph 70 of the Complaint.

71.     TRU denies the allegations in paragraph 71 of the Complaint.

72.     Because the allegations in paragraph 72 of the Complaint identify no alleged representations, TRU denies the allegations as stated.

73.     The allegations in paragraph 73 of the Complaint are not directed at TRU and do not require a response.

74.     TRU states that its website, quoted in part in paragraph 74 of the Complaint, speaks for itself.  TRU denies the remaining allegations in paragraph 74 of the Complaint.

75.     The allegations in paragraph 75 of the Complaint are not directed at TRU and do not require a response.

76.     The allegations in paragraph 76 of the Complaint are not directed at TRU and do not require a response.

77.     The allegations in paragraph 77 of the Complaint are not directed at TRU and do not require a response.

78.    The allegations in paragraph 78 of the Complaint are not directed at TRU and do not require a response.

79.    The allegations in paragraph 79 of the Complaint are not directed at TRU and do not require a response.

80.    The allegations in paragraph 80 of the Complaint are not directed at TRU and do not require a response.

81.    The allegations in paragraph 81 of the Complaint are not directed at TRU and do not require a response.

82.    The allegations in the first sentence of paragraph 82 of the Complaint are not directed at TRU and do not require a response.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 82 of the Complaint and, therefore, denies the same.  TRU denies the remaining allegations in paragraph 82 of the Complaint.

83.    TRU states that ASTM F 963 referenced in the first two sentences of paragraph 83 of the Complaint speaks for itself.  The allegations in the third sentence of paragraph 83 of the Complaint are not directed at TRU and do not require a response.  TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the recalls they announced was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  TRU denies the remaining allegations in paragraph 83 of the Complaint.

84.    TRU admits that various regulations limit the amount of lead content in paint on products marketed to children, including 16 CFR § 1303.1, *et seq.*  TRU denies the remaining allegations in paragraph 84 of the Complaint.

85.    TRU states that the CPSC website and the recalls identified there speak for themselves.  The allegations in paragraph 85 do not identify any particular recalls, but reflect only general characterizations; thus, they are denied as stated.

86.    The testimony of Ms. Nord cited in paragraph 86 and footnote 41 of the Complaint speaks for itself.  TRU otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and, therefore, denies the same.

87.    The testimony of Mr. Moore, quoted in part in paragraph 87 of the Complaint, speaks for itself.

88.    TRU admits that in March 2007, it recalled certain Elite Operations toy sets due to lead content and potential laceration concerns.  TRU also admits that in August and September 2007, it issued two additional recalls of toys manufactured in China due to lead content.  The allegations in paragraph 88 of the Complaint regarding the alleged recalls by other defendants are not directed at TRU and do not require a response.  The last sentence of paragraph 88 is a legal conclusion to which no response is required.  To the extent further response is required, TRU denies the remaining allegations in paragraph 88 of the Complaint.

89.    The allegations in paragraph 89 of the Complaint are not directed at TRU and do not require a response.

90.    The allegations in paragraph 90 of the Complaint are not directed at TRU and do not require a response.

91.    The allegations in paragraph 91 of the Complaint are not directed at TRU and do not require a response.

92.    The allegations in paragraph 92 of the Complaint are not directed at TRU and do not require a response.

93.    The allegations in paragraph 93 of the Complaint are not directed at TRU and do not require a response.

94.    The allegations in paragraph 94 of the Complaint are not directed at TRU and do not require a response.

95.    The allegations in paragraph 95 of the Complaint are not directed at TRU and do not require a response.

96.     The allegations in paragraph 96 of the Complaint are not directed at TRU and do not require a response.

97.     TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint regarding the knowledge of the CPSC and, therefore, denies the same.  The remaining allegations in paragraph 97 of the Complaint are not directed at TRU and do not require a response.

98.     The allegations in paragraph 98 of the Complaint are not directed at TRU and do not require a response.

99.     The allegations in paragraph 99 of the Complaint are not directed at TRU and do not require a response.

100.    The allegations in paragraph 100 of the Complaint are not directed at TRU and do not require a response.

101.    The allegations in the last two sentences of paragraph 101 of the Complaint contain legal assertions to which no response is required.  TRU denies the remaining allegations in paragraph 101 of the Complaint.

102.    TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 102 of the Complaint, in part because they do not define "the relevant time period" or the meaning of "drastically reduced," and, therefore, denies the same.  The third and fourth sentences of paragraph 102 of the Complaint contain legal conclusions to which no response is required.  TRU denies the remaining allegations in paragraph 102 of the Complaint.

103.    The allegations in paragraph 103 of the Complaint are not directed at TRU and do not require a response.

104.    The allegations in paragraph 104 of the Complaint are not directed at TRU and do not require a response.

105.   TRU admits that, on August 2, 2007, defendant Mattel and/or Fisher-Price announced a voluntary recall of various Fisher-Price toys, manufactured during a specified period of time.  TRU admits that, to its knowledge, defendant Mattel and/or Fisher-Price have stated that a reason for the recall was that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  TRU states that Exhibit A to the Complaint speaks for itself.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 of the Complaint and, therefore, denies the same.

106.   TRU states that the press release referred to in paragraph 106 of the Complaint speaks for itself.  TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for the August 2, 2007 recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  TRU admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  TRU denies the remaining allegations in paragraph 106 of the Complaint.

107.   TRU states that the press release quoted in part and cited in paragraph 107 of the Complaint and footnote 53 speaks for itself.  TRU further states that the statement by Ms. Nord quoted in paragraph 107 to the Complaint speaks for itself.  TRU denies the remaining allegations in paragraph 107 of the Complaint.

108.   TRU states the *Wall Street Journal* articles referred to in paragraph 108 of the Complaint speak for themselves.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 of the Complaint and, therefore, denies the same.

