

Robert H. Bunzel, State Bar No. 99395
Michael D. Abraham, State Bar No. 125633
Brian P. Villarreal, State Bar No. 234690
Duyen T. Nguyen, State Bar No. 225368
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
rbunzel@bztm.com
mabraham@bztm.com
bvillarreal@bztm.com
dnguyen@bztm.com

Attorneys for Defendant
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | No. 2:07-ml-01897-DSF-AJW |
| | **FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC. TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT** |
| | Trial Date:     N/A |

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") answers the Second Consolidated Amended Complaint filed May 16, 2008 in this action, following this Court's November 24, 2008 Civil Minute General Order Granting In Part and Denying In Part Defendant's Motions to Dismiss, as follows:[1]

## PRELIMINARY STATEMENT

With regard to the Second Consolidated Amended Complaint's opening un-numbered statement at page 1 lines 1-13, Wal-Mart denies (i) that plaintiffs are entitled to any compensatory damages or equitable, injunctive or declaratory relief, (ii) that the Second Consolidated Amended Complaint sets forth a proper class action, and (iii) that Wal-Mart sold "hazardous" toys. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of any allegations therein.

The Second Consolidated Amended Complaint uses the term "Defendants" throughout, creating undifferentiated claims, and except as admitted below, Wal-Mart denies any allegations that plaintiffs may have in the aggregate asserted against Wal-Mart. The following numbered responses are in relation to the numbered paragraphs in the Second Consolidated Amended Complaint.

## RESPONSE TO JURISDICTION AND VENUE

1. Wal-Mart denies that this Court has subject matter jurisdiction, given plaintiffs' lack of standing under the United States Constitution, Article III, and thus Wal-Mart denies that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Wal-Mart admits that this Court has personal jurisdiction as to Wal-Mart. Wal-Mart admits it is authorized to conduct business in the State of California, denies it sold "hazardous" toys, and denies the balance of the allegations

---

[1]    This Answer does not respond to the footnotes in the Second Consolidated Amended Complaint referencing various news articles, press releases, etc., as such references are not charging allegations.

-1-

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL

1  due to lack of knowledge or information sufficient to form a belief about the truth of

2  such allegations.

3      2.    Wal-Mart admits that it conducts interstate trade and commerce

4  in this judicial district, and lacks sufficient knowledge or information to form a

5  belief about the truth of the allegations at ¶ 2 regarding other parties.

## RESPONSE TO NATURE OF THE ACTION

7      3.    Wal-Mart admits that this action arises out of nationwide recalls

8  of children's toys.  Wal-Mart admits that it sold some of these toys and expected

9  such toys to be used by age-appropriate children and to be compliant with all

10  relevant state and federal laws.  Wal-Mart denies the balance of the allegations at

11  ¶ 3.

12      4.    Wal-Mart denies the allegations at ¶ 4.

13      5.    Wal-Mart admits that defendant Mattel Inc. ("Mattel") and the

14  Consumer Product Safety Commission ("CPSC") on or about August 1, 2007

15  announced a toy recall related to lead paint, including as to Sesame Street and

16  Nickelodeon toys that were marketed to and sold for age-appropriate children, and

17  denies the balance of the allegations at ¶ 5.

18      6.    Wal-Mart admits that defendant Mattel and the CPSC on or about

19  August 15, 2007 announced an additional recall of toys made in China related to

20  lead paint and magnets and that other Mattel or Fisher-Price, Inc. ("Fisher-Price")

21  related recalls occurred on or about September 4, 2007 and October 25, 2007, and

22  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth

23  of the balance of the allegations at ¶ 6.

24      7.    Wal-Mart admits that it sold, in the United States, some of the

25  recalled toys that are the subject of this action, and Wal-Mart lacks sufficient

26

27

28

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller A Personal Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-2-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

1  knowledge or information to form a belief about the truth of the balance of the

2  allegations at ¶ 7.

3          8.    The allegations in ¶ 8 are not directed to Wal-Mart, and to the

4  extent they are, Wal-Mart denies its conduct has caused harm and lacks sufficient

5  knowledge or information to form a belief about the truth of the balance of the

6  allegations at ¶ 8.

7          9.    The allegations in ¶ 9 are not directed to Wal-Mart, and to the

8  extent they are, Wal-Mart lacks sufficient knowledge or information to form a belief

9  about the truth of the allegations at ¶ 9.

10         10.   Wal-Mart admits it knew age-appropriate children would use

11  some of the recalled toys; Wal-Mart denies that it failed to adequately monitor and

12  inspect the safety of the recalled toys; and Wal-Mart lacks sufficient knowledge or

13  information to form a belief about the truth of the balance of allegations at ¶ 10 to

14  the extent they are directed to Wal-Mart.

15         11.   Wal-Mart admits it knew age-appropriate children would play

16  with some of the recalled toys, and Wal-Mart denies the balance of the allegations at

17  ¶ 11 and denies it made any of the alleged representations.

18         12.   Wal-Mart admits that Mattel/Fisher-Price and the CPSC

19  announced toy recalls between August 2, 2007 and October 25, 2007 that reportedly

20  included millions of toys, and Wal-Mart denies the recalls were the result of any

21  failure by Wal-Mart to put adequate controls in place.  Wal-Mart lacks sufficient

22  knowledge or information to form a belief about the truth of the balance of the

23  allegations at ¶ 12.

24         13.   Wal-Mart admits that on or about August 14, 2007, Mattel and

25  the CPSC announced recalls of toys that contained magnets and that one of the

26  magnet recalls was an expansion of a voluntary recall November 21, 2006, and

27

28

-3-

BARTKO ZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   Wal-Mart denies that the characterization of the recalled toys in fn. 2 is accurate or

2   proper. Wal-Mart lacks sufficient knowledge or information to form a belief about

3   the truth of the balance of the allegations at ¶ 13.

4          14.   Wal-Mart lacks sufficient knowledge or information to form a

5   belief about the truth of the allegations at ¶ 14 as they relate to other defendants, and

6   Wal-Mart denies that the subject blood pressure cuffs were available for purchase at

7   Wal-Mart at the time alleged at ¶ 14, and Wal-Mart denies that Wal-Mart limited its

8   recall to only Illinois.   Wal-Mart lacks sufficient knowledge or information

9   concerning what plaintiffs mean by "other toy products" made in China at ¶ 14, and

10  Wal-Mart alleges that at oral argument September 8, 2008 in this action, plaintiffs

11  affirmatively stated that such "other toys" are not the subject of this action.

12         15.   Wal-Mart lacks sufficient knowledge or information to form a

13  belief about the truth of any alleged exposure or physical injury to any plaintiff of

14  any kind related to the subject toys, and based on the allegations of the Second

15  Consolidated Amended Complaint, Wal-Mart denies the same.   Wal-Mart admits

16  that lead, like many other substances not intended for ingestion, has been recognized

17  to cause adverse effects on some people if ingested in sufficiently large quantities

18  over a sufficient period of time.   Wal-Mart admits that loose magnets, which are not

19  intended for ingestion, have been recognized to have a potential to cause adverse

20  effects if ingested.

