UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | Case No. 2:07-ml-01897-DSF-AJW<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT** |

1  Plaintiffs and Mattel, as those terms are defined in the Stipulation of Class Action Settlement dated October 12, 2009 (the "Agreement" or "Stipulation"), by and through their respective counsel, having executed and filed the Agreement with the Court;

The Court having entered an Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Providing for Notice and Scheduling Order on October 23, 2009 ("Preliminary Approval Order"), directing that Notice be provided to the Settlement Class; scheduling a Final Approval Hearing to determine whether to finally approve the Settlement, to finally certify the Settlement Class, and to award Attorneys' Fees and Expenses and/or Incentive Awards; and to consider any objections properly and timely presented; and

The Court having held a Final Approval Hearing on March 15, 2010, at which all interested Persons were given the opportunity to be heard and having heard and considered all submissions in connection with the proposed Settlement and the files and records herein, as well as the arguments of counsel,

The Court finds and concludes:

1. This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein.

2. This Action is a consolidation of ten actions filed in, or removed to, federal courts and transferred to this District pursuant to 28 U.S.C. §1407, and twelve actions then pending in this District, all of which arose out of the recall or withdrawal of the Recalled Toys by Mattel.

3. Plaintiffs filed a Second Consolidated Amended Complaint (the "Complaint") naming Mattel, Inc., Fisher-Price, Inc., and certain retailer entities as defendants.

4. The Complaint sets forth claims under federal law, the laws of California and all other States, all of which are based up the design, manufacture,

marketing, distribution, sale, donation, withdrawal and/or recall of the Recalled Toys due to the presence of lead, lead paint, and magnets that could become detached.

5. The Settlement Class was conditionally certified by the Court's Preliminary Approval Order, defined as:

> All Persons who (a) purchased or acquired (including by gift) a new Recalled Toy for or on behalf of themselves or a minor child over whom they have custody and control as a parent or guardian, or to be given as a gift to another Person; or (b) are the parent or guardian of a minor child who purchased or acquired (including by gift) a new Recalled Toy.
>
> Excluded from the Settlement Class are: (1) all Persons who purchased or acquired a Recalled Toy for resale, or purchased or acquired a used Recalled Toy; (2) all Defendants and their affiliated entities, legal representatives, assigns, and successors; (3) any Person who filed a valid, timely Request For Exclusion; and (4) the Judges to whom this Action is assigned and any members of their immediate families.

6. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members (as defined above), including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this Action on the merits and with prejudice.

7. The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Agreement, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, in that: (a) the Members of the Settlement Class are so numerous that joinder of all individual Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which questions predominate over individual questions; (c) the claims of the Class Representatives are typical of the Settlement Class Members; (d) the Class Representatives and Co-Lead Counsel have fairly and adequately represented the interests of the Settlement Class and will

continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the Settlement.

8. The Class Representatives appointed in this Court's Order Preliminarily Approving Class Action Settlement have fairly and adequately represented the Settlement Class throughout the proceedings and are hereby finally confirmed and appointed as Class Representatives.

9. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Co-Lead Counsel have fairly and adequately represented the Settlement Class throughout the proceedings and for purposes of entering into and implementing the Settlement, and appoints Co-Lead Counsel as Class Counsel to represent the Settlement Class.

10. The Agreement provides for a full and final resolution of this Action, subject to the approval of the Court and the entry of this Order Approving Settlement. Pursuant to Federal Rule of Civil Procedure 23(c), the Court scheduled a Final Approval Hearing to consider approval of the Settlement.

11. The Court directed that Notice be given directly by mail or email to those Settlement Class Members who could be identified and to all other Settlement Class Members by publication, pursuant to the Notice Program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Program, the Class Administrator caused to be mailed or emailed to identified potential Settlement Class Members the Class Notice, which is Exhibit L to the Stipulation, and caused to be published a Summary Notice of the proposed Settlement, which is Exhibit C to the Stipulation, and made available to Settlement Class Members on the settlement website and up request, the long-form Notice, which is Exhibit B to the Stipulation (collectively the "Notices"). The Notices advised Settlement Class Members of the terms of the Settlement; of the Hearing, and their right to appear at such Hearing; of their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement; of

1  procedures for exercising such rights; and of the binding effect of this Order in this
2  Action, whether favorable or unfavorable, to the Settlement Class.