109.   The allegations in paragraph 109 of the Complaint are not directed at TRU and do not require a response.

110.   The allegations in paragraph 110 of the Complaint are not directed at TRU and do not require a response.

111.   TRU admits that, to its knowledge, on August 14, 2007, Mattel and the CPSC announced a voluntary recall of approximately 253,000 "Sarge" die cast toy cars.  TRU states that the press release referenced in paragraph 111 and footnote 58 of the Complaint speaks for itself.  TRU states that Exhibit B to the Complaint speaks for itself.  The remaining allegations in paragraph 111 of the Complaint are not directed at TRU and do not require a response.

112.   The allegations in paragraph 112 of the Complaint are not directed at TRU and do not require a response.

113.   The allegations in paragraph 113 of the Complaint are not directed at TRU and do not require a response.

114.   TRU admits that on September 4, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of certain Barbie® accessory toys, Geo Trax Locomotive toys, and Big Big World 6-in-1 Bongo Band toys.  TRU admits, to its knowledge, Mattel and/or Fisher Price have stated that a reason for the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  TRU states that Exhibit C to the Complaint speaks for itself.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 of the Complaint and, therefore, denies the same.

115.   The allegations in paragraph 115 of the Complaint are not directed at TRU and do not require a response.

116.   The allegations in paragraph 116 of the Complaint are not directed at TRU and do not require a response.

117.   The allegations in paragraph 117 of the Complaint are not directed at TRU and do not require a response.

1    118.   The allegations in paragraph 118 of the Complaint are not directed at

2    TRU and do not require a response.

3    119.   TRU admits that on October 25, 2007, Mattel and the CPSC

4    announced a voluntary recall of Go Diego Go Animal Rescue Boats manufactured

5    in China during specified periods of time and sold between June 2007 and October

6    2007. TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated

7    that a reason for the recalls was that testing indicated that the paint on some part of

8    certain of the toys that were subject to the recall contained lead that exceeded

9    applicable standards. The remaining allegations in paragraph 119 of the Complaint

10   are not directed at TRU and do not require a response.

11   120.   The allegations in paragraph 120 of the Complaint are not directed at

12   TRU and do not require a response.

13   121.   TRU admits the allegations in the text of paragraph 121 of the

14   Complaint. TRU states that Exhibit E to the Complaint speaks for itself.

15   122.   TRU states that the announcement referred to in paragraph 122 of the

16   Complaint speaks for itself.

17   123.   TRU states that the views attributed to the CPSC in paragraph 123 of

18   the Complaint, presumably as referenced in the announcement, speak for

19   themselves.

20   124.   TRU states that the CPSC announcement, which contains this

21   statement, speaks for itself.

22   125.   TRU admits the allegations of the first sentence of paragraph 125 of

23   the Complaint. TRU states that the CPSC announcement speaks for itself. TRU

24   states that Exhibit F to the Complaint speaks for itself.

25   126.   TRU admits that on August 14, 2007, the CPSC and Mattel announced

26   voluntary recalls of Doggie Day Care™ play sets and Barbie® and Tanner™ play

27   sets. TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated that

28   a reason for the recalls was that, while the toys met applicable standards when

originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design. TRU states that Exhibits G and H to the Complaint speak for themselves.

127. TRU admits that on August 14, 2007, the CPSC and Mattel announced a voluntary recall of Batman™ and One Piece™ action figure sets. The allegations in paragraph 127 of the Complaint regarding other incidents are not directed at TRU and do not require a response. TRU states that Exhibit I to the Complaint speaks for itself.

128. The allegations in paragraph 128 of the Complaint are not directed at TRU and do not require a response.

129. The allegations in paragraph 129 of the Complaint are not directed at TRU and do not require a response.

130. The allegations in paragraph 130 of the Complaint are not directed at TRU and do not require a response.

131. The allegations in paragraph 131 of the Complaint are not directed at TRU and do not require a response.

132. TRU states that the article by Consumer Reports referenced in paragraph 132 of the Complaint speaks for itself.

133. TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint regarding the results of tests allegedly performed at the direction of the Attorney General of Illinois and, therefore, denies the same.

134. TRU states that the December 3, 2007 statement by the Illinois Attorney General referenced in paragraph 134 of the Complaint speaks for itself. The remaining allegations in paragraph 134 of the Complaint are not directed at TRU and do not require a response.

135. TRU states that the December 14, 2007 statement by the Illinois Attorney General referenced in paragraph 135 of the Complaint speaks for itself.

136.    The allegations in paragraph 136 of the Complaint are not directed at TRU and do not require a response.

137.    The allegations in paragraph 137 of the Complaint are not directed at TRU and do not require a response.

138.    The allegations in paragraph 138 of the Complaint are not directed at TRU and do not require a response.

139.    The allegations in paragraph 139 of the Complaint are not directed at TRU and do not require a response.

140.    The allegations in paragraph 140 of the Complaint are not directed at TRU and do not require a response.

141.    The allegations in paragraph 141 of the Complaint are not directed at TRU and do not require a response.

142.    The allegations in paragraph 142 of the Complaint are not directed at TRU and do not require a response.

143.    TRU denies that alleged non-compliant Cuffs under the Illinois Attorney General's interpretation of the Illinois statute were available for purchase on TRU's website as of May 15, 2008.

144.    TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint and, therefore, denies the same.

145.    TRU admits that in order to alleviate potential customer concerns, it included on its recall list additional toy items that included components that were on the recall list in the CPSC announcement, even though these components were not part of the recall.  TRU denies the remaining allegations of paragraph 145 of the Complaint.