21

22

23

24

25

26

27

28

-4-

BARTKO ZANKEL
Attorneys at Law
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

## RESPONSE TO PLAINTIFF PARTIES

16-34.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations concerning (i) any plaintiff's purchase of any of the subject toys or receipt thereof as gifts, and (ii) any plaintiff's state of mind about what any plaintiff or plaintiff parent or guardian would or would not have done with different knowledge or information concerning such toys. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of any alleged exposure or physical injury to any plaintiff of any kind related to the subject toys, and based on the allegations of the Second Consolidated Amended Complaint, Wal-Mart denies the same.

## RESPONSE TO MANUFACTURER DEFENDANT PARTIES

35-36.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶¶ 35-36 regarding the manufacturer defendants Mattel and Fisher-Price, Inc. ("Fisher-Price") and their business, corporate structure, situs and activities. Wal-Mart admits that at certain times Mattel and Fisher-Price have sold the products described in ¶¶ 35-36.

## RESPONSE TO RETAILER DEFENDANT PARTIES

37-38; 40-41.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations describing the business, size, corporate structure, ownership, situs or activities of the other retailer defendants in this action, or the extent to which such other retailer defendants distributed and sold the Mattel and Fisher-Price toys that are the subject of this action.

39.    Wal-Mart admits the allegations in the first three sentences of ¶ 39, which are consistent with its public reports, but Wal-Mart denies that any non-Wal-Mart sales and operations of subsidiary or affiliate segments are relevant to

-5-

this action. Wal-Mart admits it has sold Mattel and Fisher-Price toys, and denies it
sold "hazardous" toys.

### RESPONSE TO FACTUAL ALLEGATIONS

42.     Wal-Mart admits that various federal and state laws, including
those described at ¶ 42, concern the manufacture or sale of products containing lead.
Wal-Mart lacks sufficient knowledge or information to form a belief about the truth
of the balance of the allegations at ¶ 42, especially as they apply to the facts of this
case.

43-44.     Wal-Mart admits that the federal statutes and regulations
identified at ¶¶ 43-44 have been adopted, and that such laws and regulations speak
for themselves.

45-49.     Wal-Mart admits that lead, like many other substances not
intended for ingestion, has been recognized, including by persons identified at ¶¶
46-47, to cause adverse effects on some people if ingested in sufficiently large
quantities over a sufficient period of time.  Wal-Mart lacks sufficient knowledge or
information to form a belief about the truth as to the balance of the allegations at
¶¶ 45-49.

50-52.     Wal-Mart denies that it designed or manufactured toys that
posed a substantial risk to children.  Wal-Mart admits that loose magnets, which are
not intended for ingestion, have been recognized, including by persons identified at
¶¶ 50-52, to have a potential to cause adverse effects if ingested, and that the CPSC
has issued press releases regarding the danger of ingesting magnets.  Wal-Mart lacks
sufficient knowledge or information to form a belief about the truth as to the balance
of the allegations at ¶¶ 50-52.

53-70.     These allegations are directed to the manufacturer
defendants Mattel and Fisher-Price, and Wal-Mart lacks sufficient knowledge or

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-6-

information to form a belief about the truth of the allegations at ¶¶ 53-70. Wal-Mart denies that it made any of the alleged representations and denies any other allegation in these paragraphs to the extent directed to Wal-Mart.

71. Wal-Mart denies the allegations at ¶ 71.

72. Wal-Mart denies the allegations at ¶ 72.

73-74. These allegations are directed to retailers Target and Toys "R" Us, and Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶¶ 73-74.

75. Wal-Mart admits that as of May 15, 2008, the statements quoted at ¶ 75 were on the walmart.com website, and Wal-Mart alleges that the statements on its website in 2008 are irrelevant and inadmissible.

76. These allegations are directed to retailer KB Toys, and Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 76.

77-81. These allegations concern alleged representations made by or through the Toy Manufacturers of America association (TMA), and Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶¶ 77-81.

82-83. Wal-Mart admits that the packaging on some Mattel and Fisher-Price toys refer to ASTM, and Wal-Mart lacks sufficient knowledge or information concerning the balance of the allegations at ¶¶ 82-83 that are directed to the manufacturer defendants. Wal-Mart denies that by selling toys manufactured by the manufacturer defendants that Wal-Mart has adopted or made representations to consumers regarding such standards.

84. Wal-Mart admits that various regulations limit the amount of lead content in paint on products marketed to children, including 16 CFR § 1303.1,

-7-

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, A Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

*et seq.*, and Wal-Mart lacks sufficient knowledge or information to form a belief as to other defendants' manufacture, design, marketing, distribution or sale of toy products containing lead or lead paint. Wal-Mart admits that many, though not all, of the toys it sells are manufactured in China. Wal-Mart denies the balance of the allegations at ¶ 84.

85.    Wal-Mart denies that its practices have not ceased (changed) since the recall of Mattel and Fisher-Price toys 2006-2007. Wal-Mart admits that between January 2005 and August 2007, CPSC and various manufacturers and retailers initiated recalls of certain Chinese-made toys related to lead paint, and that such recall announcements were generally publicly available on the CPSC website. Wal-Mart lacks sufficient knowledge or information to form a belief as to the truth of the balance of the allegations at ¶ 85.

86.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 86.

87.    Wal-Mart admits that CPSC Commissioner Thomas H. Moore made the partial statement described at ¶ 87 in 2007.

88.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations concerning recalls initiated by other defendants and the CPSC as alleged at ¶ 88. Wal-Mart admits that in May 2007, October 2007 and in April 2008, Wal-Mart issued or participated in recalls of products manufactured in China that may contain lead potentially in excess of permissible levels. Wal-Mart denies the balance of the allegations at ¶ 88.

89.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 89.

90-94.    These allegations concern Mattel's alleged failure to timely notify government agencies or to act more promptly to recall the subject toys.

BARTKO ZANKEL
Barko Zankel Tarrant & Miller | Lewis & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-8-

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

1    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth

2    of the allegations at ¶¶ 90-94.    To the extent these allegations are directed to

3    Wal-Mart, it denies the allegations.

4         95-99.    These allegations concern Mattel's alleged awareness of

5    dangers posed by magnets in certain toys before November 21, 2006.  Wal-Mart

6    lacks sufficient knowledge or information to form a belief about the truth of the

7    allegations at ¶¶ 95-99.

8         100.   These allegations concern Mattel's oversight and quality

9    controls.  Wal-Mart lacks sufficient knowledge or information to form a belief about

10   the truth of the allegations at ¶ 100.