3        12.    Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the
4  Notices provided to the Settlement Class constitute the best and most practicable
5  notice under the circumstances.  Individual notice in the form of the Class Notice
6  was mailed or emailed to all potential Settlement Class Members for whom
7  identification could be obtained by Defendants with reasonable efforts.  The Notice
8  Program was designed to include publications, both print and electronic, that were
9  most likely to be read by Settlement Class Members.  The Declaration from the
10 Claims Administrator, attesting to the dissemination of the Notices, demonstrates
11 compliance with this Court's Preliminary Approval Order.  The Settlement Class
12 received valid, due, and sufficient notice that complied fully with Federal Rule of
13 Civil Procedure 23 and the Constitutional requirements of due process.

14       13.    Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds,
15 after a hearing and based up all submissions of the Parties and Interested Persons,
16 that the Settlement proposed by the Parties is fair, reasonable, and adequate as to
17 the Settlement Class Members.  The terms and provisions of the Agreement are the
18 product of lengthy, arms-length negotiations conducted in good faith and with the
19 assistance of an experienced mediator, Hon. Daniel Weinstein (ret.) of JAMS.
20 Approval of the Agreement will result in substantial savings of time, money and
21 effort to the Court and the Parties, and will further the interests of justice.

22       NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS ORDERED,
23 DECREED, AND ADJUDGED:

24       1.    The terms and provisions of the Agreement, including all Exhibits
25 thereto, are hereby fully and finally approved as fair, reasonable and adequate as to,
26 and in the best interests of, each of the Parties and the Settlement Class, and in full
27 compliance with all applicable requirements of the Federal Rules of Civil
28 Procedure, the United States Constitution (including the due process clause), and

1  any other applicable law.  The second sentence of Section I.1 of the Agreement is
2  modified to require payment by Mattel within ten (10) business days of any award
3  of Attorneys' Fees and Expenses to Co-Lead Counsel and is otherwise approved.
4  The third sentence of Section I.3 of the Agreement is modified to require payment
5  by Mattel to Co-Lead Counsel within ten (10) business days of any award of
6  Incentive Awards to the Class Representatives and is otherwise approved.  The
7  Notice Program complies in all respects with the requirements of Federal Rule of
8  Civil Procedure 23 and Constitutional due process by providing due, adequate, and
9  sufficient notice to the Settlement Class.  The Parties and the Claims Administrator
10 are ordered to effectuate the Settlement in accordance with its terms.  The terms of
11 the Agreement are fully incorporated into this Order as if set forth fully herein.

12     2.    The Court has reviewed and considered the objections to the terms of
13 the Settlement, the responses of Parties as set forth in their briefs, and the oral
14 arguments presented at the hearing.  The Court finds that the objections to be
15 without merit, and each is overruled.

16     3.    Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the
17 Settlement only, the Court finally certifies this Action as a class action brought by
18 the Class Representatives on behalf of the Settlement Class as defined above with
19 respect to all of the claims alleged in the Complaint.

20     4.    Excluded from the Settlement Class are those Persons who have filed
21 valid Requests for Exclusion ("Opt-Outs").  A list of those Persons is attached as
22 Exhibit 1.  The Opt-Outs are not bound by the Settlement and may pursue their own
23 individual remedies against Defendants and the Released Parties.  However, such
24 Persons are not entitled to any rights or benefits provided to Settlement Class
25 Members by the terms of the Settlement.

26     5.    All Settlement Class Members are bound by this Order and by the
27 terms and provisions of the Agreement incorporated herein.

28

6. The Released Parties are forever released and discharged from any and all of the Released Claims. The Releasing Parties are forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. However, no Releasing Party shall be deemed to be barred or enjoined from bringing any individual claim for personal injury on behalf of themselves or any minor child of whom they have custody or control as a parent or guardian (including, without limitation, individual claims for testing, medical monitoring or medical treatment, whether asserted as a claim for damages or as a remedy; provided, however, that the cost of any lead testing of a minor child that is reimbursed by Mattel to a Settlement Class Member pursuant to the Settlement shall be included in the term "Released Claim") relating to a Recalled Toy. All Settlement Class Members are bound by the Covenant Not To Sue and are forever barred and enjoined from taking any action in violation of the Covenant Not To Sue.