146.    TRU admits that in order to alleviate potential customer concerns, it included on its recall list additional toy items that included components that were on the recall list in the CPSC announcement, even though these components were

not part of the recall.  TRU denies the remaining allegations of paragraph 146 of the Complaint.

147.   TRU admits the allegations of the first sentence of paragraph 147 of the Complaint.  TRU denies the allegations of the second sentence of paragraph 147 of the Complaint.

148.   TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 148 of the Complaint regarding the view of parents and, therefore, denies the same.  TRU admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  TRU states that the Center for Disease Control and Prevention ("CDC") statement quoted in paragraph 148 of the Complaint speaks for itself.

149.   TRU admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  TRU states that the CDC recommendation in the last sentence of paragraph 149 speaks for itself.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

150.   TRU admits that there are existing medical tests that can detect and/or measure lead levels in blood with varying degrees of accuracy.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

151.   TRU admits that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.

TRU denies that blood lead level screening is necessary or appropriate for children who used the toys recalled or replaced by Mattel and/or Fisher-Price. TRU states that the CDC Advisory Committee report referenced in paragraph 151 of the Complaint speaks for itself. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

152.   TRU states that the American Academy of Pediatrics' recommendations in paragraph 152 speak for themselves. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 of the Complaint in the absence of more information regarding levels and duration of exposure and, therefore, denies the same.

153.   TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint and, therefore, denies the same. TRU denies that blood lead level screening is necessary or appropriate for children who used the toys recalled or replaced by Mattel and/or Fisher-Price.

154.   TRU states that the Consumer Product Safety Modernization Act of 2007 referenced in paragraph 154 of the Complaint speaks for itself. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 of the Complaint and, therefore, denies the same.

155.   TRU states that the comments by Senators Pryor, Klobuchar and Nelson referenced in paragraph 155 of the Complaint speak for themselves. TRU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 155 of the Complaint and, therefore, denies the same.

156.   TRU states that the "Pryor-Stevens bill" and the Chicago Tribune article referenced in paragraph 156 of the Complaint speak for themselves. TRU lacks knowledge or information sufficient to form a belief as to the truth of the

1  remaining allegations in paragraph 156 of the Complaint and, therefore, denies the

2  same.

3        157.   The allegations in paragraph 157 of the Complaint are not directed at

4  TRU and do not require a response.

5        158.   The allegations in paragraph 158 of the Complaint are not directed at

6  TRU and do not require a response.

7        159.   TRU denies the allegations in the first sentence of paragraph 159 of

8  the Complaint.  The remaining allegations in paragraph 159 of the Complaint are

9  not directed at TRU and do not require a response.

10        160.   The allegations in paragraph 160 of the Complaint are not directed at

11  TRU and do not require a response.

12        161.   The allegations in paragraph 161 of the Complaint are not directed at

13  TRU and do not require a response.

14        162.   The allegations in the first sentence of paragraph 162 of the Complaint

15  are not directed at TRU and do not require a response.  TRU lacks knowledge or

16  information sufficient to form a belief as to the truth of the allegations in the last

17  sentence of paragraph 162 of the Complaint and, therefore, denies the same.

18        163.   TRU states that the article referenced in paragraph 163 and footnote 84

19  of the Complaint speaks for itself.  TRU lacks knowledge or information sufficient

20  to form a belief as to the truth of the allegations in the last sentence of paragraph

21  163 of the Complaint and, therefore, denies the same.

22        164.   TRU states that the *New York Times* article referenced in paragraph

23  164 and footnote 85 of the Complaint speaks for itself.  TRU lacks knowledge or

24  information sufficient to form a belief as to the truth of the remaining allegations in

25  paragraph 164 of the Complaint and, therefore, denies the same.

26        165.   TRU admits that it has over 100 stores in California.  The allegations

27  in the first sentence of paragraph 165 of the Complaint are a legal assertion and do

28

Case No.  07-ml-08197-DSF-AJWx
TOYS "R" US, INC.'S ANSWER

1  not require a response.  The remaining allegations in paragraph 165 of the

2  Complaint are not directed at TRU and do not require a response.

3      166.  TRU acknowledges that Plaintiffs purport to bring this action for

4  themselves and as a putative class action, but denies that this action may properly

5  be maintained as a class action and denies that any class alleged in the Complaint

6  satisfies the requirements of Federal Rule of Civil Procedure 23.

7      167.  TRU admits that the class alleged by Plaintiffs would include

8  thousands of people, but denies that this action may properly be maintained as a

9  class action and denies that any class alleged in the Complaint satisfies the

10  requirements of Federal Rule of Civil Procedure 23.  TRU denies the remaining

11  allegations in paragraph 167 of the Complaint.

12      168.  TRU denies the allegations in paragraph 168 of the Complaint,

13  including that the alleged common issues present common questions with respect to

14  any alleged class or that such alleged issues predominate over the inherently

15  individual questions raised by the claims in the Complaint.  TRU denies that this

16  action may properly be maintained as a class action and denies that any class

17  alleged in the Complaint satisfies the requirements of Federal Rule of Civil

18  Procedure 23.

19      169.  TRU lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of paragraph 169 of the Complaint regarding toys that

21  Plaintiffs or any putative class member may or may not have purchased and,

22  therefore, denies the same.  TRU denies the remaining allegations in paragraph 169

23  of the Complaint.  TRU denies that this action may properly be maintained as a

24  class action and denies that any class alleged in the Complaint satisfies the

25  requirements of Federal Rule of Civil Procedure 23.