11        101.   Wal-Mart admits that it is generally aware of the requirements of

12   federal and state laws regarding hazardous substances related to toy products.

13   Wal-Mart denies the balance of the allegations at ¶ 101.

14        102.   Wal-Mart lacks sufficient knowledge or information to form a

15   belief about the truth of the allegations at ¶ 102 concerning CPSC staffing, and

16   denies that Wal-Mart had a duty to implement more stringent standards than CPSC

17   or other applicable government regulation required, and denies the balance of the

18   allegations at ¶ 102.

19        103.   Wal-Mart lacks sufficient knowledge or information to form a

20   belief about the truth of the allegations at ¶ 103, and states that the news article

21   quotation at ¶ 103 speaks for itself.

22        104-119.    These allegations concern products, dates and volumes

23   regarding Mattel and Fisher-Price toy recalls concerning lead in surface

24   coatings/paint.  Wal-Mart admits (i) that these recalls occurred on or about the dates

25   asserted, (ii) that Mattel's, Fisher-Price's and the CPSC's recall announcements

26   identifying specific toys were made known to Wal-Mart at or about the time of such

27

28

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

recalls, and (iii) that such recalls were the subject of press releases and news articles described in ¶¶ 104-119.    Wal-Mart admits that Exhibits A-D to the Second Consolidated Amended Complaint identify toys that were the subject of these recalls.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of the allegations at ¶¶ 104-119.

120-129.    These allegations concern five recalls of Mattel toys related to small magnets November 2006-August 2007.    Wal-Mart admits (i) that these recalls occurred on or about the dates alleged, (ii) that Mattel's, Fisher-Price's and the CPSC's recall announcements identifying specific toys were made known to Wal-Mart at or about the time of such recalls, and (iii) that the press release described at ¶ 128 occurred. Wal-Mart admits that Exhibits E-I to the Second Consolidated Amended Complaint identify the toys that were the subject of these recalls.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of the allegations at ¶¶ 120-129.

130-131.    These allegations concern Mattel's alleged improper design of the magnet toys and alleged failure to inspect or test such toys.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶¶ 130-131.

132-143.    These allegations concern Mattel's alleged failure to issue recalls of other toys.    Wal-Mart admits (i) that the press releases described at ¶¶ 134-135 were issued, (ii) that the Attorney General of Illinois in December 2007 warned consumers that certain Fisher-Price toy blood pressure cuffs contained potentially high levels of lead, and (iii) that certain members of Congress in January 2008 sent a letter to Mattel.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of the allegations at ¶¶ 132-143, and such allegations are not directed to Wal-Mart, which ceased selling the subject

-10-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC. TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  Fisher-Price toy blood pressure cuffs on a nationwide basis before this lawsuit was

2  initiated against Wal-Mart.

3        144-147.    These allegations concern alleged discrepancies between

4  Mattel and Fisher-Price recalls, and retailers other than Wal-Mart.  Wal-Mart lacks

5  sufficient knowledge or information to form a belief about the truth of the

6  allegations at ¶¶ 144-147.

7        148-153.    Wal-Mart lacks sufficient knowledge or information to

8  form a belief about the truth of the allegations at ¶¶ 148-153, but based on the

9  allegations in the Second Consolidated Amended Complaint, denies the asserted

10  need for a screening remedy.

11        154-158.    These allegations concern Congressional and state

12  lawmaking efforts to regulate toys, which laws and regulations speak for themselves,

13  though Wal-Mart avers that the Consumer Product Safety Improvement Act of 2008

14  (CPSIA) was passed subsequent to plaintiffs' May 16, 2008 Second Consolidated

15  Amended Complaint.  To the extent such allegations are directed against Wal-Mart,

16  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth

17  of the allegations at ¶¶ 154-158.

18        159-161.    These allegations concern the situs of defendants Mattel

19  and Fisher-Price and their relationship to California.  To the extent such allegations

20  are directed at Wal-Mart, Wal-Mart lacks knowledge or information sufficient to

21  form a belief about the truth of the allegations at ¶¶ 159-161.

22        162-164.    Wal-Mart admits that some Mattel toys are shipped from

23  China through California ports.  Wal-Mart lacks knowledge or information sufficient

24  to form a belief about the truth of the balance of the allegations at ¶¶ 162-164.

25        165.  Wal-Mart admits that there were 33 Wal-Mart Supercenters and

26  139 Wal-Mart Discount stores in the state of California as of August 2008, and

27

28

-11-

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

denies the balance of the allegations directed to Wal-Mart at ¶ 165. Wal-Mart lacks sufficient knowledge or information to form a belief as to the allegations directed to other retailers at ¶ 165.

## CLASS ACTION ALLEGATIONS

166. Wal-Mart acknowledges that plaintiffs purport to bring this action as a proposed class action, but denies that this action may properly be maintained as a class action and denies that any class alleged in the Second Consolidated Amended Complaint satisfies the requirements of F.R.C.P. Rule 23.

167. Wal-Mart admits that the class alleged by plaintiffs would include thousands of people or more, but denies that this action may be properly maintained as a class action and denies that any class alleged in the Second Consolidated Amended Complaint satisfies the requirements of F.R.C.P. Rule 23.

168. Wal-Mart denies the allegations at ¶ 168 of the Second Consolidated Amended Complaint, including that alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the individual questions raised by the claims of plaintiffs.

169. Wal-Mart lacks knowledge or information sufficient to form a belief as to the allegations at ¶ 169 regarding what toys plaintiffs purchased, and Wal-Mart denies the balance of the allegations at ¶ 169

170. Wal-Mart denies the allegations at ¶ 170.

171. Wal-Mart denies the allegations at ¶ 171.

172. Wal-Mart denies the allegations at ¶ 172.

## RESPONSE TO COUNT ONE
### (Breach of Express Warranty)

173. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

-12-

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

174.  This paragraph sets forth a principle of statutory law that speaks for itself.  Wal-Mart denies any other allegations at ¶ 174.

175.  Wal-Mart admits it sold, in the United States, some of the recalled toys, denies it sold "hazardous" toys and that some and perhaps all of the recalled toys' packaging referred to ASTM.  Wal-Mart denies the balance of the allegations in ¶ 175 to the extent directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 175.

176.  Wal-Mart denies the allegations at ¶ 176 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 176.

177.  Wal-Mart denies the allegations at ¶ 177 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 177.

178.  This paragraph sets forth statutory references and such statutes speak for themselves.  Wal-Mart denies any other allegations at ¶ 178.

179.  Wal-Mart admits it sold, in the United States, some of the recalled toys, admits it expected the toys would be used by age-appropriate children, and denies it sold "hazardous" toys. Wal-Mart denies the balance of allegations at ¶ 179 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 179.

180.  Wal-Mart denies the allegations at ¶ 180 to the extent the allegations are directed to Wal-Mart.  Wal-Mart lacks sufficient knowledge or

-13-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

information to form a belief about the truth of allegations asserted against any other defendants at ¶ 180.