7. None of the provisions of the Agreement, this Order or the fact of the Settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. None of the provisions of this Agreement, this Order, the fact of the Settlement, the proceedings related to the Settlement, the Parties' negotiations or any documents related thereto may be offered or received in evidence, or construed as an admission, concession, presumption or inference against any Party in any proceeding, except insofar as may be necessary to effectuate or enforce the terms of the Agreement and this Order.

8. In accordance with the terms of the Agreement and prior orders of this Court, Settlement Class Members are deemed to have waived and released all claims relating to the disposal or destruction of toys by Mattel, so long as such

1 disposal or destruction was consistent with the terms of the Agreement and this
2 Court's orders.

3     9.    No opinions concerning the tax consequences of the Settlement to
4 Settlement Class Members have been given, and no representations or warranties
5 regarding such tax consequences are made in the Agreement.  The Parties and their
6 respective counsel shall not be liable for any tax consequences that result from the
7 implementation of this Settlement.  Settlement Class Members must consult their
8 own tax advisors regarding the tax consequences of the Settlement, including any
9 payments or credits provided or relief awarded under the Settlement and any tax
10 reporting obligations with respect to it.

11     10.    The Court reserves jurisdiction over the implementation,
12 administration and enforcement of this Order, the Agreement, and all other matters
13 that the Court may deem ancillary thereto, including, without limitation, the award
14 of Attorneys' Fees and Expenses to Co-Lead Counsel and Incentive Awards to the
15 Class Representatives.  Nothing in this Order shall preclude any action to enforce
16 the terms of the Agreement; nor shall anything in this Order preclude Plaintiffs or
17 Settlement Class Members from participating in the Claims process described in the
18 Agreement if they are entitled to do so under the terms of the Agreement.

19     11.    Further proceedings in the Court related to the award of Attorneys'
20 Fees and Expenses to Co-Lead Counsel and Incentive Awards to Class
21 Representatives shall not affect the finality of this Order or delay the Effective
22 Date.

12. The Parties are authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Agreement, including without limitation, the forms to be used in the Claims process, that are consistent with this Order and do not limit the rights of Settlement Class Members under the Agreement.

Dated: 3/24/10          IT IS SO ORDERED.

*Dale S. Fischer*

_____
Hon. Dale S. Fischer
United States District Judge

# EXHIBIT 1

- 9 -

Case 2:07-ml-01897-DSF-AJW   Document 248   Filed 03/24/10   Page 11 of 11   Page ID #:4318

# EXHIBIT 1

Persons Who Requested To Be Excluded From The Class

| Last Name | First Name |
| --- | --- |
| Aiello | William |
| Benson | Dan |
| Benson | Denise |
| Benson | Ricki |
| Blas | Rhonda |
| Buell | Audra |
| Burch | David |
| Chamberlain | Tracy |
| Feldman | Maralee |
| Garland | Stephanie |
| Gleason | Jean |
| Harbaugh | Jill |
| Helm | Erika |
| Herrell[1] | Pam |
| Keranen | J. |
| Kolick | Anne |
| Lawson | Lori |
| Littlefield | Wayne |
| Mahoney | Karen |
| Means | Star |
| Miramontes | Sheila |
| Nesty | Rene |
| Perez[2] | Victor |
| Robinson | Renita |
| Rose | Loretta |
| Rowland | Debbie |
| Seidel | Darin |
| Seidel | Karen |
| Sippy | Steve |
| Skeete | Stacy |
| Stevens | Rosemarie |
| Swartz | Shane |
| Tucker | Jaclyn |
| Turnblom | Eileen |
| Walla | Glen |
| Wells | Cassie |
| Wilkerson | Cindy |
| Yezik | Jennifer |

---

[1] Original Data File lists Jimmy Herrel at matching address.

[2] Late filed; all Parties waived objections as to its timeliness.

- 10 -