26      170.  TRU lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of paragraph 170 of the Complaint and, therefore, denies

28  the same.  TRU denies that this action may properly be maintained as a class action

and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

171.   TRU denies the allegations in paragraph 171 of the Complaint.  TRU denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

172.   TRU denies the allegations in paragraph 172 of the Complaint.  TRU denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

## RESPONSE TO COUNT ONE

### Breach of Express Warranty

### (Against All Defendants)

173.   TRU incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

174.   The allegations in paragraph 174 of the Complaint contain legal assertions to which no response is required.

175.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  TRU admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the packaging of Mattel's and/or Fisher-Price's toys without more information identifying the specific toys and, therefore, denies the same.  TRU denies the remaining allegations in paragraph 175 of the Complaint.

176.   The allegations in paragraph 176 of the Complaint contain legal assertions to which no response is required.

177.   TRU denies the allegations in paragraph 177 of the Complaint.

178.   The allegations in paragraph 178 of the Complaint contain legal assertions to which no response is required.

179.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  TRU admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  The remaining allegations in paragraph 179 of the Complaint contain legal assertions to which no response is required.

180.   TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding Plaintiffs' and purported class members' alleged reliance and/or knowledge and, therefore, denies the same. TRU denies the remaining allegations in paragraph 180 of the Complaint.

181.   TRU denies the allegations in paragraph 181 of the Complaint.

182.   The allegations in paragraph 182 of the Complaint regarding notice requirements contain legal assertions to which no response is required.  TRU denies the remaining allegations in paragraph 182 of the Complaint.

183.   TRU denies the allegations in paragraph 183 of the Complaint.

## RESPONSE TO COUNT TWO

### Breach of Implied Warranty

### (Against All Defendants)

184.   TRU incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

185.   The allegations in paragraph 185 of the Complaint contain legal assertions to which no response is required.

186.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  TRU denies the remaining allegations in paragraph 186 of the Complaint.

187.   The allegations in paragraph 187 of the Complaint contain legal assertions to which no response is required.

188.   The allegations in paragraph 188 of the Complaint contain legal assertions to which no response is required.

189.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  TRU denies the remaining allegations in paragraph 189 of the Complaint.

190.   The allegations in paragraph 190 of the Complaint contain legal assertions to which no response is required.

191.   TRU denies the allegations in paragraph 191 of the Complaint.

192.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  TRU admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  TRU denies the remaining allegations in paragraph 192 of the Complaint.

193.   The allegations in paragraph 193 of the Complaint are not directed at TRU and do not require a response.

194.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  TRU admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  TRU denies the remaining allegations in paragraph 194 of the Complaint.

195.   TRU denies the allegations in paragraph 195 of the Complaint.

196.   The allegations in paragraph 196 of the Complaint regarding notice requirements contain legal assertions to which no response is required.  TRU denies the remaining allegations in paragraph 196 of the Complaint.

197.   TRU denies the allegations in paragraph 197 of the Complaint.

## RESPONSE TO COUNT THREE

### Negligence – Design, Manufacturing Defect and Failure to Warn

### (Against All Defendants)

198.   TRU incorporates by reference and restates their responses to the preceding paragraphs as if set forth fully herein.

199.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents.  TRU denies the remaining allegations in paragraph 199 of the Complaint.

200.   TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of the recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recalls contained lead that exceeded applicable standards.  TRU admits that, to its knowledge, Mattel and/or Fisher-Price have stated a reason for the recall involving magnets was that, while the toys met applicable standards when originally sold, Mattel had adopted a new design standard for securing magnets in toys and retroactively applied that design.  TRU also admits that, to its knowledge, Mattel and/or Fisher-Price stated that  tests of the Cuffs revealed levels of lead that, though fully compliant with all federal and international standards, were higher than anticipated and were noncompliant with an Illinois statute.  TRU denies the remaining allegations in paragraph 200 of the Complaint.

201.   The allegations in paragraph 201 of the Complaint contain legal assertions to which no response is required.

202.   TRU denies the allegations in paragraph 202 of the Complaint.

203.   TRU denies the allegations in paragraph 203 of the Complaint.

204.   TRU denies the allegations in paragraph 204 of the Complaint.

205.   TRU denies the allegations in paragraph 205 of the Complaint.

206.   TRU denies the allegations in paragraph 206 of the Complaint.

207.   The allegations in the first clause of paragraph 207 of the Complaint contain legal assertions to which no response is required.  TRU denies the remaining allegations in paragraph 207 of the Complaint.

## RESPONSE TO COUNT FOUR

**Strict Liability – Design Defect/Manufacturing Defect and Failure to Warn**

**(Against All Defendants)**

208.   TRU incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

209.   TRU admits that it sold some, but certainly not all, of the toys subject to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls and the 2007 Cuffs replacement by Mattel and/or Fisher-Price to consumers, including parents.  TRU denies the remaining allegations in paragraph 209 of the Complaint.

210.   TRU denies the allegations in paragraph 210 of the Complaint.

211.   TRU denies the allegations in paragraph 211 of the Complaint.

212.   TRU denies the allegations in paragraph 212 of the Complaint.

213.   TRU admits that the Mattel and/or Fisher-Price toys were expected to reach customers without substantial change in the toys' condition, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 213 of the Complaint and, therefore, denies the same.

214.   TRU denies the allegations in paragraph 214 of the Complaint.

215.   TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 regarding what Plaintiffs or any

putative class member would or would not do and, therefore, denies the same.  TRU denies the remaining allegations of paragraph 215 of the Complaint.

216.   TRU denies the allegations in paragraph 216 of the Complaint.

217.   The allegations in the first clause of paragraph 217 of the Complaint contain legal assertions to which no response is required.  TRU denies the remaining allegations in paragraph 217 of the Compliant.