181.   Wal-Mart denies the allegations at ¶ 181 to the extent the allegations are directed to Wal-Mart.   Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 181.

182.   Wal-Mart denies the allegations at ¶ 182 to the extent the allegations are directed to Wal-Mart.   Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 182.

183.   Wal-Mart denies the allegations at ¶ 183 to the extent the allegations are directed to Wal-Mart.   Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of allegations asserted against any other defendants at ¶ 183.

## RESPONSE TO COUNT TWO
### (Breach of Implied Warranty)

184.   Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

185.   This paragraph references statutory law, and such statutes speak for themselves.  Wal-Mart denies any other allegations at ¶ 185.

186.   Wal-Mart admits it sold, in the United States, some of the recalled toys, admits it expected the toys would be used by age-appropriate children, and denies it sold "hazardous" toys. Wal-Mart denies the balance of any allegations at ¶ 186.

187.   This paragraph sets forth statutory references that speak for themselves.  Wal-Mart denies any other allegations at ¶ 187.

-14-

BARTKO ZANKEL
Bartko Zankel Bunzel Miller · Cavell & Malowan, Inc., a P Council
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 · Fax (415) 956-1152

188.  Wal-Mart denies that it is a designer, manufacturer or producer of the toys that are the subject of this action.  Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations or legal conclusion at ¶ 188 as applied to "various" states and "toys."

189.  Wal-Mart lacks sufficient information or knowledge to form a belief about the allegations directed to the manufacturer defendants at ¶ 189. Wal-Mart admits that Wal-Mart is a retailer of high quality toy products and that Wal-Mart expects such products to comply with all applicable state and federal regulations, and Wal-Mart denies the balance of the allegations at ¶ 189.

190.  Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the legal conclusion at ¶ 190 as applied to "various" states and "toys."

191.  Wal-Mart admits that it sells products that are intended to be reasonably safe, and denies the balance of any allegations at ¶ 191.

192.  Wal-Mart admits it expected that many of the toys that are the subject of this action and were sold by Wal-Mart would be used by age-appropriate children.  Wal-Mart denies the balance of the allegations at ¶ 192.

193.  The allegations at ¶ 193 are directed to the manufacturer defendants and not Wal-Mart.  Wal-Mart admits that it expected all of the subject toys to comply with state and federal regulations.  Wal-Mart denies the balance of the allegations at ¶ 193.

194.  Wal-Mart admits that it expected some of the subject toys that it sold would be used for play by age-appropriate children.  The balance of the allegations at ¶ 194 are legal conclusions or directed to defendants other than Wal-Mart, and to the extent they are allegations directed to Wal-Mart, Wal-Mart denies the same.

-15-

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

195. Wal-Mart denies the allegations at ¶ 195 to the extent the allegations are directed to Wal-Mart. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations or legal conclusions at ¶ 195.

196. Paragraph 196 contains legal conclusions regarding plaintiffs' duty of notice to defendants. To the extent ¶ 196 contains allegations directed at Wal-Mart or concern allegations that plaintiffs have met their notice duties to Wal-Mart, Wal-Mart denies the same.

197. Wal-Mart denies the allegations at ¶ 197 to the extent the allegations are directed to Wal-Mart. Wal-Mart lacks knowledge or information sufficient to form a belief about the truth of the allegations at ¶ 197 asserted against other defendants.

## RESPONSE TO COUNT THREE
### (Negligence – Design, Manufacturing Defect and Failure to Warn)

198. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

199. Wal-Mart admits some of the subject toys were sold to parents of age-appropriate children. Wal-Mart denies the balance of the allegations at ¶ 199 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 199 directed to other defendants.

200. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 200 as it applies to all of the recalled toys, except it states that testing for some of the recalled toys indicated paint on part of some toys contained lead that exceeded applicable standards.

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-16-

201. Wal-Mart denies the allegations at ¶ 201 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 201 directed to other defendants.

202. Wal-Mart denies the allegations at ¶ 202 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 202 directed to other defendants.

203. Wal-Mart denies the allegations at ¶ 203(a)-(d) to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 203(a)-(d) directed to other defendants.

204. Wal-Mart denies the allegations at ¶ 204 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 204 directed to other defendants.

205. Wal-Mart denies the allegations at ¶ 205 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 205 directed to other defendants.

206. Wal-Mart denies the allegations at ¶ 206 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 206 directed to other defendants.

207. This paragraph does not contain allegations directed at Wal-Mart; to the extent it does, Wal-Mart denies the same.

-17-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Bartko Zankel Tarrant Miller & Bunford, inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

## RESPONSE TO COUNT FOUR
### (Strict Liability-Design Defect/Manufacturing Defect and Failure to Warn)

208.    Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

209.    Wal-Mart admits that some of the subject toys were sold to parents of age-appropriate children, and Wal-Mart denies the balance of the allegations at ¶ 209 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 209 directed to other defendants.

210.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 210 concerning defective design and/or manufacturing.

211.    Wal-Mart denies the allegations at ¶ 211 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 211 directed to other defendants.

212.    Wal-Mart admits that Wal-Mart did not expect consumers buying the subject toys to inspect them for non-obvious dangers.    Wal-Mart denies the balance of the allegations at ¶ 212.

213.    Wal-Mart admits that it did not expect the subject toys to substantially change their condition when such products reached consumers. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the balance of the allegations at ¶ 213.

214.    Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations at ¶ 214 regarding any alleged design and manufacture defects in the subject toys, and Wal-Mart avers that it had no duty to warn or inspect such toys for any latent defects prior to sale.

-18-

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

1    215.  Wal-Mart lacks sufficient knowledge or information to form a
2    belief about the truth of any plaintiff's state of mind alleged at ¶ 215.

3    216.  Wal-Mart denies the allegations at ¶ 216 to the extent the
4    allegations are directed to Wal-Mart.

5    217.  This paragraph does not contain an allegation directed at
6    Wal-Mart, to the extent it does, Wal-Mart denies the same.

### RESPONSE TO COUNT FIVE
**(Violation of Consumer Product Safety Act)**

8

9    218.  Wal-Mart incorporates by reference and restates its responses to
10   the preceding paragraphs as if fully set forth herein.

11   219-221.   These allegations purport to quote and refer to portions of
12   the CPSA and certain CFR regulations, which laws and regulations speak for
13   themselves.

14   222.  Wal-Mart denies the allegations at ¶ 222 to the extent the
15   allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or
16   knowledge to form a belief about the truth of the balance of the allegations at ¶ 222
17   directed to other defendants.

18   223.  Wal-Mart denies the allegations at ¶ 223 to the extent the
19   allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or
20   knowledge to form a belief about the truth of the balance of the allegations at ¶ 223
21   directed to other defendants.