## RESPONSE TO COUNT FIVE

### Violation of the Consumer Product Safety Act and Rules

### (Against All Defendants)

218.   TRU incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

219.   The allegations in paragraph 219 of the Complaint contain legal assertions to which no response is required.

220.   The allegations in paragraph 220 of the Complaint contain legal assertions to which no response is required.

221.   The allegations in paragraph 221 of the Complaint contain legal assertions to which no response is required.

222.   TRU states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  TRU denies the remaining allegations in paragraph 222 of the Complaint.

223.   TRU states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  TRU denies the remaining allegations in paragraph 223 of the Complaint.

224.   TRU states that the Court granted Defendants' motion to dismiss Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  TRU lacks knowledge or

1    information sufficient to form a belief as to the truth of the remaining allegations in

2    paragraph 224 regarding Plaintiffs' and purported class members' alleged reliance

3    and, therefore, denies the same.

4        225.    TRU states that the Court granted Defendants' motion to dismiss

5    Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

6    Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  TRU lacks knowledge or

7    information sufficient to form a belief as to the truth of the allegations in paragraph

8    225 regarding what Plaintiffs or any putative class member would or would not do

9    and, therefore, denies the same.  TRU denies the remaining allegations in paragraph

10   225 of the Complaint.

11       226.    TRU states that the Court granted Defendants' motion to dismiss

12   Plaintiffs' claims involving magnets and the Cuffs under the Consumer Protection

13   Safety Act.  *See* Cal. Civ. Mins. at 6, Nov. 24, 2008.  TRU denies the remaining

14   allegations in paragraph 226 of the Complaint.  TRU denies that Plaintiffs or any

15   putative class member are entitled to any of the relief sought.

16                    **RESPONSE TO COUNT SIX**

17           **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

18               **(Against the Manufacturer Defendants)**

19       227.    TRU incorporates by reference and restates its responses to the

20   preceding paragraphs as if set forth fully herein.

21       228.    The allegations in paragraph 228 of the Complaint are not directed at

22   TRU and do not require a response.

23       229.    The allegations in paragraph 229 of the Complaint are not directed at

24   TRU and do not require a response.

25       230.    The allegations in paragraph 230 of the Complaint are not directed at

26   TRU and do not require a response.

27       231.    The allegations in paragraph 231 of the Complaint are not directed at

28   TRU and do not require a response.

232.    The allegations in paragraph 232 of the Complaint are not directed at TRU and do not require a response.

233.    The allegations in paragraph 233 of the Complaint are not directed at TRU and do not require a response.

234.    The allegations in paragraph 234 of the Complaint are not directed at TRU and do not require a response.

235.    The allegations in paragraph 235 of the Complaint are not directed at TRU and do not require a response.

236.    The allegations in paragraph 236 of the Complaint are not directed at TRU and do not require a response.

237.    The allegations in paragraph 237 of the Complaint are not directed at TRU and do not require a response.

238.    The allegations in paragraph 238 of the Complaint are not directed at TRU and do not require a response.

239.    The allegations in paragraph 239 of the Complaint are not directed at TRU and do not require a response.

240.    The allegations in paragraph 240 of the Complaint are not directed at TRU and do not require a response.

## <u>RESPONSE TO COUNT SEVEN</u>

### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

### (On Behalf of California Resident Plaintiffs

### Against the Retailer Defendants)

241.    TRU incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

242.    The allegations in the first sentence of paragraph 242 of the Complaint contain legal assertions to which no response is required.  TRU denies the remaining allegations in paragraph 242 of the Complaint.

1     243.    The allegations in the first sentence of paragraph 243 of the Complaint

2 contain legal assertions to which no response is required. TRU denies the

3 remaining allegations in paragraph 243 of the Complaint.

4     244.    TRU denies the allegations in paragraph 244 of the Complaint.

5     245.    TRU denies the allegations in paragraph 245 of the Complaint.

6     246.    TRU lacks knowledge or information sufficient to form a belief as to

7 the truth of the allegations in paragraph 246 regarding Plaintiffs' and purported

8 class members' alleged reliance and, therefore, denies the same. TRU denies the

9 remaining allegations in paragraph 246 of the Complaint.

10     247.    The allegations in the first sentence of paragraph 247 of the Complaint

11 contain legal assertions to which no response is required. TRU denies the

12 remaining allegations in paragraph 247 of the Complaint.

13     248.    The allegations in the first sentence of paragraph 248 of the Complaint

14 contain legal assertions to which no response is required. TRU denies the

15 remaining allegations in paragraph 248 of the Complaint.

16     249.    TRU denies the allegations in paragraph 249 of the Complaint.

17     250.    TRU lacks knowledge or information sufficient to form a belief as to

18 the truth of the allegations in paragraph 250 regarding Plaintiffs' and purported

19 class members' alleged reliance and, therefore, denies the same. TRU denies the

20 remaining allegations in paragraph 250 of the Complaint.

21     251.    TRU lacks knowledge or information sufficient to form a belief as to

22 the truth of the allegations in paragraph 251 regarding what Plaintiffs or any

23 putative class member would or would not do and, therefore, denies the same. TRU

24 denies the remaining allegations in paragraph 251 of the Complaint.

25     252.    TRU denies the allegations in paragraph 252 of the Complaint.

26     253.    TRU denies the allegations in paragraph 253 of the Complaint. TRU

27 denies that Plaintiffs or any putative class member are entitled to any of the relief

28 sought.

254.    TRU acknowledges that Plaintiffs seek injunctive relief, but denies that Plaintiffs or any putative class member are entitled to any of the relief sought. TRU denies the remaining allegations in paragraph 254 of the Complaint.