22   224.  Wal-Mart denies the allegations at ¶ 224, and denies that it made
23   any of the alleged representations.

24   225.  Wal-Mart lacks sufficient knowledge or information to form a
25   belief about what plaintiffs or class members might have done under different
26   circumstances, and Wal-Mart denies the balance of the allegations at ¶ 225 to the

27

28

-19-

BARTKOZANKEL
Bartko Zankel Tarrant & Miller • A Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

1   extent the allegations are directed to Wal-Mart and denies that Wal-Mart made any

2   of the alleged representations.  Wal-Mart lacks sufficient information or knowledge

3   to form a belief about the truth of the balance of the allegations at ¶ 225 directed to

4   other defendants.

5          226.  Wal-Mart denies the allegations at ¶ 226 to the extent the

6   allegations are directed to Wal-Mart.  Wal-Mart avers that Count Five does not

7   apply to toys containing allegedly loose magnets or to blood pressure cuff toys,

8   following this Court's November 24, 2008 Civil Minutes General Order.

9

## RESPONSE TO COUNT SIX
### (Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* Against the Manufacturer Defendants)

12         227-240.  Wal-Mart incorporates by reference and restates its

responses to the preceding paragraphs as if fully set forth herein.  These allegations

are directed to the manufacturer defendants, not Wal-Mart, and no response by

Wal-Mart is required.    To the extent a response is required, Wal-Mart lacks

sufficient information or knowledge to form a belief about the truth of the

allegations at ¶ 227-240 directed to other defendants.

18

## RESPONSE TO COUNT SEVEN
### (Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* Against the Retailer Defendants)

21         241.  Wal-Mart incorporates by reference and restates its responses to

22   the preceding paragraphs as if fully set forth herein.

23         242-244.  These paragraphs refer to or quote certain portions of the

24   California Business & Professions Code and refer to various other federal and state

25   laws allegedly violated by defendants.  Wal-Mart admits that the referenced laws

26   speak for themselves, and Wal-Mart denies it has violated any of the identified laws,

27

-20-

BARTKO ZANKEL
Bartko Zankel Tarrant Miller & Hanson, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

and denies the balance of the allegations at ¶¶ 242-244 directed to Wal-Mart. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶¶ 242-244 directed to other defendants.

245. Wal-Mart denies the allegations at ¶ 245 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 245 directed to other defendants.

246. Wal-Mart denies the allegations at ¶ 246 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 246 directed to other defendants.

247. Wal-Mart admits that California Business & Professions Code § 17200, *et seq.*, prohibits unfair business acts or practices. Wal-Mart denies the allegations at ¶ 247 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 247 directed to other defendants.

248. Wal-Mart admits that California Business & Professions Code § 17200, *et seq.*, prohibits fraudulent business acts or practices. Wal-Mart denies the allegations at ¶ 248 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 248 directed to other defendants.

249. Wal-Mart denies the allegations at ¶ 249 to the extent the allegations are directed to Wal-Mart, and specifically denies that Wal-Mart adopted or is responsible for any representations made by the manufacturer defendants.

-21-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 249 directed to other defendants.

250.    Wal-Mart denies the allegations at ¶ 250 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations.    Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 250 directed to other defendants.

251.    Wal-Mart denies the allegations at ¶ 251 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations.    Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 251 directed to other defendants.    Wal-Mart lacks sufficient knowledge or information to form a belief as to the truth of what members of the purported class would have done under different circumstances.

252.    Wal-Mart denies the allegations at ¶ 252 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 252 directed to other defendants.

253.    Wal-Mart denies the allegations at ¶ 253 to the extent the allegations are directed to Wal-Mart, and denies that it made any of the alleged representations.    Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 253 directed to other defendants.

254.    Wal-Mart denies the allegations at ¶ 254 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

-22-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Barton Zankel Tarrant Miller • Lycett & Hanson, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  knowledge to form a belief about the truth of the balance of the allegations at ¶ 254

2  directed to other defendants.

### RESPONSE TO COUNT EIGHT
#### (Violation of the California Consumer Legal Remedies Act Against the Manufacturer Defendants)

255-264.    Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.  These allegations are directed to the manufacturer defendants, not Wal-Mart, and no response by Wal-Mart is required.   To the extent a response is required, Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the allegations at ¶ 255-264 directed to other defendants.

### RESPONSE TO COUNT NINE
#### (Violation of the California Consumer Legal Remedies Act Against the Retailer Defendants)

265.    Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

266.    This paragraph refers to the legal standards under the C.L.R.A. Wal-Mart admits such law speaks for itself.

267.    Wal-Mart admits it sold some of the recalled toys, and admits testing for some of the recalled toys indicated paint on part of some toys contained lead that exceeded applicable standards.  Wal-Mart denies the allegations at ¶ 267 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 267 directed to other defendants.

268.    Wal-Mart denies the allegations at ¶ 268 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or

-23-

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

knowledge to form a belief about the truth of the balance of the allegations at ¶ 268 directed to other defendants.

269. Wal-Mart denies the allegations at ¶ 269 to the extent the allegations are directed to Wal-Mart, and Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 269 directed to other defendants.

270. Wal-Mart denies the allegations at ¶ 270 to the extent the allegations are directed to Wal-Mart, and specifically denies that it adopted or is responsible for any representations made by the manufacturer defendants. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 270 directed to other defendants.

271. Wal-Mart denies the allegations at ¶ 271 to the extent the allegations are directed to Wal-Mart, and specifically denies that it made any of the alleged representations. Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 271 directed to other defendants, and lacks sufficient knowledge or information to form a belief about the truth of what plaintiffs and other class members would have done under different circumstances.

272. Wal-Mart denies the allegations at ¶ 272 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 272 directed to other defendants.

273. Wal-Mart denies the allegations at ¶ 273 to the extent the allegations are directed to Wal-Mart, and denies that the C.L.R.A. notice letter sent by plaintiffs' counsel to Wal-Mart satisfied the policies underlying the C.L.R.A.

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, A Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-24-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

1  Wal-Mart lacks sufficient information or knowledge to form a belief about the truth

2  of the balance of the allegations at ¶ 273 directed to other defendants.

3      274.  Wal-Mart denies the allegations at ¶ 274 to the extent the

4  allegations are directed to Wal-Mart, and lacks sufficient information or knowledge

5  to form a belief about the truth of the balance of the allegations at ¶ 274 directed to

6  other defendants.

7

8      275.  Wal-Mart denies the allegations at ¶ 275 to the extent the

9  allegations are directed to Wal-Mart, and lacks sufficient information or knowledge

10  to form a belief about the truth of the balance of the allegations at ¶ 275 directed to

11  other defendants.

12

13  **RESPONSE TO COUNT TEN**
   **(Violation of the Song-Beverly Consumer Warranty Act for Breach of Implied**
14  **Warranty of Merchantability)**

15      276.  Wal-Mart incorporates by reference and restates its responses to

16  the preceding paragraphs as if fully set forth herein.