### RESPONSE TO COUNT EIGHT

**Violation of Cal. Civ. Code § 1750, *et seq.***

**(Against the Manufacturer Defendants)**

255.    TRU incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

256.    The allegations in paragraph 256 of the Complaint are not directed at TRU and do not require a response.

257.    The allegations in paragraph 257 of the Complaint are not directed at TRU and do not require a response.

258.    The allegations in paragraph 258 of the Complaint are not directed at TRU and do not require a response.

259.    The allegations in paragraph 259 of the Complaint are not directed at TRU and do not require a response.

260.    The allegations in paragraph 260 of the Complaint are not directed at TRU and do not require a response.

261.    The allegations in paragraph 261 of the Complaint are not directed at TRU and do not require a response.

262.    The allegations in paragraph 262 of the Complaint are not directed at TRU and do not require a response.

263.    The allegations in paragraph 263 of the Complaint are not directed at TRU and do not require a response.

264.    The allegations in paragraph 264 of the Complaint are not directed at TRU and do not require a response.

1

## **RESPONSE TO COUNT NINE**

2

### **Violation of Cal. Civ. Code § 1750, *et seq.***

3

### **(On Behalf of California Resident Plaintiffs**

4

### **Against the Retailer Defendants)**

5   265.   TRU incorporates by reference and restates its responses to the

6   preceding paragraphs as if set forth fully herein.

7   266.   The allegations in the paragraph 266 of the Complaint contain legal

8   assertions to which no response is required.

9   267.   TRU denies the allegations in paragraph 267 of the Complaint.

10   268.   TRU denies the allegations in paragraph 268 of the Complaint.

11   269.   TRU lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations in paragraph 269 regarding Plaintiffs' and purported

13   class members' alleged reliance and, therefore, denies the same.  TRU denies the

14   remaining allegations in paragraph 269 of the Complaint.

15   270.   TRU denies the allegations in paragraph 270 of the Complaint.

16   271.   TRU lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations in paragraph 271 regarding what Plaintiffs or any

18   putative class member would or would not do and, therefore, denies the same.  TRU

19   denies the remaining allegations in paragraph 271 of the Complaint.

20   272.   TRU denies the allegations in paragraph 272 of the Complaint.

21   273.   TRU denies the allegations in paragraph 273 of the Complaint.

22   274.   TRU denies the allegations in paragraph 274 of the Complaint.  TRU

23   denies that Plaintiffs or any putative class member are entitled to any of the relief

24   sought.

25   275.   TRU acknowledges that Plaintiffs seek injunctive relief, but denies

26   that Plaintiffs or any putative class member are entitled to any of the relief sought.

27   TRU denies the remaining allegations in paragraph 275 of the Complaint.

28

1

## **RESPONSE TO COUNT TEN**

2

### **Violation of Cal. Civ. Code §§ 1792 & 1791.1(a)**

3

### **(On Behalf of California Purchasers**

4

### **Against All Defendants)**

5    276.   TRU incorporates by reference and restates its responses to the

6   preceding paragraphs as if set forth fully herein.

7    277.   The allegations in paragraph 277 of the Complaint contain legal

8   assertions to which no response is required.

9    278.   The allegations in paragraph 278 of the Complaint contain legal

10   assertions to which no response is required.

11    279.   The allegations in paragraph 279 of the Complaint contain legal

12   assertions to which no response is required.

13    280.   The allegations in paragraph 280 of the Complaint contain legal

14   assertions to which no response is required.

15    281.   The allegations in paragraph 281 of the Complaint contain legal

16   assertions to which no response is required.

17    282.   TRU denies the allegations in paragraph 282 of the Complaint.

18    283.   TRU denies the allegations in paragraph 283 of the Complaint.

19    284.   TRU denies the allegations in paragraph 284 of the Complaint.  TRU

20   denies that Plaintiffs or any putative class member are entitled to any of the relief

21   sought.

22

## **RESPONSE TO COUNT ELEVEN**

23

### **Violation of Cal. Civ. Code §§ 1792.1 & 1791.1(B)**

24

### **(On Behalf of California Purchasers**

25

### **Against the Manufacturer Defendants)**

26    285.   TRU incorporates by reference and restates its responses to the

27   preceding paragraphs as if set forth fully herein.

28

286.   The allegations in paragraph 286 of the Complaint are not directed at TRU and do not require a response.

287.   The allegations in paragraph 287 of the Complaint are not directed at TRU and do not require a response.

288.   The allegations in paragraph 288 of the Complaint are not directed at TRU and do not require a response.

289.   The allegations in paragraph 289 of the Complaint are not directed at TRU and do not require a response.

290.   The allegations in paragraph 290 of the Complaint are not directed at TRU and do not require a response.

## RESPONSE TO COUNT TWELVE

**Violation of Cal. Civ. Code §§ 1792.2 & 1791.1(b)**

**(On Behalf of California Purchasers**

**Against the Retailer Defendants)**

291.   TRU incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

292.   The allegations in paragraph 292 of the Complaint contain legal assertions to which no response is required.

293.   TRU admits that it expected the toys would be used by children consistent with the age restrictions noted for each toy.  TRU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293 regarding Plaintiffs' and purported class members' alleged reliance and, therefore, denies the same.  TRU denies the remaining allegations in paragraph 293 of the Complaint.

294.   TRU denies the allegations in paragraph 294 of the Complaint.

295.   TRU denies the allegations in paragraph 295 of the Complaint.

1    296.    TRU denies the allegations in paragraph 296 of the Complaint.  TRU

2    denies that Plaintiffs or any putative class member are entitled to any of the relief

3    sought.

4                    **RESPONSE TO COUNT THIRTEEN**

5                            **Unjust Enrichment**

6    297.    TRU incorporates by reference and restates its responses to the

7    preceding paragraphs as if set forth fully herein.