17      277-281.    These paragraphs allege that the plaintiffs, class members,

18  all of the toys, and all of the defendants meet definitional standards within California

19  Civil Code §§ 1791, *et. seq*.   At this stage of the proceedings, Wal-Mart lacks

20  sufficient knowledge or information to form a belief about the truth of the

21  allegations at ¶¶ 277-281, but Wal-Mart admits that it is a retailer within the

22  meaning of Cal. Civ. Code § 1791(l).

23      282.  Wal-Mart denies the allegations at ¶ 282 to the extent the

24  allegations are directed to Wal-Mart, and lacks sufficient information or knowledge

25  to form a belief about the truth of the balance of the allegations at ¶ 282 directed to

26  other defendants.

27

28

-25-

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

283. Wal-Mart denies the allegations at ¶ 283 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 283 directed to other defendants.

284. Wal-Mart denies the allegations at ¶ 284 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 284 directed to other defendants.

## RESPONSE TO COUNT ELEVEN
### (Violation of Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Fitness Against the Manufacturer Defendants)

285-290. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein. These allegations are directed to the manufacturer defendants, not Wal-Mart, and therefore no response by Wal-Mart is required. To the extent a response is required, Wal-Mart lacks sufficient information or knowledge to form a belief about the truth of the allegations at ¶ 285-290 directed to other defendants.

## RESPONSE TO COUNT TWELVE
### (Violation of Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Fitness Against the Retailer Defendants)

291. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

292. Wal-Mart denies the allegations at ¶ 292 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 292 directed to other defendants.

BARTKOZANKEL
Bartko Zankel Bunzel & Miller, A Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-26-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

293. Wal-Mart denies the allegations at ¶ 293 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 293 directed to other defendants.

294. Wal-Mart denies the allegations at ¶ 294 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 294 directed to other defendants.

295. Wal-Mart denies the allegations at ¶ 295 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 295 directed to other defendants.

296. Wal-Mart denies the allegations at ¶ 296 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 296 directed to other defendants.

## RESPONSE TO COUNT THIRTEEN
### (Unjust Enrichment)

297. Wal-Mart incorporates by reference and restates its responses to the preceding paragraphs as if fully set forth herein.

298. Wal-Mart lacks sufficient knowledge or information to form a belief about the truth of the allegations concerning the design and manufacture of the subject toys. Wal-Mart denies the allegations at ¶ 298 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 298 directed to other defendants.

-27-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKOZANKEL
Bartko Zankel Tarrant & Miller A Professional Law Corporation

900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

299.  Wal-Mart denies the allegations at ¶ 299 to the extent the allegations are directed to Wal-Mart, and lacks sufficient information or knowledge to form a belief about the truth of the balance of the allegations at ¶ 299 directed to other defendants.

## RESPONSE TO PRAYER FOR RELIEF

Wal-Mart denies that plaintiffs are entitled, as against Wal-Mart, to any of the relief sought at page 82 of the Second Consolidated Amended Complaint.

## AFFIRMATIVE DEFENSES

Wal-Mart alleges the following separate and alternative affirmative defenses[2] to plaintiffs' Second Consolidated Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Lack of U.S. Constitution Article III Standing)

Plaintiffs lack standing to assert all or some of the claims for relief in the Second Consolidated Amended Complaint ("SAC") and lack standing to represent putative class members in the class, due to the absence of the required elements of U.S. Constitution, Article III.  Since plaintiffs allege notice of the recalls and do not allege that they failed either to participate in the recalls or to return the recalled toys and the toy blood pressure cuff referenced in the SAC that Wal-Mart

---

[2]  Wal-Mart has withdrawn its previously asserted preemption affirmative defense based on the Court's November 24, 2008 Order.  However, to the extent facts, rulings, circumstances or maintenance of such defense by other defendants occur and make the assertion of this affirmative defense appropriate, Wal-Mart reserves its right to assert preemption as an affirmative defense or to conform to proof at time of trial or hearing.  Wal-Mart also reserves its right to further amend its answer to assert additional affirmative defenses based upon subsequently discovered facts, rulings or circumstances.  Plaintiff has objected to Wal-Mart affirmative defenses first and second (standing), and fourth and fifth (punitive damages/due process).  Wal-Mart is willing to consider withdrawing these affirmative defenses upon plaintiffs' agreement that such issues are not waived by such withdrawal, are preserved and may be raised at any time by Wal-Mart.

-28-

sold (hereinafter collectively, "Recalled Toys"), none of the plaintiffs has the required standing for injunctive relief as they are not at risk of repeated or imminent injury. Plaintiffs also lack injury in fact as to their claims for reimbursement for the costs of the Recalled Toys since the recalls provided vouchers for replacement toys of equal or greater value and/or since plaintiffs did or had the option of returning the Recalled Toys to Wal-Mart for a refund. Plaintiffs also lack injury in fact as to their personal injury claims without actual injury to them or their children resulting from absorbing lead or swallowing magnets from any of the Recalled Toys. Additionally, fifteen Lead Paint/Blood Pressure Cuff plaintiffs in the SAC at ¶¶ 16-26, 29-32 admit no injury in fact that is fairly traceable to Wal-Mart's conduct since they did not purchase any Recalled Toys from Wal-Mart.

### SECOND AFFIRMATIVE DEFENSE
#### (Lack of Standing)

Plaintiffs lack standing to bring a Cal. Bus. & Prof. Code § 17200 cause of action due to the absence of the required injury in fact and loss of money or property mandated by Cal. Bus. & Prof. Code § 17204, and due to the absence of the required Proposition 65 60-day pre-suit notice. As to the absence of injury in fact under Cal. Bus. & Prof. Code § 17204, Wal-Mart incorporates by reference and restates its allegations in the First Affirmative Defense as if fully set forth herein.

### THIRD AFFIRMATIVE DEFENSE
#### (Equitable Estoppel)

Some or all of the claims in the SAC are barred in whole or in part by the doctrine of equitable estoppel. On information and belief, some or all of the plaintiffs participated in the recalls alleged in the SAC at ¶¶ 104-129 or returned the Recalled Toys to Wal-Mart for a refund. On information and belief, these plaintiffs knew of the alleged potential hazards of the Recalled Toys and obtained refunds or

-29-

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

vouchers for a replacement toy of equal or greater value. These plaintiffs did not disclose that they would demand additional and/or different relief. In providing refunds and assisting with the recalls by advertising the recalls, Wal-Mart relied on plaintiffs' actions of obtaining a refund or participating in the recalls. Plaintiffs are thus barred from seeking additional and/or different relief.

## FOURTH AFFIRMATIVE DEFENSE
### (State Constitutional Due Process/Prohibition Against Excessive Fines)

Some or all of the claims in the SAC are barred to the extent plaintiffs seek damages or punitive damages that violate the California Constitution's Due Process Clause (art. I, §§ 7 and 17) or prohibition against excessive fines clause and/or similar provisions in other state constitutions.