8    298.    TRU admits that it sold some, but certainly not all, of the toys subject

9    to the August 2, August 14, September 4, and October 25, 2007 voluntary recalls

10   and the 2007 Cuffs replacements by Mattel and/or Fisher-Price.  TRU admits that,

11   to its knowledge, Mattel and/or Fisher-Price have stated that a reason for some of

12   the recalls was that testing indicated that the paint on some part of certain of the

13   toys that were subject to the recalls contained lead that exceeded applicable

14   standards.  TRU admits that, to its knowledge, Mattel and/or Fisher-Price have

15   stated that a reason for the recall involving magnets was that, while the toys met

16   applicable standards when originally sold, Mattel had adopted a new design

17   standard for securing magnets in toys and retroactively applied that design.  TRU

18   admits that, to its knowledge, Mattel and/or Fisher-Price have stated that tests of the

19   Cuffs revealed levels of lead that, though fully compliant with all federal and

20   international standards, were higher than anticipated and were noncompliant with

21   an Illinois statute.  TRU denies the remaining allegations in paragraph 298 of the

22   Complaint.

23   299.    TRU admits that it receives a benefit from the sale of the Mattel and

24   Fisher-Price toys.  TRU denies the remaining allegations in paragraph 299 of the

25   Complaint.  TRU denies that Plaintiffs or any putative class member are entitled to

26   any of the relief sought.

27

28

Case No.  07-ml-08197-DSF-AJWx
TOYS "R" US, INC.'S ANSWER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## RESPONSE TO PRAYER FOR RELIEF

TRU denies that Plaintiffs or any putative class member are entitled to any of the relief sought in the WHEREFORE clause on page 82 of the Complaint. TRU denies that this action may properly be maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

FOR THEIR DEFENSES TO THE COMPLAINT, TARGET STATES AS FOLLOWS:

## ADDITIONAL ALLEGATIONS REGARDING AFFIRMATIVE DEFENSES

300. TRU repeats and realleges each and every allegation and factual averment contained above as if fully set forth herein.

301. The Recalled Toys[1] included magnet toys manufactured and sold as early as 2003. Upon information and belief, the overwhelming majority of such toys never manifested any loose magnets during the period of use of such toys, and the purchasers and users of such toys obtained full value for their purchase of such toys and suffered no injury.

302. Upon information and belief, the Recalled Toys included toys recalled because of the presence of lead in amounts in excess of applicable standards, but the recalls were intentionally over-inclusive and included many toys that did not have lead in amounts in excess of applicable standards.

303. On August 2, August 14, September 4, and October 25, 2007, Mattel, Fisher-Price and the CPSC announced voluntary recalls of the Recalled Toys related to lead in the paint on certain parts of some of the toys in excess of applicable standards and to a change in design related to the retention of small, powerful magnets. Mattel and Fisher-Price also provided for the replacement of certain toy blood pressure cuffs at the request of any consumer. Those consumers

---

[1] The term "Recalled Toys" means the toys subject to the voluntary recalls announced by Mattel, Fisher-Price and the CPSC on August 2, August 14, September 4, and October 25, 2007, and the 2007 product replacement program for Fisher-Price toy blood pressure cuffs.

who participated in the recalls or the cuff replacement received vouchers for replacement toys in an amount equal to or greater than the value of the Recalled Toys.  All consumers had the opportunity to participate in the recalls or the cuff replacement.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

304.  On information and belief, for the reasons set forth above in paragraphs 301-303 and elsewhere, Plaintiffs lack standing to assert some or all of the claims in the Complaint because they have suffered no injury in fact and lack standing to represent putative class members in the class they allege.

## SECOND AFFIRMATIVE DEFENSE

### (Claims Preemption)

305.  Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and actions of the Consumer Product Safety Commission in connection with the recalls.

## THIRD AFFIRMATIVE DEFENSE

### (Conduct Not "Unfair")

306.  Some or all of the claims in the Complaint, including Plaintiffs' claims under the California Business & Professions Code § 17200, *et seq.*, are barred in whole or in part because TRU's conduct was not unfair.  TRU acted responsibly to implement the recalls upon receiving notice, including, among other things, stopping sales of the Recalled Toys and removing them from store shelves, and taking steps to notify consumers of the recalls.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

307.  Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.  Upon information and belief, because of the announcements of and overwhelming publicity regarding the recalls, members of

the public, including at least some Plaintiffs or members of the putative class, were aware of the facts regarding the bases for the recalls and the cuff replacements, returned the toys as part of the recalls or cuff replacements and received vouchers, creating the reasonable belief on the part of TRU that such Plaintiffs or members of the putative class accepted the benefits of the recalls or cuff replacements pursuant to their terms.  Upon information and belief, many such Plaintiffs or members of the putative class gave no indication that they also demanded a full refund for the Recalled Toys, and TRU remained unaware of such, but instead relied on the belief that such Plaintiffs or members of the putative class intended to participate in the recalls and cuff replacements to address any issues with the Recalled Toys.

## FIFTH AFFIRMATIVE DEFENSE

### (Prohibition Against Excessive Penalties)

308.   Some or all of Plaintiffs' claims are barred to the extent Plaintiffs seek to impose penalties that violate the California Constitution's prohibition against excessive penalties and/or similar provisions in other state constitutions.

## SIXTH AFFIRMATIVE DEFENSE

### (Excessive Fines Clause of the Eighth Amendment to the United States Constitution)

309.   Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process Clause of the Fourteenth Amendment to the United States Constitution)

310.   Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

311.   Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.  In particular, to the extent Plaintiffs' claims under California Business & Professions Code § 17200 are based on an alleged violation of Proposition 65, California Health and Safety Code Section 25249.6 and the presence of lead in the paint on the parts of some toys, Section 25249.10 exempts liability in some or all cases.  Moreover, the CPSA provided standards for the presence of lead in paint under which the sales of products were not prohibited.

## NINTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

312.   Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

313.   Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiffs was caused not by TRU's actions, but by a superseding cause.  To the extent the Lead Toy Plaintiffs or Cuff Plaintiffs allege elevated blood lead levels in their children, such elevated blood lead levels were not caused by the Recalled Toys but, upon information and belief, was caused by other conditions or materials to which such children have been or are being exposed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

314.   Some or all of the claims in the Complaint are barred in whole or in part because some or all of the Plaintiffs are not in privity with TRU.

## TWELTH AFFIRMATIVE DEFENSE

### (Res Judicata/Claim Preclusion)

315.   The Plaintiffs' request for injunctive relief based on alleged violations of California's Proposition 65 is barred because the California Attorney General brought such claims and entered into a consent judgment that resolved the claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence/Failure to Mitigate)

316.   Any injury sustained by Plaintiffs may have been caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due care, including any situations where Plaintiffs continued to make use of the Recalled Toys after the respective recall announcements, and therefore such Plaintiffs are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiffs. Continued use of the Recalled Toys after the recall announcements also constitutes a failure to mitigate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

317.   Some or all of the relief Plaintiffs request may result in multiple recoveries, thereby violating Defendants' due process rights under the United States and/or California Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Statutory Claim)

318.   To the extent Plaintiffs seek to assert claims under California law on behalf of a nationwide class, some or all of the putative class members outside California lack standing to assert such claims because their claims do not have a sufficient nexus to California to permit the constitutional application of the California statutes to their claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actionable Representations)

319.   Some or all of Plaintiffs' claims fail because they are not based on actionable representations by TRU, but are based on generalized statements of corporate policy or governance or generalized goals regarding safety that are not actionable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Responsive Actions Taken Barring Claims for Damages)

320.   Any claim for damages under California Civil Code § 1750, *et seq.* is barred because, pursuant to at least California Civil Code § 1782, TRU, Mattel and/or Fisher-Price have taken reasonable steps to inform consumers of the recalls and taken appropriate responsive action, including but not limited to, the issuance of vouchers or replacement parts as part of the recalls.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intentional Action)

321.   Any claim for damages under California Civil Code § 1750, *et seq.* is barred because, pursuant to at least California Civil Code § 1784, TRU's actions were not intentional, but resulted from bona fide errors despite reasonable procedures in place.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Sufficient Notice)

322.   Any claim for damages under state consumer protection laws is barred because Plaintiffs failed to provide sufficient and/or adequate notice as required.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Offset)

323.   Upon information and belief, many of the Recalled Toys were used for months and/or years without incident by Plaintiffs.  TRU is entitled to a full or complete offset against any damages for the benefits of such use by Plaintiffs or

1  their children.  Moreover, to the extent any Plaintiff participated in the recalls or the

2  cuff replacements, TRU is entitled to an offset against any damages for the value of

3  the vouchers or any other benefits provided to such Plaintiffs.

4  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

5  **(Statute of Limitations)**

6  324.   Plaintiffs seek certification of a class of plaintiffs who may have

7  purchased toys as far back as May 2003, but did not file suit until, at the earliest,

8  August 2007.  Consequently, some or all of Plaintiffs' claims are barred by

9  applicable statutes of limitations under California law or the law of other states as

10  may be applicable to Plaintiffs' claims.

11                          Respectfully submitted,

12  Dated: January 28, 2009          JONES DAY

13

14                    By:    s/ Mark R. Hall

15                          Elwood Lui (SBN 45538)
                            Rick L. Shackelford (SBN 151262)
16                          555 South Flower Street, 50th Floor
                            Los Angeles, CA 90071
17                          Telephone:  (213) 243-2435
                            Facsimile:   (213) 243-2539
18
                            Thomas E. Fennell
19                          Michael L. Rice
                            Mark R. Hall
20                          JONES DAY
                            2727 N. Harwood St.
21                          Dallas, TX 75201
                            Telephone:  (214) 220-3939
22                          Facsimile:   (214) 969-5100

23

24

25

26

27

28

Case No.  07-ml-08197-DSF-AJWx
TOYS "R" US, INC.'S ANSWER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hugh Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600

Attorneys for Defendants
MATTEL, INC., FISHER-PRICE, INC.,
TARGET CORPORATION, TOYS "R"
US, INC., KB TOYS, INC., AND KMART
CORPORATION

Case No. 07-ml-08197-DSF-AJWx
TOYS "R" US, INC.'S ANSWER

# DEMAND FOR A JURY TRIAL

TRU demands a trial by jury of all claims triable by a jury.

Respectfully submitted,

Dated: January 28, 2009

JONES DAY

By:    s/ Mark R. Hall

Elwood Lui (SBN 45538)
Rick L. Shackelford (SBN 151262)
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 243-2435
Facsimile:   (213) 243-2539

Thomas E. Fennell
Michael L. Rice
Mark R. Hall
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:  (214) 220-3939
Facsimile:   (214) 969-5100

Hugh Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

Attorneys for Defendants
MATTEL, INC., FISHER-PRICE, INC.,
TARGET CORPORATION, TOYS "R"
US, INC., KB TOYS, INC., AND KMART
CORPORATION

Case No.  07-ml-08197-DSF-AJWx
TOYS "R" US, INC.'S ANSWER

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2009.

s/ Rick L. Shackelford
Rick L. Shackelford

JONES DAY
555 S. Flower St., 50th Flr.
Los Angeles, CA  90071
Telephone:  213/489-3939
Facsimile:  213/243-2539

E-mail:  rlshackelford@jonesday.com

DLI-6226878v2

Case No.  07-ml-08197-DSF-AJWx
TOYS "R" US, INC.'S ANSWER