## FIFTH AFFIRMATIVE DEFENSE
### (Due Process Clause of the Fourteenth Amendment to the United States Constitution)

Some or all of the claims in the SAC are barred to the extent plaintiffs seek damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Specifically, the Due Process Clause of the Fourteenth Amendment places limits on both the manner of imposing punitive damages and the amounts of such awards. (*State Farm Mutual Automobile Ins., Co. v. Campbell* (2003) 538 U.S. 408.)

## SIXTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

Plaintiffs' Cal. Bus. & Prof. Code § 17200 claim alleges in part that it is based on the alleged violation of California's Proposition 65 (Cal. Health and Safety Code § 25249.6 *et seq.*), which claimed liability does not exist where the alleged exposure to lead is within the safe harbor provision set forth in Cal. Health and Safety Code § 25249.10(c). Moreover, and separately, the CPSA set standards for

-30-

BARTKO ZANKEL
Barko Zankel Tarrant & Miller, A Professional Corporation of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

the presence of lead in paint under which the sales of toys that satisfy these standards are not prohibited.

### SEVENTH AFFIRMATIVE DEFENSE
### (Discharge of Obligations)

Some or all of the claims in the SAC are barred in whole or in part because Wal-Mart has complied with and fully performed any and all past and current obligations imposed on them by law, contracts, or equity, and all past and current obligations owed to plaintiffs have been satisfied, released or otherwise discharged. Wal-Mart complied with and assisted with the recalls of the Recalled Toys and also offered refunds for the Recalled Toys.

Additionally, in response to the increase in recalls of toys in 2007, commencing August 2007, Wal-Mart implemented Operation Safety Net program ("OSN") for the toys currently for sale at Wal-Mart during the 2007 Holiday season. The OSN program requirements applied to those recalled toys which were not already the subject of a recall. During OSN, Wal-Mart offered suppliers the opportunity to provide their test data for toys as long as the tests were within the last 90 days, both as to lead in surface coating and accessible substrate, and testing of magnets. Otherwise, the suppliers had to have the toy samples tested by independent, third party, laboratories, Consumer Testing Laboratories, Bureau Veritas, or Intertek Labs. The testing was paid for by the suppliers, who own the test results. Accessible components of a toy were components that a child could touch or have contact with before or after the toy has undergone use and abuse testing, per ASTM F963. As a priority, toys that were intended for children under 36 months were tested first. With regard to lead, the OSN used XRF technology, in which the laboratories first screened the products for a threshold of 200 parts per million ("ppm") total lead. If the screening result came back greater than 200 ppm,

BARTKO ZANKEL
Bartko Zankel Tarrant Miller & Nunn, A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-31-

then all accessible components of that product were tested using chemical analysis. The chemical analysis was done to determine more precisely the total lead in surface coatings and accessible substrate.

## EIGHTH AFFIRMATIVE DEFENSE
### (Disclaimer of Warranties)

Some or all of the claims in the SAC are barred in whole or in part to the extent of any enforceable disclaimer of express or implied warranties, including but not limited to age-appropriate warnings.

## NINTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

Some or all of the claims in the SAC are barred in whole or in part because any harm to plaintiffs was caused not by Wal-Mart's actions, but by a superseding cause. To the extent any Lead Toy Plaintiffs or Cuff Plaintiffs or their children have an elevated blood lead level, on information and belief, such elevated blood level was not caused by the Recalled Toys, but was caused by other conditions or materials to which they have been or are being exposed.

## TENTH AFFIRMATIVE DEFENSE
### (Liability of Others)

All or a portion of the injuries asserted by plaintiffs, if any, were caused by the actions of third parties or other defendants, not Wal-Mart. Wal-Mart did not manufacture or design the alleged "hazardous" toys. Wal-Mart also did not make any representations on the packaging of the alleged "hazardous" toys regarding the quality and safety of the toys. Wal-Mart's liability, if any, is thus eliminated or reduced in proportion to the comparative fault of other persons or defendants, and Wal-Mart's liability, if any, for noneconomic damages should be several pursuant to Cal. Civil Code § 1431.2.

-32-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Bartko Zankel Tarrant Miller, A Law & Business, Inc., of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

## ELEVENTH AFFIRMATIVE DEFENSE
### (Justification)

Some or all of the claims in the SAC are barred in whole or in part because the alleged conduct of Wal-Mart was justified.   Wal-Mart's supplier agreement contains the supplier's representation, warranty and guarantee that the sale of the products does not violate any law and that the products comply with all laws.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

Some or all of the claims in the SAC are barred in whole or in part because one or more plaintiffs are not in privity with Wal-Mart, including those plaintiffs who never purchased or received toys from Wal-Mart.   Fifteen Lead Paint/Blood Pressure Cuff plaintiffs in the SAC at ¶¶ 16-26, 29-32 admit they did not purchase any Recalled Toys from Wal-Mart.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (B&P Code § 17200 and Cal Civ. Code § 1750)

None of the named Lead Paint/Blood Pressure Cuff plaintiffs suffered any injury as a result of actions taken by Wal-Mart in the State of California. Separately, no CLRA relief as to Wal-Mart is permitted as to non-California residents, and no Bus. & Prof. Code § 17200 relief as to Wal-Mart is permitted as to non-California residents who were not allegedly injured by actions of Wal-Mart in California.   To the extent plaintiffs seek to assert claims under California law on behalf of a nationwide class, some or all of the putative class members are outside the territorial reach of Cal. Bus. & Prof. Code § 17200 and the CLRA.

-33-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller, A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Contributory or Comparative Negligence/Failure to Mitigate)

Any injury sustained by plaintiffs may have been caused in whole or in part by plaintiffs' contributory or comparative negligence, fault, want of due care, including failure to mitigate damages, if any, and therefore plaintiffs are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to plaintiffs, including but not limited to any situations where plaintiffs or their children continued to make use of the Recalled Toy(s) after the recall announcement or where plaintiffs elected not to participate in the recall or to return the toys for a refund.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Duty to Inspect for Non-Obvious Defects)

Wal-Mart is not liable in negligence as a retailer as it had no duty to inspect or test for non-obvious defects.  Before the recalls, Wal-Mart had neither actual knowledge nor reason to know that the alleged "hazardous" toys contained excessive lead or had potentially loose magnets.  Wal-Mart's supplier agreement contains the supplier's representation, warranty and guarantee that the sale of the products does not violate any law and that the products comply with all laws.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Responsive Actions Taken Barring Claims for Damages)

Any claim for damages under the CRLA is barred because: (1) Wal-Mart's actions were not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures; and (2) Wal-Mart has taken reasonable steps to inform consumers of the recalls and has taken appropriate responsive action, including assisting consumers by providing refunds for the Recalled Toys, advertising the recalls and implementing Operating Safety Net.

-34-

1  Wal-Mart incorporates by reference and restates its allegations in the Seventh

2  Affirmative Defense as if fully set forth herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Partial Satisfaction/Offset/Double Recovery)

To the extent some or all of the plaintiffs have participated in the recalls and received vouchers or received refunds, their claims for reimbursement for the costs of the Recalled Toys are barred.  In the alternative, Wal-Mart is entitled to an offset against any damages for the value of the vouchers or refunds.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

Plaintiffs seek certification of a class of plaintiffs who may have purchased toys as far back as May 2003, but did not file suit until March 31, 2008 against Wal-Mart.  Consequently, some or all of plaintiffs' claims are barred by the applicable statute of limitations under California law, including Code Civ. Proc. §§ 355.1, 337 and/ or 338, Civ. Code § 1783, and Bus. & Prof. Code § 17208, or the laws of other states as may be applicable to plaintiffs' claims.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Release/Res Judicata/Collateral Estoppel)

Mattel and Fisher-Price have entered into a settlement with the People of the State of California regarding the toys that are the subject of this action, which settlement has been approved by the Court, that settled and resolved Proposition 65 and Cal. Bus. & Prof. Code § 17200 claims, resolving and releasing Wal-Mart as to

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-35-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

any injunctive remedy as well as any liability under Proposition 65, which will limit the remedies available to plaintiffs in this action.

DATED:  January 28, 2009

                                             BARTKO, ZANKEL, TARRANT & MILLER
                                             A Professional Corporation

                                             By:      /s/  Robert H. Bunzel
                                                       Robert H. Bunzel
                                                   Attorneys for Defendant
                                              WAL-MART STORES, INC.

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller A Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-36-

1698.031/404158.1

FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC.
TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 2:07-ml-01897-DSF-AJW

**PROOF OF SERVICE**

I, Barbara J. Sage, the undersigned, hereby certify and declare:

1.    I am over the age of 18 years and am not a party to the within cause.

2.    I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3.    My business address is Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111.

On January 28, 2009, I served the true copy of the attached document(s) titled exactly

- **FIRST AMENDED ANSWER OF DEFENDANT WAL-MART STORES, INC. TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**

on the interested parties in this action as follows:

_X_    **BY MAIL:** I am readily familiar with my employer's mail collection and processing practices, know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail, and know that postage thereon is fully prepaid. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope(s) at Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111, addressed, sealed and charges prepaid as follows:

**SEE ATTACHMENT A**

_____    **BY HAND DELIVERY:** I caused to be delivered such envelope(s) by hand to the address designated below.

_____    **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for collection and processing of Federal Express courier service mail, and know that said Federal Express courier service mail is collected and deposited with a facility regularly maintained by Federal Express at San Francisco, California on the same day it is deposited in the interoffice mail. Following ordinary business practice, I placed for collection and delivery to Federal Express such envelope(s) at Bartko, Zankel, Tarrant & Miller, 900 Front Street, Suite 300, San Francisco, California 94111, addressed, sealed and charges prepaid, marked for next business day delivery as follows:

_____    **BY FACSIMILE:** On January 28, 2009 from my employer's facsimile machine telephone number (415) 956-1152, I transmitted a copy of said document(s) to the following addressee(s) at the following number(s), which is the number last given by that person on a document he or she has filed in this action and served on my employer. The transmission was reported as complete and without error, and a

1.

transmission report properly issued by the transmitting machine, a true and correct copy of which is attached hereto pursuant to California Rule of Court, Rule 2008 (e)(4).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 28, 2009 at San Francisco, California.

Barbara J. Sage

MANUAL NOTICE LIST
*In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*
2:07-ml-018970-DSF-AJW
MDL 1897

Gilbert Scott Bagnell, Esq.
Bagnell and Eason
1201 Main Street, Suite 1980
Columbia, SC 29211

Frank Baliant, Esq.
Andrew C. Friedman, Esq.
Manfred P. Muecke, Esq.
Bonnett Fairbourn Firedman & Baliant PC
2901 North Central Ave., Suite 1000
Phoenix, AZ 85012

Matthew C. Branic, Esq.
Mark J. R. Merkle, Esq.
Marc T. Quigley, Esq.
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

Robert H. Brunson, Esq,
Deirdre Shelton McCool, Esq.
Nelson Mullins Riley and Scarborough
PO Box 1806
Charleston, SC 29402

Michael G. Crow, Esq.
Crow Law Firm LLC
1100 Poydras Street - Suite 1175
New Orleans, LA 70163

Ryan D. Dahl, Esq.
John E. Iole, Esq.
Jones Day
50 Grant Street Suite 3100
Pittsburgh, PA 15219

Stuart A. Davidson, Esq.
Elizabeth A. Shonson, Esq.
Coughlin Stoia Geller Rudman and Robbins
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809

John Gressette Felder, Jr., Esq.
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC 29201

Burton H. Finkelstein, Esq.
Finkelstein Thompson & Loughran
Duvall Foundry
1050 30th St., N.W.
Washington, DC 20007

Frederic S. Fox, Esq.
Donald R. Hall, Esq.
Kaplan Fox & Kilsheimer
850 Third Avenue 14th Fl
New York, NY 10022

Paul J. Geller, Esq.
Paul J. Geller Law Offices
120 East Palmetto Park Rd., Suite 500
Boca Raton, FL 33432

Richard M. Golomb, Esq.
Golomb & Honik
1515 Market Street
Philadelphia, PA 19102

Michael D. Gottsch, Esq.
Chimicles and Tikellis LLP
One Haverford Center
361 West Lancaster Avenue
Haverford, PA 19041-0100

1

Steven Michael Hayes, Esq.
Hanly Conroy Bierstein Sheridan Fisher &
    Hayes LLP
112 Madison Avenue
New York, NY  10016

John B. Williams, Esq.
Danielle Marie Hohos, Esq.
Jones Day
51 Louisiana Avenue
Washington, DC  20001

Chad A. McGowan, Esq.
Steven Randall Hood, Esq.
McGowan Hood and Felder
1539 Healthcare Drive
Rock Hill, SC  29732

Walter J. Lack, Esq.
Engstrom Lipscomb & Lack
10100 Santa Monica Blvd., 12th Floor
Los Angeles, CA  90067-4107

Karen Jennifer Marcus, Esq.
Finklestein Thompson LLP
1050 30th Street, N.W.
Washington, DC  20007

Stephen G. Morrison, Esq.
Nelson Mullins Riley and Scarborough
P.O. Box 11070
Columbia, SC  29211

Michael J. Templeton, Esq.
Jones Day
222 East 41st Street
New York, NY  10017

David L. Woloshin, Esq.
Woloshin and Killino
1800 John F. Kennedy Blvd., 11th Floor
Philadelphia, PA  19103-2925